**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Indianapolis Division**

| | |
|---|---|
| DEMONA FREEMAN, | |
| Plaintiffs, | |
| v. | Case No. 1:18-CV-3844-TWP-DLP |
| OCWEN LOAN SERVICING, LLC, MANLEY DEAS KOCHALSKI, LLC, and THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK as successor in interest to JPMorgan Chase Bank, N.A., as Trustee for C-BASS Mortgage Loan Asset-Backed Certificates, Series, 2005-RPI, | |
| Defendants. | |

**DEFENDANT OCWEN LOAN SERVICING, LLC'S
FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW Defendant Ocwen Loan Servicing, LLC ("Ocwen"), by counsel, and submits its First Amended Answer and Affirmative Defenses to the First Amended Complaint filed against it by Plaintiff Demona Freeman ("Plaintiff").

**INTRODUCTION**

1.      The allegations in Paragraph 1 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.  The remaining allegations are a characterization of Plaintiff's actions, and Ocwen is without knowledge and/or information as to the truth of those allegations, and therefore denies the same.

## PARTIES, JURISDICTION, AND VENUE

2.      The allegations in Paragraph 2 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

3.      The allegations in Paragraph 3 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

4.      The allegations in Paragraph 4 refer to documents which speak for themselves.  To the extent the allegations are contrary to the documents, they are denied.  By way of further response, Ocwen admits that the Mortgage entered into by Plaintiff on December 2, 2003, was purportedly originated by Sun Mortgage Company, LLC.  As to the remaining allegations, Ocwen is without sufficient knowledge and/or information to form a belief as to the truth of those allegations, and therefore denies the same.

5.      The allegations in Paragraph 5 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.  By way of further response, Ocwen admits that the Mortgage and Note for real property at 17373 Pine Wood Lane, Westfield, Indiana was assigned to JPMorgan Chase Bank, N.A., as trustee for the C-BASS Mortgage Loan Asset-Backed Certificates, Series 2005-RP1 and then subsequently assigned to The Bank of New York Mellon F/K/A The Bank of New York as Successor in Interest to JPMorgan Chase Bank, N.A., as Trustee for C-Bass Mortgage Loan Asset-Backed Certificates, Series 2005-RP1 ("BONY").

6.      The allegations in Paragraph 6 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.  By

way of further response, Ocwen denies the allegations as stated. Ocwen admits it is the current loan servicer of the account ending in ******2406.

7. Admit.

8. The allegations in Paragraph 8 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied. By way of further response, Ocwen admits it is a limited liability company.

9. The allegations in Paragraph 9 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

10. The allegations in Paragraph 10 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

11. Ocwen admits that it is the current loan servicer of the account ending in ******2406. The remaining allegations in Paragraph 11 contain statements and conclusions of law to which no response is required. To the extent the remaining allegations are contrary to the law, they are denied.

12. The allegations in Paragraph 12 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

13. The allegations in Paragraph 13 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

14. The allegations in Paragraph 14 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

15. The allegations in Paragraph 15 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied. By

way of further response, Ocwen admits that the real property located at 17373 Pine Wood Lane, Westfield, Indiana, is located in this district.

## SUMMARY OF FEDERAL CLAIMS

### Claims under RESPA & Reg. X

16.    The allegations in Paragraph 16 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

17.    The allegations in Paragraph 17 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

18.    The allegations in Paragraph 18 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

19.    The allegations in Paragraph 19 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

20.    The allegations in Paragraph 20 refer to documents which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

21.    The allegations in Paragraph 21 refer to documents which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

22.    The allegations in Paragraph 22 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

23.     The allegations in Paragraph 23 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

24.     The allegations in Paragraph 24 are a characterization of this action, to which no response is required.  The remaining allegations contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

25.     The allegations in Paragraph 25 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

Claims under the FDCPA

26.     The allegations in Paragraph 26 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

27.     The allegations in Paragraph 27 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

28.     The allegations in Paragraph 28 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

29.     The allegations in Paragraph 29 are a characterization of this action, to which no response is required.  The remaining allegations contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

<u>Claims under the FCRA</u>

30.     The allegations in Paragraph 30 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

31.     Ocwen is without sufficient knowledge and/or information to form a belief as to the truth of the allegations in Paragraph 31, and therefore denies the same.

