**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**Indianapolis Division**

| | |
|---|---|
| DEMONA FREEMAN, )<br>　　　*Plaintiff*, )<br>　　　　　　　　　　　　　　)<br>　　v.　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　)<br>OCWEN LOAN SERVICING, LLC, )<br>MANLEY DEAS KOCHALSKI LLC, and )<br>THE BANK OF NEW YORK MELLON f/k/a )<br>THE BANK OF NEW YORK as successor in )<br>interest to JPMorgan Chase Bank, N.A., as Trustee )<br>for C-BASS Mortgage Loan Asset-Backed )<br>Certificates, Series, 2005-RPI )<br>　　　*Defendants*. ) | **Case No.**　1:18-cv-3844-TWP-DLP |

## CASE MANAGEMENT PLAN

**I.　PARTIES AND REPRESENTATIVES**

　　A.　Plaintiff:　**Demona Freeman**

　　　　Defendants:　**Ocwen Loan Servicing, LLC**
　　　　　　　　　　**Manley Deas Kochalski, LLC**
　　　　　　　　　　**The Bank of New York Mellon**

　　B.　Plaintiff's Counsel:

　　　　　　Travis W. Cohron
　　　　　　**CLARK, QUINN, MOSES, SCOTT & GRAHN, LLP**
　　　　　　320 N. Meridian Street, Suite 1100
　　　　　　Indianapolis, IN 46204
　　　　　　Telephone: (317) 637-1321
　　　　　　tcohron@clarkquinnlaw.com

　　　　Defense Counsel:

　　　　　　**Ethan G. Ostroff**
　　　　　　**TROUTMAN SANDERS, LLP**
　　　　　　**222 Central Park Ave., Suite 2000**
　　　　　　**Virginia Beach, Virginia 23462**
　　　　　　**(757) 687-7541**

ethan.ostroff@troutman.com
*Attorney for Ocwen Loan Servicing, Inc. and The Bank of New York Mellon*

**Amanda L. Krenson**
**MANLEY DEAS KOCHALSKI, LLC**
**251 E. Ohio Street, Suite 850**
**Indianapolis, IN 46204**
**(614) 947-5703**
alkrenson@manleydeas.com
*Attorney for Manley Deas Kochalski, LLC*

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II.   JURISDICTION AND STATEMENT OF CLAIMS

- Plaintiff filed this case asserting claims under the Real Estate Settlement Procedures Act, 12 U.S.C. §2605, the Truth in Lending Act, 15 U.S.C. § 1639, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. The basis of subject matter jurisdiction is federal question.

- **Plaintiff's Position**: This action is based on the Defendants' various mortgage servicing related errors and failure to follow reasonable procedures to correct and/or cease committing said errors upon receipt of statutorily defined notice to do so. In turn, these errors and failure to correct errors caused actual damage to the Plaintiff and meritless foreclosure action being filed against her.

- **Ocwen Loan Servicing, LLC's Position:** Ocwen denies that it is liable to Plaintiff in any amount whatsoever under any theory whatsoever. Ocwen denies that Plaintiff is entitled to any of the relief sought from it in the First Amended Complaint. Ocwen herein incorporates all of its affirmative defenses plead in its Answer to the First Amended Complaint (ECF No. 29)

- **Manley Deas Kochalski, LLC's Position:** MDK is not subject to a claim under Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 or the Truth in Lending Act, 15 U.S.C. § 1639, but to the extent that a position is required under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, MDK denies any violation and asserts the bona fide error defense and reserves the right to assert any further defenses based on the evidence gathered during the course of its investigation into the allegations stated within Plaintiff's First Amended Complaint. An Answer from MDK is due by May 6, 2019. MDK admits this court has subject matter jurisdiction over this federal question.

- **The Bank of New York Mellon's Position:** The Bank of New York Mellon denies that it is liable to Plaintiff in any amount whatsoever under any theory whatsoever. Ocwen denies that Plaintiff is entitled to any of the relief sought from it in the First

Amended Complaint. Bank of New York Mellon herein incorporates all of its affirmative defenses plead in its Answer to the First Amended Complaint (ECF No. 31).

### III. PRETRIAL PLEADINGS AND DISCLOSURES

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **May 7, 2019**.

B. Plaintiff(s) shall file preliminary witness and exhibit lists on or before **May 14, 2019**.

C. Defendant(s) shall file preliminary witness and exhibit lists on or before **May 21, 2019.**

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **June 7, 2019**.

E. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before **June 7, 2019**. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto **within 21 days after receipt of the demand**. The parties shall forward copies of their settlement demands and responses when made to Magistrate Judge Pryor at MJPryor@insd.uscourts.gov.

> III. E.: The parties shall submit (not file) courtesy copies of their respective demand and response at the time of service. These should be emailed to Judge Pryor at mjpryor@insd.uscourts.gov.

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **December 7, 2019**. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **February 7, 2020** or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **February 7, 2020.**

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel **no later than 90 days prior** to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than **120 days prior to the first day of the month in which trial is scheduled**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **February 7, 2020**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. Discovery of electronically stored information ("ESI").

The parties do not believe that this case is suitable for electronic discovery but are amenable to producing any electronically stored information in hard copy or .pdf format as an initial matter. Once the parties have had the chance to review such documents, the parties agree, if necessary, to confer regarding any additional exchange or production that the parties believe is necessary.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV. DISCOVERY[1] AND DISPOSITIVE MOTIONS

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion.

- Ocwen and Bank of New York Mellon's Position: Defendants Ocwen and Bank of New York Mellon's investigation into the allegations in this matter is ongoing. Ocwen and Bank of New York Mellon reserve the right to file a Motion for Summary Judgment should the evidence in this case demonstrate there is no genuine dispute of material fact over one or more of Plaintiff's claims, which would constitute the factual and legal basis for such motion.

- MDK's Position: MDK is currently investigating the allegations set forth in Plaintiff's First Amended Complaint and reserves the right to file summary judgment or other dispositive motions as it deems fit.

B. October 13, 2019

C. Select the track that best suits this case:
    __X__ Track 2: Dispositive motions are expected and shall be filed by **December 7, 2019**; non-expert witness discovery and discovery relating to liability issues shall be completed by **October 6, 2019**, expert witness discovery, discovery relating to damages, and all other discovery shall be completed by **March 6, 2020**. All remaining discovery to be completed by **April 6, 2020**.

    Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

## V. PRE-TRIAL/SETTLEMENT CONFERENCES

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. **At this time, the parties recommend a settlement conference in October 2019.**

## VI. Trial Date

The parties request a trial date in **October 2020**. The trial is by Jury and is anticipated to take 5 (five) days.

## VII. Referral to Magistrate Judge

- **Case**. At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(b) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.

- **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII. Required Pre-Trial Preparation

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

    a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

    b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. Other Matters

None at this time.

Respectfully submitted, this 2nd day of April 2019:

By: */s/Travis W. Cohron*
Travis W. Cohron
Michael P. Maxwell
**CLARK, QUINN, MOSES, SCOTT & GRAHN, LLP**
320 N. Meridian Street, Suite 1100
Indianapolis, IN 46204
Telephone: (317) 637-1321
tcohron@clarkquinnlaw.com
mmaxwell@clarkquinnlaw.com


By: */s/Ethan G. Ostroff (with consent)*
**Ethan G. Ostroff**
**TROUTMAN SANDERS, LLP**
**222 Central Park Ave., Suite 2000**
**Virginia Beach, Virginia 23462**
**(757) 687-7541**
ethan.ostroff@troutman.com
*Attorney for Ocwen Loan Servicing, Inc. and The Bank of New York Mellon*

By: */s/Amanda L. Krenson (with consent)*
**Amanda L. Krenson**
**MANLEY DEAS KOCHALSKI, LLC**
**251 E. Ohio Street, Suite 850**
**Indianapolis, IN 46204**
**(614) 947-5703**alkrenson@manleydeas.com
*Attorney for Manley Deas Kochalski, LLC*

***********************************************************************

| | |
|---|---|
| X | PARTIES APPEARED IN PERSON/BY COUNSEL ON <u>04/09/2019</u> FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| X | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT \_\_\_\_\_.M., ROOM _____. |
| X | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR <u>October 29, 2019</u> AT <u>1:30 P</u>.M. COUNSEL SHALL APPEAR:<br><br>    <u>  X  </u> IN PERSON IN ROOM <u>255</u>; OR<br><br>    _____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (\_\_\_\_) _____; OR<br><br>    _____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (\_\_\_\_) _____; |
| X | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN <u>December 7, 2019. Discovery shall be completed by Ocotber 6, 2019.</u> |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**

04/19/2019
Date

*Doris L. Pryor*
Hon. Doris L. Pryor
United States District Court
Southern District of Indiana