# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEMONA FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-03844-TWP-DLP |
| | ) | |
| OCWEN LOAN SERVICING, LLC, | ) | |
| MANLEY DEAS KOCHALSKI, LLC, and | ) | |
| BANK OF NEW YORK MELLON, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON PLAINTIFF'S MOTION FOR JUDICIAL NOTICE

This matter is before the Court on a Motion for Judicial Notice filed pursuant to Federal Rule of Evidence 201 by Plaintiff Demona Freeman ("Freeman") (Filing No. 40). Freeman initiated this action against Defendants Ocwen Loan Servicing, LLC ("Ocwen"), Manley Deas Kochalski, LLC, and Bank of New York Mellon (collectively, "Defendants") for allegedly violating numerous federal statutes—the Real Estate Settlement Procedures Act, Truth in Lending Act, Fair Debt Collection Practices Act, Telephone Consumer Protection Act, and Fair Credit Reporting Act—as well as for breach of contract and other state law claims. After amending her Complaint, Freeman filed the currently pending Motion, asking the Court to take judicial notice of certain matters. For the following reasons, the Motion for Judicial Notice is **granted in part and denied in part**.

### I. LEGAL STANDARD

Federal Rule of Evidence 201 governs judicial notice of adjudicative facts. The Rule provides, "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R.

Evid. 201(b). A federal court may take judicial notice on its own, or it "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).

"In order for a fact to be judicially noticed, indisputability is a prerequisite." *Hennessy v. Penril Datacomm Networks*, 69 F.3d 1344, 1354 (7th Cir. 1995). Further, "courts generally cannot take notice of findings of fact from other proceedings for the truth asserted therein because these findings are disputable and usually are disputed." *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 n.6 (7th Cir. 1997). "Judicial notice [] merits the traditional caution it is given, and courts should strictly adhere to the criteria established by the Federal Rules of Evidence before taking judicial notice of pertinent facts." *Id.* at 1081.

## II.   DISCUSSION

Freeman alleges that, through no fault of her own, she was forced to spend the holiday season in fear of losing her home to foreclosure. (Filing No. 59 at 1.) This occurred despite the fact she timely and adequately paid every monthly mortgage installment required of her from the middle of 2012 to the end of 2018 when, without justification, Ocwen (as the loan servicer) began rejecting Freeman's payments on her home loan and mortgage. *Id*. In this action, she brings claims against the Defendants pursuant to various federal finance protection statutes based on the Defendants' alleged various mortgage servicing related errors and their failure to follow reasonable procedures to correct the errors. Freeman alleges the Defendants also failed to stop committing the errors even after she notified them of their errors. She asserts the Defendants' errors and failure to correct the errors has caused her damage and has resulted in a meritless foreclosure action being filed against her (Filing No. 59 at 1–2; Filing No. 41 at 2).

In her Motion for Judicial Notice, Freeman asks the Court to take judicial notice of certain filings, including three consent orders, from other litigation involving Ocwen for the purpose of establishing a pattern and practice of noncompliance with the Real Estate Settlement Procedures

Act. Freeman asserts that the documents, their purpose, their respective filing dates, and Ocwen's receipt of each are a matter of public record and are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Freeman requests judicial notice be taken of the following filings, the date on which each was filed and, where relevant, that Ocwen received notice of each immediately thereafter via CM/ECF, PACER, or a copy provided by its counsel of record therein:

- Objection to Claim, *In Re: Allen David Freeman and Demona Ann Freeman*, Case No. 12-04713-JJG-13, filed September 13, 2012, "[Filing No. 47](#)."

- Order on United States Trustee's Objection to Claim Number 8 filed by Ocwen Loan Servicing, LLC., *In Re: Allen David Freeman and Demona Ann Freeman*, Case No. 12-04713-JJG-13, entered on October 26, 2012, "[Filing No. 53](#)."

- Order granting Trustee's Motion for Determination, *In Re: Allen David Freeman and Demona Ann Freeman*, Case No. 12-04713-JJG-13, entered on April 8, 2013, "Filing No. 85."

- Notice of Final Cure, *In Re: Allen David Freeman and Demona Ann Freeman*, Case No. 12-04713-JJG-13, filed on April 12, 2017, "[Filing No. 1](#)09."

- Response to Notice of Final Cure, *In Re: Allen David Freeman and Demona Ann Freeman*, Case No. 12-04713-JJG-13, filed on April 24, 2017, "Claim 8 Filing No. doc."

- The Trustees' Final Report and Account, *In Re: Allen David Freeman and Demona Ann Freeman*, Case No. 12-04713-JJG-13, filed on October 26, 2017, "Filing No. 123."

- Order of Discharge, *In Re: Allen David Freeman and Demona Ann Freeman*, Case No. 12-04713-JJG-13, filed on November 21, 2017, "Filing No. 1[3]2."

- Notice of Relief from Stay and Abandonment, *Bank of New York Mellon vs. Demona A Freeman*, Cause No. 29D01-0904-MF-000484, filed on February 21, 2018, attached hereto as "Exhibit A."

- Motion To Vacate Judgment and To Dismiss Case Without Prejudice, *Bank of New York Mellon vs. Demona A Freeman*, Cause

> No. 29D01-0904-MF-000484, filed on May 2, 2018, attached hereto as "Exhibit B.
>
> - Complaint, *Bank of New York Mellon v. Demona Freeman*, 29D03-1808-MF-007526, filed on August 15, 2018, attached hereto as "Exhibit C."
>
> - Order of Dismissal, *Bank of New York Mellon v. Demona Freeman*, 29D03-1808-MF-007526, filed on January 23, 2019, attached hereto as "Exhibit D."

(Filing No. 40 at 2–3.)

