UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEMONA FREEMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OCWEN LOAN SERVICING, LLC, ) <br> MANLEY DEAS KOCHALSKI, LLC, ) <br> BANK OF NEW YORK MELLON f/k/a ) <br> THE BANK OF NEW YORK as successor in ) <br> interest to JPMorgan Chase Bank, N.A., as ) <br> Trustee for C-BASS Mortgage Loan Asset- ) <br> Backed Certificates, Series, 2005-RPI ) <br>    a/k/a BANK OF NEW YORK ) <br>    a/k/a BANK OF NEW YORK, ) <br> ) <br> Defendants. ) | No. 1:18-cv-03844-TWP-DLP |

## **ORDER**

This matter comes before the Court on Plaintiff's Motion for Leave to File Third Amended Complaint and Memorandum of Law in Support (Dkt. 61). For the reasons set forth below, this Court, having fully reviewed the matter, hereby **GRANTS IN PART** and **DENIES IN PART** said Motion.

### I.    Factual Summary

Freeman initiated this action against Defendants Ocwen Loan Servicing LLC, Manley Deas Kochalski, LLC, and Bank of New York Mellon for allegedly violating numerous federal statutes including the Real Estate Settlement Procedures Act, Truth in Lending Act, Fair Debt Collection Practices Act, Telephone Consumer Protection Act, Fair Credit Reporting Act, and other state law claims. On July 16, 2019, the Plaintiff filed this motion for leave to file a third amended

1

complaint. The parties' Case Management Plan set a deadline of June 7, 2019 for amending pleadings. [Dkt. 41]. In the proposed amended complaint, the Plaintiff is seeking to add "several mistakenly omitted allegations regarding the fourth Notice of Error letter sent by Freeman to Ocwen" and "to correct the ordering of the Exhibits attached to the Second Amended Complaint. [Dkt. 61].

In response, the Defendants do not object to the Plaintiff correcting the ordering of the exhibits attached to the Second Amended Complaint. Accordingly, the Court **GRANTS** Plaintiff's request for leave to correct the ordering of Exhibits attached to the Second Amended Complaint.

The Defendants oppose, however, Plaintiff's request for leave to allow her to add new allegations to the proposed Third Amended Complaint almost a year and a half after the case was filed, and a month after the deadline for amendments has passed. The Court will now consider this argument.

**II.    Legal Standard**

Generally, Rule 15 of the Federal Rules of Civil Procedure governs amendments of pleadings, noting that courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This Rule, however, is somewhat restricted when a scheduling order has been entered. *Alioto v. Town of Libson*, 651 F.3d 715, 719 (7th Cir. 2011).

To amend a pleading after the scheduling order deadline, the heightened good cause standard of Rule 16 is applied before considering whether the requirements of Rule 15(a)(2) are met. *Alioto*, 651 f.3d at 719 (citing Federal Rule of

Civil Procedure 16(b)(4)). Rule 16's good cause standard primarily considers the diligence of the party seeking the amendment to determine whether good cause has been established. *Trustmark Ins. Co. v. General & Cologne Life Re of Am.,* 424 F.3d 542, 553 (7th Cir. 2005).

### III. Analysis

Here, Plaintiff's motion for leave was filed approximately one month after the deadline set forth in the Scheduling Order. [Dkt. 61]. The Plaintiff filed her original complaint on December 6, 2018. Since then, Plaintiff has filed two motions to amend, both of which were unopposed and granted by the Court. Plaintiff's First Amended Complaint was filed March 14, 2019. [Dkt. 24]. Plaintiff's second motion for leave to file an amended complaint was filed on June 7, 2019, which was the deadline for filing amended pleadings. [Dkt. 53]. Plaintiff's present motion for leave to amend her complaint was filed a little over a month later, on July 16, 2019. [Dkt. 61].

Plaintiff maintains there is no justifying reason pursuant to Rule 15 of the Federal Rules of Civil Procedure to deny her motion for leave. Plaintiff maintains that the Defendants would not be unduly prejudiced, and justice would be served by this amendment. Rule 15, however, is not the starting point for considering this motion. Prior to considering the standard set forth in Rule 15, the Plaintiff must satisfy the heightened good cause standard of Rule 16, and demonstrate her diligence in seeking the amendment.

The Defendants maintain that the Plaintiff is unable to meet this burden, and the proposed amendment is instead the product of undue delay, bad faith, and dilatory motive. Specifically, the Defendants argue that the Plaintiff has failed to demonstrate any reasonable justification for modifying the Court's Scheduling Order to permit this motion for leave to amend to add allegations regarding Plaintiff's fourth Notice of Error Letter ("NOE No. 4").

Plaintiff mailed her NOE No.4 to Defendants on January 11, 2019. [Dkt. 71]. The Defendants responded to the NOE No. 4 on March 21, 2019, approximately two and one-half months before the deadline to amend. Plaintiff filed her motion to file a Second Amended Complaint on the deadline, but did not include any allegations related to the NOE No. 4. The Plaintiff's briefing is void of any arguments that demonstrate due diligence to file this amendment before June 7, 2019, the deadline set forth in the Case Management Plan. [Dkt. 41]. Because Plaintiff has failed to show due diligence, and by extension, good cause, Plaintiff's Rule 15 argument will not be considered.

Accordingly, the Court finds the Plaintiff has failed to establish good cause for the Court to modify its Scheduling Order and, therefore, the Court **DENIES** Plaintiff's request for leave to file a Third Amended Complaint to include allegations regarding NOE No. 4.

### IV. Conclusion

For the reasons detailed herein, this Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion for Leave to File Third Amended Complaint (Dkt. 61).

The Court **GRANTS** Plaintiff's request for leave to reorder the exhibits attached to Plaintiff's Second Amended Complaint. The Court **DENIES** Plaintiff's request for leave to file a Third Amended Complaint.

So ORDERED.

Date: 9/3/2019

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:
All EFC-registered counsel of record.