**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**Indianapolis Division**

| | |
|---|---|
| DEMONA FREEMAN, ) | |
|     *Plaintiff*, ) | |
| ) | |
| v. ) | **Case No.** 1:18-cv-3844-TWP-DLP |
| ) | |
| OCWEN LOAN SERVICING, LLC, ) | |
| THE BANK OF NEW YORK MELLON f/k/a ) | |
| THE BANK OF NEW YORK as successor in ) | |
| interest to JPMorgan Chase Bank, N.A., as Trustee ) | |
| for C-BASS Mortgage Loan Asset-Backed ) | |
| Certificates, Series, 2005-RPI ) | |
|     *Defendants*. ) | |

**JOINT AMENDED CASE MANAGEMENT PLAN**

Plaintiff, Demona Freeman ("Freeman"), and Defendants, Ocwen Loan Servicing, LLC ("Ocwen") Bank of New York Mellon, as Trustee for C-BASS Mortgage Loan Asset-Backed Certificates, Series, 2005-RPI ("BONY"), by counsel, files the below Joint Amended Case Management Plan pursuant to the Court Order on July 9, 2020 at Dkt. 117.

**I.**     **PARTIES AND REPRESENTATIVES**

    A.     Plaintiff:     **Demona Freeman ("Freeman")**

            Defendants:     **Ocwen Loan Servicing, LLC ("Ocwen")**
                             **Bank of New York Mellon, as Trustee for C-BASS Mortgage Loan Asset-Backed Certificates, Series, 2005-RPI ("BONY")**

    B.     Plaintiff's Counsel:

            Travis W. Cohron
            **CLARK, QUINN, MOSES, SCOTT & GRAHN, LLP**
            320 N. Meridian Street, Suite 1100
            Indianapolis, IN 46204
            Telephone: (317) 637-1321
            tcohron@clarkquinnlaw.com

Nicholas H. Wooten
The Law Office of Nick Wooten, LLC
E-mail: nick@nickwooten.com

Defense Counsel:

Carter R. Nichols
Ethan G. Ostroff
John C. Lynch (admitted *Pro Hac Vice*)
**TROUTMAN SANDERS LLP**
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23454
Telephone: (757) 687-7500
carter.nichols@troutman.com
ethan.ostroff@troutman.com
john.lynch@troutman.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II.     JURISDICTION AND STATEMENT OF CLAIMS

- Plaintiff filed this case asserting claims under the Dodd-Frank Wall Street Reform and Consumer Protection Act, the Real Estate Settlement Procedures Act, 12 U.S.C. §2601, *et seq*., the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*., the Fair Credit Reporting Act, the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the Truth In Lending Act, 15 U.S.C. § 1639. The basis of subject matter jurisdiction is federal question.  This Court has supplemental jurisdiction to hear all state law claims pursuant to 28 U.S.C. §1367.

- **Plaintiff's Position:** This action is based on the Defendants' various mortgage servicing related errors and failure to follow reasonable procedures to correct and/or cease committing said errors upon receipt of statutorily defined notice to do so.  Because of the acts and omissions of Defendants, Plaintiff is asserting a private right of action under the Real Estate Settlement Procedures Act pursuant to 12 U.S.C. §2605(f) for the claimed breaches of the specific rules set forth under Regulation X, a private right of action under the Fair Debt Collection Practices Act pursuant to 15 U.S.C. §1692k for Ocwen's willful or deliberately indifferent conduct in connection with its collection efforts, a private right of action under the Fair Credit Reporting Act pursuant to 15 U.S.C.A. §1681s-2(b) for Ocwen's willful or deliberately indifferent acts and omissions in reporting information regarding the mortgage and in failing to conduct reasonable investigate disputed information, breach of contract and fiduciary duty claims against BONY, claims against Defendants for violation of the Discharge Injunction, 11 U.S.C. § 524(i), Automatic Stay, & Fed. R. Bankr. P. Rule 3002.1(G), and claims against BONY for violation of the Truth

In Lending Act, 15 U.S.C. §1601, *et seq.*

- **Ocwen Loan Servicing, LLC's Position:** Ocwen denies that it is liable to Plaintiff in any amount whatsoever under any theory whatsoever. Ocwen denies that Plaintiff is entitled to any of the relief sought from it in the First Amended Complaint. Ocwen herein incorporates all of its affirmative defenses plead in its Answer to the First Amended Complaint (ECF No. 29). Ocwen also maintains that all of Plaintiff's claims should be dismissed pursuant to the arguments raised in its Motion to Dismiss.

- **The Bank of New York Mellon's Position:** The Bank of New York Mellon denies that it is liable to Plaintiff in any amount whatsoever under any theory whatsoever. Ocwen denies that Plaintiff is entitled to any of the relief sought from it in the First Amended Complaint. Bank of New York Mellon herein incorporates all of its affirmative defenses plead in its Answer to the First Amended Complaint (ECF No. 31). BONY also maintains that all of Plaintiff's claims should be dismissed pursuant to the arguments raised in its Motion to Dismiss.

