**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**Indianapolis Division**

DEMONA FREEMAN,

        Plaintiffs,

    v.

OCWEN LOAN SERVICING, LLC,
and THE BANK OF NEW YORK MELLON
f/k/a THE BANK OF NEW YORK as
successor in interest to JPMorgan Chase Bank,
N.A., as Trustee for C-BASS Mortgage Loan
Asset-Backed Certificates, Series, 2005-RPI,

        Defendants.

Case No.  1:18-CV-3844-TWP-DLP

## MEMORANDUM IN SUPPORT OF MOTION TO STAY DISCOVERY

Defendants Ocwen Loan Servicing, LLC ("Ocwen") and The Bank of New York Mellon ("BONY") (collectively "Defendants"), by counsel, submit this Memorandum in Support of Motion to Stay Discovery.  For the reasons set forth below, Defendants respectfully request the Court enter a stay of discovery in this case pending the resolution of Defendants' Motions to Dismiss (ECF Nos. 86, 88).

## I.      INTRODUCTION

Defendants' Motions to Dismiss, seek dismissal of all of Plaintiff's claims against them, were fully briefed in October 2019.  Recognizing the need for a ruling on those Motions, Plaintiff agreed and the Magistrate Court granted two stays of discovery to allow the District Judge time to rule on the Motions.  Those Motions to Dismiss are still pending today, but despite her previous position consenting to stays, Plaintiff is now intent on pursuing overbroad and unduly burdensome discovery that simply should not proceed at this juncture.  A stay of discovery is necessary to

1

protect Defendants from under burden and costs, to allow the Court to adequately assess discovery disputes between the parties, and because the substantial arguments raised by Defendants should dispose of Plaintiff's flawed and erroneous claims, rendering any further discovery unnecessary.

## II.    FACTUAL BACKGROUND

Plaintiff filed her original Complaint against Ocwen on December 6, 2018.  *See* Pl.'s Compl. (ECF No. 1).  Ocwen filed an Answer to the original Complaint.  (ECF No. 18).  Plaintiff thereafter sought leave and filed a First Amended Complaint, which added Defendants BONY and the law firm Manley Deas Kochalski, LLC.  *See* Pl.'s First Amend. Compl. (ECF No. 24). Defendants BONY and Ocwen also filed Answers to the First Amended Complaint.  (ECF Nos. 37 & 38).

Despite two previous attempts at pleading her claims in this case, Plaintiff again sought leave and filed a Second Amended Complaint, adding additional claims against Ocwen.  *See* Pl.'s Second Amend. Compl. (ECF No. 59). After errors with the exhibits in the Second Amended Complaint were brought to her attention by Defendants during a hearing with the Court, Plaintiff sought leave from the Court to correct the exhibits.  *See* Pl.'s Mot. for Leave (ECF No. 61).  As part of that Motion for Leave, Plaintiff also asked the Court for leave to file a Third Amended Complaint.  *See id.*

On September 3, 2019, the Court entered an Order Granting in Part and Denying in Part Plaintiff's Motion for Leave.  (ECF No. 83).  Specifically, the Court denied Plaintiff's request for leave to file a third amended complaint but allowed Plaintiff to correct the exhibits in her Second Amended Complaint, making that the operative pleading.  *Id*.

On September 20, 2019, Plaintiff filed the corrected Second Amended Complaint.  (ECF No. 84).  Defendants then filed Motions to Dismiss the Second Amended Complaint, and the

briefing for those Motions became complete on October 16, 2019.  (*See* ECF Nos. 92, 93).  The pleadings have not closed and the parties have not joined issue because Defendants still have not filed Answers to the corrected Second Amended Complaint.

