# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### Indianapolis Division

| | |
|---|---|
| **DEMONA FREEMAN**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.     1:18-cv-3844-TWP-DLP |
| | ) |
| **OCWEN LOAN SERVICING, LLC**, and | ) |
| **THE BANK OF NEW YORK MELLON** f/k/a | ) |
| The Bank of New York, as successor in interest to | ) |
| JPMorgan Chase Bank, N.A., as Trustee for | ) |
| C-BASS Mortgage Loan Asset-Backed Certificates | ) |
| Series, 2005-RPI, | ) |
| | ) |
| Defendants. | ) |

## REPLY IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO RECONSIDER

Plaintiff, Demona Freeman ("Freeman"), by counsel, for her reply in further support of her Motion to Reconsider the Court's Order on Defendants' Motions to Dismiss, states:

## INTRODUCTION

Freeman asks the Court to reconsider and modify its dismissal with prejudice of Count V: Violation of the Fair Credit Reporting Act, Section 1681s-2(b), in part because the Automated Consumer Dispute Verifications ("ACDVs") attached to her Second Amended Complaint provide all conceivable factual detail necessary to place Ocwen on "fair notice" of the claim.[1] Moreover, the facts contained within the ACDVs, in combination with Ocwen's prior admissions to the effect of the ACDVs speaking for themselves, are now admitted facts.

---

[1] This includes identification of the dispute itself, the date the dispute was made, the CRA to whom the dispute was made, the date the CRA forwarded the dispute to Ocwen, the information contained within Plaintiff's credit file at the time, Ocwen's response to that dispute and the date that response was return to the CRA.

Freeman also asks the Court to reconsider and modify its dismissal with prejudice of Count VI (violation of the Discharge Injunction and Federal Rule of Bankruptcy Procedure 3002.1) of the Second Amended Complaint (her "Bankruptcy Claims"). The Court's dismissal of those claims "with prejudice" was improper and allow Ocwen to argue (contrary to its prior position) that Freeman has no remedy in the Bankruptcy Court or here. That cannot be the Court's intended result and is indeed contrary to the Court's own reasoning.

<u>**ARGUMENT**</u>

**A. The Court Should Reconsider Its Dismissal With Prejudice of Count V: Violation of the Fair Credit Reporting Act, Section 1681s-2(b**).

1. <u>The ACDVs cannot be ignored.</u>

The ACDVs are part of the pleadings and, by way of example, constitute admissions by Ocwen of the following:

| ACDV Response: | | | |
|---|---|---|---|
| Account Number: | ▮▮▮▮▮ | SSN: | ▮▮▮▮▮ |
| Consumer Name: | DEMONA FREEMAN | Control Number: | 4057258126001 |
| Date Received: | 2017-03-21 21:25:06 | Originator: | Experian |
| Response Code: | 01:Account information accurate as of date reported | Subscriber Code: | 6107630 |
| Response Date: | 04/11/2017 | DF Contact Number: | |
| Response Due Date: | 04/13/2017 | DF Authorized Name: | venkata yallappa |
| Queue Name: | default1001540 | | |
| Dispute Information: | | | |
| Dispute Code 1: | 101:Not liable for account (e.g., ex-spouse, business). If liable, provide or confirm complete ID. | | |
| Dispute Code 2: | | | |
| FCRA Relevant Information: | COURT ADJUDICATED DISPUTED OWNERSHIP‖‖‖‖‖‖‖‖‖‖‖‖ | | |

This ACDV section establishes that Freeman submitted a credit reporting dispute to Experian which it received on March 21, 2017. The dispute challenged the account balance and delinquency being reported by ocwen. Experian directed the dispute to Ocwen and described it as: 101: Not liable for account (e.g., ex-spouse, business). If liable, provide or confirm comply

