## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| DEMONA FREEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:18-cv-03844-TWP-DLP |
| | ) |
| OCWEN LOAN SERVICING, LLC, and | ) |
| BANK OF NEW YORK MELLON, f/k/a THE | ) |
| BANK OF NEW YORK as successor in interest to | ) |
| JPMorgan Chase Bank, N.A., as Trustee for C- | ) |
| BASS Mortgage Loan Asset-Backed Certificates, | ) |
| Series 2005-RPI, also known as BANK OF NEW | ) |
| YORK, | ) |
| | ) |
| Defendants. | ) |

### ORDER ON PLAINTIFF'S MOTION TO RECONSIDER

This matter is before the Court on a Motion to Reconsider (Filing No. 140) filed by Plaintiff Demona Freeman ("Freeman"). Freeman initiated this action against Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Bank of New York Mellon ("BONY") (collectively, "Defendants") for their alleged violation of numerous federal statutes—the Real Estate Settlement Procedures Act, Truth in Lending Act, Fair Debt Collection Practices Act, Telephone Consumer Protection Act, and Fair Credit Reporting Act—as well as for breach of contract and other state law claims. After Freeman twice amended her Complaint, the Defendants filed motions to dismiss, asking the Court to dismiss each of the claims asserted in Freeman's Second Amended Complaint. The Court granted in part and denied in part the motions to dismiss (Filing No. 133). Freeman promptly filed her Motion to Reconsider, asking the Court to modify its Order regarding Counts V, VI, and VII. For the following reasons, the Motion is **granted in part and denied in part**.

## I.    LEGAL STANDARD

This Motion is properly classified as a motion to reconsider under Federal Rule of Civil Procedure 54(b) because no final judgment has been entered in this case. *See* Fed. R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").

The Court applies a similar standard as applied to motions to alter or amend a judgment under Rule 59(e). Motions to reconsider filed pursuant to Rule 54(b) or Rule 59(e) are for the purpose of correcting manifest errors of law or fact or to present newly discovered evidence not available at the time of briefing, and a motion to reconsider an order under Rule 54(b) is judged by largely the same standard as a motion to alter or amend a judgment under Rule 59(e). *Katz-Crank v. Haskett*, 2014 U.S. Dist. LEXIS 95144, at \*6 (S.D. Ind. July 14, 2014); *Woods v. Resnick*, 725 F. Supp. 2d 809, 827–28 (W.D. Wis. 2010).

Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009). The motion is to be used "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). A motion to reconsider under Rule 54(b) also may be appropriate where there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* (citation omitted).

The purpose of a motion for reconsideration is to ask the Court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989).  The motion "will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted).  A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted).

Furthermore,

> Motion practice is not an exercise in trial and error or maybe-maybe not where a party can reserve arguments to present later if earlier ones fail. The Court is entitled to assume that, if [a party] had viable arguments to support its claim, it would have presented them. The Court will not conduct [a party's] research and build [the party's] analysis in order to find facts and law to support [the party's] own claims.

*Brownstone Publ'g, LLC v. At&T, Inc.*, 2009 U.S. Dist. LEXIS 25485, at *7 (S.D. Ind. Mar. 24, 2009). A motion to reconsider "is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Id.*

## II.   DISCUSSION

In its Order on Defendants' Motions to Dismiss, the Court dismissed—among other claims—Freeman's claims brought against Ocwen for violation of the Fair Credit Reporting Act ("FCRA") (Count V), violation of the Discharge Injunction and Federal Rule of Bankruptcy Procedure 3002.1 (Count VI), and violation of Bankruptcy Orders (Count VII) (Filing No. 133 at 29–32).

