UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEMONA FREEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-03844-TWP-DLP |
| ) | |
| OCWEN LOAN SERVICING, LLC, and ) | |
| BANK OF NEW YORK MELLON, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON PLAINTIFF'S MOTION TO ENTER FINAL JUDGMENT
OR CERTIFY INTERLOCUTORY APPEAL**

This matter is before the Court on a Motion to Enter Final Judgment or Certify Interlocutory Appeal (Filing No. 146) filed by Plaintiff Demona Freeman ("Freeman"). Freeman initiated this action against Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Bank of New York Mellon ("BONY") (collectively, "Defendants") for their alleged violation of numerous federal statutes—the Real Estate Settlement Procedures Act, Truth in Lending Act, Fair Debt Collection Practices Act, Telephone Consumer Protection Act, and Fair Credit Reporting Act—as well as for breach of contract and other state law claims. After Freeman twice amended her Complaint, the Defendants filed motions to dismiss, asking the Court to dismiss each of the claims asserted in Freeman's Second Amended Complaint. The Court granted in part and denied in part the motions to dismiss (Filing No. 133). Freeman asks that the Court enter final judgement and certify its order to the appellate court so that she can immediately appeal the dismissal of Counts V, VI, VII, and X. For the following reasons, the Motion is **denied**.

### I.   LEGAL STANDARD

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling

> question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

> There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation. There is also a nonstatutory requirement: the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed. . . . Unless *all* these criteria are satisfied, the district court may not and should not certify its order to [the appellate court] for an immediate appeal under section 1292(b).

*Ahrenholz v. Bd. of Trs.*, 219 F.3d 674, 675–76 (7th Cir. 2000) (emphasis in original).

The party requesting an interlocutory appeal has the heavy burden of persuading the court that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

> The federal appellate courts have jurisdiction over all final decisions of the district courts of the United States. Orders resolving fewer than all claims are not final for purposes of appeal. Rule 54(b) of the Federal Rules of Civil Procedure provides an exception. It allows a district court to direct entry of a final judgment as to one or more, but fewer than all, claims or parties, but only if there is no just reason for delay. . . . A Rule 54(b) motion requires the district court to examine questions of finality and readiness for appeal. That is, the court must first determine whether the order in question is truly final as to one or more claims or parties; if it is, the court must consider whether there is any good reason to delay entry of final judgment until the entire case is finished.

*King v. Newbold*, 845 F.3d 866, 867–68 (7th Cir. 2017) (internal citations and quotation marks omitted).

"Rule 54(b) entries are not to be made routinely or as an accommodation to counsel." *Great American Trading Corp. v. I.C.P. Cocoa, Inc.*, 629 F.2d 1282, 1286 (7th Cir. 1980). "[S]ound judicial administration does not require that Rule 54(b) requests be granted routinely." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980). "The decision to grant a Rule 54(b)

certification is committed to a district court's discretion, subject to the proviso that such certification should not be routine and should be exercised in accord with the strong judicial policy against interlocutory and piecemeal appeals." *Morrison v. YTB Int'l, Inc.*, 2010 U.S. Dist. LEXIS 142740, at *6 (S.D. Ill. May 14, 2010).

"The court considers federal policy against piecemeal appeals, whether the claims under review are separable from the remaining claims, and whether the nature of the claims is such that the appellate court would not have to decide the issue more than once if there were subsequent appeals." *Cent. Laborers' Pension Fund v. AEH Constr.*, 2015 U.S. Dist. LEXIS 122982, at *5–6 (C.D. Ill. Sep. 14, 2015). "[T]he claim certified must be separate from the remaining claims." *Morrison*, 2010 U.S. Dist. LEXIS 142740, at *5. "In the context of Rule 54(b)[,] claims are separate not if they arise under differing statutes or legal doctrines but if they involve different facts." *Id.* at *7.

> Rule 54(b) authorizes the district court to enter a final judgment on a separate claim only if that claim is separate from the claim or claims remaining for decision in the district court--separate not in the sense of arising under a different statute or legal doctrine, such as the trademark statute versus the copyright statute, but in the sense of involving different facts.

*Ty, Inc. v. Publications Int'l Ltd.*, 292 F.3d 512, 515 (7th Cir. 2002).

## II.  DISCUSSION

In its Order on Defendants' Motions to Dismiss, the Court dismissed—among other claims—Freeman's claims brought against Ocwen for violation of the Fair Credit Reporting Act ("FCRA") (Count V), violation of the Discharge Injunction and Federal Rule of Bankruptcy Procedure 3002.1 (Count VI), violation of Bankruptcy Orders (Count VII), and violation of the Indiana Deceptive Consumer Sales Act (Count X) (Filing No. 133 at 29–35).

In her Motion to Enter Final Judgment or Certify Interlocutory Appeal, Freeman asks the Court to enter final judgment as to Counts V, VI, VII, and X or alternatively to certify the dismissal of these claims for interlocutory appeal so that she can immediately appeal the dismissal of the claims. The Court first notes that, in her reply brief concerning Counts VI and VII, Freeman concedes that she "has asked this Court to certify for interlocutory appeal the dismissal of her Bankruptcy Claims '*with prejudice*.' Such interlocutory appeal becomes moot if the Court clarifies or modifies the MTD Order to reflect that the Bankruptcy Claims were dismissed 'without prejudice.'" (Filing No. 169 at 9 (emphasis in original).) In the Court's Order on Plaintiff's Motion to Reconsider, the Court modified the language of the dismissal Order to reflect that Counts VI and VII are dismissed without prejudice and without leave to amend (Filing No. 194 at 9). Thus, as acknowledged by Freeman, her request for interlocutory appeal of Counts VI and VII is now moot, and the Court will not further address those claims.

