**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**Indianapolis Division**

| | | |
|---|---|---|
| DEMONA FREEMAN, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. 1:18-cv-3844-TWP-DLP |
| | ) | |
| v. | ) | |
| | ) | |
| OCWEN LOAN SERVICING, LLC, MANLEY | ) | |
| DEAS KOCHALSKI LLC, and THE BANK OF | ) | |
| NEW YORK THE BANK OF NEW YORK | ) | |
| MELLON f/k/a THE BANK OF NEW YORK | ) | |
| as successor in interest to JPMorgan Chase, | ) | |
| N.A., as Trustee for C-BASS Mortgage Loan | ) | |
| Asset-Backed Certificates, Series, 2005-RPI | ) | |
| | ) | |
| *Defendants.* | ) | |

**OCWEN LOAN SERVICING, LLC'S**
**FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS**
**TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant Ocwen Loan Servicing, LLC ("Ocwen" or "Defendant") submits the following

First Supplemental Objections and Responses to Plaintiff Demona Freeman's ("Plaintiff") First

Set of Requests for Production of Documents.

**PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS**

Although Defendant has made a diligent and good faith effort to obtain the information

with which to respond to Plaintiff's First Set of Requests for Production of Documents, discovery

in this matter is ongoing and additional information may be obtained which might affect the

responses herein.  Moreover, Defendant has not yet completed its investigation of this matter.

Accordingly, all of the following objections are given without prejudice to and with the express

reservation of the right to rely upon any and all such information and documents at trial or

otherwise.  Likewise, Defendant shall not be prejudiced if any of its present objections are based

Exhibit B

on an incomplete knowledge or comprehension of the facts, events or occurrences involved in this matter.

Defendant has also objected to these First Set of Requests for Production of Documents based on its best, good faith understanding and interpretation of each item therein.  Accordingly, if Plaintiff subsequently asserts a different interpretation than that presently understood by Defendant, Defendant reserves the right to supplement or amend these objections.

Defendant further states that its responses are made without waiving any objections to the relevance, privilege, or admissibility of any information or documents provided in response to Plaintiff's First Set of Interrogatories in any subsequent proceeding or at the trial of this or any other action.  A partial answer to any request that has been objected to in whole or in part is not a waiver of that objection.  By asserting various objections, Defendant does not waive any other objections that may become applicable.  Defendant also reserves the right to supplement the objections to these Requests for Production of Documents pursuant to the Federal Rules of Civil Procedure.

Defendant's responses to these First Set of Requests for Production of Documents do not constitute admissions or acknowledgements that the documents sought are within the proper scope of discovery.  Nor shall a statement that documents will be produced constitute an admission that such documents actually exist.  Instead, it shall only mean that, if responsive documents exist, survive Defendant's objections, and are in Defendant's possession, custody, or control, they will be produced.  Likewise, an objection to producing does not mean that documents otherwise responsive to a particular demand in fact exist.

Defendant's objections herein are given without prejudice to Defendant's right to provide subsequent relevant information and/or documents, or to add, modify, supplement, or otherwise

Exhibit B

change or amend its objections to the First Set of Requests for Production of Documents as new information is obtained, as legal determinations are made by the Court, or because the matter is pending further investigation and discovery. The information contained in Defendant's objections is also subject to correction for omissions or errors. To the extent attorney notes, work product, information/documents subject to the common-interest privilege, and/or attorney-client communications are or become responsive to any of the following requests, Defendant expressly reserves it rights to assert such objections.

<u>**RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION**</u>

1.      Full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents related to or justifying the *Proof of Claim* filed by Ocwen on behalf of New York Mellon on July 26, 2012, in the Bankruptcy Case.

<u>OBJECTION</u>: Defendant objects to this Request on the grounds it seeks information protected by the attorney-client privilege, work product doctrine, mental impressions of counsel, common-interest privilege, and information generated in anticipation of litigation and trial, including but not limited to notes/memoranda prepared by counsel and/or correspondence between Defendant and its counsel related to the Bankruptcy Case or this matter. Defendant also objects to this Request as overbroad and unduly burdensome because it seeks irrelevant information outside the scope of, and time period relevant to, Plaintiff's claims in this case which do not extend to filing of a *Proof of Claim* in Plaintiff's Bankruptcy Case. Defendant objects to this Request as disproportional to the needs of the case, considering the amount in controversy, the parties' resources, the lack of importance of the discovery in resolving the liability issue, and because the burden or expense of the proposed discovery outweighs its likely benefit especially considering the *Proof of Claim* is a publicly filed document that speaks for itself. Defendant objects to this Request to the extent the documents sought are in the possession of another entity, and which are

3

Exhibit B

not in the possession, dominion, and/or control of Defendant.  Defendant further objects to this Request as overbroad and unduly burdensome to the extent the documents sought are equally available to Plaintiff.  Defendant also objects to the extent that this Request seeks to elicit trade secrets or other confidential or proprietary commercial or business information, including but not limited to documents/information concerning Defendant's servicing platform and handling of loans involved in bankruptcy.

RESPONSE:  Without waiving its objections, see documents Bates stamped Ocwen_Freeman000001-001577, 1606-2546.  By way of further response, Defendant directs Plaintiff to the public filings made in Case No. 12-04713-JKC-13 filed by Plaintiff in the United States Bankruptcy Court for the Southern District of Indiana.

FIRST SUPPLEMENTAL RESPONSE: Without waiving its objections, see documents Bates stamped Ocwen_Freeman003178-003990.


2.       A full and complete copy of every *Objection to Claim* filed by the United States Trustee in a bankruptcy proceeding in the Southern District of Indiana responsive to a *Proof of Claim* filed by Ocwen on behalf of a bank or financial institution during the period of time of March 2017 to the present.

OBJECTION:  Defendant objects to this Request as overbroad and unduly burdensome because it seeks "[a] full and complete copy of every *Objection to Claim* filed by the United States Trustee in a bankruptcy proceeding in the Southern District of Indiana responsive to a *Proof of Claim* filed by Ocwen on behalf of a bank or financial institution during the period of time of March 2017 to present" which explicitly encompasses irrelevant information outside the scope of, and time period relevant to, Plaintiff's claims in this case because it seeks documents and/or

Exhibit B

information concerning unrelated bankruptcy matters that are not at issue in this case. Defendant objects to this Request as disproportional to the needs of the case, considering the amount in controversy, the parties' resources, the lack of importance of the discovery in resolving the liability issue, and because the burden or expense of the proposed discovery outweighs its likely benefit because the documents sought are not relevant to the claims or defenses of the parties. Defendant objects to this Request to the extent the documents sought are in the possession of another entity, and which are not in the possession, dominion, and/or control of Defendant. Defendant further objects to this Request as overbroad and unduly burdensome to the extent the documents sought are equally available to Plaintiff. Defendant also objects to the extent that this Request seeks to elicit trade secrets or other confidential or proprietary commercial or business information, including but not limited to information and/or documents concerning Defendant's business relationships with entities not party to this suit or handling of loans involved in bankruptcy.

RESPONSE: Pursuant to the foregoing objections, no documents will be produced at this time.

3.      Full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents related to New York Mellon filing the *Notice of Relief from Stay and Abandonment* on February 21, 2018, in the First Foreclosure Case.

OBJECTION:  Defendant objects to this Request on the grounds it seeks information protected by the attorney-client privilege, work product doctrine, mental impressions of counsel, common-interest privilege, and information generated in anticipation of litigation and trial, including but not limited to notes/memoranda prepared by counsel and/or correspondence between Defendant and its counsel related to the First Foreclosure Case or this matter. Defendant also

5

Exhibit B

objects to this Request as overbroad and unduly burdensome because it seeks irrelevant information outside the scope of, and time period relevant to, Plaintiff's claims in this case which do not concern the propriety of filing a *Notice of Relief from Stay and Abandonment* in the First Foreclosure Case.  Defendant objects to this Request as disproportional to the needs of the case, considering the amount in controversy, the parties' resources, the lack of importance of the discovery in resolving the liability issue, and because the burden or expense of the proposed discovery outweighs its likely benefit, particularly because the information sought is irrelevant to the claims and defenses in this case.  Defendant objects to this Request to the extent the documents sought are in the possession of another entity, and which are not in the possession, dominion, and/or control of Defendant.  Defendant further objects to this Request as overbroad and unduly burdensome to the extent the documents sought are equally available to Plaintiff.  Defendant also objects to the extent that this Request seeks to elicit trade secrets or other confidential or proprietary commercial or business information, including but not limited to information and/or documents concerning Defendant's business relationships with entities not party to this suit.

