UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEMONA FREEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-03844-TWP-DLP |
| ) | |
| OCWEN LOAN SERVICING, LLC, ) | |
| BANK OF NEW YORK MELLON, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter comes before the Court on the Plaintiff's Third Motion to Compel and for an Order Imposing Sanctions, Dkt. [250]. The motion was referred to the Undersigned for ruling and, for the reasons that follow, is hereby **GRANTED IN PART** and **DENIED IN PART**.

I. Background[1]

Plaintiff, Demona Freeman, holds a mortgage loan owned by Defendant Bank of New York Mellon ("BONY"). (Dkt. 84 at 2). The loan is serviced by Defendant Ocwen Loan Servicing, LLC ("Ocwen"). (Id.). BONY filed a foreclosure action against Plaintiff in April 2009, and in April 2012, Plaintiff filed for bankruptcy. (Id. at 10). Plaintiff alleges that she obtained a copy of the loan mortgage transactional history for the Loan which showed substantial misconduct regarding the servicing of her loan. (Dkt. 84 at 15-18). Further, she alleges that because of this misconduct,

---

[1] The facts were laid out in complete detail in the Court's Order on Defendants' Motion to Dismiss. (Dkt. 133). As such, the Undersigned will reference only those facts necessary to render this opinion.

1

Ocwen erroneously initiated a second foreclosure proceeding, which was ultimately dismissed. (Dkt. 84 at 15-32). Plaintiff originally alleged violations of several statutes, but after the Court's ruling on the Defendants' Motion to Dismiss, only three claims remain: (1) breach of contract against BONY for its failure to accept Plaintiff's timely and adequate mortgage payments as contractually obligation, failure to credit and apply Plaintiff's payments as contractually obligated, and assessment of unauthorized late fees, legal fees, costs, and property inspection fees; (2) violations of the Real Estate Settlement Procedures Act ("RESPA") error resolution procedures, to the extent the claim is not based on Section 2609; and (3) violations of the Fair Debt Collection Practices Act ("FDCPA"), to the extent the claim is based on conduct that occurred after December 6, 2017. (Dkt. 133).

On January 11, 2021, the Plaintiff filed a motion to reconsider the Court's ruling on the Defendants' Motion to Dismiss. (Dkt. 140). All discovery in the case was then stayed pending the Court's ruling on the Plaintiff's Motion for Reconsideration of the Court's Order on the Defendants' Motion to Dismiss, which was issued on November 4, 2021. (Dkts. 140, 194). During the discovery process, Plaintiff took issue with several of Ocwen's responses to her Requests for Production. The parties met and conferred regarding the issue and discussed it with the Court during the telephonic discovery conference conducted on March 7, 2022. With the Court's permission, the Plaintiff filed the present Third Motion to Compel and for an Order Imposing Sanctions on March 30, 2022. (Dkt. 250). Defendant

Ocwen filed a response on April 20, 2022, and the Plaintiff filed a reply on April 27, 2022. (Dkts. 263, 273). The motion is now ripe and ready for consideration.

## II. Legal Standard

Discovery is a mechanism to avoid surprise, disclose the nature of the controversy, narrow the contested issues, and provide the parties a means by which to prepare for trial. 8 Wright & Miller, *Federal Practice and Procedure* § 2001, at 44-45 (2d ed. 1994). To effectuate these purposes, the federal discovery rules are liberally construed. *Spier v. Home Ins. Co.*, 404 F.2d 896 (7th Cir. 1968). See also 8 Wright & Miller, *Federal Practice and Procedure* § 2001, at 44 (2d ed. 1994).

Rule 26 of the Federal Rules of Civil Procedure permits the discovery of nonprivileged matter "that is relevant" to a party's claim or defense and "proportional" to the needs of a case, considering the importance of the issues at stake, the importance of the discovery in resolving those issues, the amount in controversy, and the weighing of burdens and benefits. *See* Rule 26(b)(1). "Discovery must hew closely to matters specifically described in the complaint lest discovery, because of its burden and expense, become the centerpiece of litigation strategy." *McCartor v. Rolls-Royce Corp.*, No. 1:08-cv-00133-WTL-DML, 2013 WL 5348536, at *7 (S.D. Ind. Sept. 24, 2013).

