UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEMONA FREEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-03844-TWP-DLP |
| | ) |
| OCWEN LOAN SERVICING, LLC, | ) |
| BANK OF NEW YORK MELLON, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff, Demona Freeman, holds a mortgage loan owned by Defendant Bank of New York Mellon ("BONY"). (Dkt. 84 at 2). The loan is serviced by Defendant Ocwen Loan Servicing, LLC ("Ocwen"). (Id.). Plaintiff alleges that she obtained a copy of the loan mortgage transactional history for the Loan which showed substantial misconduct regarding the servicing of her loan. (Dkt. 84 at 15-18). Further, she alleges that because of this misconduct, Ocwen erroneously initiated a second foreclosure proceeding, which was ultimately dismissed. (Dkt. 84 at 15-32). Following the Court's ruling on the Defendants' Motion to Dismiss, only three claims remain: (1) breach of contract against BONY for its failure to accept Plaintiff's timely and adequate mortgage payments as contractually obligation, failure to credit and apply Plaintiff's payments as contractually obligated, and assessment of unauthorized late fees, legal fees, costs, and property inspection fees; (2) violations of the Real Estate Settlement Procedures Act ("RESPA") error resolution procedures, to the extent the claim is not based on Section 2609; and (3)

violations of the Fair Debt Collection Practices Act ("FDCPA"), to the extent the claim is based on conduct that occurred after December 6, 2017. (Dkt. 133).

### I. Background[1]

The Court assumes familiarity with the underlying facts of this case; however, some facts surrounding the current dispute bear mentioning.

On January 11, 2021, the Plaintiff filed a motion to reconsider the Court's ruling on the Defendants' Motion to Dismiss. (Dkt. 140). All discovery in the case was then stayed pending the Court's ruling on the Plaintiff's Motion for Reconsideration of the Court's Order on the Defendants' Motion to Dismiss, which was issued on November 4, 2021. (Dkts. 140, 194). During the discovery phase, Plaintiff took issue with Ocwen's redaction of its Servicing Notes and Comments Log and with Ocwen's production of a Privilege Log. The parties discussed this issue with the Court at the January 15, 2021 and February 24, 2022 discovery conferences. (Dkts. 141, 223). Ocwen then produced a Second Revised Privilege Log, which the parties discussed with the Court at the March 7, 2022 discovery conference. (Dkt. 230).

With the Court's permission, the Plaintiff filed a Fourth Motion to Compel, for *In Camera* Review, and for an Order Imposing Sanctions on April 13, 2022. (Dkt. 259). Defendant Ocwen filed a response on May 4, 2022. (Dkt. 285). Plaintiff did not file a reply and the time to do so has now passed. On June 17, 2022, the Court granted in part and denied in part the motion, ordered *in camera* review for several

---

[1] The facts were laid out in complete detail in the Court's Order on Defendants' Motion to Dismiss. (Dkt. 133). As such, the Undersigned will reference only those facts necessary to render this opinion.

documents, and held the request for sanctions in abeyance pending said review. (Dkt. 323).

## II. Discussion

### a. Motion to Compel

Privilege is typically asserted on a document-by-document basis. *Indianapolis Airport Auth. V. Travelers Prop. Cas. Co. of Am.,* No. 1:13-cv-01316-JMS-TAB, 2015 WL 4715202 (S.D. Ind. Aug. 7, 2015) (citing *Long v. Anderson University*, 204 F.R.D. 129, 134 (S.D. Ind. 2001). The inquiry into whether documents are subject to a privilege is a highly fact-specific one. "Only when the district court has been exposed to the contested documents and the specific facts which support a finding of privilege under the attorney-client relationship for each document can it make a principled determination as to whether the attorney-client privilege in fact applies." *In re Grand Jury Proceedings*, 220 F.3d 568, 571 (7th Cir. 2000) (citing *Holifield v. United States*, 909 F.2d 201, 204 (7th Cir. 1990)).

After reviewing the parties' submissions on the Fourth Motion to Compel, the Court concluded that it could not resolve the dispute regarding certain withheld entries from the Transaction History and Comments Log ("THCL or "Comments Log") without conducting an *in camera* review of the documents. (Dkt. 323). The Court ordered Ocwen to produce for *in camera* review several documents that claimed protection under solely the attorney-client privilege or under both the attorney-client privilege and the work product doctrine. On June 22, 2022, as

3

instructed, Ocwen provided the contested documents to the Court for review. The Court has now had a chance to review those documents.