32.     Ocwen is without sufficient knowledge and/or information to form a belief as to the truth of the allegations in Paragraph 32, and therefore denies the same.

33.     The allegations in Paragraph 33 refer to documents which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

34.     Ocwen is without sufficient knowledge and/or information to form a belief as to the truth of the allegations in Paragraph 34, and therefore denies the same.

35.     Ocwen is without sufficient knowledge and/or information to form a belief as to the truth of the allegations in Paragraph 35, and therefore denies the same.

36.     The allegations in Paragraph 36 refer to documents which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

37.     The allegations in Paragraph 37 refer to documents which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

38.     The allegations in Paragraph 38 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

39.     Ocwen is without sufficient knowledge and/or information to form a belief as to the truth of the allegations in Paragraph 39, and therefore denies the same.

40. Ocwen is without sufficient knowledge and/or information to form a belief as to the truth of the allegations in Paragraph 40, and therefore denies the same.

41. Ocwen is without sufficient knowledge and/or information to form a belief as to the truth of the allegations in Paragraph 41, and therefore denies the same.

42. Ocwen is without sufficient knowledge and/or information to form a belief as to the truth of the allegations in Paragraph 42, and therefore denies the same.

43. The allegations in Paragraph 43 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

44. The allegations in Paragraph 44 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

<u>Freeman's Ch. 13 Bankruptcy Proceeding</u>

45. Ocwen is without sufficient knowledge and/or information to form a belief as to the truth of the allegations in Paragraph 45, and therefore denies the same.

46. The allegations in Paragraph 46 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or the document to which they refer, they are denied. By way of further response, the allegations in Paragraph 46 refer to another Defendant, and Ocwen is without sufficient knowledge and/or information to form a belief as to the truth of the allegations, and therefore denies the same.

47. Ocwen is without sufficient knowledge and/or information to form a belief as to the truth of the allegations in Paragraph 47, and therefore denies the same.

48.     The allegations in Paragraph 48 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.  By way of further response, the allegations in Paragraph 48 refer to actions taken by the Plaintiff, and Ocwen is without sufficient knowledge and/or information to form a belief as to the truth of the allegations, and therefore denies the same.

49.     The allegations in Paragraph 49 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

50.     The allegations in Paragraph 50 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

51.     The allegations in Paragraph 51 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

52.     The allegations in Paragraph 52 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

53.      Ocwen denies the allegations in Paragraph 53 as plead.  By way of further response, Ocwen admits a Proof of Claim was filed on July 26, 2012 on behalf of BONY in the United States Bankruptcy Court for the Southern District of Indiana, Case No. 12-04713-JJG-13.

54.      Admit.

55.     The allegations in Paragraph 55 refer to documents which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

56.     The allegations in Paragraph 56 refer to documents which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

57.     The allegations in Paragraph 57 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

58.     The allegations in Paragraph 58 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

59.     The allegations in Paragraph 59 refer to documents which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

60.     The allegations in Paragraph 60 refer to documents which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

61.     The allegations in Paragraph 61 refer to documents which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

62.     Admit.

63.     Admit.

64.     The allegations in Paragraph 64 refer to documents which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

65.     The allegations in Paragraph 65 refer to documents which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

66.     The allegations in Paragraph 66 refer to documents which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

67. The allegations in Paragraph 67 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

68. The allegations in Paragraph 68 refer to documents which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

69. The allegations in Paragraph 69 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

70. The allegations in Paragraph 70 refer to documents which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

71. The allegations in Paragraph 71 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

72. Ocwen denies the allegations in Paragraph 72 as plead.

73. The allegations in Paragraph 73 refer to documents which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

74. Ocwen denies the allegations in Paragraph 74 as plead. By way of further response, Ocwen admits that a Notice of Final Cure Payment was filed on April 12, 2017, in the United States Bankruptcy Court for the Southern District of Indiana, Case No. 12-04713-JJG-13. The Notice of Final Cure Payment speaks for itself, and to the extent the allegations in Paragraph 74 are contrary to the document, they are denied.