Responding to Freeman's request to take judicial notice of the above-listed filings, Ocwen explains that it "does not challenge this Court taking judicial notice of the filings and/or orders entered in Plaintiff's Bankruptcy case in the Southern District of Indiana (Case No. 12-04713-JJG-13) or foreclosure actions initiated by Bank of New York Mellon (Case Nos. 29D01-0904-MF-000484 & 29D03-1808-MF-007526)." (Filing No. 44 at 1, n.1.)

Because the above-listed filings are public records and are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, and because the filings are not subject to reasonable dispute and in fact are not disputed by the Defendants, **the Court takes judicial notice** that the above-listed filings, enumerated at Filing No. 40 at 2–3, were filed in the referenced cases on the dates noted for each such filing.

Next, Freeman asks the Court to take judicial notice of:

> several consent orders resulting from examinations conducted by state and federal regulators into Ocwen's loan servicing practices for purpose of establishing that Ocwen had notice of problems with its RealServicing Platform, the need for additional safeguards in situations involving alleged human errors or miscoding, and in the handling of consumer accounts in and after bankruptcy, prior to the events at issue herein.

(Filing No. 40 at 3.) Freeman further asks the Court to take judicial notice of the "consent orders" for the additional purpose of establishing a pattern and practice of noncompliance. She lists the following "consent orders," for which she requests judicial notice:

4

- Settlement Agreement and Consent Order, *In Re: Ocwen Financial Corporation and Ocwen Loan Servicing, LLC.*, No. C-13-1153-14-C001, at 1-2 (Dec. 19, 2013), attached hereto as "Exhibit E."

- *Consumer Fin. Prot. Bureau v. Ocwen Fin. Corp.*, No. 13-2025 (RMC)(D.D.C. filed Dec. 19, 2013), "Filing No. 46."

- Memorandum Opinion and Order, *Saccameno v. Ocwen Loan Servicing, LLC.*, Case No. 15-cv-1164 (N.D. of Illinois), "Filing No. 231."

*Id.* at 3–4.

Ocwen objects to the Court taking judicial notice of the three "consent orders" on the basis that they are founded on disputed facts in those cases as well as disputed facts in this case, and thus, they are not proper matters for judicial notice under Rule 201. Ocwen explains that the December 2013 Settlement Agreement and Consent Order did not establish, as Freeman otherwise suggests, that Ocwen had notice of problems with its loan servicing practices and a need to correct its practices.

Freeman's stated purpose for seeking judicial notice of the December 2013 Settlement Agreement and Consent Order is to presume the factual accuracy of the allegations in that case, which were expressly denied by Ocwen in the terms of the Settlement Agreement and Consent Order itself. Ocwen points out that the Settlement Agreement and Consent Order explicitly states that the plaintiffs in that case were "effecting this settlement [] to remediate harms ***allegedly resulting from the alleged unlawful conduct*** of the Defendant." (Filing No. 40-5 at 36 (emphasis added).) Further, the Consent Order states that Ocwen "does not admit the allegations of the Complaint other than those facts deemed necessary to the jurisdiction of this Court." *Id.* Ocwen asserts that judicial notice under Federal Rule of Evidence 201(b) is explicitly predicated on the facts being indisputable, *see Hennessy*, 69 F.3d at 1354, and the "facts" Freeman requests judicial

5

notice of are mere allegations that were not admitted to, proven, or otherwise established, and thus, judicial notice is improper.

Ocwen additionally argues that taking judicial notice of the "consent orders" is improper for Freeman's second purpose—to establish a pattern and practice of noncompliance—because it impermissibly requires the Court to assume the factual accuracy of the allegations in this case, which are denied by Ocwen, as well as the factual accuracy of the allegations in the "consent orders," which are denied by Ocwen. To establish a pattern and practice of noncompliance, there must be more than one instance of noncompliance. Ocwen disputes any noncompliance in each of the cases.

Ocwen points out that Freeman's Motion for Judicial Notice only attaches the December 2013 Settlement Agreement and Consent Order as an exhibit. Ocwen asserts that the Motion provides two citations that Ocwen can only speculate Freeman believes are consent orders but, in fact, are not consent orders. In any event, Ocwen argues, judicial notice remains improper because the "facts" are disputed, and indisputability is a prerequisite to judicial notice.

After reviewing the parties' briefs and exhibits as well as the dockets from the other cases cited by Freeman, the Court determines that Ocwen's arguments are well-taken concerning the three "consent orders" and the principle of indisputability. Therefore, judicial notice of those orders is **denied**.

### III.    CONCLUSION

For the foregoing reasons, Freeman's Motion for Judicial Notice is **granted in part and denied in part** (Filing No. 40). The Court takes judicial notice that the filings enumerated at Filing No. 40 at 2–3 were filed on the dates specified in Freeman's bankruptcy case in the Southern District of Indiana (Case No. 12-04713-JJG-13) and in the foreclosure actions initiated by Bank of New York Mellon (Case Nos. 29D01-0904-MF-000484 and 29D03-1808-MF-007526).

However, judicial notice is denied as to the three "consent orders" enumerated at Filing No. 40 at 3–4.

**SO ORDERED.**

Date: 8/16/2019

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Travis W. Cohron
CLARK QUINN MOSES SCOTT & GRAHN LLP
tcohron@clarkquinnlaw.com

Amanda L Krenson
MANLEY DEAS KOCHALSKI LLC
alkrenson@manleydeas.com

Michael P. Maxwell, Jr.
CLARK QUINN MOSES SCOTT & GRAHN LLP
mmaxwell@clarkquinnlaw.com

Ethan Geoffrey Ostroff
TROUTMAN SANDERS LLP
ethan.ostroff@troutmansanders.com

Matthew J. Richardson
MANLEY DEAS KOCHALSKI LLC
mjr2@manleydeas.com