### III. PRETRIAL PLEADINGS AND DISCLOSURES

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **June 18, 2019**. [Note: Fed. R. Civ. P. 26(a)(1)(E) permits the parties to object to making initial disclosures or to stipulate to a different deadline for making such disclosures based upon the circumstances of the action. If any objection and/or stipulation is made to initial disclosures in the CMP, the parties shall briefly state the circumstances justifying their respective positions.]

B. Plaintiff(s) shall file preliminary witness and exhibit lists on or before **June 25, 2019**.

C. Defendant(s) shall file preliminary witness and exhibit lists on or before **July 2, 2019**.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or **January 1, 2020**.

E. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **July 18, 2019**. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **October 5, 2021**. Defendant(s) shall disclose the name,

address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **November 4, 2021**; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **November 4, 2021**.

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel **no later than 90 days prior** to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections **no later than 120 days prior** to the proposed trial month. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **December 6, 2021**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. Discovery of electronically stored information ("ESI"). If either party is seeking the production of a substantial volume of ESI, then complete the ESI Supplement to the Report of the Parties' Planning Meeting (also available in MS Word on the court's website at http://www.insd.uscourts.gov/case-management-plans).

If the parties believe that a substantial volume of ESI will not be produced in the case, the parties should include herein a brief description of the information anticipated to be sought in discovery in the case and include (1) the parties' agreement regarding the format in which ESI will be produced (including whether the production will include metadata), (2) a description of any other issues the parties believe may be relevant to discovery in the case, and (3) either the following claw back provision or the language of any alternative provision being proposed:

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

The parties anticipate needing discovery regarding the loan at issue (the "Loan"), Plaintiff's bankruptcy proceeding, Ocwen's servicing of the Loan, Plaintiff's alleged damages, and any applicable policies and procedures. The parties anticipate issuing interrogatories and requests for production and conducting depositions regarding same. The parties do not anticipate a substantial amount of ESI. However, the parties agree to produce any relevant and discoverable ESI in PDF format or a similar format to the extent possible.

The scope of the discovery described above may be limited to the extent certain claims are dismissed pursuant to Defendants' pending Motion to Dismiss. The Parties will abide by the Local Rules and Federal Rules of Civil Procedure regarding the scope of discovery and any disputes that may arise.

## IV. Discovery[1] and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

  A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?

Plaintiff intends to file summary judgment motion on all issues of liability for each of its claims against Defendants stated in *Plaintiff's First Amended Complaint and Demand for Jury Trial* and/or cross-motions for summary judgment in response to any summary judgment motions filed by Defendant.
Defendants also intend to file a motion for summary judgment on all issues of liability that remain, if any, after the Court rules on Defendants' pending Motion to Dismiss.

  B. Select the track that best suits this case:

    X Track 2: Dispositive motions are expected and shall be filed by **June 6, 2021**; non-expert witness discovery and discovery relating to liability issues shall be completed by **March 15, 2021**; expert witness discovery and discovery relating to damages shall be completed by **May 5, 2021**. All remaining discovery shall be completed by no later than **June 6, 2021**.

    Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

## V.  Pre-Trial/Settlement Conferences

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in February 2021.**

## VI.  Trial Date

The parties request a trial date in **January 2022**. The trial is by **jury** and is anticipated to take **five days**. Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order

approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

## VII. Referral to Magistrate Judge

A. **Case**. At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial. [This section should be marked in the affirmative only if all parties consent. Do not indicate if some parties consent and some do not. Indicating the parties' consent in this paragraph may result in this matter being referred to the currently assigned Magistrate Judge for all further proceedings, including trial. It is not necessary to file a separate consent. Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment. If no objection is filed, the consent will remain in effect.]

B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII. Required Pre-Trial Preparation

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

- a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

- b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. Other Matters

None.

Respectfully submitted, this 24th day of September 2020:

By: */s/Travis W. Cohron.*
Travis W. Cohron
**CLARK, QUINN, MOSES, SCOTT & GRAHN, LLP**
320 N. Meridian Street, Suite 1100
Indianapolis, IN 46204
Telephone: (317) 637-1321
tcohron@clarkquinnlaw.com
*Counsel for Plaintiff*


By: */s/ Ethan G. Ostroff (with consent)*
Carter R. Nichols
Ethan G. Ostroff
John C. Lynch (admitted *Pro Hac Vice*)
**TROUTMAN SANDERS LLP**
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23454
Telephone: (757) 687-7500
carter.nichols@troutman.com
ethan.ostroff@troutman.com
john.lynch@troutman.com
*Counsel for Defendants*

*************************************************************************

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|   | APPROVED AS SUBMITTED. |
|   | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER. |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____.M., ROOM _____. |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M. COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) _____; |
|   | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

110266259

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**

_____  _____
Date  U. S. District Court
  Southern District of Indiana

110266259