Before, during, and subsequent to the filing of the Motions to Dismiss, the parties engaged in substantial written discovery.  Specifically, Plaintiff served on Defendants twenty-five (25) interrogatories, seventy-two (72) requests for admission, and forty (40) requests for production. Within those written discovery requests, Plaintiff has sought voluminous amounts of information spanning nearly a decade, including detailed personal and employment information regarding over one hundred and sixty (160) Ocwen employees.  Plaintiff has also issued seven (7) non-party subpoenas, served a 30(b)(6) Notice of Deposition for Ocwen's corporate representative, and plans to seek a 30(b)(6) deposition of at least one entity subject to the non-party subpoenas.  Plaintiff also plans to serve a subpoena for testimony for at least one of Ocwen's prior counsel.  Plaintiff most recently indicated during a December 2, 2020 status conference with the Magistrate Judge they are planning to seek depositions of twelve to fifteen additional individuals, although it is unclear to whom they are referring.

Due to numerous discovery issues and disputes that arose between the Parties, including the proper scope, relevancy, and proportionality of Plaintiff's discovery, the Parties agreed (both between themselves and during a conference with the Magistrate Judge) that a stay of discovery would be appropriate while Defendants' Motions to Dismiss were pending.  On January 8, 2020, the Magistrate Judge entered a stay of discovery through July 7, 2020. (ECF No. 111).  Near the end of that stay, having not obtained a ruling on the Motions to Dismiss, the Parties filed a Joint Motion to Extend the Stay wherein "[t]he Parties agreed that the stay should remain in place while the Court considers Defendants' Motions to Dismiss. . . ." and asked the Court to extend the stay

by ninety (90) days.  (*See* ECF No. 116).  That Motion was granted in part, with discovery only being stayed until October 5, 2020.  (ECF No. 117).

The pre-trial deadlines and trial date have now been moved, with trial currently slated for the end of January 2022.  Despite more than a year until trial, Plaintiff is now ramping up its discovery efforts over the same issues that she twice agreed in the past would be better suited for resolution *after* the Court decides Defendants' Motions to Dismiss.  The Parties met with the Magistrate Judge for a status conference on December 2, 2020, and Defendants expressed their believe that there is a need for a further stay of discovery.  The Magistrate Judge suggested that Defendants seek such relief from the District Judge.  The instant Motion follows.

### III.     LEGAL STANDARD

District courts have "extremely broad discretion in controlling discovery." Jones v. City of Elkhart, Ind., 737 F.3d 1107, 1115 (7th Cir. 2013). The court may, "for good cause," limit the scope of discovery to "protect a party from — undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see also Red Barn Motors, Inc. v. Cox Enters.*, Case No. 1:14-cv-01589, 2016 U.S. Dist. LEXIS 57876, *5-6 (S.D. Ind. May 2, 2016).

As a general matter, a stay of discovery is warranted when a party raises a potentially dispositive issue, including standing or jurisdiction.  *See Red Barn Motors*, 2016 U.S. Dist. LEXIS 57876, *6-7.  To that end, a stay is warranted "where a motion to dismiss, if granted, would make discovery a wasted exercise."  *See Metro Fibernet v. Clear Home*, Case No. 1:19-cv-03070, 2020 U.S. Dist. LEXIS 109237, *7 (S.D. Ind. Apr. 21, 2020).  "If the case is susceptible to burdensome and costly discovery, the district court should limit discovery once a motion to dismiss for failure to state a claim has been filed."  *Nexstar Broad., Inc. v. Granite Broad. Corp.*, No. 1:11-cv-249, 2011 U.S. Dist. LEXIS 105056, 2011 WL 434532 (N.D. Ind. Sept. 15, 2011).

## IV.    ARGUMENT

A stay of discovery in this case is warranted because Defendants have raised substantial arguments that all of Plaintiff's claims are subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).  While Defendants will not rehash the arguments made in the Motions to Dismiss, those Motions lay out numerous reasons why each count fails to state a claim for which relief can be granted because it is outside the court's jurisdiction, fails as a matter of law, is time barred, and/or fails to plead sufficient facts.  Without a stay, Defendants will be subjected to burdensome and costly discovery that may ultimately have no relevance or utility in this litigation. Moreover, even assuming some of Plaintiff's claims survive the Motions to Dismiss, the Court cannot adequately assess any dispute regarding the relevancy and/or proportionality of the discovery sought by Plaintiff without knowing the final scope of Plaintiff's claims or relevant law of the case.  For these reasons, as explained further below, the District Court should grant this Motion and stay discovery until it has issued a decision on Defendants' Motions to Dismiss.