ID" and "COURT ADJUDICATED DISPUTED OWNERSHIP". Ocwen responded to this particular dispute on April 11, 2017. Ocwen's response to the dispute was: "01: Account Information accurate as of date reported." The Ocwen representative who responded to this ACDV was Venkata Yallappa and that person responded to this ACDV on April 11, 2017 by affirming that he/she "…verified the accuracy of the data…."

| Zip: | | Date: | 04/11/2017 |
|---|---|---|---|
| Submitted by: | venkata yallappa | | |
| By submitting this ACDV, you certify that you have reviewed and considered all associated images, you have verified the accuracy of the data in compliance with all legal requirements, and your computer and/or manual records will be adjusted to reflect any changes noted. | | | |

The same or similar admitted facts can be extracted from *each and everyone one* of the ACDVs attached to the Second Amended Complaint as well as those provided by Trans Union. , LLC.

Nonetheless, Ocwen argues the Court should not consider the ACDVs because they were not specifically referenced in the Second Amended Complaint and, with respect to the ACDVs produced by Trans Union, LLC., because they do not constitute newly discovered evidence. With respect to the former, the ACDVs are attached as exhibits put Ocwen on "fair notice." As for the latter, any "delay" was a product of the stay of proceedings, not any inaction by Freeman.

2. <u>Justice Requires Reconsideration, or Leave to Amend</u>

As stated above, Ocwen asks the Court to ignore irrefutable evidence of Freeman having made numerous credit reporting disputes to credit reporting agencies, its receipt of numerous disputes in the form of the aforementioned ACDVs, its failure to make any changes in response to those ACDVs, and uphold the dismissal of Count V with prejudice. Noticeably, Ocwen makes no affirmative representation it did not receive the ACDVs, that the ACDVs do not conclusively establish its specific and full notice of the disputes, or that Freeman could not easily cure any

alleged pleading deficiency. Instead, Ocwen continues to try and mire down these proceedings by way of unnecessary hypertechnical legal arguments. But in the end, justice requires the Court reconsider its dismissal with prejudice and grant her leave to cure the alleged technical pleading defect. Fed. R. Civ. P. 15(a)(2); *see also Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir.2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir.2007)); *Independent Trust Corp. v. Stewart Information Services Corp.*, 665 F.3d 93081 (7th Cir. 2020) (The uncertainty in pleading standards resulting from the Supreme Court's decisions in *Iqbal* and *Twombly* provide a powerful reason to give parties a reasonable opportunity to cure defects identified by a district court.)

3. *Lang* should be followed.

The Court dismissed Count V: Violation Fair Credit Reporting Act, Section 1681s-2(b) with prejudice upon the basis that Freeman failed to adequately plead the triggering event. Freeman responded making specific reference to averments in the Second Amended Complaint containing what the Court concluded did not exist ("Ocwen willfully and/or negligently violated 15 U.S.C.A. § 1681s-2(b) by failing to conduct a reasonable investigation upon receiving notice of Freeman's disputes from one or more consumer reporting agencies[] … ." (Pl.'s Second Amend. Compl. ¶ 279)) and citing to *Lang* in support of the argument the Court had taken pleading requisites set forth in *Twombley* and *Iqbal* too far. Ocwen counters that *Lang* is non precedential and instead asks the Court to follow the analysis and holdings in *Bowers v. Equifax Info. Servs.*, Case No. 1:19-cv-02584, 2020 U.S. Dist. LEXIS 205157 (S.D. Ind. Nov. 3, 2020).

While it is true *Lang* is not binding precedent, the insight it provides is invaluable. Contrary to Ocwen's assertions, *Lang* was entered after *Twombley*, its analysis and holding is unaffected by *Iqbal*, and should not be disregarded in favor of a self-serving smattering of easily

distinguishable cases from other district courts. After all, the very purpose of *Iqbal* and *Twombly* was to ensure the provision of "fair notice" not abolish notice pleading in favor of a hypertechnical pleading standard. Moreover, the 7th Circuit has interpreted the *Iqbal* and *Twombley* standard as providing a plaintiff with leeway *where the facts relating to the defendant's conduct are completely within the control of the defendant* in other matters. *See Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939 (7th Cir. 2014)(emphasis added).