When opposing the motions to dismiss, Freeman directed the Court to paragraphs 222, 49, 223, 279, and 41–55 of her Second Amended Complaint to argue that she had sufficiently pled her FCRA claim. However, the Court concluded,

> The allegations upon which Freeman relies consist of legal assertions, legal conclusions, legal and general factual background information, and threadbare recitations of the elements of the claim. The allegations are devoid of nonconclusory factual assertions to support the legal elements of a dispute being made to a credit reporting agency, and the credit reporting agency in turn notifying Ocwen of the dispute. Such is required for an FCRA claim under § 1681s-2(b). Therefore, the Court **dismisses** Freeman's FCRA claim in the Second Amended Complaint.

(Filing No. 133 at 30 (emphasis in original).)

In her Motion to Reconsider, Freeman argues that the Court erred in concluding she did not adequately plead her FCRA claim. Freeman restates her argument from her opposition to the motions to dismiss, pointing to some of the same paragraphs from her Second Amended Complaint. She then asserts that she "attached copies of several Automated Consumer Dispute Verifications ('ACDV's') provided by Ocwen to the Second Amended Complaint in further satisfaction of her pleading obligations. *See* Pl.'s Second Amend. Compl., Ex. I at pp. 82-101; *see also* Pl.'s Second Amend. Compl. ¶ 172." (Filing No. 140 at 3.) These ACDVs attached to her Second Amended Complaint show that she disputed credit reporting to the CRAs, and the CRAs directed those disputes to Ocwen, thereby satisfying her pleading obligation for the FCRA claim.

Freeman then argues that in the Seventh Circuit, heightened pleading standards are not required in FCRA cases, pointing to *Lang v. TCF Nat'l Bank*, 249 Fed. Appx. 464 (7th Cir. 2007). She argues that the Court's ruling, in effect, requires a heightened pleading standard. She further asserts that newly discovered evidence (which she received on December 14, 2019 from nonparty TransUnion, LLC), additionally supports the FCRA claim. In particular, TransUnion provided copies of ACDVs it had directed to Ocwen, including Ocwen's responses to those ACDVs.

4

TransUnion also produced an incomplete set of carbon copies of ACDVs provided to it from other CRAs, which shows Ocwen's receipt from the CRAs of Freeman's disputes.

Ocwen responds that a motion for reconsideration "cannot be used to advance arguments or theories that could and should have been made before the district court rendered a judgment." *Dixon v. Nat'l Hot Rod Ass'n*, 2020 U.S. Dist. LEXIS 116409, at *2 (S.D. Ind. July 2, 2020) (internal citation and quotations marks omitted). Ocwen argues that the Court has not misapprehended the allegations or Freeman's arguments, and it correctly considered the allegations in the Second Amended Complaint and determined that the allegations were insufficient to support an FCRA claim. Ocwen points out that Freeman had three opportunities to sufficiently plead her FCRA claim, but she failed each time to do so.

As to the ACDVs attached to Freeman's Second Amended Complaint, Ocwen argues that Freeman's after-the-fact reliance on these documents demonstrates her failure to adequately plead and defend the viability of her claim; the documents do not show a misapprehension by the Court. Ocwen contends that Freeman's argument misses the point that her allegations were an insufficient threadbare recital of the elements of the claim, and the ACDVs attached to the Second Amended Complaint were never cited or referenced in any portion of the Second Amended Complaint related to the FCRA claim. The only paragraph in the Second Amended Complaint (paragraph 172) that references the correspondence from Ocwen to Freeman in which the ACDVs were enclosed does not identify, provide factual detail, or otherwise acknowledge the existence of the ACDVs. Furthermore, Ocwen points out that Freeman did not cite to, reference, or otherwise bring to the Court's attention the existence of these documents, the fact that they were attached to the Second Amended Complaint, their meaning, or their relevance in her opposition to the motions to dismiss.