Regarding Counts V and X, Freeman seeks entry of final judgment pursuant to Rule 54(b) to appeal the dismissal of those claims. She contends,

> This Court's certification pursuant to Rule 54(b) is appropriate because the instant matter entails more than one claim for relief and there is no just reason for delay in entering final judgment as to the Dismissed Claims. . . . Because judgment as the Dismissed Claims is not final, Freeman must defer appeal until after final judgment has been entered on the surviving claims. Should the case proceed absent leave to appeal, it is foreseeable that the Court will need to hold a second trial. This makes little practical sense given that the claims dismissed are inextricably intertwined with the surviving claims.

(Filing No. 147 at 3–4.)

In its response brief, Ocwen raised the issue (supported by case law) that Rule 54(b) relief is not appropriate if the "separate claims" are not truly separate because they involve the same or overlapping facts. Ocwen argues that "Plaintiff herself acknowledges that 'the claims dismissed are *inextricably intertwined with the surviving claims*.' This admission alone is fatal to her Motion."

4

([Filing No. 160 at 6](#)–7 (emphasis in original, internal citation omitted).) Recognizing the flaw in her opening argument, Freeman attempts in her reply brief to distance herself from her opening argument regarding the close relationship between the dismissed claims and the surviving claims.

The Court is not persuaded by Freeman's reply argument. The Seventh Circuit has clearly explained that Rule 54(b) allows a district court to enter a final judgment on a single claim only if that claim is separate from the remaining claims in the district court—and separate not in the sense of arising under different statutes or legal doctrines but in the sense of involving different facts. *See Ty, Inc.*, 292 F.3d at 515. Freeman unequivocally stated in her opening brief that the dismissed claims are inextricably intertwined with the surviving claims, with which the Court agrees. Coupled with the strong judicial policy against interlocutory and piecemeal appeals, the Court concludes that entry of final judgment on Counts V and X pursuant to Rule 54(b) is not warranted.

Regarding an interlocutory appeal of Counts V and X pursuant to 28 U.S.C. § 1292(b), the Court likewise is not persuaded by Freeman's argument. Freeman must show that the order involves a controlling question of law as to which there is substantial ground for difference of opinion, and its resolution will speed up the litigation. She has failed to meet this burden. Freeman frames the Count V question as:

> 1) whether the Court has applied an appropriate pleading standard in concluding the Second Amended Complaint did not contain allegations of a "triggering event", if allegations to that effect are even necessary; and, 2) to what extent a Court should consider documents attached as exhibits to a complaint when assessing its adequacy under F.R.CP. 12(b)(6).

([Filing No. 147 at 6](#).) However, the real issue raised by Freeman is her disagreement with the how the Court applied the correct pleading standard to the particular allegations of her Second Amended Complaint when finding that she had not sufficiently pled facts to support her FCRA claim. This is not a question of *law* for interlocutory appeal.

As to Count X, Freeman argues, "the IDCSA Issue involves the interpretation and the application of an Indiana statute. The question is whether Freeman sufficiently pled enough facts to state a claim for an incurable deceptive act under the definitions set out in the IDCSA." *Id.* at 11. Again, this is not a question of *law* for interlocutory appeal; this consists of Freeman disagreeing with the Court's conclusion after reviewing her factual allegations in the Second Amended Complaint and determining that the factual allegations were deficient to state an IDCSA claim.

Importantly, an interlocutory appeal is unlikely to speed up the litigation. This Court and the parties would be left to wait on the Seventh Circuit's decision whether to accept the interlocutory appeal, and if the Court of Appeals did so, then this Court and the parties would be left to wait on resolving the surviving claims until after the Seventh Circuit resolves the dismissed claims. This case is set for trial in this Court on August 1, 2022. The parties very likely will have a decision following the trial before any interlocutory appeal could be taken up and resolved. Thereafter, the parties can appeal, as they deem appropriate, all decisions as to all claims in a single appeal. For these reasons, the Court **denies** Freeman's request for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

### III.     CONCLUSION

For the foregoing reasons, Plaintiff Demona Freeman's Motion to Enter Final Judgment or Certify Interlocutory Appeal ([Filing No. 146](#)) is **DENIED**.

**SO ORDERED.**

Date:   11/5/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Rusty A. Payton
PAYTON LEGAL GROUP LLC
info@payton.legal

Nicholas H. Wooten
NICK WOOTEN, LLC
nick@nickwooten.com

Travis W. Cohron
CLARK QUINN MOSES SCOTT & GRAHN LLP
tcohron@clarkquinnlaw.com

Michael P. Maxwell, Jr.
CLARK QUINN MOSES SCOTT & GRAHN LLP
mmaxwell@clarkquinnlaw.com

Olivia Anne Hess
CLARK QUINN MOSES SCOTT & GRAHN LLP
ohess@clarkquinnlaw.com

John Curtis Lynch
TROUTMAN SANDERS LLP
john.lynch@troutman.com

Carter Randall Nichols
TROUTMAN SANDERS LLP
carter.nichols@troutman.com

Ethan Geoffrey Ostroff
TROUTMAN SANDERS LLP
ethan.ostroff@troutman.com

Guerino Cento
CENTO LAW
cento@centolaw.com