RESPONSE: Without waiving its objections, Defendant directs Plaintiff to the public filings made in Case No. 29D01-0904-MF-000484 filed in the Hamilton County Superior Court, Indiana.

FIRST SUPPLEMENTAL RESPONSE:  Without waiving its objections, see documents Bates stamped Ocwen_Freeman003178-003990.


4.	Full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents related to New York Mellon filing the *Motion to*

Exhibit B

*Vacate Judgment and To Dismiss Case without Prejudice* on May 2, 2018, in the First Foreclosure Case.

OBJECTION:  Defendant objects to this Request on the grounds it seeks information protected by the attorney-client privilege, work product doctrine, mental impressions of counsel, common-interest privilege, and information generated in anticipation of litigation and trial, including but not limited to notes/memoranda prepared by counsel and/or correspondence between Defendant and its counsel related to the First Foreclosure Case or this matter.  Defendant also objects to this Request as overbroad and unduly burdensome because it seeks irrelevant information outside the scope of, and time period relevant to, Plaintiff's claims in this case which do not concern the propriety of filing a *Motion to Vacate Judgment and to Dismiss Case without Prejudice* in the First Foreclosure Case.  Defendant objects to this Request as disproportional to the needs of the case, considering the amount in controversy, the parties' resources, the lack of importance of the discovery in resolving the liability issue, and because the burden or expense of the proposed discovery outweighs its likely benefit, particularly because the information sought is irrelevant to the claims and defenses in this case.  Defendant objects to this Request to the extent the documents sought are in the possession of another entity, and which are not in the possession, dominion, and/or control of Defendant.  Defendant further objects to this Request as overbroad and unduly burdensome to the extent the documents sought are equally available to Plaintiff.

RESPONSE: Defendant directs Plaintiff to the public filings made in Case No. 29D01-0904-MF-000484 filed in the Hamilton County Superior Court, Indiana.

FIRST SUPPLEMENTAL RESPONSE:  Without waiving its objections, see documents Bates stamped Ocwen_Freeman003178-003990.

Exhibit B

5.      Full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, invoices or other documents related to or justifying each and every assessed fee, expense and/or charge shown in the Life of Loan History attached as Exhibit "A" to the *First Amended Complaint and Demand for Jury Trial*.

OBJECTION: Defendant objects to this Request as overbroad and unduly burdensome because it seeks "all notes, reports, memoranda, statements, entries, emails, electronic messages, invoices or other documents related to or justifying each and every assessed fee, expense and/or charge shown in the Life of Loan History," without any time limitation and thus necessarily encompasses irrelevant information outside the scope of, and time period relevant to, Plaintiff's claims in this case which does not encompass the entire life of the Loan. Defendant also objects to this Request as disproportional to the needs of the case, considering the amount in controversy, the parties' resources, the lack of importance of the discovery in resolving the liability issue, and because the burden or expense of the proposed discovery outweighs its likely benefit, particularly because the information sought is irrelevant to the claims and defenses in this case.  Defendant objects to this Request to the extent the documents sought are in the possession of another entity, and which are not in the possession, dominion, and/or control of Defendant.  Defendant further objects to this Request as overbroad and unduly burdensome to the extent the documents sought are equally available to Plaintiff.  Defendant objects to this Request on the grounds it seeks information protected by the attorney-client privilege, work product doctrine, mental impressions of counsel, common-interest privilege, and information generated in anticipation of litigation and trial, including but not limited to notes/memoranda prepared by counsel and/or correspondence between Defendant and its counsel related to this matter.  Defendant also objects to the extent that

Exhibit B

this Request seeks to elicit trade secrets or other confidential or proprietary commercial or business information, including but not limited to confidential information regarding Defendant's business practices.

RESPONSE: Without waiving its objection, see documents Bates stamped Ocwen_Freeman000001-003177.

FIRST SUPPLEMENTAL RESPONSE: Without waiving its objections, see documents Bates stamped Ocwen_Freeman003178-003990.

6.    Full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents related to or justifying each and every surplus balance shown in suspense by the Life of Loan History attached as Exhibit "A" to the *First Amended Complaint and Demand for Jury Trial*.

OBJECTION: Defendant objects to this Request as overbroad and unduly burdensome because it seeks "all notes, reports, memoranda, statements, entries, emails, electronic messages, invoices or other documents related to or justifying each and every surplus balance shown in suspense by the Life of Loan History," without any time limitation and thus necessarily encompasses irrelevant information outside the scope of, and time period relevant to, Plaintiff's claims in this case which to not encompass the entire life of the Loan.  Defendant objects to term "surplus balance" as vague and ambiguous because it is undefined.  Defendant also objects to this Request as disproportional to the needs of the case, considering the amount in controversy, the parties' resources, the lack of importance of the discovery in resolving the liability issue, and because the burden or expense of the proposed discovery outweighs its likely benefit.  Defendant

Exhibit B

objects to this Request to the extent the documents sought are in the possession of another entity, and which are not in the possession, dominion, and/or control of Defendant. Defendant further objects to this Request as overbroad and unduly burdensome to the extent the documents sought are equally available to Plaintiff. Defendant objects to this Request on the grounds it seeks information protected by the attorney-client privilege, work product doctrine, mental impressions of counsel, common-interest privilege, and information generated in anticipation of litigation and trial, including but not limited to notes/memoranda prepared by counsel and/or correspondence between Defendant and its counsel related to this matter. Defendant also objects to the extent that this Request seeks to elicit trade secrets or other confidential or proprietary commercial or business information, including but not limited to confidential information regarding its business practices.

RESPONSE: Without waiving its objection, see documents Bates stamped Ocwen_Freeman000001-003177.

FIRST SUPPLEMENTAL RESPONSE: Without waiving its objections, see documents Bates stamped Ocwen_Freeman003178-003990.

7.     Full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents related to or justifying each and every negative escrow balance shown in the Life of Loan History attached as Exhibit "A" to the *First Amended Complaint and Demand for Jury Trial*.

OBJECTION: Defendant objects to this Request as overbroad and unduly burdensome because it seeks "all notes, reports, memoranda, statements, entries, emails, electronic messages, invoices or other documents related to or justifying each and every negative escrow balance shown

Exhibit B

in the Life of Loan History," without any time limitation and thus necessarily encompasses irrelevant information outside the scope of, and time period relevant to, Plaintiff's claims in this case which do not encompass the entire life of the Loan.  Defendant also objects to this Request as disproportional to the needs of the case, considering the amount in controversy, the parties' resources, the lack of importance of the discovery in resolving the liability issue, and because the burden or expense of the proposed discovery outweighs its likely benefit.  Defendant objects to this Request to the extent the documents sought are in the possession of another entity, and which are not in the possession, dominion, and/or control of Defendant.  Defendant further objects to this Request as overbroad and unduly burdensome to the extent the documents sought are equally available to Plaintiff.  Defendant objects to this Request on the grounds it seeks information protected by the attorney-client privilege, work product doctrine, mental impressions of counsel, common-interest privilege, and information generated in anticipation of litigation and trial, including but not limited to notes/memoranda prepared by counsel and/or correspondence between Defendant and its counsel related to this matter.  Defendant also objects to the extent that this Request seeks to elicit trade secrets or other confidential or proprietary commercial or business information, including but not limited to confidential information regarding its business practices.

RESPONSE:  Without waiving its objection, see documents Bates stamped Ocwen_Freeman000001-003177.

FIRST SUPPLEMENTAL RESPONSE:  Without waiving its objections, see documents Bates stamped Ocwen_Freeman003178-003990.

Exhibit B

8.      Full and complete copies of each and every notice of an escrow shortage for the Loan sent by Ocwen to Freeman as prescribed by RESPA, 12 U.S.C. § 2601 *et seq*.