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. Fed. R. Civ. P. 37(a)(2)-(3). The party opposing a motion to compel has the burden to show the discovery requests are improper and to explain *precisely* why its objections are

3

proper given the broad and liberal construction of the federal discovery rules. *In re Aircrash Disaster Near Roselawn, Inc. Oct. 31, 1994*, 172 F.R.D. 295, 307 (N.D. Ill. 1997); *Cunningham v. Smithkline Beecham*, 255 F.R.D 474, 478 (N.D. Ind. 2009).

Rule 26(b)(2)(C) requires the Court to limit the extent of discovery if it finds that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; . . . or . . . is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). Federal Rule 26(b), describing the scope and limits of discovery, was amended effective December 1, 2015, to once again protect against over-discovery and to emphasize judicial management of the discovery process. *United States ex rel. Conroy v. Select Med. Corp.*, 307 F. Supp. 3d 896 (S.D. Ind. 2018). Magistrate judges enjoy extremely broad discretion in controlling discovery. *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013).

Requests for production are governed by Federal Rule of Civil Procedure 34, which provides that requests "must describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). The responding party must then "either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). Any objections must also "state whether any responsive materials are being withheld on the basis of that objection," but "[a]n objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

## III. Discussion

Plaintiff seeks an order compelling Defendant Ocwen to fully respond to three Requests for Production and an award of reasonable attorneys' fees and costs for having to bring the present motion. (Dkts. 250-51).

### a. Motion to Compel

#### i. Request No. 1

Request No. 1[2] of Plaintiff's Fourth Set of Requests for Production states:

> Please produce each Risk Convergence Tracker created between January 1, 2014 and January 1, 2020.

(Dkt. 251-4 at 2). On the May 3, 2022 telephonic discovery conference, Defendant stated on the record that the Risk Convergence Trackers are the same as the Risk Convergence Reports. Since this Court has already ordered that the Risk Convergence Reports be produced (Dkts. 227, 254), this request is denied as moot.

#### ii. Request No. 26

Request No. 26 of Plaintiff's First Set of Request for Production requests:

> Full and complete copies of all servicing manuals, memoranda, notes, polices, and employee training materials related to reviewing, analyzing, and responding to Notices of Errors pursuant to 12 C.F.R. §1024.35 and/or responding to any other correspondence from a borrower regarding concerns or potential errors with their loans.

(Dkt. 251-2 at 34). Ocwen claims that Plaintiff's arguments challenging its objections are meritless because five versions of the relevant policies and procedures have already been produced in this case. (Dkt. 263 at 16). Ocwen then goes on to

---

[2] Although Plaintiff's initial brief references Request No. 3, Defendant's response brief and Plaintiff's reply brief clarify that Plaintiff is actually seeking a response to Request No. 1. (Dkt. 263 at 14-15; Dkt. 273 at 15).

state, however, that "the fact remains that Request No. 26 is grossly overbroad, seeks irrelevant information, and implicates non-discoverable privileged information." (Dkt. 263 at 17). Based on Ocwen's responses, the Plaintiff, however, has consistently maintained, both in briefing and at the May 3, 2022 discovery conference, that it is not possible to tell whether Plaintiff's Request No. 26 was answered fully because of Ocwen's remaining objections after providing the second supplemental responses. In the brief, Plaintiff specifically notes that Ocwen does not indicate whether any documents are being withheld under any of the claimed objections and does not provide a privilege log. (Dkt. 251 at 20).

The party objecting to a request for production must show with specificity that the request is improper. *Gray v. U.S. Steel Corp.*, 284 F.R.D. 393, 396 (N.D. Ind. 2012) (citing *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009); *see also Barker v. Kapsch Trafficcom USA, Inc.*, 2020 WL 3618945, at *1 (S.D. Ind. July 1, 2020) ("When a party raises objections to discovery requests, the objecting party bears the burden to explain **precisely why** its objections are proper given the broad construction of the federal discovery rules.") (emphasis in original).