The Court's review essentially resulted in a division of the THCL into three categories: those documents where the individual's note was merely summarizing a scheduling update on the case; the individual's note was memorializing Ocwen's request for legal advice; and those documents where the individual's note was providing a status update that referenced legal advice.

Progress or status reports, investigation summaries, and general updates are generally not privileged merely because they are sent from the lawyer to the client. *Towne Place Condo. Ass'n v. Philadelphia Indem. Ins. Co.*, 284 F. Supp. 3d 889, 894 (N.D. Ill. 2018) (collecting cases stating that summaries of statements and meetings that neither reveal client confidences nor suggest legal advice are not privileged). Additionally, "[i]information such as the identity of the client, the amount of the fee, the identification of payment by case file name, [or] the general purpose of the work performed . . . is not privileged." *Id*. at 895. Lastly, routine communications between claims handlers relating to scheduling and other innocuous status updates are not protected by attorney-client privilege. *Id*. at 894.

On the other hand, where the update is provided to an attorney in order to seek legal advice, some courts have held that the privilege does apply. *Id*. at n.2 (citing *In re Buspirone Antitrust Litig*., 211 F.R.D. 249, 255 (S.D.N.Y. 2002)). Furthermore, notes that memorialize the substance of a client's request for legal advice or a substantive update from counsel regarding underlying litigation are

4

protected by the privilege. *See St. Paul Guardian Ins. Co. v. Walsh Constr. Co.*, No. 1:15-CV-10324, 2021 WL 4745385, at *7 (N.D. Ill. Oct. 12, 2021), *objections overruled*, No. 1:15-CV-10324, 2022 WL 1642311 (N.D. Ill. Mar. 30, 2022).

With this framework in mind, the Court finds that approximately half of the documents reviewed *in camera* are protected by the attorney-client privilege. The other half of the comments log contains updates on the status of the mortgage loan, or request case status updates from legal or outside counsel. As noted in the case law, routine status updates about the status of the Plaintiff's mortgage loan or, the attorney fee amount are not protected by the attorney-client privilege, even if an attorney is involved in the communication. That information, which was undoubtedly created in the ordinary course of business and for the use of many legal and non-legal personnel, is not privileged. The Court was unable to identify any legal advice or strategy within these documents; rather, it appears that these comments are merely tracking the milestones for Plaintiff's mortgage loan, which constitutes business advice or status updates related to scheduling and business needs. For that reason, the Court finds it appropriate to order Ocwen to provide the Plaintiff with the following entries **within ten (10) day of this order**: Bates numbers 3199, 3230, 3235, 3244, 3248, 3256, 3262, 3289, 3357, 3473, 3639, 3666-668, 3677, 3677-679, 3688-695, 3697, 3713, 3716, 3717, 3718, 3724-726, 3727, 3728, 3729-731, 3749, 3753-755, 3757, 3762-764, 3769, 3771-773, 3777, 3777-779, 3787, 3788, 3789, 3790-792, 3800, 3813-816, 3820, 3821, 3822, 3823, 3824, 3826, 3827-829, 3831-834.

For several of the entries, however, the Court finds that even though the comment is providing or seeking a status update, the intent of that update was for the purpose of requesting legal advice or memorializing advice from counsel regarding how Ocwen should proceed with the bankruptcy proceedings and the underlying litigation. As such, Bates numbers 3200, 3201, 3225, 3226, 3228, 3239, 3240, 3245, 3246, 3247, 3249, 3259-60, 3260, 3305, 3309, 3311, 3315, 3316, 3363, 3498, 3545, 3596, 3608, 3609, 3610, 3641, 3681, 3686, 3687, 3696, 3702, 3709, 3711, 3712, 3732, 3733, 3735, 3737, 3739, 3743, 3745, 3746, 3758, 3797, 3805 **shall remain privileged.**

Bates number 3243 is partly privileged. The top half of the document is not privileged, but the bottom half of the document contains updates and a request for legal advice and remains privileged. As such, Defendant shall produce a redacted version of this document to the Plaintiff **within ten (10) days of this Order**.