75. Ocwen denies the allegations in Paragraph 75 as plead. By way of further response, Ocwen admits that a Response to Notice of Final Cure Payment was filed on April 24, 2017, on

behalf of BONY in the United States Bankruptcy Court for the Southern District of Indiana, Case No. 12-04713-JJG-13.

76. The allegations in Paragraph 76 refer to documents which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

77. Ocwen admits that the Response to Notice of Final Cure Payment states "the next postpetition payment from the debtor(s) is due on: 05/01/2017."

78. The allegations in Paragraph 78 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

79. The allegations in Paragraph 79 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

80. The allegations in Paragraph 80 refer to documents which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

81. The allegations in Paragraph 81 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

82. The allegations in Paragraph 82 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

83. The allegations in Paragraph 83 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

84.     The allegations in Paragraph 84 refer to documents which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

85.     The allegations in Paragraph 85 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

86.     The allegations in Paragraph 86 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

87.     The allegations in Paragraph 87 refer to documents which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

88.     The allegations in Paragraph 88 refer to documents which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

89.     The allegations in Paragraph 89 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

<u>Freeman's Loan, and Ocwen's Servicing Misconduct, during and Post-Bankruptcy</u>

90.     The allegations in Paragraph 90 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

91.     The allegations in Paragraph 91 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

92.      Ocwen denies the allegations in Paragraph 92 because the document filed as Exhibit A of the Amended Complaint is incomplete, features annotations, and redactions rendering it a false and inaccurate copy.

93.     The allegations in Paragraph 93 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

94.     The allegations in Paragraph 94 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

95.     The allegations in Paragraph 95 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

96.     The allegations in Paragraph 96 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

97.     The allegations in Paragraph 97 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

98.     The allegations in Paragraph 98 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

99.     The allegations in Paragraph 99 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

100.     The allegations in Paragraph 100 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

101.     The allegations in Paragraph 101 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

102.     The allegations in Paragraph 102 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

103.     The allegations in Paragraph 103 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

104.     The allegations in Paragraph 104 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

105.     The allegations in Paragraph 105 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

106.     The allegations in Paragraph 106 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

107.     The allegations in Paragraph 107 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

108.     The allegations in Paragraph 108 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

109. The allegations in Paragraph 109 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

110. The allegations in Paragraph 110 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

111. The allegations in Paragraph 111 refer to documents which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

112. Ocwen denies the allegations in Paragraph 112 as plead because the document attached as Exhibit B of the Amended Complaint features redactions rendering it a false and inaccurate copy.

113. The allegations in Paragraph 113 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

114. The allegations in Paragraph 114 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

115. The allegations in Paragraph 115 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

<u>Freeman's Efforts to Seek Information from Ocwen and have Errors Corrected</u>

116.     The allegations in Paragraph 116 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

117.     The allegations in Paragraph 117 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

118.     The allegations in Paragraph 118 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

119.     Ocwen is without sufficient knowledge and/or information to form a belief as to the truth of the allegations in Paragraph 119, and therefore denies the same.

120.     The allegations in Paragraph 120 refer to documents which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

121.      Ocwen denies the allegations in Paragraph 121 as plead because the document attached as Exhibit C of the Amended Complaint features redactions and annotations, rendering it a false and inaccurate copy.

122.     The allegations in Paragraph 122 refer to documents which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

123.     The allegations in Paragraph 123 refer to documents which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

124.      Ocwen denies the allegations in Paragraph 124 because the document attached as Exhibit D to the Amended Complaint is incomplete and features annotations and redactions, rendering it a false and inaccurate copy.