**A.    A Stay of Discovery is Appropriate because the Motions to Dismiss Raise Arguments that are Dispositive of All of Plaintiff's Claims.**

Defendants' Motions to Dismiss seek dismissal under Federal Rule of Civil Procedure 12(b)(6) of each and every claim filed against them.[1]  (*See* ECF Nos. 86, 88).  Although Plaintiff has already conducted substantial written discovery from Defendant, her counsel has expressed an intent to move forward with over a dozen depositions (despite being limited to 10 without leave of Court), additional third-party subpoenas, and discovery disputes seeking voluminous corporate information including personal and employment information of hundreds of Defendant Ocwen's

---

[1] Ocwen's Motion to Dismiss included seeking to dismiss Court XI – a claim under the Telephone Consumer Protection Act – which was subsequently voluntarily dismissed by Plaintiff. (*See* ECF No. 123).

employees.  There is no justifiable reason for Defendants to incur the cost or expend the time and effort to defend against these crusades where there are pending Motions to Dismiss that should completely dispose of Plaintiff's case.

Again, the intent of this Motion is not to simply regurgitate the arguments set forth in the Motions to Dismiss.  But, as cited above, the Court does consider the nature of the arguments raised in a pending Motion to Dismiss when deciding whether a stay of discovery is appropriate. Ocwen has raised arguments – among many – challenging the Court's jurisdiction over Counts I (Real Estate Settlement Procedures Act) and Count III (Fair Debt Collection Practices Act); the Court's jurisdiction over and Plaintiff's standing under Count V (Fair Credit Reporting Act); jurisdiction over Count VI (Bankruptcy Discharge Injunction), Count VII (Bankruptcy Court Orders), and Count VIII (Indiana Crime Victims Relief Act); and the Court's jurisdiction and Plaintiff's standing under Count X (Indiana Deceptive Consumer Sale Act).  *See* Ocwen's Mem. Supp. Mot. to Dismiss (ECF No. 87).  Similarly, BONY has raised arguments – among others – challenging the Court's jurisdiction over Count I (Breach of Contract) and challenging standing under Count IV (Truth in Lending Act).  *See* BONY's Mem. Supp. Mot. to Dismiss (ECF No. 89). This alone is enough to warrant a stay of discovery.  *See Red Barn Motors*, 2016 U.S. Dist. LEXIS 57876, *6-7.

Both Defendants have raised numerous additional arguments regarding the statute of limitations in several counts (e.g., claims under the FDCPA and Indiana Deceptive Consumer Sales Act) and Plaintiff's failure to plead sufficient facts (e.g., claims under RESPA, the FCRA, and for Breach of Contract).  All of which are additional reasons warranting a stay of discovery. *See Metro Fibernet*, U.S. Dist. LEXIS 109237, *7.

6

There are numerous independent reasons why each and every claim filed against Defendants should be dismissed on jurisdictional, statutory, and/or procedural grounds.  There is no justice or equity in making Defendants engage in and/or defend against what may ultimately prove to be irrelevant, overbroad and unduly burdensome discovery.  Both Plaintiff and the Magistrate Judge recognized in January of this year, and again in July 2020, that continuing discovery would be most efficient to all parties and the Court only *after* the District Court rendered its decision on the Motions to Dismiss.  The considerations that led Plaintiff and the Magistrate Judge to that conclusion twice earlier this year have not changed now.  Indeed, the need to stay discovery has only grown as the parties have reached the stage where they would each incur significant costs deposing witnesses, preparing expert reports, and litigating discrete discovery disputes involving not only the parties but non-parties as well.  With the considerable time left until trial, the most reasonable resolution at this stage is to wait for the District Court to render its decision so the parties can move forward with a clear understanding of the scope of the claims in the case.