As for *Bowers*, an Order on Motion for Default Judgment not Motion to Dismiss, the opinion was entirely grounded upon the holding in *Neiman v. Chase Bank, USA, N.A.*, 2014 WL 3705345 (N.D. Ill. July 25, 2014) which in turn relied heavily on the analysis of *Jones v. U.S. Bank Nat'l Assoc*, 2011 WL 663087 (N.D. Ill. Feb. 14, 2011) and *Densmore v. Gen. Motors Acceptance Corp.,* 2003 WL 22220177 (N.D. Ill. Sept. 25, 2003).[2] As detailed below, these cases are simply too procedurally and factually distinct to provide any meaningful insight. This is perhaps best demonstrated by careful analysis of the quote Ocwen relies on from the *Bowers* opinion: "In this case, like in *Bowers*, and unlike *Lang*, Plaintiff's Second Amended Complaint "offers no insight, assuming *arguendo* that [Ocwen] did receive notice of the dispute, as to whether and to what extent it conducted an investigation of th[e] dispute as is required for the Court to determine the "reasonableness" of [Ocwen's] efforts under the FCRA."" As plainly demonstrated, because the question before the Court was the appropriateness of entering judgment upon a default, the *Bowers* opinion entertains a question of fact, the reasonableness of an investigation, that cannot be appropriately considered here. "Whether a defendant's investigation is reasonable is a factual question normally reserved for trial." *Westra v. Credit Control Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005); *see also Typpi v. PNC Bank*, Case 13 CV

---

[2] In *Jones*, the plaintiff conceded this point by failing to respond to the argument. Therefore, the opinion is not addressed in detail.

3930, 2014 WL 296035, 2014 U.S. Dist. LEXIS 9746, at *3 (N.D. Ill. Jan. 27, 2014). Second, Ocwen completely sidesteps that unlike the furnisher in *Bowers*, it cannot deny that it received notice of Freeman's disputes and did not make any changes to the disputed reporting thereafter.

In *Neiman*, *a case involving a pro-se litigant*, the defendant argued the plaintiff failed to state a claim for which relief can be granted under 15 USC 1681s-2(b) insofar as the operative complaint did allege any credit reporting agency notified it about any challenge. In granting the defendants motion to dismiss, the court in *Neiman* found *Lang* to be distinguishable in concluding: 1) the operative complaint failed to alleged sufficient facts to state the defendant's statutory duties under 1681 had been triggered; and, 2.) that plaintiffs could easily ascertain without discovery whether Chase received requisite notice from credit reporting agencies citing *Densmore*, 2003 WL 22220177.

The case of *Neiman* is readily distinguishable from the matter at hand. Unlike the Second Amended Complaint, the complaint in *Neiman* is wholly absent of any supporting facts, exhibits, or mention of the furnisher's receipt of a dispute from credit reporting agency. Instead, the *pro se* plaintiff relied entirely upon the assertion that "they demanded credit reporting agencies delete all allegedly incorrect information Chase provided." Taken as a whole, the Third Amended Complaint provides adequate notice to Ocwen and plausibly pleads a claim for relief. To conclude otherwise would signal the death of notice pleading and exceed the standard set detailed in *Iqbal* by in effect requiring Freeman to adhere to a Rule 9 standard. Further, *Neiman's* holding with respect to whether a plaintiff can easily ascertain without discovery whether a defendant received requisite notice, an opinion based upon the faulty and procedurally improper finding of fact reached in *Densmore*, is simply the product of an inquiry violative of the issue before it.

With respect to *Densmore*, it predates *Lang* and is clearly based on a very limited understanding of the FCRA and the credit dispute process. For example, much of the opinion is committed to answering the question of whether the FCRA permits a private right of action against furnishers. Further, its determination that the plaintiff had failed to adequately plead the triggering event, was reached based on a faulty and procedurally inappropriate factual determination that evidence of the triggering event is readily accessible without discovery and thus any reasonable presuit inquiry would end with access to this information. Specifically, *Densmore* concluded that because the FCRA states that a consumer is entitled to receive "a description of the procedure used to determine the accuracy and completeness of the information" (an entitlement without a corresponding right of private action) the information is easily accessible.