Freeman simply did not identify, explain, or rely upon the ACDVs in her Second Amended Complaint or her opposition to the motions to dismiss. Thus, Ocwen asserts,

> Plaintiff now argues that, despite her own failure to rely upon the documents in pleading her allegations or arguing to oppose Ocwen's Motion to Dismiss, it is somehow the Court's failure in not combing through hundreds of pages of exhibits and understanding the relevance they had to her FCRA claim. That is not a legitimate basis for reconsideration. It is not the Court's job to plead Plaintiff's case for her, do her research, or make her arguments.

([Filing No. 154 at 6](#).)

Regarding the Seventh Circuit's opinion in *Lang* (upon which Freeman relies), Ocwen points out that *Lang* is an unpublished decision, and thus, it has no precedential value. Additionally, *Lang* was decided before the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), in which the Supreme Court clarified that sufficient facts must be pled to state a plausible claim for relief. Further, *Lang* is factually distinguishable from this case because the *Lang* pleading included extensive factual details to support the claim whereas Freeman's Second Amended Complaint does not.

Ocwen also argues that Freeman's "newly discovered" evidence received in December 2019 from TransUnion is not new evidence. The TransUnion documents are simply a repackaging of the same information that Freeman already had in her possession—the ACDVs that were attached to Ocwen's letter to Freeman. Ocwen argues that Freeman knew about and had in her possession the ACDV responses before she filed her motion for leave to file her first amended complaint in February 2019 and before discovery began in the case. She could have cited to, referenced, or relied upon any of these documents to support her FCRA claim or to defend against the motions to dismiss, but she failed to do so. Freeman had the information contained in the TransUnion documents, just in a different format.

After a careful review of the parties' arguments, the Court's Order on Defendants' Motions to Dismiss, and Freeman's Second Amended Complaint, the Court concludes that reconsideration of the dismissal of the FCRA claim is not warranted. As explained in the Court's Order on Defendants' Motions to Dismiss, the allegations in Freeman's Second Amended Complaint for her FCRA claim consist of legal assertions, legal conclusions, legal and general factual background information, and threadbare recitations of the elements of the claim. The allegations are devoid of nonconclusory factual assertions to support the legal elements of an FCRA claim.

After three attempts at a complaint and after opposing and losing a motion to dismiss, Freeman now references ACDVs and asserts that they support her FCRA claim. However, the only reference to "Exhibit I" in the Second Amended Complaint is not within any of the allegations concerning the FCRA claim, and the ACDVs consist of only twenty pages within the 101-page exhibit. Furthermore, Freeman attached fifteen exhibits consisting of 253 pages to her Second Amended Complaint. The ACDVs buried within the numerous pages of exhibits and not referred to or given context within the FCRA allegations did not provide factual detail to support the FCRA claim. Moreover, the TransUnion documents are not "newly discovered" evidence not previously known to Freeman, as she had this information in a different format prior to filing her Second Amended Complaint and opposing the motions to dismiss. And the *Lang* decision does not change the pleading requirement to allow a factually deficient pleading to survive a motion to dismiss. Freeman had arguments that she could and should have raised well before the Court issued its Order on Defendants' Motions to Dismiss, and importantly, she was given three attempts to adequately plead her FCRA claim. She failed to do so. The Court did not make an error of law or fact as to the FCRA claim in the dismissal Order, and thus, the Court **denies** Freeman's Motion to Reconsider this claim.

Regarding Counts VI and VII (violation of the Discharge Injunction and Federal Rule of Bankruptcy Procedure 3002.1, and violation of Bankruptcy Orders), Ocwen argued in its motion to dismiss that there is no private right of action for these two claims, and any available remedy had to be pursued in the Bankruptcy Court that issued the underlying orders. The Court determined that Ocwen's argument was well-taken and supported by case law, and thus, the Court granted the motion to dismiss Counts VI and VII (*see* Filing No. 133 at 30–32).