OBJECTION: Defendant objects to this Request as overbroad and unduly burdensome because it seeks "each and every notice of an escrow shortage for the Loan sent by Ocwen to Freeman," without any time limitation and thus necessarily encompasses irrelevant information outside the scope of, and time period relevant to, Plaintiff's claims in this case which do not extend throughout the entire life of the Loan.  Defendant also objects to this Request as disproportional to the needs of the case, considering the amount in controversy, the parties' resources, the lack of importance of the discovery in resolving the liability issue, and because the burden or expense of the proposed discovery outweighs its likely benefit.  Defendant objects to this Request to the extent the documents sought are in the possession of another entity, and which are not in the possession, dominion, and/or control of Defendant.  Defendant further objects to this Request as overbroad and unduly burdensome to the extent the documents sought are equally available to Plaintiff.

RESPONSE: Without waiving its objections, see documents Bates stamped Ocwen_Freeman000001-000228, 000528-001233, 001606-2519.

9.      Full and complete copies of each and every notice of an escrow shortage and the charges connected therewith for the Loan provided to the Bankruptcy Court in the Bankruptcy Case as prescribed by FRBP § 3002.1.

OBJECTION: Defendant objects to this Request as overbroad and unduly burdensome because it seeks "each and every notice of an escrow shortage and the charges connected therewith for the Loan provided to the Bankruptcy Court in the Bankruptcy Case," without any time limitation and thus necessarily encompasses irrelevant information outside the scope of, and time

Exhibit B

period relevant to, Plaintiff's claims in this case which do not extend throughout the entire life of the Loan.  Defendant also objects to this Request as disproportional to the needs of the case, considering the amount in controversy, the parties' resources, the lack of importance of the discovery in resolving the liability issue, and because the burden or expense of the proposed discovery outweighs its likely benefit.  Defendant objects to this Request to the extent the documents sought are in the possession of another entity, and which are not in the possession, dominion, and/or control of Defendant.  Defendant further objects to this Request as overbroad and unduly burdensome to the extent the documents sought are equally available to Plaintiff.

RESPONSE:  Without waiving its objections, see documents Bates stamped Ocwen_Freeman000001-001233, 001606-002519.  By way of further response, Defendant directs Plaintiff to the public filings made in Case No. 12-04713-JKC-13 filed by Plaintiff in the United States Bankruptcy Court for the Southern District of Indiana.


10.     Full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents related to or justifying any instance in which Ocwen did not accept a payment on the Loan by Freeman.

OBJECTION: Defendant objects to this Request as overbroad and unduly burdensome because it seeks "all notes, reports, memoranda, statements, entries, emails, electronic messages, invoices or other documents related to or justifying any instance in which Ocwen did not accept a payment on the Loan," without any time limitation and thus necessarily encompasses irrelevant information outside the scope of, and time period relevant to, Plaintiff's claims in this case which do not extend throughout the entire life of the Loan.  Defendant also objects to this Request as disproportional to the needs of the case, considering the amount in controversy, the parties'

Exhibit B

resources, the lack of importance of the discovery in resolving the liability issue, and because the burden or expense of the proposed discovery outweighs its likely benefit.  Defendant objects to this Request to the extent the documents sought are in the possession of another entity, and which are not in the possession, dominion, and/or control of Defendant.  Defendant further objects to this Request as overbroad and unduly burdensome to the extent the documents sought are equally available to Plaintiff.  Defendant objects to this Request on the grounds it seeks information protected by the attorney-client privilege, work product doctrine, mental impressions of counsel, common-interest privilege, and information generated in anticipation of litigation and trial, including but not limited to notes/memoranda prepared by counsel and/or correspondence between Defendant and its counsel related to this matter.  Defendant also objects to the extent that this Request seeks to elicit trade secrets or other confidential or proprietary commercial or business information, including but not limited to confidential information regarding its business practices.

RESPONSE:  Without waiving its objection, see documents Bates stamped Ocwen_Freeman000001-003177.

FIRST SUPPLEMENTAL RESPONSE:  Without waiving its objections, see documents Bates stamped Ocwen_Freeman003178-003891, 004386-004443.

11.     Full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents related to or justifying each and every telephone call regarding the Loan made by a representative of Ocwen to Freeman.

OBJECTION: Defendant objects to this Request as overbroad and unduly burdensome because it seeks "all notes, reports, memoranda, statements, entries, emails, electronic messages,

Exhibit B

invoices or other documents related to or justifying each and every telephone call regarding the Loan made by a representative of Ocwen to Freeman," without any time limitation and thus necessarily encompasses irrelevant information outside the scope of, and time period relevant to, Plaintiff's claims in this case which do not extend throughout the entire life of the Loan. Defendant objections to the phrase "justifying each and every telephone call" as vague and ambiguous because undefined. Defendant also objects to this Request as disproportional to the needs of the case, considering the amount in controversy, the parties' resources, the lack of importance of the discovery in resolving the liability issue, and because the burden or expense of the proposed discovery outweighs its likely benefit. Defendant objects to this Request to the extent the documents sought are in the possession of another entity, and which are not in the possession, dominion, and/or control of Defendant. Defendant further objects to this Request as overbroad and unduly burdensome to the extent the documents sought are equally available to Plaintiff. Defendant objects to this Request on the grounds it seeks information protected by the attorney-client privilege, work product doctrine, mental impressions of counsel, common-interest privilege, and information generated in anticipation of litigation and trial, including but not limited to notes/memoranda prepared by counsel and/or correspondence between Defendant and its counsel related to this matter. Defendant also objects to the extent that this Request seeks to elicit trade secrets or other confidential or proprietary commercial or business information, including but not limited to confidential information regarding its business practices.

RESPONSE: Without waiving its objection, see documents Bates stamped Ocwen_Freeman000001-003177.

FIRST SUPPLEMENTAL RESPONSE: Without waiving its objections, see documents Bates stamped Ocwen_Freeman003178-003891, 004386-004443.

Exhibit B

12.     Full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents related to or justifying the sending of the thirty-day pre-foreclosure notice letter attached as Exhibit "B" to the *First Amended Complaint and Demand for Jury Trial*.

OBJECTION: Defendant objects to this Request on the grounds it seeks information protected by the attorney-client privilege, work product doctrine, mental impressions of counsel, common-interest privilege, and information generated in anticipation of litigation and trial, including but not limited to notes/memoranda prepared by counsel and/or correspondence between Defendant and its counsel related to this matter.  Defendant also objects to the extent that this Request seeks to elicit trade secrets or other confidential or proprietary commercial or business information, including but not limited to confidential information regarding its business practices. Defendant objects to this Request as overbroad and unduly burdensome because it seeks "all notes, reports, memoranda, statements, entries, emails, electronic messages, invoices or other documents related to or justifying the sending of the thirty-day pre-foreclosure notice letter," without any time limitation or reasonable description of documents sought and thus necessarily encompasses irrelevant information outside the scope of, and time period relevant to, Plaintiff's claims in this case which do not extend throughout the entire life of the Loan or past the foreclosures at issue. Defendant also objects to this Request as disproportional to the needs of the case, considering the amount in controversy, the parties' resources, the lack of importance of the discovery in resolving the liability issue, and because the burden or expense of the proposed discovery outweighs its likely benefit.  Defendant objects to this Request to the extent the documents sought are in the possession of another entity, and which are not in the possession, dominion, and/or control of

16

Exhibit B

Defendant.  Defendant further objects to this Request as overbroad and unduly burdensome to the extent the documents sought are equally available to Plaintiff.

RESPONSE: Without waiving its objection, see documents Bates stamped Ocwen_Freeman000001-003177.

FIRST SUPPLEMENTAL RESPONSE: Without waiving its objections, see documents Bates stamped Ocwen_Freeman003178-003891.


13.     Full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents related to or justifying the $20.00 "Property Inspection (Exterior)" fee Ocwen charged to Freeman on the Loan on July 5, 2018.