Ocwen objects to Request No. 26 on the bases that it is overbroad, unduly burdensome, and disproportional to the needs of the case. (Dkt. 263 at 17-19). Ocwen claims that Request No. 26 is overbroad because it contains no time limit and because the second half of the request seeks irrelevant information. (Id. at 17-18). The Court sustains Ocwen's objection as to the breadth of Request No. 26, insofar as it provides no time limit. Accordingly, the Court limits the request to

6

January 1, 2013 through the present. As to relevance, however, the Court finds that Plaintiff has demonstrated the relevance of the requested documents, especially given the incredibly liberal construction of discovery. Additionally, despite Rule 34's requirement of specificity, Ocwen makes no specific showing as to how Request No. 26 is unduly burdensome or disproportional to the needs of the case. *Gray*, 284 F.R.D. at 396 (party objecting does not meet burden by simply listing boilerplate objections that a request is burdensome or disproportional). Because Ocwen has failed to provide any additional information or support for this objection, the Court finds that Ocwen has failed to comply with Rule 34(b)(2)(C) of the Federal Rules of Civil Procedure.

 Ocwen also claims that Request No. 26 "does implicate privileged material." (Dkt. 263 at 18). Ocwen's objection based on privilege is as follows: "Defendant objects to this Request on the grounds it seeks information protected by the attorney-client privilege, work product doctrine, mental impressions of counsel, common-interest privilege, and information generated in anticipation of litigation and trial, including but not limited to notes/memoranda prepared by counsel and/or correspondence between Defendant and its counsel related to this matter." (Dkt. 251-2 at 35). Privilege is no different from any other discovery objection: it must be asserted with specificity, or it is waived. *In re Caesars Ent. Operating Co., Inc.*, No. 15 B 1145, 2018 WL 2431636, at *5 (Bankr. N.D. Ill. May 29, 2018). Failing to assert a protection in a privilege log amounts to a waiver of the privilege. *Urb. 8 Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4, LLC*, 334 F.R.D. 149, 160 (N.D.

Ill. 2020). Ocwen has failed to substantiate any of its privilege assertions or include any assertion of privilege in its privilege log and, thus, Ocwen's objections on the basis of privilege are waived.

Accordingly, the Court concludes that Ocwen's privilege objections are waived, Ocwen's objections as to relevance, burden, and proportionality are overruled, and Ocwen's objection as to breadth is sustained in part. Ocwen shall respond fully to Request No. 26, as required by Federal Rule of Civil Procedure 34(b)(2)(C), within 10 days of this Order.

> iii. *Request No. 5*

Request No. 5 of Plaintiff's Fourth Set of Requests for Production requests:

> Copies of all summaries and/or reports prepared by Goldin Associates, LLC pertaining to Ocwen Loan Servicing, LLC (or any related entity of Ocwen Loan Servicing, LLC including without limitation AltiSource) from January 1, 2015 to February 18, 2019. This request does not seek any unofficial correspondence between Ocwen and Goldin, specific borrower information, or specific loan identifiers used in creating said summaries and/or reports.

(Dkt. 251-4 at 9). Plaintiff asserts that Defendant Ocwen used a software-based servicing system, called REALServicing, that was subject to various failings. (Dkt. 251 at 1). Plaintiff indicates that in March 2015, "following the completion of a multi-state examination of alleged deficiencies in Ocwen's servicing platform and loss mitigation infrastructure, . . . Goldin Associates, LLC ("Goldin") was appointed as the Operations Monitor to 'report directly to' the New York State Department of Financial Services." (Dkt. 251 at 2). Goldin would assess the information technology systems and personnel, including with respect to record keeping and borrow

communications; the controls in identifying and correcting errors made by Ocwen's personnel or systems – that purview extends to matters that affect New York borrowers, including matters that touch all states or a group of states that include New York; and risk management functions. (Id.). Defendant objected to Request No. 5 on the bases that the discovery request is vague; ambiguous; overly broad, unduly burdensome; disproportional to the needs of the case; not relevant to the claims or defenses in this matter, seeks trade secrets or other confidential information; and seeks information protected by the attorney-client privilege, work-product doctrine, mental impressions of counsel, common-interest privilege, banking privilege, self-critical analysis privilege, and/or information generated in anticipation of litigation and trial. (Dkt. 251 at 6-7). Plaintiff asserts that the Goldin Reports[3] discovery request is relevant, not ambiguous or vague, proportional, not unduly burdensome, and not protected by any privilege. (Dkts. 251, 273). Because it is the Defendant's burden to prove the Plaintiff's discovery request improper, the Court will address each of the Defendant's objections to production in turn.