The privilege designation was removed from Bates number 3722 and, if not alreadyit shall be produced to the Plaintiff **within ten (10) days of this Order**.

### b. Sanctions

"The court's inherent power and Rule 37 supply it with broad authority to sanction parties who abuse the discovery process." *Houston v. C.G. Sec. Services, Inc.*, 302 F.R.D. 268, 281 (S.D. Ind. 2014) (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44–45, 111 S.Ct. 2123, 115 L.Ed. 2d 27 (1991). "Rule 37 applies when a party violates a court order," *Malibu Media, LLC v. Tashiro*, No. 1:13–cv–00205–WTL–MJD, 2015 WL 2371597, at *10 (S.D. Ind. May 18, 2015), however, "a formal

written order to comply with discovery is not required." *REP MCR Realty, L.L.C. v. Lynch*, 363 F. Supp. 2d 984, 998 (N.D. Ill. 2005). The Court's inherent powers also allow it to sanction bad-faith behavior. *NASCO*, 501 U.S. at 43–46. Sanctions serve two purposes: to penalize parties who do not follow the rules and to deter others tempted that abusive conduct has no consequences. *Greviskes v. Universities Research Ass'n, Inc.,* 417 F.3d 752, 759 (7th Cir. 2005).

Rule 37 sanctions are appropriate where a party displays willfulness, bad faith, or fault in violating his discovery obligations. *Marrocco v. General Motors Corp.,* 966 F.2d 220, 224 (7th Cir. 1992). Willfulness or bad faith may be inferred through a party's "pattern of contumacious conduct or dilatory tactics," *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1383 (7th Cir. 1993), and fault considers whether a party's discovery conduct demonstrates objectively a lack of reasonableness. *Marrocco*, 966 F.2d at 224.

Rule 37(a)(4)(A) states that the court shall require sanctions based upon the costs of seeking a motion to compel. *Stookey v. Teller Training Distributors, Inc.,* 9 F.3d 631, 637 (7th Cir. 1993) ("Rule 37(a)(4) clearly allows for an award of the expenses incurred in obtaining an order to compel, including attorney's fees."). Pursuant to Federal Rule of Civil Procedure 37(c)(1)(A), if the Court grants a Rule 37 motion for sanctions, it "may order payment of the reasonable expenses, including attorney's fees, caused by the failure," unless the opposing party was substantially justified, or the award would be unjust. Fed. R. Civ. P. 37(c)(1)(A); *United Consumers Club, Inc. v. Prime Time Mktg. Mgmt. Inc.,* 271 F.R.D. 487 (N.D.

Ind. 2010) (citing *Rickels v. City of South Bend, Ind.,* 33 F.3d 785, 787 (7th Cir. 1994). When imposing a sanction, the Court is guided by the principle that the sanction "should be proportioned to the gravity of the offense." *Allen v. Chicago Transit Auth.,* 317 F.3d 696, 703 (7th Cir. 2003).

A brief recount of the events leading up to this Order is necessary for a consideration of sanctions. Ocwen withheld portions of the Comments Log from production and on July 19, 2019, Ocwen produced its first Privilege Log. (Dkt. 260-1). In response to Plaintiff's objections, on November 8, 2019, Ocwen produced a Revised Privilege Log. (Dkt. 260-2). On October 22, 2020, Plaintiff's counsel sent Ocwen's counsel a letter detailing issues with the Revised Privilege Log. (Dkt. 260-3). Plaintiff again sent correspondence to Ocwen outlining her position related to the Revised Privilege Log and the Comments Log on January 14, 2021. (Dkt. 260-4).[2] The parties met and conferred on this topic, and the Court discussed this issue with the parties during the January 15, 2021 discovery conference. (Dkt. 141). On May 4, 2021, Plaintiff's counsel submitted correspondence to Ocwen regarding the Servicing Notes, Comments Log, and Privilege Log. (Dkt. 260-5). This case was then stayed from May 2021 through December 8, 2021. (Dkts. 180, 189, 191, 193).