125.     The allegations in Paragraph 125 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

126.     The allegations in Paragraph 126 refer to documents which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

127.     The allegations in Paragraph 127 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

128.     The allegations in Paragraph 128 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

129.     The allegations in Paragraph 129 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

130.     The allegations in Paragraph 130 refer to documents which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

131.     The allegations in Paragraph 131 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied

132.     Ocwen denies the allegations in Paragraph 132 as plead because the documents attached as Exhibit E to the Amended Complaint feature multiple letters and redactions, rendering them false and inaccurate copies of the purported document.

133. The allegations in Paragraph 133 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

134. The allegations in Paragraph 134 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

135. The allegations in Paragraph 135 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

136. The allegations in Paragraph 136 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

137. The allegations in Paragraph 137 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

138. The allegations in Paragraph 138 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

139. The allegations in Paragraph 139 refer to documents which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

140. The allegations in Paragraph 140 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

141.     The allegations in Paragraph 141 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

142.     The allegations in Paragraph 142 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

143.     The allegations in Paragraph 143 refer to documents which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

144.     Ocwen denies the allegations in Paragraph 144 as plead because the documents attached as Exhibit G to the Amended Complaint feature multiple letters and redactions, rendering them false and inaccurate copies of the purported document.

145.     The allegations in Paragraph 145 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

146.     The allegations in Paragraph 146 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

147.     Ocwen denies the allegations in Paragraph 147 as plead because the documents attached as Exhibit H to the Amended Complaint feature multiple letters and redactions, rendering them false and inaccurate copies of the purported document.

148.     The allegations in Paragraph 148 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

149.    The allegations in Paragraph 149 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

150.    The allegations in Paragraph 150 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

151.    The allegations in Paragraph 151 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

152.    The allegations in Paragraph 152 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

153.    The allegations in Paragraph 153 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the to the documents to which they refer, they are denied.

154.    The allegations in Paragraph 154 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

155.    The allegations in Paragraph 155 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

156.     The allegations in Paragraph 156 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

157.     The allegations in Paragraph 157 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

158.     The allegations in Paragraph 158 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

159.     The allegations in Paragraph 159 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

160.     The allegations in Paragraph 160 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

161.      Denied.

162.     The allegations in Paragraph 162 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

163.     The allegations in Paragraph 163 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

164.     The allegations in Paragraph 164 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

165.     The allegations in Paragraph 165 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

166.     Denied.

167.     The allegations in Paragraph 167 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

168.     The allegations in Paragraph 168 refer to documents which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

169.     The allegations in Paragraph 169 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

170.     The allegations in Paragraph 170 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

171.     The allegations in Paragraph 171 refer to documents which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

172.     Denied.

173.     The allegations in Paragraph 173 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

174.     The allegations in Paragraph 174 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

175.     The allegations in Paragraph 175 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

176.     The allegations in Paragraph 176 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

<u>Second Foreclosure Case and Continued Attempts to Have Errors Corrected</u>

177.     The allegations in Paragraph 177 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

178.     The allegations in Paragraph 178 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

179.     Denied.     180.     The allegations in Paragraph 180 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

181.     The allegations in Paragraph 181 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

182.     The allegations in Paragraph 182 refer to documents which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

183.     The allegations in Paragraph 183 refer to documents which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

184.     The allegations in Paragraph 184 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

185.     The allegations in Paragraph 185 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

186.     The allegations in Paragraph 186 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

187.     The allegations in Paragraph 187 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

188.      Denied, there is no Exhibit M to the Amended Complaint.

189.     The allegations in Paragraph 189 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

190.     The allegations in Paragraph 190 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

191.     The allegations in Paragraph 191 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

192.     The allegations in Paragraph 192 refer to documents which speak for themselves.  To the extent the allegations are contrary to the documents, they are denied.

193.     The allegations in Paragraph 193 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

194.     Denied, there is no Exhibit N to the Amended Complaint.

195.     The allegations in Paragraph 195 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

196.     The allegations in Paragraph 196 refer to documents which speak for themselves.  To the extent the allegations are contrary to the documents, they are denied.