Accordingly, because Defendants have raised numerous arguments that are dispositive of each and every one of Plaintiff's remaining claims in this case, the Court should grant this Motion and stay discovery until it issues a ruling on Defendants' Motions to Dismiss.

**B.**     **The Court Should Stay Discovery because the Court cannot Adequately Assess or Rule on Discovery Disputes without knowing the Scope of Plaintiff's Claims.**

Beyond the fact that Defendants' have raised arguments which are dispositive of the remaining claims in this case, a stay is warranted because the Court cannot adequately address the inevitable discovery disputes between the parties without knowing the scope of Plaintiff's claims.

Any Motion for Protective Order or Motion to Compel will be decided, at least in part, by considering the factors set forth in Federal Rule of Civil Procedure 26, including the relevancy and

7

proportionality of the discovery sought.  It is impossible for the Court to adequately address such issues if the scope of Plaintiff's claims is subject to change based on the resolution of the pending Motions to Dismiss.  The court has the discretion to limit the scope of discovery to "protect a party from — undue burden or expense." Fed. R. Civ. P. 26(c)(1).  The Court cannot soundly exercise that discretion if it does not know what would truly be undue or burdensome.

For example, a portion of Ocwen's Motion to Dismiss deals with the statutory cap on damages for "pattern and practice" violations of RESPA.  *See* Mem. Supp. Mot. to Dismiss, 10-11 (ECF No. 87).  If the Court finds that, as a matter of law, Plaintiff's potential recovery for a pattern and practice violation of RESPA is capped at $2,000 (as is clearly the case under Seventh Circuit law), that would greatly impact what amount and type of discovery was proportional in this case.  Similarly, if the Court finds that Plaintiff has failed to state a claim for a willful violation of the FCRA, that would greatly impact what type of discovery was relevant and proportional to Plaintiff's remaining claims.

While the Court could conceivably presuppose the outcome of the Motions to Dismiss when ruling on a discovery dispute, it would only stand to benefit the parties and the Court to wait for clarity and finality on the scope of Plaintiff's claims that will be allowed to proceed in this case before addressing these discovery issues.  This risk is not speculative.  Indeed, before the first stay of discovery was entered, the Magistrate Judge had instructed Defendants to prepare a Motion for Protective Order regarding a third-party subpoena issued by Plaintiffs.  That Motion was not filed due to the stay, but the issue is surely to reemerge.  Without a ruling on the Motions to Dismiss, the Court and Defendants are at a distinct disadvantage because there can be no adequate consideration of the relevancy and proportionality of such discovery.

Accordingly, because the Court will not be able to adequately assess discovery disputes without knowing the scope of Plaintiff's claims, the Court should stay discovery pending a ruling on Defendants' fully briefed Motions to Dismiss.

## V.      CONCLUSION

Based on the foregoing reasons, Defendants Ocwen Loan Servicing, LLC, and Bank of New York of Mellon, respectfully request the Court grant its Motion, stay discovery in this matter until the Court issues a decision on Defendants' pending Motions to Dismiss, and grant such further relief the Court deems necessary and just.

Dated: December 4, 2020                                  Respectfully submitted,

By: */s/ Ethan G. Ostroff*

Ethan G. Ostroff
John C. Lynch
Carter R. Nichols
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23454
Telephone: (757) 687-7500
E-mail: ethan.ostroff@troutman.com
E-mail: john.lynch@troutman.com
E-mail: carter.nichols@troutman.com

*Counsel for Defendants Ocwen Loan Servicing,*
*LLC and The Bank of New York Mellon f/k/a The*
*Bank of New York as successor in interest to*
*JPMorgan Chase Bank, N.A., as Trustee for C-*
*BASS Mortgage Loan Asset-Backed Certificates,*
*Series, 2005-RPI*