**B.    The Court Should Reconsider Its Dismissal With Prejudice of Count VI: Violation of the Discharge Injunction.**

Freeman acknowledges that the Court dismissed her Bankruptcy Claims because of its belief that there is no "private right of action" for Ocwen's violations of the Bankruptcy Orders at issue.   But she now seeks to modify that order to remove any doubt that she does have a remedy somewhere for those claims, either here or in the Bankruptcy Court. After the Court entered its ruling on the Motion to Dismiss, Freeman sought to confirm the position that Ocwen had originally taken in its brief on the Motion to Dismiss – that is, that Ocwen was not contesting Freeman's right to seek relief in the Bankruptcy Court *via* a finding of contempt. *See* Def.'s Reply in Supp. of its Mot. to Dismiss, Dkt. 92 at 4 ("If Plaintiff seeks to enforce a court order issued by a Bankruptcy Court and seeks sanctions for contempt of that order, ***the only remedy available is in the Bankruptcy Court – this Court*** cannot provide the relief she seeks.") (emphasis added); *see also id.* at 5 ("Ocwen does not contend that [Freeman] has no remedy for

alleged violations of the Discharge Injunction or that the Bankruptcy Court does not have the power to enforce its orders or provisions of the Bankruptcy Code – it clearly does. Indeed, all of the case law Ocwen cited explicitly acknowledges that the recipient of a bankruptcy discharge may seek to enforce violations of the discharge through proceedings in the Bankruptcy Court. ***Plaintiff has a remedy available for her claim related to the alleged violation of the discharge injunction***, but that remedy is <u>not</u> available in <u>this</u> Court – her available remedy lies in the Bankruptcy Court that issued the discharge injunction.") (internal citations omitted) (emphasis added and in original).

After this Court's MTD Order was entered, Ocwen for the first time took the position in its response (Dkt. 154) (Ocwen's "Response") that this Court's ruling defeated ***any*** right Freeman may have to bring an action for contempt in the Bankruptcy Court. This contradicts Ocwen's prior position and is contrary to the rationale of the Court's ruling. This Court stated i n its MTD Order "[h]er ***available remedy lies in the Bankruptcy Court*** that issued the Discharge Injunction[,]" and "[s]he cannot seek an enforcement order and contempt sanctions for the Bankruptcy Court's orders in this District Court; ***her request is properly pursued in the Bankruptcy Court***." MTD Order, Dkt 133 at 31-32 (emphasis added). *See, e.g.*, Dkt. 92 at 4 ("If Plaintiff seeks to enforce a court order issued by a Bankruptcy Court and seeks sanctions for contempt of that order, ***the only remedy available is in the Bankruptcy Court – this Court*** cannot provide the relief she seeks.") (emphasis added); *see also id.* ("Again, ***Ocwen does not dispute there is a remedy for violations of the Discharge Injunction***, but that remedy is not a private right of action in this case pending in the District Court.") (emphasis added).

Because (1) Freeman believed that this Court made an unjustly manifest error of law in ruling that the District Court does not have proper jurisdiction to hear Counts VI and VII and

accordingly that Freeman's remedy for those claims lies exclusively in the Bankruptcy Court, and ultimately in dismissing Counts VI and VII with prejudice on that jurisdictional ground, and (2) in anticipation of the res judicata argument put forward by Ocwen as a result of the MTD Order language dismissing Counts VI and VII with prejudice, Freeman sought this Court's reconsideration or clarification of its ruling regarding Counts VI and VII in its MTD Order. For the reasons discussed at length in Freeman's Motion to Reconsider as well as the following, Freeman respectfully reaffirms her request that this Court either modify its holding or the language of the MTD Order to dismiss Counts VI and VII *without prejudice* or, in the alternative, transfer or refer Counts VI and VII to the Bankruptcy Court so that Freeman may properly pursue those claims in the Bankruptcy Court free any res judicata argument by Ocwen.