In her Motion to Reconsider, Freeman asks the Court to reconsider its dismissal of Counts VI and VII, and she focuses her argument primarily upon the issue of a district court's jurisdiction over bankruptcy matters as well as judicial economy in hearing related issues in a single matter. Freeman raises concern that the Court dismissed the two claims "with prejudice" and without transferring the claims to the Bankruptcy Court that issued the underlying orders. She asks the Court to either exercise jurisdiction over the bankruptcy matters or modify the dismissal Order so that Counts VI and VII are dismissed without prejudice so that she can pursue remedies in the Bankruptcy Court.

Ocwen responds that Freeman fundamentally misunderstands the basis for the dismissal of these two claims—there is no private right of action. Ocwen asserts that it is not an issue concerning a district court's jurisdiction to generally hear bankruptcy matters, nor is it an issue of judicial economy. Ocwen argues that the Court was correct in its dismissal Order because there is no private right of action; the only available remedy is contempt in the Bankruptcy Court that issued the underlying orders. Freeman "has already successfully moved to reopen her Bankruptcy case and has filed an Adversary Proceeding Complaint alleging violations of the Discharge Injunction and a claim under the Real Estate Settlement Procedures Act. *See Freeman v. PHH Mortgage et al.*, Case No. 21-50006 (S.D. Ind. Bankr.) (ECF No. 1)." (Filing No. 154 at 16.)

8

In a footnote, Ocwen states:

> Even if the Court ultimately concludes that Counts VI and VII should have been dismissed without prejudice, the Court should only modify the Order to dismiss the claims without prejudice and without leave to amend. The fact remains that there is no private right of action for the claims that Plaintiff asserts, and no amount of wordsmithing in an amended complaint will change the law.

*Id.*

Upon consideration of the parties' arguments, the Court concludes that it correctly dismissed Counts VI and VII because there is no private right of action for those claims alleged by Freeman. In its conclusion in the dismissal Order, the Court broadly addressed all the dismissed claims together: "The claims that have been dismissed are **dismissed with prejudice**. Freeman already has been given the opportunity to amend her Complaint twice, and the Court previously denied her request to amend her pleadings for a third time because the deadline passed for amending the pleadings." (Filing No. 133 at 36 (emphasis in original).) In order to avoid any confusion regarding the effect of the Court's dismissal Order on possible *remedies* sought in the Bankruptcy Court that issued the underlying orders, the Court now **modifies** its Order on Defendants' Motions to Dismiss to **dismiss without prejudice and without leave to amend** Counts VI and VII of Freeman's Second Amended Complaint.

### III. CONCLUSION

For the foregoing reasons, Plaintiff Demona Freeman's Motion to Reconsider (Filing No. 140) is **GRANTED in part and DENIED in part**. The Court **modifies** its Order on Defendants' Motions to Dismiss (Filing No. 133) to **dismiss without prejudice and without leave to amend** Counts VI and VII of Freeman's Second Amended Complaint. In all other respects, the Motion to Reconsider is **DENIED**.

**SO ORDERED.**
Date: 11/4/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

9

DISTRIBUTION:

Guerino Cento
CENTO LAW
cento@centolaw.com

Rusty A. Payton
PAYTON LEGAL GROUP LLC
info@payton.legal

Nicholas H. Wooten
NICK WOOTEN, LLC
nick@nickwooten.com

Travis W. Cohron
CLARK QUINN MOSES SCOTT & GRAHN LLP
tcohron@clarkquinnlaw.com

Michael P. Maxwell, Jr.
CLARK QUINN MOSES SCOTT & GRAHN LLP
mmaxwell@clarkquinnlaw.com

Olivia Anne Hess
CLARK QUINN MOSES SCOTT & GRAHN LLP
ohess@clarkquinnlaw.com

John Curtis Lynch
TROUTMAN SANDERS LLP
john.lynch@troutman.com

Carter Randall Nichols
TROUTMAN SANDERS LLP
carter.nichols@troutman.com

Ethan Geoffrey Ostroff
TROUTMAN SANDERS LLP
ethan.ostroff@troutman.com