OBJECTION: Defendant objects to this Request as overbroad and unduly burdensome because it seeks "all notes, reports, memoranda, statements, entries, emails, electronic messages, invoices or other documents related to or justifying the $20.00 'Property Inspection (Exterior)' fee Ocwen charged to Freeman on the Loan on July 5, 2018," without any time limitation or reasonable description of documents sought and thus necessarily encompasses irrelevant information outside the scope of, and time period relevant to, Plaintiff's claims in this case which do not extend throughout the entire life of the Loan.  Defendant also objects to this Request as disproportional to the needs of the case, considering the amount in controversy, the parties' resources, the lack of importance of the discovery in resolving the liability issue, and because the burden or expense of the proposed discovery outweighs its likely benefit.  Defendant objects to this Request to the extent the documents sought are in the possession of another entity, and which are not in the possession, dominion, and/or control of Defendant.  Defendant further objects to this Request as overbroad

Exhibit B

and unduly burdensome to the extent the documents sought are equally available to Plaintiff. Defendant objects to this Request on the grounds it seeks information protected by the attorney-client privilege, work product doctrine, mental impressions of counsel, common-interest privilege, and information generated in anticipation of litigation and trial, including but not limited to notes/memoranda prepared by counsel and/or correspondence between Defendant and its counsel related to this matter.  Defendant also objects to the extent that this Request seeks to elicit trade secrets or other confidential or proprietary commercial or business information, including but not limited to confidential information regarding its business practices.

RESPONSE: Without waiving its objection, see documents Bates stamped Ocwen_Freeman000001-003177.

FIRST SUPPLEMENTAL RESPONSE: Without waiving its objections, see documents Bates stamped Ocwen_Freeman003178-003891.

14.     Full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents related to or justifying Ocwen's response to Freeman's RFI No. 1 as identified in paragraphs 121, 123 and 124 of the *First Amended Complaint and Demand for Jury Trial*.

OBJECTION: Defendant objects to this Request on the grounds it seeks information protected by the attorney-client privilege, work product doctrine, mental impressions of counsel, common-interest privilege, and information generated in anticipation of litigation and trial, including but not limited to notes/memoranda prepared by counsel and/or correspondence between Defendant and its counsel related to this matter. Defendant objects to this Request as overbroad

18

Exhibit B

and unduly burdensome because it seeks "all notes, reports, memoranda, statements, entries, emails, electronic messages, invoices or other documents related to or justifying Ocwen's response to Freeman's RFI No. 1," without any time limitation or reasonable description of documents sought and thus necessarily encompasses irrelevant information outside the scope of, and time period relevant to, Plaintiff's claims in this case which do not extend throughout the entire life of the Loan.  Defendant also objects to this Request as disproportional to the needs of the case, considering the amount in controversy, the parties' resources, the lack of importance of the discovery in resolving the liability issue, and because the burden or expense of the proposed discovery outweighs its likely benefit.  Defendant objects to this Request to the extent the documents sought are in the possession of another entity, and which are not in the possession, dominion, and/or control of Defendant.  Defendant further objects to this Request as overbroad and unduly burdensome to the extent the documents sought are equally available to Plaintiff. Defendant also objects to the extent that this Request seeks to elicit trade secrets or other confidential or proprietary commercial or business information, including but not limited to confidential information regarding its business practices.

<u>RESPONSE</u>:  Without waiving its objection, see documents Bates stamped Ocwen_Freeman000001-003177.

<u>FIRST SUPPLEMENTAL RESPONSE</u>: Without waiving its objections, see documents Bates stamped Ocwen_Freeman003178-003891.

**<u>SECOND SUPPLEMENTAL RESPONSE</u>:  Without waiving its objections, see documents Bates stamped Ocwen_Freeman004444-004825.**

Exhibit B

15.     Full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents related to or justifying Ocwen's response to Freeman's NOE No. 1 as identified in paragraphs 132 and 139 of the *First Amended Complaint and Demand for Jury Trial.*

OBJECTION: Defendant objects to this Request on the grounds it seeks information protected by the attorney-client privilege, work product doctrine, mental impressions of counsel, common-interest privilege, and information generated in anticipation of litigation and trial, including but not limited to notes/memoranda prepared by counsel and/or correspondence between Defendant and its counsel related to this matter.  Defendant objects to this Request as overbroad and unduly burdensome because it seeks "all notes, reports, memoranda, statements, entries, emails, electronic messages, invoices or other documents related to or justifying Ocwen's response to Freeman's NOE No. 1," without any time limitation or reasonable description of documents sought and thus necessarily encompasses irrelevant information outside the scope of, and time period relevant to, Plaintiff's claims in this case which do not extend throughout the entire life of the Loan.  Defendant also objects to this Request as disproportional to the needs of the case, considering the amount in controversy, the parties' resources, the lack of importance of the discovery in resolving the liability issue, and because the burden or expense of the proposed discovery outweighs its likely benefit.  Defendant objects to this Request to the extent the documents sought are in the possession of another entity, and which are not in the possession, dominion, and/or control of Defendant.  Defendant further objects to this Request as overbroad and unduly burdensome to the extent the documents sought are equally available to Plaintiff.  Defendant also objects to the extent that this Request seeks to elicit trade secrets or other

Exhibit B

confidential or proprietary commercial or business information, including but not limited to confidential information regarding its business practices.

RESPONSE: Without waiving its objection, see documents Bates stamped Ocwen_Freeman000001-003177.

FIRST SUPPLEMENTAL RESPONSE: Without waiving its objections, see documents Bates stamped Ocwen_Freeman003178-003891.

**SECOND SUPPLEMENTAL RESPONSE:  Without waiving its objections, see documents Bates stamped Ocwen_Freeman004444-004825.**

16.    Full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents related to or justifying Ocwen's response to Freeman's RFI No. 2 as identified in paragraph 144 of the *First Amended Complaint and Demand for Jury Trial.*

OBJECTION: Defendant objects to this Request on the grounds it seeks information protected by the attorney-client privilege, work product doctrine, mental impressions of counsel, common-interest privilege, and information generated in anticipation of litigation and trial, including but not limited to notes/memoranda prepared by counsel and/or correspondence between Defendant and its counsel related to this matter.  Defendant objects to this Request as overbroad and unduly burdensome because it seeks "all notes, reports, memoranda, statements, entries, emails, electronic messages, invoices or other documents related to or justifying Ocwen's response to Freeman's RFI No. 2," without any time limitation or reasonable description of documents sought and thus necessarily encompasses irrelevant information outside the scope of, and time

21

Exhibit B

period relevant to, Plaintiff's claims in this case which do not extend throughout the entire life of the Loan.  Defendant also objects to this Request as disproportional to the needs of the case, considering the amount in controversy, the parties' resources, the lack of importance of the discovery in resolving the liability issue, and because the burden or expense of the proposed discovery outweighs its likely benefit.  Defendant objects to this Request to the extent the documents sought are in the possession of another entity, and which are not in the possession, dominion, and/or control of Defendant.  Defendant further objects to this Request as overbroad and unduly burdensome to the extent the documents sought are equally available to Plaintiff. Defendant also objects to the extent that this Request seeks to elicit trade secrets or other confidential or proprietary commercial or business information, including but not limited to confidential information regarding its business practices.

<u>RESPONSE</u>:  Without waiving its objection, see documents Bates stamped Ocwen_Freeman000001-003177.

<u>FIRST SUPPLEMENTAL RESPONSE</u>: Without waiving its objections, see documents Bates stamped Ocwen_Freeman003178-003891.

**<u>SECOND SUPPLEMENTAL RESPONSE</u>:  Without waiving its objections, see documents Bates stamped Ocwen_Freeman004444-004825.**

17.    Full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents related to or justifying Ocwen's response to Freeman's NOE No. 2 as identified in paragraphs 147 and 161 of the *First Amended Complaint and Demand for Jury Trial.*

Exhibit B

OBJECTION: Defendant objects to this Request on the grounds it seeks information protected by the attorney-client privilege, work product doctrine, mental impressions of counsel, common-interest privilege, and information generated in anticipation of litigation and trial, including but not limited to notes/memoranda prepared by counsel and/or correspondence between Defendant and its counsel related to this matter.  Defendant objects to this Request as overbroad and unduly burdensome because it seeks "all notes, reports, memoranda, statements, entries, emails, electronic messages, invoices or other documents related to or justifying Ocwen's response to Freeman's NOE No. 2," without any time limitation or reasonable description of documents sought and thus necessarily encompasses irrelevant information outside the scope of, and time period relevant to, Plaintiff's claims in this case which do not extend throughout the entire life of the Loan.  Defendant also objects to this Request as disproportional to the needs of the case, considering the amount in controversy, the parties' resources, the lack of importance of the discovery in resolving the liability issue, and because the burden or expense of the proposed discovery outweighs its likely benefit.  Defendant objects to this Request to the extent the documents sought are in the possession of another entity, and which are not in the possession, dominion, and/or control of Defendant.  Defendant further objects to this Request as overbroad and unduly burdensome to the extent the documents sought are equally available to Plaintiff. Defendant also objects to the extent that this Request seeks to elicit trade secrets or other confidential or proprietary commercial or business information, including but not limited to confidential information regarding its business practices.