## A. Relevance

First, Ocwen asserts that the Goldin Reports are not relevant to Plaintiff's RESPA or FDCPA claims or to its own affirmative defenses because they contain no specific loan information and predate the alleged violations in this case. (Dkt. 263 at

---

[3] Although RFP No. 5 requests copies of "all summaries and/or reports" prepared by Goldin Associates, Plaintiff seems to limit her arguments to the Goldin Reports, which were the reports prepared by Goldin Associates pursuant to the Consent Order between Ocwen and the New York Department of Financial Services. Accordingly, the Court will similarly limit the scope of RFP No. 5 to request only the Goldin Reports.

9

3-6). Plaintiff maintains that the Goldin Reports are relevant to the claims and defenses in this case and also could reasonably lead to the discovery of other admissible evidence. (Dkt. 251 at 7). Specifically, Plaintiff contends that the Goldin Reports are relevant to establishing Ocwen's prior knowledge of systemic deficiencies associated with its loan handling and, thus, directly relevant to demonstrating Ocwen's pattern and practice of failings. (Dkt. 251 at 8-10; Dkt. 273 at 3-4). Establishing Ocwen's knowledge of systemic failings, Plaintiff contends, would allow her to satisfy elements of RESPA and FDCPA, and to rebut several of Ocwen's affirmative defenses. (Id.).

The Court's Order on the Defendants' Motions to Dismiss significantly limited the scope of this case, resulting in only two statutory claims. (Dkt. 133). As to the RESPA claim, Plaintiff asserts that the Goldin Reports are relevant to demonstrating that Ocwen failed to conduct reasonable investigations in response to her notices of error and has engaged in a "pattern and practice" of servicing misconduct. (Dkt. 251 at 8). Moreover, Plaintiff argues that the Goldin Reports contain the same type of evidence as the Risk Convergence Reports, which were previously found by this Court to be relevant, namely Ocwen's knowledge of systematic problems and the absence of procedures necessary to ensure compliance with the federal consumer protection laws implicated herein. (Dkt. 273 at 4). In response, Defendant maintains that the Goldin Reports are not relevant to Plaintiff's RESPA claim because they were created before Plaintiff's first notice of error, the alleged servicing errors that were the subject of Plaintiff's notices of error

10

are not relevant to a "pattern and practice" claim under RESPA, and the Goldin Reports do not contain any loan-specific information. (Dkt. 263 at 4-5). This issue certainly presents a close call, but given the broad, liberal interpretation of discovery, the Court is satisfied that Plaintiff has met her burden of demonstrating the relevance of the Goldin Reports with respect to her RESPA claim, especially with regard to substantiating her "pattern and practice" allegations.

As to the FDCPA claim, Plaintiff maintains that the Goldin Reports will demonstrate that Ocwen made knowingly false representations about the debt owed by Plaintiff, despite its knowledge of the REALServicing platform's widespread deficiencies. (Dkt. 251 at 9). Ocwen contends that "[l]iability under the FDCPA does not turn on whether Ocwen had knowledge of prior errors similar to those alleged by Plaintiff" but on whether "Ocwen made 'false statements or misrepresentations that would materially mislead or confuse an unsophisticated consumer.'" (Dkt. 263 at 3). Moreover, Defendant argues, the Goldin Reports do not contain any account-specific information, so they would be unlikely to provide relevant information on whether particular collection efforts were misleading or improper. (Id.). The Court is inclined to agree with Defendant. Goldin Reports that contain no loan-specific information are not likely to assist Plaintiff in proving that Ocwen misled her about the status of her loan or others about the status of their loans.

As to Ocwen's "bona fide error" defense, Plaintiff asserts that if Ocwen "knew of its propensity to commit violations of the same type as alleged by [Plaintiff] yet did nothing, then it could not have been acting 'in good faith and without malice or

11

intent'" and that this evidence would be probative of the absence of a bona fide error. (Dkt. 251 at 10). Ocwen contends that the Goldin Reports are not relevant to the bona fide error defense because the only policies that matter are those that existed at the time of the alleged violation, not the policies in place at the time the Goldin Reports were created. (Dkt. 263 at 3-4). What is missing from either party's brief, however, is an explanation of whether the policies and procedures that existed at the time the Goldin Reports were created are the same or different from the policies and procedures that existed at the time the alleged violations in this case occurred. Without that information, the Court presumes that the policies and procedures have remained consistent, and thus the Goldin Reports could contain evidence relevant to Ocwen's FDCPA bona fide error defense.