On January 7, 2022, Plaintiff's counsel emailed Ocwen's counsel requesting an unredacted copy of the Comments Log. (Dkt. 260-6). Plaintiff next submitted a discovery submission to the Court on February 22, 2022, and the parties discussed

---

[2] Discovery was stayed for the majority of 2021 pending the Court's ruling on the Plaintiff's Motion for Reconsideration of the Court's Order on the Defendants' Motion to Dismiss, which was issued on November 4, 2021. (Dkts. 140, 194).

the Revised Privilege Log during the February 24, 2022 discovery conference. (Dkt. 260-7). At the discovery conference, the Court ordered Ocwen to produce another revised privilege log. (Dkt. 223). On March 3, 2022, Ocwen produced a Second Revised Privilege Log. (Dkt. 260-8). At the Court's request, Plaintiff submitted another discovery submission to address any remaining issues with the Second Revised Privilege Log. (Dkt. 260-9). The Court conducted a follow-up discovery conference on March 7, 2022 to address the Second Revised Privilege Log, and ultimately granted Plaintiff leave to file the present motion to compel. (Dkt. 230).

In the Second Revised Privilege Log, Ocwen claimed three different privileges: attorney-client; work product; and in anticipation of litigation. (Dkt. 260-8). As discussed in the previous order, all entries designated by "WP" or "ALT" were considered under the work product doctrine, and the Court ordered Ocwen to produce the documents for all entries that solely claimed protection under the work product doctrine, finding that the information documented in the Comments Log was created in the ordinary course of business to track the various milestones for each individual's mortgage loan. (Dkt. 323 at 8-9). Acknowledging that the Comments Log is primarily a business record, the Court concluded that Plaintiff had presented a credible argument that various entries on the Second Revised Privilege Log were insufficient to justify a claim of privilege. (Dkt. 323 at 9-11).

Plaintiff asserts that Ocwen's initial failure to provide a privilege log, accompanied with the three inadequate privilege logs provided subsequently, justify an award of sanctions for Plaintiff's efforts at discovery conferences and in bringing

9

this motion. (Dkt. 260 at 14-15). The Court previously held in abeyance this request for sanctions pending *in camera* review of a portion of the Comments Log. (Dkt. 323).

With the above framework in mind, after reviewing the entries *in camera*, the Court finds that sanctions are not warranted at this time. Although it is accurate that the Defendant initially failed to provide a privilege log and ultimately provided three logs that contained facial insufficiencies, the majority of the log's entries contained properly claimed privileges. Moreover, while it is true that almost every entry on the Comments Log contains a status update, which is not usually protected by privilege, approximately half of those updates contained some sort of request for or reference to legal advice. Those documents were thus properly withheld under the attorney-client privilege. Recognizing this to be a close call given the Defendant's delays in the privilege log process, the Court concludes that the Defendant's claims of privilege were substantially justified and no sanctions are warranted.

### III. Conclusion

For the foregoing reasons, after *in camera* review, Ocwen shall provide the Plaintiff with the following entries **within ten (10) day of this order**:

Bates numbers 3199, 3230, 3235, 3244, 3248, 3256, 3262, 3289, 3357, 3473, 3639, 3666-668, 3677, 3677-679, 3688-695, 3697, 3713, 3716, 3717, 3718, 3724-726, 3727, 3728, 3729-731, 3749, 3753-755, 3757, 3762-764, 3769, 3771-773, 3777, 3777-

779, 3787, 3788, 3789, 3790-792, 3800, 3813-816, 3820, 3821, 3822, 3823, 3824, 3826, 3827-829, 3831-834.

Ocwen's documents with Bates numbers 3200, 3201, 3225, 3226, 3228, 3239, 3240, 3245, 3246, 3247, 3249, 3259-60, 3260, 3305, 3309, 3311, 3315, 3316, 3363, 3498, 3545, 3596, 3608, 3609, 3610, 3641, 3681, 3686, 3687, 3696, 3702, 3709, 3711, 3712, 3732, 3733, 3735, 3737, 3739, 3743, 3745, 3746, 3758, 3797, 3805, **shall remain privileged.**

Bates number 3243 is partly privileged, and Defendant shall produce a redacted version of this document to the Plaintiff **within ten (10) days of this Order**.

The privilege designation was removed from Bates number 3722 and, if not already, it shall be produced to the Plaintiff **within ten (10) days of this Order.**

Plaintiff's request for sanctions is **DENIED**.

So ORDERED.

Date: 7/7/2022

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email