197.     The allegations in Paragraph 197 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

198.     The allegations in Paragraph 198 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

<u>Impact on, and Damage to, Freeman</u>

199.     The allegations in Paragraph 199 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

200.     Ocwen is without sufficient knowledge and/or information to form a belief as to the truth of the allegations in Paragraph 200, and therefore denies the same.

201.     The allegations in Paragraph 201 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

202.     Ocwen is without sufficient knowledge and/or information to form a belief as to the truth of the allegations in Paragraph 202, and therefore denies the same.

203.     The allegations in Paragraph 203 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

204.     The allegations in Paragraph 204 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

205.     The allegations in Paragraph 205 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

206.     Ocwen is without sufficient knowledge and/or information to form a belief as to the truth of the allegations in Paragraph 206, and therefore denies the same.

207.     The allegations in Paragraph 207 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

208.     The allegations in Paragraph 208 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

209.     The allegations in Paragraph 209 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

210.     The allegations in Paragraph 210 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

211.     The allegations in Paragraph 211 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

212.     The allegations in Paragraph 212 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

213.     The allegations in Paragraph 213 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

<u>Ocwen's Pattern & Practice of Illegal Conduct</u>

214.     The allegations in Paragraph 214 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

215.     The allegations in Paragraph 215 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

216.     The allegations in Paragraph 216 refer to documents which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

217.     The allegations in Paragraph 217 refer to documents which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

218.     The allegations in Paragraph 218 refer to documents which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

219.     The allegations in Paragraph 219 refer to documents which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

220.     The allegations in Paragraph 220 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.  By way of further response, Ocwen denies that the facts of this case are comparable to those of any other case.  Ocwen also denies that Plaintiff provided an accurate case citation for the allegations raised in Paragraph 220.

221.     The allegations in Paragraph 221 are a characterization of this action, to which no response is required.

### COUNT I: Breach of Contract
### [Against New York Mellon]

222.     Ocwen incorporates the foregoing paragraphs as if stated fully herein.

223.     The allegations in Paragraph 223 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

224.      Denied, there is no Exhibit O to the Amended Complaint.

225.     The allegations in Paragraph 225 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

226.     The allegations in Paragraph 226, including subparts (i) through (vii) contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

227.     The allegations in Paragraph 227 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

228.     The allegations in Paragraph 228 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

229.     The allegations in Paragraph 229 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

230.     The allegations in Paragraph 230 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

## COUNT II: Violations of the RESPA
### (Against Ocwen)

231.     Ocwen incorporates the foregoing paragraphs as if stated fully herein.

232.     The allegations in Paragraph 226, including subparts (i) through (vii) contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

233.     The allegations in Paragraph 233 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

234.     The allegations in Paragraph 234 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

235.     The allegations in Paragraph 235 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

236.     The allegations in Paragraph 236 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

237.     The allegations in Paragraph 237 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

238.     The allegations in Paragraph 238 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

239. The allegations in Paragraph 239 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

240. The allegations in Paragraph 240 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

## COUNT III: Violation of the FDCPA, 15 U.S.C. §1692k
### (Against Ocwen)

241. Ocwen incorporates the foregoing paragraphs as if stated fully herein.

242. The allegations in Paragraph 242 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

243. The allegations in Paragraph 243 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

244. The allegations in Paragraph 244 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

245. The allegations in Paragraph 245 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

246. The allegations in Paragraph 246, including subparts (i) through (viii), contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

247.     The allegations in Paragraph 247 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

248.     The allegations in Paragraph 248 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

249.     Ocwen is without sufficient knowledge and/or information to form a belief as to the truth of the allegations in Paragraph 249, and therefore denies the same.