1. This Court has the authority to hear all of Freeman's claims; there is no jurisdictional defect preventing their adjudication in one setting.

Freeman maintains that this Court has authority to resolve the Bankruptcy Claims and reasserts her arguments made in her Motion to Reconsider. Freeman acknowledges there is no explicit "private right of action" for contempt of the discharge injunction, at least not as myopically framed by Ocwen in its MTD briefing. However, Freeman maintains that this Court nevertheless can and should maintain jurisdiction and control over the Bankruptcy Claims, as other Courts in this Circuit have done. *See generally* Dkt. 140 at 6-14. In that regard, Ocwen's contention that "Plaintiff has cited no case – nor could she – where a district court exercised jurisdiction over a claim for an alleged violation of a discharge injunction[,]" Dkt. 154 at 15, is patently false. For example, in *Saccameno v. Ocwen Loan Servicing, LLC,* 372 F. Supp. 3d 609 (N.D. Ill., 2019), cited previously by Freeman and litigated by Freeman's counsel, Mr. Wooten, Judge Joan Gottschall maintained jurisdiction and control over Saccameno's claim for contempt of the bankruptcy discharge injunction through its termination by settlement after the jury trial on

the non-bankruptcy claims. In *Saccameno*, the contempt petition was litigated in the ordinary course and only on the eve of trial was the claim for contempt of the discharge injunction severed for hearing after the conclusion of the jury trial on the other counts of the complaint. Therefore, it is factually inaccurate for Ocwen to assert this has never been done. Moreover, in this District, Judge Sweeney has also maintained jurisdiction and control over a claim for contempt of the discharge injunction. *See Crum v. SN Servicing*, No. 1:19-cv-02045-JRS-TAB, Order on Mot. to Reconsider, Dkt. 123.[3]

2. Freeman asserts that there is a basis for this Court to both modify the language of the MTD Order to dismiss Counts VI and VII without prejudice and to transfer or refer Counts VI and VII to the Bankruptcy Court.

If this Court declines to retain jurisdiction and control over the Bankruptcy Claims, then the Court should modify its holding to provide that dismissal was ***without prejudice*** or, in the alternative, transfer or refer Counts VI and VII to the Bankruptcy Court so that Freeman may properly pursue those claims in the Bankruptcy Court.

Ocwen has acknowledged that Freeman's remedy for her claims under Counts VI and VII is properly sought in the Bankruptcy Court that issued those orders. *See* Dkt. 87 at 17-18; *see also* Dkt. 92 at 3-6 ("Again, Ocwen does not dispute there is a remedy for violations of the Discharge Injunction, but that remedy is not a private right of action in this case pending in the District Court."). Bafflingly, however, Ocwen now argues in its Response that neither this Court ***nor*** the Bankruptcy Court has jurisdiction over Freeman's claims under Counts VI and VII. *See* Dkt. 154 at p. 13 ("No court – ***District or Bankruptcy*** – can exercise jurisdiction over a cause of action for which an individual has no private right of action to bring.") (emphasis added); *see*

---

[3] Initially, Judge Sweeney dismissed the claim on factual grounds. However, he recently reinstated the claim for contempt of the discharge injunction after realizing that SN had made a significant factual misstatement regarding key underlying facts determinative of that claim. *See Crum v. SN Servicing*, No. 1:19-cv-02045-JRS-TAB, Dkt. 123. Undersigned counsel represents Crum in that case as well.

*also id.* at 16 ("No court has jurisdiction over a claim for which there is no private right of action."). Yet, in its Response Ocwen argues in the very same breath that this Court – which Ocwen proposes lacks jurisdiction over Counts VI and VII – properly dismissed those Counts **with prejudice** "as a matter of law." Dkt. 154 at 16.