RESPONSE: Without waiving its objection, see documents Bates stamped Ocwen_Freeman000001-003177.

Exhibit B

FIRST SUPPLEMENTAL RESPONSE: Without waiving its objections, see documents Bates stamped Ocwen_Freeman003178-003891.

**SECOND SUPPLEMENTAL RESPONSE:   Without waiving its objections, see documents Bates stamped Ocwen_Freeman004444-004825.**

18.    Full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents related to or justifying Ocwen's response to Freeman's NOE No. 3 as identified in paragraphs 166 and 1172 of the *First Amended Complaint and Demand for Jury Trial.*

OBJECTION: Defendant objects to this Request on the grounds it seeks information protected by the attorney-client privilege, work product doctrine, mental impressions of counsel, common-interest privilege, and information generated in anticipation of litigation and trial, including but not limited to notes/memoranda prepared by counsel and/or correspondence between Defendant and its counsel related to this matter.  Defendant objects to this Request as overbroad and unduly burdensome because it seeks "all notes, reports, memoranda, statements, entries, emails, electronic messages, invoices or other documents related to or justifying Ocwen's response to Freeman's NOE No. 3," without any time limitation or reasonable description of documents sought and thus necessarily encompasses irrelevant information outside the scope of, and time period relevant to, Plaintiff's claims in this case which do not extend throughout the entire life of the Loan.  Defendant objects to the phrase "as identified in paragraphs 166 and 1172" as vague and ambiguous because there is no Paragraph 1172 in the First Amended Complaint.  Defendant further objects because the Exhibit cited in Paragraph 166 of the *First Amended Complaint* is not

Exhibit B

attached to the *First Amended Complaint*.   Defendant also objects to this Request as disproportional to the needs of the case, considering the amount in controversy, the parties' resources, the lack of importance of the discovery in resolving the liability issue, and because the burden or expense of the proposed discovery outweighs its likely benefit.   Defendant objects to this Request to the extent the documents sought are in the possession of another entity, and which are not in the possession, dominion, and/or control of Defendant.   Defendant further objects to this Request as overbroad and unduly burdensome to the extent the documents sought are equally available to Plaintiff.   Defendant also objects to the extent that this Request seeks to elicit trade secrets or other confidential or proprietary commercial or business information, including but not limited to confidential information regarding its business practices.

RESPONSE: Without waiving its objection, see documents Bates stamped Ocwen_Freeman000001-003177.

FIRST SUPPLEMENTAL RESPONSE: Without waiving its objections, see documents Bates stamped Ocwen_Freeman003178-003891.

**SECOND SUPPLEMENTAL RESPONSE:   Without waiving its objections, see documents Bates stamped Ocwen_Freeman004444-004825.**

19.   Full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents related to or justifying Ocwen's response to Freeman's NOE No. 4, dated January 10, 2019.

OBJECTION: Defendant objects to this Request on the grounds it seeks information protected by the attorney-client privilege, work product doctrine, mental impressions of counsel,

Exhibit B

common-interest privilege, and information generated in anticipation of litigation and trial, including but not limited to notes/memoranda prepared by counsel and/or correspondence between Defendant and its counsel related to this matter.  Defendant objects to this Request as overbroad and unduly burdensome because it seeks "all notes, reports, memoranda, statements, entries, emails, electronic messages, invoices or other documents related to or justifying Ocwen's response to Freeman's NOE No. 4," without any time limitation or reasonable description of documents sought and thus necessarily encompasses irrelevant information outside the scope of, and time period relevant to, Plaintiff's claims in this case which do not extend throughout the entire life of the Loan.  Defendant also objects to this Request as disproportional to the needs of the case, considering the amount in controversy, the parties' resources, the lack of importance of the discovery in resolving the liability issue, and because the burden or expense of the proposed discovery outweighs its likely benefit.  Defendant objects to this Request to the extent the documents sought are in the possession of another entity, and which are not in the possession, dominion, and/or control of Defendant.  Defendant further objects to this Request as overbroad and unduly burdensome to the extent the documents sought are equally available to Plaintiff. Defendant also objects to the extent that this Request seeks to elicit trade secrets or other confidential or proprietary commercial or business information, including but not limited to confidential information regarding its business practices.

RESPONSE:  Without waiving its objection, see documents Bates stamped Ocwen_Freeman000001-003177.

FIRST SUPPLEMENTAL RESPONSE: Without waiving its objections, see documents Bates stamped Ocwen_Freeman003178-003891.

Exhibit B

**SECOND SUPPLEMENTAL RESPONSE**: **Without waiving its objections, see documents Bates stamped Ocwen_Freeman004444-004825.**

20.     Full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents related to Ocwen's initiation and/or filing of the Second Foreclosure Case on behalf of New York Mellon.

OBJECTION: Defendant objects to this Request on the grounds it seeks information protected by the attorney-client privilege, work product doctrine, mental impressions of counsel, common-interest privilege, and information generated in anticipation of litigation and trial, including but not limited to notes/memoranda prepared by counsel and/or correspondence between Defendant and its counsel related to this matter.  Defendant objects to this Request as overbroad and unduly burdensome because it seeks "all notes, reports, memoranda, statements, entries, emails, electronic messages, invoices or other documents related to Ocwen's initiation and/or filing of the Second Foreclosure Case," without any time limitation or reasonable description of documents sought and thus necessarily encompasses irrelevant information outside the scope of, and time period relevant to, Plaintiff's claims in this case which do not extend throughout the entire life of the Loan.  Defendant also objects to this Request as disproportional to the needs of the case, considering the amount in controversy, the parties' resources, the lack of importance of the discovery in resolving the liability issue, and because the burden or expense of the proposed discovery outweighs its likely benefit.  Defendant objects to this Request to the extent the documents sought are in the possession of another entity, and which are not in the possession, dominion, and/or control of Defendant.  Defendant further objects to this Request as overbroad and unduly burdensome to the extent the documents sought are equally available to Plaintiff.

27

Exhibit B

Defendant also objects to the extent that this Request seeks to elicit trade secrets or other confidential or proprietary commercial or business information, including but not limited to confidential information regarding its business practices.

RESPONSE:  Without waiving its objection, see documents Bates stamped Ocwen_Freeman000001-003177.  By way of further response, Defendant directs Plaintiff to the public filings in Case No. 29D03-1808-MF-007526 filed in Hamilton County Superior Court, Indiana.

FIRST SUPPLEMENTAL RESPONSE: Without waiving its objections, see documents Bates stamped Ocwen_Freeman003178-003891.


21.     Full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents related to or justifying the allegation in the Second Foreclosure Case that Freeman owed a principle balance of $88,039.35, plus other foreclosure related fees.

OBJECTION:  Defendant objects to this Request on the grounds it seeks information protected by the attorney-client privilege, work product doctrine, mental impressions of counsel, common-interest privilege, and information generated in anticipation of litigation and trial, including but not limited to notes/memoranda prepared by counsel and/or correspondence between Defendant and its counsel related to this matter.  Defendant objects to this Request as overbroad and unduly burdensome because it seeks "all notes, reports, memoranda, statements, entries, emails, electronic messages, invoices or other documents related to or justifying the allegation in the Second Foreclosure Case that Freeman owed a principal balance of $88,039.35," without any time limitation or reasonable description of documents sought and thus necessarily encompasses

Exhibit B

irrelevant information outside the scope of, and time period relevant to, Plaintiff's claims in this case which do not extend throughout the entire life of the Loan.  Defendant also objects to this Request as disproportional to the needs of the case, considering the amount in controversy, the parties' resources, the lack of importance of the discovery in resolving the liability issue, and because the burden or expense of the proposed discovery outweighs its likely benefit.  Defendant objects to this Request to the extent the documents sought are in the possession of another entity, and which are not in the possession, dominion, and/or control of Defendant.  Defendant further objects to this Request as overbroad and unduly burdensome to the extent the documents sought are equally available to Plaintiff.  Defendant also objects to the extent that this Request seeks to elicit trade secrets or other confidential or proprietary commercial or business information, including but not limited to confidential information regarding its business practices.