For these reasons, the Court finds that Plaintiff's request for the Goldin Reports is relevant to Plaintiff's RESPA claim and Ocwen's bona fide error defense.

### B. *Proportionality*

Next, Ocwen asserts that the Plaintiff's request for the Goldin Reports is disproportional to the needs of this case and unduly burdensome. (Dkt. 263 at 6-11). Specifically, Ocwen argues that the Goldin Reports are not instructive for determining compensatory damages, not proportional to a case where statutory damages are capped at $3,000, and would be overly burdensome to produce. (Id.). Plaintiff maintains that the request for the Goldin Reports is proportional to the needs of the case and not unduly burdensome, especially considering the relevant factors. (Dkt. 251 at 10-12; Dkt. 273 at 5-11).

Under Rule 26, the discovery sought must not only be relevant, but it must be "proportional" to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019). Proportionality, like other concepts, requires a common sense and experiential assessment. *See, e.g., BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, 326 F.R.D. 171, 175 (N.D. Ill. 2018) ("Chief Justice Roberts' 2015 Year-End Report on the Federal Judiciary indicates that the addition of proportionality to Rule 26(b) 'crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality.'").

As to the importance of the issues at stake in this case, Plaintiff contends that the issues of "systematic mortgage servicing abuse and wrongful foreclosure" and "the harm resulting therefrom[] could hardly be of greater importance." (Dkt. 251 at 11). The Defendant does not address this factor in its brief.

As to the amount in controversy, Plaintiff argues that the amount of her settlement demand and the compensatory damages award of $582,000 in a similar case indicate that the amount in controversy is high. (Dkt. 251 at 11). Ocwen maintains that potential compensatory damages have no bearing on the proportionality of the Goldin Reports (Dkt. 263 at 6), and also asks the Undersigned

13

to conclude that Plaintiff's RESPA damages are capped at $2,000. (Id. at 6-7). Because RESPA damages should be capped at $2,000 and Plaintiff is only entitled to recover $1,000 in FDCPA damages, Ocwen maintains that discovery of the Goldin Reports is unduly burdensome. (Id. at 8-10). First, as explained to the parties previously, the Undersigned declines to decide whether RESPA damages are capped at $2,000 in this case – this issue is not well suited for determination in the setting of a Motion to Compel, especially where the parties have not fully briefed the issue. Second, in light of the Court's Order dismissing many of Plaintiff's claims, the damages in this case are more limited now than at the time Plaintiff originally submitted her demand, but the amount in controversy remains disputed at this time. Thus, the Court finds this factor neutral.

As to the parties' relative access to relevant information and the parties' resources, Plaintiff argues that Ocwen alone has access to the requested documents and is a national corporation with significant means. (Dkt. 251 at 12; Dkt. 273 at 9). Ocwen, however, maintains that the parties have equal access to the documents, since Goldin was the creator of the documents in question, not Ocwen. (Dkt. 263 at 11). The Court acknowledges that the Plaintiff is one individual, while Ocwen is a large, publicly traded corporation. Additionally, although it may be true that Goldin created the documents in question, Ocwen undoubtedly has greater access to those documents since the reports were prepared for, and presumably provided to, Ocwen. Both issues weigh in favor of the Plaintiff.

As to the importance of the requested discovery in resolving the issues of the case, neither party addresses this point and, thus, it is neutral.

Finally, the Court must consider whether the burden or expense of the proposed discovery outweighs its likely benefit. Ocwen argues that the burden of having to locate the requested documents would require Ocwen to go on a fishing expedition for anything that could constitute a "summary" or "report" that Goldin prepared. (Dkt. 263 at 10-11). Plaintiff contends in response that Ocwen has offered nothing to substantiate its claim of burden, beyond the conclusory statement that this discovery request would be burdensome. (Dkt. 273 at 5-6). Plaintiff also notes that the Goldin Reports are electronically stored and were delivered to Ocwen electronically, thus reducing any burden of finding or producing the requested information. (Id. at 6). The Court agrees with the Plaintiff. Ocwen has submitted nothing more than a general objection as to burden and has failed to support that assertion.