**COUNT IV: Violation of the Truth in Lending Act, 15 U.S.C. § 1601, et seq.**
**(Against New York Mellon)**

250.     Ocwen incorporates the foregoing paragraphs as if stated fully herein.

251.     The allegations in Paragraph 251 are a characterization of this action, which does not require a response.  The remaining allegations contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

Failure to Provide Periodic Mortgage Statements

252.     The allegations in Paragraph 252 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

253.     The allegations in Paragraph 253 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

Failure to Promptly Credit Payments

254.     The allegations in Paragraph 254 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

255.     The allegations in Paragraph 255 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

256.     The allegations in Paragraph 256 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

257.     The allegations in Paragraph 257 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

258.     The allegations in Paragraph 258 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

<u>Failure to Send Payment Change and Interest Rate Notices</u>

259.     The allegations in Paragraph 259 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

260.     The allegations in Paragraph 260 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

261.    The allegations in Paragraph 261 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

262.    The allegations in Paragraph 262 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

263.    Ocwen denies the allegations in Paragraph 263 as plead.  By way of further response, Ocwen states that there is an FHA Multistate Adjustable Rate Rider to the Mortgage entered into by Plaintiff on December 2, 2003.

264.    The allegations in Paragraph 264 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

265.    The allegations in Paragraph 265 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

266.    The allegations in Paragraph 266 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

## COUNT V: Violation of the Fair Credit Reporting Act [15 U.S.C.A. § 1681c-1]
## (Against Ocwen)

267.    Ocwen incorporates the foregoing paragraphs as if stated fully herein.

268.    The allegations in Paragraph 268 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

269. The allegations in Paragraph 269 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

270. The allegations in Paragraph 270 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

## COUNT VI: Violation of the Discharge Injunction (11 U.S.C. § 524) and FRBP § 3002.1 (Against Ocwen)

271. Ocwen incorporates the foregoing paragraphs as if stated fully herein.

272. Ocwen denies the allegations in Paragraph 272 as plead. By way of further response, Ocwen admits that a Response to Notice of Final Cure Payment was filed on April 24, 2017, on behalf of BONY in the United States Bankruptcy Court for the Southern District of Indiana, Case No. 12-04713-JJG-13.

273. The allegations in Paragraph 273 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

274. The allegations in Paragraph 274 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

275. The allegations in Paragraph 275 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

276.     The allegations in Paragraph 276 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

277.     The allegations in Paragraph 277 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

278.     The allegations in Paragraph 278 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

279.     The allegations in Paragraph 279 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

**COUNT VII: Violation of Orders dated October 26, 2012 and April 8, 2013**

280.     Ocwen incorporates the foregoing paragraphs as if stated fully herein.

281.     The allegations in Paragraph 281 contain statements and conclusions of law which require no response, or refer to documents which speak for themselves.  To the extent the allegations are contrary to the law or the document to which they refer, they are denied.

282.     The allegations in Paragraph 282, including subparts (i) though (v), contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

283.     The allegations in Paragraph 283 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

284.     The allegations in Paragraph 284 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

### COUNT VIII: Violation of Indiana's Crime Victim's Relief Act § 34-24-3-1
### (Against Ocwen)

285.     Ocwen incorporates the foregoing paragraphs as if stated fully herein.

286.     The allegations in Paragraph 286 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

287.     The allegations in Paragraph 287 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

288.     The allegations in Paragraph 288 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

289.     The allegations in Paragraph 289 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

290.     The allegations in Paragraph 290 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

### COUNT IX: Violation of the FDCPA, 15 U.S.C. § 1692k
### (Against MDK)

291.     Ocwen incorporates the foregoing paragraphs as if stated fully herein.

292. The allegations in Paragraph 292 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

293. The allegations in Paragraph 293 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

294. The allegations in Paragraph 294 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

295. The allegations in Paragraph 295 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

296. The allegations in Paragraph 296 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

297. The allegations in Paragraph 297 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

298. The allegations in Paragraph 298 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

299.    The allegations in Paragraph 299 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

300.    The allegations in Paragraph 300 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

## PRAYER FOR RELIEF

Ocwen denies that Plaintiff is entitled to any of the relief sought in the "WHEREFORE" Paragraph of the Amended Complaint following Paragraph 300, including the subsequent Paragraphs a through j, A, and B.

Ocwen denies that it is liable to Plaintiff in any manner whatsoever for the requests for relief set forth in Plaintiff's Amended Complaint.