As any first-year law student knows, a dismissal "with prejudice" constitutes an adjudication upon the merits. *See Semtek Intern, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505, 121 S. Ct. 1021, 149 L. Ed. 2d 32 (2001) ("'With prejudice' is an acceptable form of shorthand for 'an adjudication upon the merits.'")  (internal citation omitted); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) ("The phrase 'final judgement on the merits' is often used interchangeable with 'dismissal with prejudice.'") (internal citations omitted). Further, "a dismissal with prejudice is a final judgment on the merits which will bar a second suit between the same parties for the same cause of action." *Phillips v. Shannon*, 445 F.2d 460, 462 (7th Cir. 1971) ("Additionally, a dismissal for failure to state a cause of action is a final judgment on the merits sufficient to raise the defense of res judicata in a subsequent action between the parties.") (internal citations and quotations omitted). However, when a court lacks subject matter jurisdiction over a claim, it has no power to render a judgment on the merits. *Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984). Accordingly, a lack of subject matter jurisdiction justifies only a dismissal, not a dismissal "with prejudice." *See In re IFC Credit Corp.*, 663 F.3d 315, 320 (7th Cir. 2011) (citing Fed. R. Civ. P. 41(b)) ("[D]ismissal for want of jurisdiction, not being an adjudication on the merits, is without prejudice."); *see also Textile Prods. v. Mead Corp.*, 134 F.3d 1481, 1486 (Fed. Cir. 1998); *Fishburn v. Brown*, 125 F.3d 979, 981 (6th Cir. 1997) ("[A]bsent subject matter jurisdiction the court has no authority to rule on the merits of [a] claim[].")*; Crotwell*, 734 F.2d at 769 ("The district court properly concluded that it

11

lacked subject matter jurisdiction. For some inexplicable reason, the defendants' motion to dismiss was granted 'with prejudice.' This was error. Since the court lacked subject matter jurisdiction over the action, it had no power to render a judgment on the merits.").

Accordingly, either this Court does not have jurisdiction over Counts VI and VII, as Ocwen argues multiple times in its Response,[4] and therefore cannot enter a dismissal regarding those Counts "with prejudice", or this Court does have jurisdiction over Counts VI and VII, as Freeman respectfully suggested in her Motion to Reconsider and maintains herein. Ocwen cannot have it both ways. *See In re IFC Credit Corp.*, 663 F.3d at 320; *Crotwell*, 734 F.2d at 769 (11th Cir. 1984); *Fishburn*, 125 F.3d at 981.

It is apparent that Ocwen is engaged in gamesmanship and proffers contradictory arguments in an ill conceived effort to later raise a res judicata defense to the Bankruptcy Claims either here or in the Bankruptcy Court. If those claims are transferred to the Bankruptcy Court, Ocwen will surely argue that this Court's dismissal of those claims ***with prejudice*** bars the Bankruptcy Court from hearing those claims. Yet, Ocwen has repeatedly argued that the Bankruptcy Court is the proper forum. ("Her ***available remedy lies in the Bankruptcy Court*** that issued the Discharge Injunction."); *Id.* ("She cannot seek an enforcement order and contempt sanctions for the Bankruptcy Court's orders in this District Court; ***her request is properly pursued in the Bankruptcy Court***.") (emphasis added). Indeed, Ocwen has already asserted an affirmative defense of res judicata regarding these very claims asserted in Freeman's Adversary Proceeding Complaint. *See Freeman v. PHH Mortgage et al.*, Case No. 21-50006 (S.D. Ind. Bankr.), Def.'s Answer, Dkt. 8 at para. 10 of Affirmative Defenses ("Plaintiff's claims fail to the

---

[4] *See, e.g.*, Dkt. 154 at 13 ("No court – ***District or Bankruptcy*** – can exercise jurisdiction over a cause of action for which an individual has no private right of action to bring.") (emphasis added); *Id.* at 16 ("No court has jurisdiction over a claim for which there is no private right of action.").

extent she is barred by the doctrines of estoppel (judicial, equitable, collateral or otherwise) and/or res judicata."). Thus, the relief sought by Freeman – that this Court either transfer or refer Counts VI and VII to the Bankruptcy Court or, in the alternative, modify its holding or the language of the MTD Order to dismiss Counts VI and VII without prejudice – is not moot. Because jurisdiction lies in the Bankruptcy Court as a division of this Court, dismissal here must be without prejudice and Freeman asks that the Court's order be modified accordingly.