RESPONSE: Without waiving its objection, see documents Bates stamped Ocwen_Freeman000001-003177.  By way of further response, Defendant directs Plaintiff to the public filings in Case No. 29D03-1808-MF-007526 filed in Hamilton County Superior Court, Indiana.

FIRST SUPPLEMENTAL RESPONSE: Without waiving its objections, see documents Bates stamped Ocwen_Freeman003178-003891.


22.     A full and complete copy of the servicing agreement, servicing contract, or other memoranda setting forth or describing the terms, limitations, and/or scope of Ocwen's servicing duties as they relate to New York Mellon and the Loan.

OBJECTION: Defendant objects to this Request as overbroad and unduly burdensome because it contains no time limitation and thus necessarily seeks irrelevant information outside the

Exhibit B

scope of, and time period relevant to, Plaintiff's claims in this case. Defendant also objects to this Request as disproportional to the needs of the case, considering the amount in controversy, the parties' resources, the lack of importance of the discovery in resolving the liability issue, and because the burden or expense of the proposed discovery outweighs its likely benefit. Defendant objects to this Request on the grounds it seeks information protected by the attorney-client privilege, work product doctrine, mental impressions of counsel, common-interest privilege, and information generated in anticipation of litigation and trial, including but not limited to notes/memoranda prepared by counsel and/or correspondence between Defendant and its counsel related to this matter. Defendant also objects to the extent that this Request seeks to elicit trade secrets or other confidential or proprietary commercial or business information, including but not limited to confidential information regarding its business practices.

RESPONSE: Pursuant to the foregoing objections, no documents will be produced at this time.

FIRST SUPPLEMENTAL RESPONSE: Without waiving its objections, see documents Bates stamped Ocwen_Freeman004214-004385.

23. Full and complete copies of all notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents related to or justifying the dismissal of the Second Foreclosure Case on January 23, 2019.

OBJECTION: Defendant objects to this Request on the grounds it seeks information protected by the attorney-client privilege, work product doctrine, mental impressions of counsel, common-interest privilege, and information generated in anticipation of litigation and trial,

Exhibit B

including but not limited to notes/memoranda prepared by counsel and/or correspondence between Defendant and its counsel related to this matter.  Defendant objects to this Request as overbroad and unduly burdensome because it seeks "all notes, reports, memoranda, statements, entries, emails, electronic messages, invoices or other documents related to or justifying the dismissal of the Second Foreclosure Case," without any time limitation or reasonable description of documents sought and thus necessarily encompasses irrelevant information outside the scope of, and time period relevant to, Plaintiff's claims in this case which do not extend throughout the entire life of the Loan.  Defendant also objects to this Request as disproportional to the needs of the case, considering the amount in controversy, the parties' resources, the lack of importance of the discovery in resolving the liability issue, and because the burden or expense of the proposed discovery outweighs its likely benefit.  Defendant objects to this Request to the extent the documents sought are in the possession of another entity, and which are not in the possession, dominion, and/or control of Defendant.  Defendant further objects to this Request as overbroad and unduly burdensome to the extent the documents sought are equally available to Plaintiff. Defendant also objects to the extent that this Request seeks to elicit trade secrets or other confidential or proprietary commercial or business information, including but not limited to confidential information regarding its business practices.

RESPONSE: Without waiving its objection, see documents Bates stamped Ocwen_Freeman000001-003177.  By way of further response, Defendant directs Plaintiff to the public filings in Case No. 29D03-1808-MF-007526 filed in Hamilton County Superior Court, Indiana.

FIRST SUPPLEMENTAL RESPONSE: Without waiving its objections, see documents Bates stamped Ocwen_Freeman003178-003891.

Exhibit B

24.     A full complete copy of Ocwen's entire servicing file relative to the Loan, including without limitation a full and complete copy of all servicing notes, collection notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents generated in connection with the servicing of this loan as well as all correspondence and documents directed to Freeman or received by Ocwen from Freeman, including without limitation all recordings of all telephone calls between Freeman and any representative of Ocwen.

OBJECTION: Defendant objects to this Request as overbroad and unduly burdensome because it seeks "Ocwen's entire servicing file relative to the Loan, including without limitation a full and complete copy of all servicing notes, collection notes, reports, memoranda, statements, entries, emails, electronic messages, or other documents generated in connection with the servicing of this loan as well as all correspondence and documents directed to Freeman or received by Ocwen from Freeman, including without limitation all recordings of all telephone calls between Freeman and any representative of Ocwen," without any time limitation and thus necessarily encompasses irrelevant information outside the scope of, and time period relevant to, Plaintiff's claims in this case which do not extend throughout the entire life of the Loan.  Defendant also objects to this Request as disproportional to the needs of the case, considering the amount in controversy, the parties' resources, the lack of importance of the discovery in resolving the liability issue, and because the burden or expense of the proposed discovery outweighs its likely benefit.  Defendant objects to this Request to the extent the documents sought are in the possession of another entity, and which are not in the possession, dominion, and/or control of Defendant.  Defendant further objects to this Request as overbroad and unduly burdensome to the extent the documents sought are equally available to Plaintiff.  Defendant objects to this Request on the grounds it seeks information protected by the attorney-client privilege, work product doctrine, mental impressions

Exhibit B

of counsel, common-interest privilege, and information generated in anticipation of litigation and trial, including but not limited to notes/memoranda prepared by counsel and/or correspondence between Defendant and its counsel related to this matter.  Defendant also objects to the extent that this Request seeks to elicit trade secrets or other confidential or proprietary commercial or business information, including but not limited to confidential information regarding its business practices.

RESPONSE:  Without  waiving  its  objection,  see  documents  Bates  stamped Ocwen_Freeman000001-003177.

FIRST SUPPLEMENTAL RESPONSE: Without waiving its objections, see documents Bates stamped Ocwen_Freeman003178-004213, 004386-004443.

25.    Full and complete records of all payments and all disbursements related to the Loan, including without limitation all transaction histories, account reconciliation histories, bankruptcy reconciliation histories, life of loan histories, and monthly statements.

OBJECTION: Defendant objects to this Request as overbroad and unduly burdensome because it seeks "records of all payments and all disbursements related to the Loan, including without limitation all transaction histories, account reconciliation histories, bankruptcy reconciliation histories, life of loan histories, and monthly statements," without any time limitation or reasonable description of documents sought and thus necessarily encompasses irrelevant information outside the scope of, and time period relevant to, Plaintiff's claims in this case which do not extend throughout the entire life of the Loan.  Defendant also objects to this Request as disproportional to the needs of the case, considering the amount in controversy, the parties' resources, the lack of importance of the discovery in resolving the liability issue, and because the burden or expense of the proposed discovery outweighs its likely benefit.  Defendant objects to

Exhibit B

this Request to the extent the documents sought are in the possession of another entity, and which are not in the possession, dominion, and/or control of Defendant.  Defendant further objects to this Request as overbroad and unduly burdensome to the extent the documents sought are equally available to Plaintiff.  Defendant objects to this Request on the grounds it seeks information protected by the attorney-client privilege, work product doctrine, mental impressions of counsel, common-interest privilege, and information generated in anticipation of litigation and trial, including but not limited to notes/memoranda prepared by counsel and/or correspondence between Defendant and its counsel related to this matter.  Defendant also objects to the extent that this Request seeks to elicit trade secrets or other confidential or proprietary commercial or business information, including but not limited to confidential information regarding its business practices.

RESPONSE: Without waiving its objection, see documents Bates stamped Ocwen_Freeman000001-003177.

FIRST SUPPLEMENTAL RESPONSE: Without waiving its objections, see documents Bates stamped Ocwen_Freeman003178-003990, 004386-00443.