Ocwen only discussed two of the relevant factors in its briefing, and failed to convince the Court as to either factor. Thus, Ocwen has not carried its burden of supporting its objection that the Plaintiff's request for the Goldin Reports is disproportional to the needs of the case.

### C. New York Banking Law

Next, Ocwen argues that the request for the Goldin Reports is protected from disclosure under New York Banking Law § 36. (Dkt. 263 at 11-13). On the Court's review, however, Ocwen never raised this objection in response to Request No. 5;

15

instead, this objection seems to appear for the first time in responding to the Plaintiff's Motion to Compel. Because Ocwen did not raise this argument in its initial discovery responses[4], it is waived. *Est. of Daniels by Stover v. City of Indianapolis*, No. 1:20-cv-02280-JRS-MJD, 2021 WL 4844145, at *13 (S.D. Ind. Oct. 18, 2021) (citing *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 351, 366 (N.D. Ill. 2005)) (an objection raised for the first time in a response brief to a motion to compel, and not raised in initial discovery responses, is waived).

### D. Privileges

Finally, in response to Request No. 5, Ocwen objected to the request "to the extent it seeks information protected by the attorney-client privilege, work product doctrine, mental impressions of counsel, common-interest privilege, banking privilege, self-critical analysis privilege, and/or information generated in anticipation of litigation and trial." (Dkt. 251 at 6-7). In its response brief to the present motion, Ocwen simply claims that certain privileges *could* apply. (Dkt. 263 at 13-14). Ocwen provides no further elaboration on any of these privileges. Accordingly, the Court concludes that Ocwen has failed to substantiate its privilege assertion with any support or include any privilege assertions on its privilege log. Thus, the Court finds the privilege assertions waived.

---

[4] Ocwen provided an objection on the basis of a "banking privilege" in its initial discovery responses, but this is taken to mean the federally recognized "bank examination privilege," rather than any protection provided under New York Banking Law. This is especially true given that Ocwen's reference to "banking privilege" is couched in a list of other recognized privileges such as attorney-client privilege, work-product privilege, and common-interest privilege. (Dkt. 251 at 6).

The Court has now concluded that the Goldin Reports are relevant, proportional, not unduly burdensome, and not protected by privilege. As such, the Court orders Ocwen to respond fully to Request No. 5 within 14 days of this Order.

### b. Sanctions

Plaintiff asserts that Ocwen's refusal to comply with Rule 34 and its continued use of the "kitchen sink approach to objections and claims of privilege," even where "those objections and claims are largely boilerplate, and many are entirely inapplicable," have caused Plaintiff and this Court to unnecessarily expend countless hours confronting this most basic aspect of discovery. (Dkt. 251 at 21-22). Moreover, Plaintiff maintains that while it is common for the parties to disagree about the scope of discovery, "it is entirely uncommon and unjustifiable for a party to conjure all manner of privilege and force the relitigation of questions recently visited by the Court." (Id). Specifically, Plaintiff seeks sanctions not only as a result of her Motion to Compel but also for Ocwen's unjustifiable refusal to comply with Rule 34(b)(2)(C) of the Federal Rules of Civil Procedure. (Dkt. 251 at 22). Ocwen maintains that its position was substantially justified. (Dkt. 263 at 20-21).

Under Federal Rule of Civil Procedure 37, if a motion to compel is granted "the Court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A). If the motion to compel is instead granted in part and denied in part, a

court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

Plaintiff may file a motion for attorney's fees **within 14 days of the date of this Order**. The parties shall address the issue of the appropriate apportionment of fees in their briefing of the fee motion, taking into account that, although Plaintiff's Motion to Compel is being granted in part and denied in part, the denials are in large part because Defendant produced the requested materials or otherwise resolved the dispute prior to the filing of the motion.

### IV. Conclusion

Accordingly, the Plaintiff's Third Motion to Compel and for an Order Imposing Sanctions, Dkt. [250], is **GRANTED IN PART** and **DENIED IN PART**. The motion to compel Request No. 1 is **DENIED AS MOOT**. The motion to compel Request No. 26 is **GRANTED IN PART**, as discussed herein. The motion to compel Request No. 5 is **GRANTED**, as discussed herein. Plaintiff's request for sanctions is **GRANTED IN PART**. Plaintiff may file a motion for attorney fees and costs **within 14 days of this Order**.

So ORDERED.

Date: 5/23/2022

Hon. Doris L. Pryor
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email