Ocwen denies that it is liable to Plaintiff in any amount whatsoever under any theory whatsoever.

All allegations not specifically admitted herein are denied.

Ocwen reserves the right to rely upon any and all defenses as may become known through discovery or at trial.

Ocwen reserves the right to amend its Answer to conform to the evidence as determined in discovery or at trial.

## JURY DEMAND

Ocwen admits that Plaintiff has demanded a jury trial.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's claims are barred to the extent the Amended Complaint fails to state a plausible claim for which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and/or 12(c), including but not limited to because Plaintiff's claims under state law are preempted by the Fair Credit Reporting Act pursuant to 15 U.S.C. § 1681h(e) and § 1681t(b)(1)(F). *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Defendant reserves the right to file a Motion to Dismiss Plaintiff's Amended Complaint.

2.      Ocwen avers that some or all of the claims made in the Amended Complaint may be barred by the doctrine of laches and/or the statutes of limitations applicable to the Fair Credit Reporting Act, 15 U.S.C. § 1681p; the Fair Debt Collection Practices Act, Truth in Lending Act, 12 C.F.R. § 1026.41; and/or the Indiana Crime Victim's Relief Act, § 43-24-3-1.

3.      Plaintiff cannot recover from Ocwen to the extent that any damages that Plaintiff may have suffered, which Ocwen continues to deny, directly and proximately resulted from Plaintiff's own acts and/or omissions.

4.      Plaintiff cannot recover from Ocwen to the extent that any damages that Plaintiff may have or will suffer as alleged in the Amended Complaint, which Ocwen continues to deny, have been and will be proximately caused, in whole or in part, by the negligent, willful, or tortious acts or omissions of persons or entities over whom Ocwen had no control, and for whom Ocwen is not responsible, which bars or diminishes any recovery by Plaintiff against Ocwen.

5.      Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff has not suffered any actual damages.

6. Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff has failed to mitigate her damages.

7. Plaintiff's claims for punitive damages fail to the extent that the Amended Complaint fails to state a claim for relief for punitive damages. Additionally, Ocwen states that while it does not believe Plaintiff has stated a claim for punitive damages, even if she proves an entitlement to any such punitive damage award, Ocwen is entitled to the affirmative defense that any such award must comport with the Due Process clause under the Constitution of the United States of America.

8. At all times relevant, Ocwen acted reasonably and in good faith and without any malice or intent to injure Plaintiff or to violate applicable federal and/or state law.

9. Plaintiff's claims fail to the extent Plaintiff lacks standing.

10. Plaintiff's claims fail to the extent she is barred by the doctrines of estoppel (judicial, equitable, collateral or otherwise) and/or res judicata.

11. Plaintiff's claims should be dismissed to the extent that any alleged violations of the FDCPA by Ocwen were the result of *bona fide* error, were unintentional, and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

12. Plaintiff's claims should be dismissed to the extent that Ocwen acted in good faith in conformity with an advisory opinion of the Federal Trade Commission and/or Consumer Financial Protection Bureau.

13. Plaintiff's claims are barred to the extent that Ocwen has substantially complied with the requirements of the FDCPA and/or the alleged violations of the FDCPA are not material.

14. Ocwen reserves the right to rely upon any and all defenses (affirmative and otherwise) as may become known through discovery or at trial.

WHEREFORE, Defendant respectfully prays the Court that:

1.  Plaintiff's claims against Defendant be dismissed;

2.  Plaintiff's prayer for relief be denied in its entirety;

3.  Plaintiff has and recovers nothing of Defendant;

4.  The costs of this action be taxed against Plaintiff; and,

5.  Defendant have such other and further relief as the Court shall deem just and proper.

Dated: April 18, 2019

Respectfully submitted,

By: */s/ Ethan G. Ostroff*
Ethan G. Ostroff
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23454
Telephone: (757) 687-7500
E-mail: ethan.ostroff@troutman.com

*Counsel for Ocwen Loan Servicing, LLC*

38658246