The Court could also resolve the procedural dispute by simply modifying its order to transfer the Bankruptcy Claims to the Bankruptcy Court. *See, e.g.,* S.D. Ind. L.R. 83-8 (referring cases to the Bankruptcy Court). Freeman contends the Court should refer or transfer the Bankruptcy Claims and modify its dismissal of those claims to one that is without prejudice so that she may obtain a hearing of those claims in that court. To leave the order extant allows Ocwen to argue that Freeman has *no* available relief for her claims under Counts VI and VII – either in this Court *or* the Bankruptcy Court.

Even the cases cited by Ocwen to support its argument that there is no "private right of action" for violation of a discharge injunction or other bankruptcy court orders did conclude that a plaintiff such as Freeman should have *no* remedy for said violations, even in the bankruptcy courts. *See, e.g.*, *Cox v. Zale*, 239 F.3d 910, 917 (7th Cir. 2001) (ultimately holding that after debt has been paid in full and a discharge injunction entered, affirmative relief can be sought in the bankruptcy court that issued the discharge. The court explained that in such cases, "the proper procedure would indeed be to reopen the bankruptcy proceeding, since the debtor would be seeking to enforce the order of discharge issued in that proceeding. *A court retains jurisdiction to enforce its injunctions.*"). Ocwen cited *Cox* to support the proposition that Freeman could properly pursue her remedy in the Bankruptcy Court, but not the District Court.

*See* Dkt. 92 at 5 ("Ocwen does not contend that [Freeman] has no remedy for alleged violations of the Discharge Injunction or that the Bankruptcy Court does not have the power to enforce its orders or provisions of the Bankruptcy Code – it clearly does. *See* 11 U.S.C. § 105(a)). Indeed, all of the case law Ocwen cited acknowledges that the recipient of a bankruptcy discharge may seek to enforce violations of the discharge through proceedings in the Bankruptcy Court. *See. e.g., Cox*, 239 F.3d at 917. Plaintiff has a remedy available for her claim related to the alleged violation of the discharge injunction, but that remedy is <u>not</u> available in <u>this</u> Court – her available remedy lies in the Bankruptcy Court that issued the discharge injunction.") (emphasis in original). Fundamentally, no one is challenging the proposition that Freeman has a remedy and that remedy either is here or in the Bankruptcy Court. In either case, the Court's order must be modified to allow the Court to either maintain jurisdiction and transfer those claims or to dismiss those claims ***without prejudice*** so that Freeman's adversary case may proceed without any res judicata challenge.

## CONCLUSION

For these reasons, as well as the reasons set forth in Plaintiff's Motion to Reconsider, Freeman respectfully requests the Court grant the same.

*Respectfully submitted,*

<u>/s/ *Travis W. Cohron*</u>
Travis W. Cohron, No. 29562-30
Oliva A. Hess, No. 36166-49
CLARK, QUINN, MOSES, SCOTT & GRAHN, LLP
320 N. Meridian Street, Suite 1100
Indianapolis, IN 46204
Telephone: (317) 637-1321
tcohron@clarkquinnlaw.com
ohess@clarkquinnlaw.com

/s/ *Nicholas H. Wooten*
Nicholas H. Wooten, No. ASB-1870-o77n
NICK WOOTEN, LLC
5125 Burnt Pine Drive
Conway, AR 72034
Telephone: (833)-937-6389
nick@nickwooten.com

**Counsel for the Plaintiff**