26.    Full and complete copies of all servicing manuals, memoranda, notes, polices, and employee training materials related to reviewing, analyzing, and responding to Notices of Errors pursuant to 12 C.F.R. §1024.35 and/or responding to any other correspondence from a borrower regarding concerns or potential errors with their loans.

OBJECTION: Defendant objects to this Request as overbroad and unduly burdensome because it seeks "all servicing manuals, memoranda, notes, polices, and employee training materials related to reviewing, analyzing, and responding to Notices of Errors pursuant to 12

34

Exhibit B

C.F.R. §1024.35 and/or responding to any other correspondence from a borrower regarding concerns or potential errors with their loans," without any time limitation which necessarily encompasses irrelevant information outside the scope of, and time period relevant to, Plaintiff's claims in this case.  Defendant also objects to this Request as disproportional to the needs of the case, considering the amount in controversy, the parties' resources, the lack of importance of the discovery in resolving the liability issue, and because the burden or expense of the proposed discovery outweighs its likely benefit.  Defendant objects to this Request on the grounds it seeks information protected by the attorney-client privilege, work product doctrine, mental impressions of counsel, common-interest privilege, and information generated in anticipation of litigation and trial, including but not limited to notes/memoranda prepared by counsel and/or correspondence between Defendant and its counsel related to this matter.  Defendant also objects to the extent that this Request seeks to elicit trade secrets or other confidential or proprietary commercial or business information, including but not limited to confidential information regarding its business practices.

     <u>RESPONSE</u>: Pursuant to the foregoing objections, no documents will be produced at this time.

     **<u>SECOND SUPPLEMENTAL RESPONSE</u>:  Without waiving its objections, see documents Bates stamped Ocwen_Freeman004444-004825.**

     27.    Full and complete copies of any and all contracts and vendor policies that Ocwen has with any outside entity or vendor that Ocwen utilizes for the mailing of any notices related to the Loan, including without limitation for mailing acknowledgments of, or responses to, Notices of Error pursuant to 12 C.F.R. § 1024.35.

Exhibit B

OBJECTION: Defendant objects to this Request as overbroad and unduly burdensome because it seeks "any and all contracts and vendor policies that Ocwen has with any outside entity or vendor that Ocwen utilizes for the mailing of any notices related to the Loan, including without limitation for mailing acknowledgments of, or responses to, Notices of Error pursuant to 12 C.F.R. § 1024.35," without any time limitation which necessarily encompasses irrelevant information outside the scope of, and time period relevant to, Plaintiff's claims in this case.  Defendant also objects to this Request as disproportional to the needs of the case, considering the amount in controversy, the parties' resources, the lack of importance of the discovery in resolving the liability issue, and because the burden or expense of the proposed discovery outweighs its likely benefit. Defendant objects to this Request to the extent the documents sought are in the possession of another entity, and which are not in the possession, dominion, and/or control of Defendant. Defendant further objects to this Request as overbroad and unduly burdensome to the extent the documents sought are equally available to Plaintiff.  Defendant objects to this Request on the grounds it seeks information protected by the attorney-client privilege, work product doctrine, mental impressions of counsel, common-interest privilege, and information generated in anticipation of litigation and trial, including but not limited to notes/memoranda prepared by counsel and/or correspondence between Defendant and its counsel related to this matter. Defendant also objects to the extent that this Request seeks to elicit trade secrets or other confidential or proprietary commercial or business information, including but not limited to confidential information regarding its business practices.

RESPONSE: Pursuant to the foregoing objections, no documents will be produced at this time.

Exhibit B

28.    A full and complete copy of the employment file of each Ocwen employee who was personally involved in the investigation or review of Freeman's various Notices of Error or other written correspondence provided by Freeman or on her behalf, the preparation of any response to Freeman's various Notices of Error or written correspondence, was a party to any telephone conversation with Freeman, or was otherwise tasked by Ocwen to correct any errors associated with the Loan, including without limitation "Sangeetha S." and "Needish Krishnamoorthy R."

OBJECTION: Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome in scope, as it seeks "personnel files" for employees "involved in the investigation or review of Freeman's various Notices of Error or other written correspondence provided by Freeman or on her behalf, the preparation of any response to Freeman's various Notices of Error or written correspondence, was a party to any telephone conversation with Freeman, or was otherwise tasked by Ocwen to correct any errors associated with the Loan," which encompasses documents that are unrelated to Plaintiff's Complaint or Ocwen's defenses, span across an unlimited period of time, and/or are outside the time period applicable to Plaintiff's claims in this case. Defendant also objects because this Request is disproportional to the needs of the case, considering the amount in controversy, the parties' resources, the lack of importance of the discovery in resolving the liability issue, and because the burden or expense of the proposed discovery outweighs its likely benefit. Defendant objects to the extent this Request seeks to elicit trade secrets or other confidential or proprietary commercial or business information. Defendant also objects because this Request seeks information that is protected by third parties' rights of privacy. Defendant further objects to the extent this Request seeks information protected by the attorney-client privilege, work product doctrine, mental impressions of counsel, common-interest

Exhibit B

privilege, and information generate in anticipation of litigation and trial, including but not limited to notes/memoranda prepared by counsel and/or correspondence between Defendant and its counsel related to this matter.  Defendant also objects to the extent that this Request seeks to elicit trade secrets or other confidential or proprietary commercial or business information, including but not limited to confidential information regarding its personnel.

RESPONSE: Pursuant to the foregoing objections, no documents will be produced at this time.


29.    Full and complete copies of any and all documents relating to policies or directives of Ocwen regarding treatment of loans and mortgage accounts of debtors involved in a Chapter 13 bankruptcy, including without limitation any post-petition payment application policies and directives.

OBJECTION: Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome because the request seeks information that is beyond the scope of Plaintiff's claims in this case.  Defendant also objects because this Request is disproportional to the needs of the case, considering the amount in controversy, the parties' resources, the lack of importance of the discovery in resolving the liability issue, and because the burden or expense of the proposed discovery outweighs its likely benefit.  Defendant objects to the extent this Request seeks information protected by the attorney-client privilege, work product doctrine, mental impressions of counsel, common-interest privilege, and information generated in anticipation of litigation and trial, including but not limited to notes/memoranda prepared by counsel and/or correspondence between Defendant and its counsel related to this matter.  Defendant also objects to the extent that

Exhibit B

this Request seeks to elicit trade secrets or other confidential or proprietary commercial or business information, including but not limited to confidential information regarding its business practices.

RESPONSE: Pursuant to the foregoing objections, no documents will be produced at this time.

30.    Full and complete copies of any and all documents relating to policies or directives regarding collection procedures for loans or mortgage accounts that were involved in a Chapter 13 bankruptcy, including without limitation policies or directives directly affecting the Loan.

OBJECTION: Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome because the request seeks information that is beyond the scope of Plaintiff's claims in this case. Defendant also objects because this Request is disproportional to the needs of the case, considering the amount in controversy, the parties' resources, the lack of importance of the discovery in resolving the liability issue, and because the burden or expense of the proposed discovery outweighs its likely benefit. Defendant objects to the extent this Request seeks information protected by the attorney-client privilege, work product doctrine, mental impressions of counsel, common-interest privilege, and information generated in anticipation of litigation and trial, including but not limited to notes/memoranda prepared by counsel and/or correspondence between Defendant and its counsel related to this matter. Defendant also objects to the extent that this Request seeks to elicit trade secrets or other confidential or proprietary commercial or business information, including but not limited to confidential information regarding its business practices.

RESPONSE: Pursuant to the foregoing objections, no documents will be produced at this time.

Exhibit B

31.     Copies of any and all consumer complaints about Ocwen from the Consumer Financial Protection Bureau related to the issue characterized by the Consumer Financial Protection Bureau's Consumer Complaint Database as "Loan modification, collection, foreclosure" during the time period from January of 2016 to the present.

OBJECTION: Defendant objects to this Request as overbroad and unduly burdensome because it seeks "any and all consumer complaints about Ocwen from the Consumer Financial Protection Bureau related to the issue characterized by the Consumer Financial Protection Bureau's Consumer Complaint Database as 'Loan modification, collection, foreclosure' during the time period from January of 2016 to the present," which necessarily encompasses irrelevant information outside the scope of, and time period relevant to, Plaintiff's claims in this case because it concerns other consumers/loans.  In particular, information and/or opinions submitted to the Consumer Financial Protection Bureau by individuals not associated with Plaintiff or her Loan have nothing to do with the facts or legal issues presented by this case.  Defendant also objects to this Request as disproportional to the needs of the case, considering the amount in controversy, the parties' resources, the lack of importance of the discovery in resolving the liability issue, and because the burden or expense of the proposed discovery outweighs its likely benefit.  Defendant objects to this Request to the extent the documents sought are in the possession of another entity, and which are not in the possession, dominion, and/or control of Defendant.  Defendant objects to this Request to the extent it asks Defendant to violate third-party privacy rights and/or any agreements requiring confidentiality over information.  Defendant further objects to this Request as overbroad and unduly burdensome to the extent the documents sought are equally available to Plaintiff.  Defendant objects to this Request on the grounds it seeks information protected by the attorney-client privilege, work product doctrine, mental impressions of counsel, common-interest

Exhibit B

privilege, and information generated in anticipation of litigation and trial, including but not limited to notes/memoranda prepared by counsel and/or correspondence between Defendant and its counsel related to this matter.  Defendant also objects to the extent that this Request seeks to elicit trade secrets or other confidential or proprietary commercial or business information, including but not limited to confidential information regarding its business practices.

RESPONSE: Pursuant to the foregoing objections, no documents will be produced at this time.


32.    Copies of any and all of Ocwen's responses to the consumer complaints produced in response to the immediately preceding request.

OBJECTION: Defendant objects to this Request as overbroad and unduly burdensome because it seeks "any and all of Ocwen's responses to the consumer complaints produced in response to the immediately preceding request," which necessarily encompasses irrelevant information outside the scope of, and time period relevant to, Plaintiff's claims in this case because it concerns other consumers/loans.  In particular, information and/or correspondence related to other consumers is not relevant to the facts or legal issues presented by this case.  Defendant also objects to this Request as disproportional to the needs of the case, considering the amount in controversy, the parties' resources, the lack of importance of the discovery in resolving the liability issue, and because the burden or expense of the proposed discovery outweighs its likely benefit. Defendant objects to this Request to the extent the documents sought are in the possession of another entity, and which are not in the possession, dominion, and/or control of Defendant. Defendant further objects to this Request as overbroad and unduly burdensome to the extent the documents sought are equally available to Plaintiff because it concerns other consumers/loans.

Exhibit B

Defendant objects to this Request to the extent it asks Defendant to violate third-party privacy rights and/or any agreements requiring confidentiality over information.  Defendant objects to this Request on the grounds it seeks information protected by the attorney-client privilege, work product doctrine, mental impressions of counsel, common-interest privilege, and information generated in anticipation of litigation and trial, including but not limited to notes/memoranda prepared by counsel and/or correspondence between Defendant and its counsel related to this matter.  Defendant also objects to the extent that this Request seeks to elicit trade secrets or other confidential or proprietary commercial or business information, including but not limited to confidential information regarding its business practices.

RESPONSE: Pursuant to the foregoing objections, no documents will be produced at this time.

33.    Copies of any and all documents utilized or otherwise relied upon by Ocwen in reviewing, researching, drafting, and submitting the responses produced in response to the immediately preceding request.

OBJECTION: Defendant objects to this Request as overbroad and unduly burdensome because it seeks "any and all documents utilized or otherwise relied upon by Ocwen in reviewing, researching, drafting, and submitting the responses produced in response to the immediately preceding request," which necessarily encompasses irrelevant information outside the scope of, and time period relevant to, Plaintiff's claims in this case because it concerns other consumers/loans.  In particular, information and/or correspondence related to other consumers is not relevant to the facts or legal issues presented by this case.  Defendant also objects to this Request as disproportional to the needs of the case, considering the amount in controversy, the

Exhibit B

parties' resources, the lack of importance of the discovery in resolving the liability issue, and because the burden or expense of the proposed discovery outweighs its likely benefit.  Defendant objects to this Request to the extent the documents sought are in the possession of another entity, and which are not in the possession, dominion, and/or control of Defendant.  Defendant further objects to this Request as overbroad and unduly burdensome to the extent the documents sought are equally available to Plaintiff.  Defendant objects to this Request to the extent it asks Defendant to violate third-party privacy rights and/or any agreements requiring confidentiality over information.  Defendant objects to this Request on the grounds it seeks information protected by the attorney-client privilege, work product doctrine, mental impressions of counsel, common-interest privilege, and information generated in anticipation of litigation and trial, including but not limited to notes/memoranda prepared by counsel and/or correspondence between Defendant and its counsel related to this matter.  Defendant also objects to the extent that this Request seeks to elicit trade secrets or other confidential or proprietary commercial or business information, including but not limited to confidential information regarding its business practices.

RESPONSE: Pursuant to the foregoing objections, no documents will be produced at this time.

FIRST SUPPLEMENTAL RESPONSE: Without waiving its objections, see documents Bates stamped Ocwen_Freeman003178-004443.

**SECOND SUPPLEMENTAL RESPONSE:  Without waiving its objections, see documents Bates stamped Ocwen_Freeman004444-004825.**

Exhibit B

34.     Each and every document identified in any response to any interrogatory served by Freeman in this matter.

OBJECTION: Defendant objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, mental impressions of counsel, common-interest privilege, and information generated in anticipation of litigation and trial, including but not limited to notes/memoranda prepared by counsel and/or correspondence between Defendant and its counsel.  Defendant also objects to the extent that this Request seeks to elicit trade secrets or other confidential or proprietary commercial or business information, including but not limited to confidential information regarding its business practices.  Defendant further objects because this Request is disproportional to the needs of the case, considering the amount in controversy, the parties' resources, the lack of importance of the discovery in resolving the liability issue, and because the burden or expense of the proposed discovery outweighs its likely benefit, which includes by it not limited to instances where the requested documents are equally available to Plaintiff.

RESPONSE: Without waiving its objections, see documents Bates stamped Ocwen_Freeman000001-003177.

FIRST SUPPLEMENTAL RESPONSE: Without waiving its objections, see documents Bates stamped Ocwen_Freeman003178-004443.

**SECOND SUPPLEMENTAL RESPONSE:  Without waiving its objections, see documents Bates stamped Ocwen_Freeman004444-004825.**

44

Exhibit B

35.    A copy of each and every exhibit you intend to use at trial on this matter.

OBJECTION:   Defendant objects to this Request to the extent it seeks to impose obligations beyond those prescribed by the *Federal Rules of Civil Procedure*.   Defendant's investigation into this matter is ongoing, and additional information or documents unknown to Defendant may be used at trial.

RESPONSE:  Without waiving its objection, and expressly reserving the right to produce additional materials to be used a trial, Defendant may use any of the following  documents Bates stamped Ocwen_Freeman000001-003177 at trial.  By way of further response, Defendant reserves the right to use any information, documents, or discovery responses produced by Plaintiff or other party at trial.

FIRST SUPPLEMENTAL RESPONSE: Without waiving its objections, see documents Bates stamped Ocwen_Freeman003178-004443.

**SECOND SUPPLEMENTAL RESPONSE:   Without waiving its objections, see documents Bates stamped Ocwen_Freeman004444-004825.**

Dated: August 12, 2019                                Respectfully submitted,

By: */s/ Ethan G. Ostroff*
Ethan G. Ostroff
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23454
Telephone: (757) 687-7500
E-mail: ethan.ostroff@troutman.com

*Counsel for Ocwen Loan Servicing, LLC*

45

Exhibit B

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served via email this 12th day of August, 2019 to:

Travis W. Cohron
Michael P. Maxwell, Jr.
**CLARK, QUINN, MOSES, SCOTT & GRAHN, LLP**
320 N. Meridian Street, Suite 1100
Indianapolis, IN 46204 Telephone: (317) 637-1321
tcohron@clarkquinnlaw.com
mmaxwell@clarkquinnlaw.com

Dated: August 12, 2019                    Respectfully submitted,

By: */s/ Ethan G. Ostroff*
Ethan G. Ostroff
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23454
Telephone: (757) 687-7500
E-mail: ethan.ostroff@troutman.com

*Counsel for Ocwen Loan Servicing, LLC*

694

Exhibit B