**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Indianapolis Division**

DEMONA FREEMAN,

               Plaintiffs,

      v.                                 Case No.  1:18-CV-3844-TWP-DLP

OCWEN LOAN SERVICING, LLC, *et al.*,

               Defendants.

## DEFENDANT OCWEN LOAN SERVICING, LLC'S
## RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO FILE SURREPLY

Defendant Ocwen Loan Servicing, LLC ("Ocwen"), by counsel, submits this Response in opposition to the Motion for Leave to File Surreply to Defendant Ocwen Loan Servicing, LLC.'s [sic] Reply in Support of Motion for Summary Judgment (ECF No. 391) (the "Motion") filed by Plaintiff Demona Freeman ("Plaintiff").  For the reasons explained below, the Court should deny Plaintiff's Motion in its entirety.

### I.      INTRODUCTION

Contrary to her stated rationale, Plaintiff's has not moved for leave to file a surreply to address any arguments that Ocwen purportedly raised for the first time in its Reply in Support of Summary Judgment or any objections to the admissibility of evidence.  Rather, Plaintiff's proposed surreply is focused entirely on attempting to rehash or rehabilitate arguments posed in her own Opposition to Summary Judgment.  What Plaintiff actually seeks to do here is impermissibly have the last word despite being a non-movant on summary judgment.  For these reasons, Plaintiff's Motion should be denied by the Court in its entirety.

## II.    LEGAL STANDARD

Under the local rules of this Court, "[a] party opposing a summary judgment motion may file a surreply brief only if the movant cites new evidence in the reply or objects to the admissibility of the evidence cited in the response.  The surreply . . . *must be limited to the new evidence and objections*."  S.D. Ind. L.R. 56-1(d) (emphasis added).

"By controverting LR 56-1(d)'s permissive language and filing a 'motion,' [a plaintiff] put[s themselves] in a position to follow Rule 7 of the Federal Rules of Civil Procedure ('Rule 7'), which requires that a motion 'state with particularity the grounds for seeking the order.'"  *Welch v. Eli Lilly & Company*, 2013 WL 12284501, at *1 (S.D. Ill. 2013) (quoting Fed. R. Civ. P. 7(b)(1)(B)).

Courts allow a surreply brief only in limited circumstances to address new arguments or evidence raised in the reply brief or objections to the admissibility of the evidence cited in the response.  *See Lawrenceburg Power, LLC v. Lawrenceburg Municipal Utilities*, 410 F.Supp.3d 943, 949 (S.D. Ind. 2019).

"The 'purpose for having a motion, a response, and reply is to give the movant the final opportunity to be heard *and to rebut the non-movant's response*, thereby persuading the court that the movant is entitled to the relief requested by the Motion.'"  *Lady Di's, Inc. v. Enhanced Services Billing, Inc.*, No. 1:09-cv-0340-SEB-DML, 2010 WL 1258052, at *2 (S.D. Ind. 2010) (emphasis added) (quoting *Murray v. TXU Corp.*, 2005 WL 1313412 (N.D. Tex. 2005)).  Although it is true that "[r]eply briefs are for replying, not raising new arguments or arguments that could have been advanced in the opening brief," *United States v. Shadon*, No. 1:21-cv-00560-TWP-MJD, 2021 WL 5281093, at *3 (S.D. Ind. 2021), responding to argument raised in an opposition is entirely proper

and does not constitute the impermissible raising of new argument.  *See Lady Di's, Inc. v. Enhanced Services Billing, Inc.*, 2010 WL 1258052 at *2.

### III.    ARGUMENT

Plaintiff's proposed surreply does not address any purportedly new arguments or evidence and does not address any objections to the admissibility of evidence.  Thus, Plaintiff has failed to meet the standard under which a surreply is warranted.  Further, Plaintiff's proposed surreply is nothing more than an attempt to rehash or rehabilitate arguments that Ocwen properly rebutted in its Reply in Support of Summary Judgment.  For these reasons as explained further below, Plaintiff's Motion should be denied in its entirety.

### A.    Plaintiff's Motion Fails to Meet the Standard for Allowing the Filing of a Surreply

In support of her Motion for Leave, Plaintiff misstates the standard followed in the Seventh Circuit to determine whether a surreply is warranted.  Moreover, the caselaw Plaintiff cites in support of her motion ultimately undercuts her argument.  For this reason alone, Plaintiff's Motion should be denied in its entirety.

This Court has held repeatedly that a surreply brief is allowed only in limited circumstances to address new arguments or evidence raised in a reply brief or objections to the admissibility of the evidence cited in the response.  *Lawrenceburg Power, LLC*, 410 F.Supp.3d at 949.  "Although the Court always tries to allow litigants a full and fair opportunity to responds to arguments made by their adversary, including allowing surreplies, surreplies are not allowed under the local rules unless they are to address newly raised evidence or arguments, or respond to objections raised in the reply."  *Chaid v. GEO Group, Inc.*, 92 F.Supp.3d 829, 835 (S.D. Ind. 2015) (citations omitted).  Further, "[b]y controverting LR 56-1(d)'s permissive language and filing a 'motion,' [Plaintiff] put herself in a position to follow Rule 7 of the Federal Rules of Civil Procedure ('Rule 7'), which

requires that a motion 'state with particularity the grounds for seeking the order.'" *Welch v. Eli Lilly & Company*, 2013 WL 12284501 at *1.

In this case, Plaintiff asserts that she "seeks leave to file the attached Surreply to Ocwen's Reply in Support for Summary Judgement ('Surreply'), [to] confront arguments, objections, and misstatements of law raised in its Reply for the first time."  Motion at 1.  However, Plaintiff continues on to admit that her surreply primarily takes aim at "Ocwen['s contention that Plaintiff] has improperly asserted 'new claims' via her arguments and citation to authority in relation to subsections of the FDCPA and the RESPA *in her Response in Opposition*."  *Id.* at 2 (emphasis added).  Indeed, as discussed in greater detail below, the entirety of Plaintiff's proposed surreply attempts to rebut arguments posed by Ocwen in its Reply in Support of Motion for Summary Judgment (ECF No. 376) [hereinafter "Reply in Support of Summary Judgment"] that were raised only in response to Plaintiff's arguments made in her Response in Opposition to Defendant Ocwen Loan Servicing, LLC.'s [sic] Motion for Summary Judgment (ECF No. 365) [hereinafter the "Opposition to Summary Judgment"].

Ocwen was properly responding to argument raised in opposition, and Plaintiff is plainly engaged in nothing more than legal gamesmanship in an attempt to get the last word.  Such a gambit has no place in the judicial system.  *See Autotech Technologies Ltd. Partnership v. Automationdirect.com, Inc.*, 235 F.R.D. 435, 437 (N.D. Ill. 2006) (citing *United States v. Portis*, 542 F.3d 414, 418 (7th Cir. 1976) (condemning "gamesmanship in getting the last word")).  As has been noted by this Court, "[t]he 'purpose for having a motion, a response, and reply is to give the movant the final opportunity to be heard and to rebut the non-movant's response, thereby persuading the court that the movant is entitled to the relief requested by the Motion.'"  *Lady Di's, Inc.*, 2010 WL 1258052 at *2.  Thus, Plaintiff's proposed surreply is nothing more than "an

additional and needless expenditure of judicial resources" that "take[s] time away from other litigants who are waiting in the endless queue of cases" rather than a surreply offered to address any purportedly "new" argument, new evidence, or objections to the admissibility of evidence. *Autotech Technologies Ltd. Partnership*, 235 F.R.D. at 437. Therefore, Plaintiff's Motion should be denied in its entirety.

**B.      Ocwen Did Not Raise Any "New" Argument in its Reply in Support of Summary Judgment**

To the extent the Court may consider Plaintiff's proposed surreply itself as offering support for her Motion, Plaintiff has nonetheless failed to demonstrate in her proposed surreply that Ocwen has raised new argument in its Reply in Support of Summary Judgment such that Plaintiff should be permitted to file a surreply, nor does Plaintiff make any argument regarding the admissibility of evidence. *See Lawrenceburg Power, LLC v. Lawrenceburg Municipal Utilities*, 410 F.Supp.3d at 949. Thus, Plaintiff's Motion should be denied in its entirety.

Under the relevant caselaw, it is clear that "new" argument consists of "arguments that could have been advanced in the opening brief" but were not advanced until the reply brief. *See United States v. Shadon*, 2021 WL 5281093 at *3. However, responding to argument raised in an opposition is entirely proper and does not constitute the impermissible raising of new argument. *See Lady Di's, Inc.*, 2010 WL 1258052 at *2.

Here, Plaintiff's proposed surreply is devoted entirely to responding to arguments posed in Ocwen's Reply in Support of Summary Judgment that properly responded to Plaintiff's arguments made on opposition. In particular, Plaintiff begins her proposed surreply by attempting to rehabilitate her arguments as to why she should be permitted to assert entirely new claims in her

opposition to summary judgment.  *See* Motion, Ex. 1 at 2-5,[1] Section II.A.1.  Plaintiff then continues by rehashing her legally erroneous interpretation of *Pennell*, *see id.* at 4-5, Section II.A.2, attempts to handwave away her failures to address Ocwen's argument on summary judgment by pointing to the Court's Order entered at the Motion to Dismiss stage of this litigation, *see id.* at 5-6, Sections II.A.3-4, and argues that she has somehow created genuine disputes of material fact through her incessant attempts to impermissibly shift her burdens in litigation onto Ocwen.  *See id.* at 7-9, Sections II.A.5-6.

Plaintiff does not attempt to argue how Ocwen's Reply in Support of Summary Judgment makes any purportedly "new" argument, nor can she.  Likewise, Plaintiff does not argue as to the admissibility of any evidence on summary judgment in this matter.  Thus, Plaintiff has failed to demonstrate the presence here of *any* of the limited factors under which courts should grant leave to file a surreply, *see Lawrenceburg Power, LLC*, 410 F.Supp.3d at 949, and, therefore, her Motion should be denied in its entirety.

## C.    Plaintiff's Proposed Sur-Reply is Nothing More than Further Mischaracterization

The majority of Plaintiff's proposed surreply is devoted entirely to responding to arguments posed in Ocwen's Reply in Support of Summary Judgment that properly responded to Plaintiff's arguments made on opposition.  However, "[t]he 'purpose for having a motion, a response, and reply *is to give the movant the final opportunity to be heard* and to rebut the non-movant's response . . . .'" *Lady Di's, Inc.*, 2010 WL 1258052 at *2.  As such, to the extent that

---

[1] Plaintiff's proposed surreply erroneously begins the numbering of pages on page 2, resulting in a discrepancy between the pages as numbered by Plaintiff and as denoted by the CM/ECF system. For purposes of continuity, Ocwen will refer to the page number of the proposed surreply as denoted by the CM/ECF system.

Plaintiff's proposed surreply is fraught with mischaracterization of Ocwen's Reply in Support of Summary Judgment, Ocwen has no choice but to respond in full.

1.  The conclusory allegations in Plaintiff's Second Amended Complaint do not constitute a "factual basis" upon which Plaintiff elaborates with regard to the "legal theories" asserted in her Opposition to Summary Judgment.

As has become her custom, upon having the procedural deficiencies in her case laid bare for the Court Plaintiff attempts to rehabilitate her briefing *ex post facto*.  Not only does this constitute an impermissible attempt to get a second bite at the apple, but the arguments Plaintiff poses in her proposed surreply are nonetheless legally erroneous.  For these reasons, her Motion should be denied in its entirety.

Relying heavily on *Prayitno*, Plaintiff argues that "[i]f a new argument is made in opposition to summary judgment, the court should first 'consider whether it changes the complaint's factual theory, or just the legal theories plaintiff has pursued so far.'"  Motion, Ex. A at 2 (quoting *Prayitno v. Nextep Funding, LLC*, 2020 WL 3414955, at *4 (N.D. Ill. 2020)).  What Plaintiff apparently misunderstands here is the difference between a legal *theory* and a legal *claim*.

In *Prayitno*, the Northern District of Illinois had "previously dismissed an earlier version of plaintiff's complaint because it made no allegations that 'the alleged failure to provide . . . information (like APR) changed [plaintiff's] behavior,' *i.e.*, that he would have 'evaluated the loan differently, made a different choice, or behaved differently in any way, had the APR been disclosed.'  Plaintiff subsequently amended his complaint to allege that, had he known he would have to pay an APR of over 140%, he would have either purchased a cheaper used transmission or sought a loan elsewhere, and he was 'unwilling to pay more than 40-50% interest.'"  *Prayitno*, 2020 WL 3414955 at *4.  The defendant in that case argued that the plaintiff could not predicate standing for his Truth in Lending Act claim on the factual allegations in his Third Amended

Complaint as the allegations in his first Complaint were previously insufficient to survive dismissal. The Court, in siding with the plaintiff, found that the allegations did not "amount to an improper attempt to add a new claim to the complaint" but that "at most it elaborates on a 'factual basis' for the claim *that was always in the Third Amended Complaint*." *Id.* at *5 (emphasis added). In expressing its rationale, the *Prayitno* court noted that the outcomes in *Whitaker* "illustrate[s] the distinction between a permissible change in the complaint's theory and an impermissible alteration of its factual basis[.] In *Whitaker*, [the Seventh Circuit] accepted the plaintiff's switch from her original theory of an 'agency' relationship (between the defendant and a third party) to her revised theory of a 'joint employer' relationship. [The Seventh Circuit] explained that this change did not alter the 'fundamental factual allegation' in the complaint' the plaintiff merely had 'offered an alternative legal characterization of the factual relationship." *Id.* at *4.

In this case, none of Plaintiff's new claims asserted for the first time on summary judgment find support in the factual allegations asserted in her Second Amended Complaint (the "Complaint"). As such, the Court should not consider any of these claims.

> i.   *New claims under 12 C.F.R. § 1024.35*

With respect to her new claims under 12 C.F.R. § 1024.35(e)(1)(ii) and -.35(i), Plaintiff relies entirely on non-specific and conclusory allegations. In particular, Plaintiff argues that "Count II of the Complaint alleges that 'Ocwen has numerous times and in numerous different ways violated the RESPA with respect to the Loan'; that 'Ocwen failed to correct the identified errors or conduct a reasonable investigation'; and that 'Ocwen committed in excess of sixty distinct errors pursuant to 12 C.F.R. §1024.35(b)(2) by failing to reasonably investigate identified errors, provide documentation requested, and failure [sic] to correct the multiple servicing errors raised therein.'" Motion, Ex. A at 4. Put simply, allegations that a defendant "has numerous times and

in numerous different ways violated" a law or common-law duty cannot be said to constitute a "factual basis" at all. Thus, Plaintiff is clearly attempting to alter, rather than elaborate on, the factual theory of her Complaint, *Prayitno*, 2020 WL 3414955 at *4, and therefore the Court need not consider these new claims under 12 C.F.R. § 1024.35 asserted for the first time on summary judgment. *See Colbert v. City of Chicago*, 851 F.3d 649, 656 (7th Cir. 2017).

ii.     *New claims pertaining to foreclosure related filings*

As to her new claims that "Ocwen's foreclosure related filings violated 15 U.S.C. §§ 1692f, 1692e(8), and 1692(d)(5) [sic]," Motion, Ex. A at 4, Plaintiff directs the Court to allegations in her Complaint related to phone calls, filings made in her underlying bankruptcy, and allegations of damage to her credit. *See id.* Such allegations clearly have no connection to foreclosure related *filings* on their face.

To the extent that Plaintiff refers to one paragraph of the Complaint that does pertain to foreclosure related filings, Ocwen has already submitted to the Court that the one foreclosure filing tangentially mentioned in Plaintiff's Opposition to Summary Judgment was misrepresented and merely provided the procedural posture of Plaintiff's bankruptcy case as it related to her loan. *See* Reply in Support of Summary Judgment at 33-34. Thus, the Court need not consider Plaintiff's new claims pertaining to foreclosure related filings asserted for the first time on summary judgment. *See Colbert*, 851 F.3d at 656.

iii.     *New claims related to purported collection calls*

Plaintiff's new claims regarding purported collection calls are likewise unsupported by her argument and, further, unrelated to the allegations in her Complaint. Plaintiff first asserts that "[t]he Complaint specifies that [Plaintiff's] FDCPA claims are brought under 15 U.S.C. §1692k [sic], which states, in relevant part: 'Except as otherwise provided by this section, any debt

collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person . . .'"  Motion, Ex. A at 4.  Again, such conclusory allegations cannot be said to constitute a "factual basis."  *See Prayitno*, 2020 WL 3414955 at *4.  To the extent that Plaintiff refers to various paragraphs in her Complaint relating tangentially to phone calls, such allegations are either generalized claims regarding Ocwen's purported regular business practices, (*see* Second Am. Compl. ¶¶ 38-40), or refer to phone calls without making any allegations concerning credit reporting or how such calls were otherwise unfair.  *See id.* ¶¶ 127-29.  Thus, such allegations cannot be said to relate to 15 U.S.C. §§ 1692e(8) or 1692f.  Moreover, the Complaint on its face alleges that Plaintiff was "forced to seek the assistance of legal counsel" only *after* these calls had occurred.  *See id.* ¶¶ 127-30.  There are no factual allegations in the Complaint that Plaintiff continued to receive calls after she was represented by an attorney with respect to the debt, and Plaintiff's argument to the contrary is without merit.  Thus, the Court need not consider Plaintiff's new claims pertaining to purported collection calls asserted for the first time on summary judgment.  *See Colbert*, 851 F.3d at 656.

> iv.    *New claims related to 15 U.S.C. § 1692e(6)*

Plaintiff's argument that "Section 1692e(6) [] prohibits a debt collector from using false, deceptive, or misleading representations or means in connection with the collection of any debt" is, ironically, itself a misleading representation.  Motion, Ex. A at 4-5.  Section 1692e(6) prohibits making a false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to lose any claim or defense to payment of the debt or because subject to any practice prohibited by this subchapter.  15 U.S.C. § 1692e(6).  The allegations in Plaintiff's Complaint to which she directs the Court are devoid of any representations related to a sale, referral, or other transfer of any interest in a debt.  (*See* Second Am. Compl. ¶¶ 129, 136,

254.)   Thus, the Court need not consider Plaintiff's new claims under 15 U.S.C. § 1692e(6) asserted for the first time on summary judgment.  *See Colbert*, 851 F.3d at 656.

v.      *New claims regarding legal claims, alleged invasion of privacy, and alleged intrusion upon seclusion*

Finally, Plaintiff simply makes no attempt to refer to her Complaint in support of her argument that her "theory of damages that she has been 'subjected to baseless legal claims for a foreclosure of her home which created mental distress' [] and injury from invasion of privacy or intrusion upon seclusion" and instead asserts such theories are "patently based on the facts pleaded throughout the Complaint."  Motion, Ex. A at 5.  Thus, Plaintiff has failed to establish that any of her new claims are couched in a factual basis asserted in her Complaint, *see Prayitno*, 2020 WL 3414955 at *4, and, therefore, the Court need not consider any of her new claims asserted for the first time on summary judgment.  *See Colbert*, 851 F.3d at 656.

2.      <u>Plaintiff's interpretation of *Pennell* is erroneous.</u>

Plaintiff once again asserts that "*Pennell* does not stand for the proposition that a plaintiff may *only* establish standing at the time their first initial complaint is filed," Motion, Ex. A at 6, based on a legally erroneous understanding of what constitutes the operative complaint for purposes of conducting a standing analysis.  Plaintiff's interpretation and application of the relevant caselaw is plainly incorrect.

In her Opposition to Summary Judgment, Plaintiff attempted to construe *Ross v. Carter*, as standing for the proposition that "an amended complaint completely replaces previous complaints" and that, therefore, her Second Amended Complaint was the operative complaint for purposes of a standing analysis.  *See* Opposition to Summary Judgment at 35 (quoting *Ross v. Carter*, 1:20-cv-00876-JPH-MPB, 2020 WL 3104374, at *1 (S.D. Ind. 2020).  Ocwen flatly rebutted this argument by pointing out that although *Ross* does state that "an amended complaint completely

11

replaces previous complaints," it does not do so in consideration of a plaintiff's standing or conduct any analysis of standing under Article III whatsoever. *See* Reply in Support of Summary Judgment at 24. Thus, Plaintiff's focus on the use of the word "operative" in *Pennell* is simply misplaced. *See* Motion, Ex. A at 6.

Not to be dissuaded, Plaintiff now cites to *Wellness Community-National* as standing for the proposition that "standing must be considered on the basis of the First Amended Complaint, not the original Complaint." *Id.* (citing *Wellness Community-National v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995)). However, this is, again, nothing more than Plaintiff taking a quote grossly out of context. Specifically, *Wellness Community-National* was conducting an analysis of whether an original Complaint or Amended Complaint governed a suit for purposes of determining whether diversity jurisdiction was present. *Wellness Community-National*, 70 F.3d at 49. Thus, although *Wellness Community-National* admittedly does state that "[i]n these circumstances, it is well established that the amended pleading supersedes the original pleading," *id.*, Plaintiff's claim that this was a holding "that standing must be considered on the basis of the First Amended Complaint, not the original Complaint" is yet another attempt to mislead the Court. *See* Motion at 6. Indeed, *Pennell* and the caselaw upon which it relies make clear that Plaintiff's theory of standing is entirely without basis and that standing must be present at the time the suit is filed. *See Pennell*, 990 F.3d at 1044; *Pollack*, 577 F.3d at 742 n.2 ("Although Pollack visited Foss Park after he commenced suit, a plaintiff must establish standing at the time the suit is filed and cannot manufacture standing afterwards."); *Friends of the Earth, Inc. v. Laidlaw Environmental Services*, 528 U.S. 167, 180, 120 S.Ct. 693, 704, 145 L.Ed.2d 610 (2000) (stating that the court considers whether a plaintiff had standing "at the outset of the litigation"); *Perry v. Village of Arlington*

*Heights*, 186 F.3d 826, 830 (7th Cir. 1999) ("Because standing goes to the jurisdiction of a federal court to hear a particular case, it must exist at the commencement of the suit.").

To the extent that Plaintiff implies the Court may only dismiss her complaint with leave to amend or dismiss her case without prejudice, Plaintiff fails to consider that Ocwen argued she lacked standing at the filing of her original Complaint only as to her purported Request for Information No. 2 and her three purported Notices of Error ("NOEs").  *See* Reply in Support of Summary Judgment at 21-22, 24-25.  Ocwen did not dispute that Plaintiff could have standing with respect to her purported Request for Information No. 1 from a temporal standpoint, notwithstanding the fact that she suffered no damages as a result of any alleged violations with respect to that correspondence.  *See* Reply in Support of Summary Judgment at 21-24.  As such, Plaintiff's arguments as to whether she had standing upon the filing of her Complaint and the consequences of such are wholly without merit and, therefore, her Motion should be denied.

3.    <u>Plaintiff's failure to oppose arguments on summary judgment constitutes a waiver of such arguments</u>

Plaintiff asserts she has not conceded that there is no genuine dispute of material fact that her correspondence did not constitute Qualified Written Requests[2] or that her claims under the Fair Debt Collection Practices Act ("FDCPA") are preempted under the Bankruptcy Code.  Motion, Ex. 1 at 6-7.  However, on summary judgment "[a]n undeveloped argument is a waived argument." *O'Malley v. J. C. Penney Corporation Inc.*, 2009 WL 10695107, at *2 (N.D. Ind. 2009) (citing *Kochert v. Adagen Med. Intern., Inc.*, 491 F.3d 674, 679 (7th Cir. 2007); *Boyd v. Owen*, 481 F.3d

---

[2] By focusing on her correspondence that purports to be NOEs, Plaintiff apparently seeks to argue that only her correspondence purporting specifically to be Notices of Error are of relevance to this litigation.  Thus, Plaintiff has again failed to develop any argument that her purported Requests for Information constitute Qualified Written Requests ("QWRs") under the Real Estate Settlement Procedures Act ("RESPA") such that she has waived any argument to the contrary.  *O'Malley*, 2009 WL 10695107 at *2.

520, 524-25 (7th Cir. 2007); *Gates v. Towery*, 507 F.Supp.3d 904, 924 (N.D. Ill. 2007) ("[A]ny arguments that are . . . underdeveloped are deemed waived.").

With respect to her claims under RESPA, there can be no dispute that Plaintiff simply failed to address Ocwen's arguments in her Opposition to Summary Judgment. Her conclusory allegation here that her "written correspondence speak[s] for [itself] and are [sic] entirely different than those confronted in *Ekundayo v. PNC Bank, Nat. Ass'n* . . . and the cases it relies upon" is insufficient to rebut this fact. *See* Motion, Ex. A at 7. Similarly, Plaintiff's conclusory allegation that "Ocwen cannot meet its burden here by asserting a self-serving depiction of [Plaintiff's] correspondence" again, ironically, ignores the arguments set forth by Ocwen in its briefing. In particular, in arguing that the correspondence raised the same issues multiple times and alleged errors regarding previous requests Ocwen noted that "purported Notices of Error 1, 2, and 3 all alleged an error with accepting payments," that "[a]ll three purported Notices of Error claim Ocwen failed to provide a reinstatement quote within seven business days of the correspondence," and that "all three [purported] Notices of Error claimed errors with the calculation and handling of Plaintiff's escrow." *See* Defendant Ocwen Loan Servicing, LLC's Memorandum in Support of Motion for Summary Judgment (ECF No. 269) [hereinafter "Memo. in Support of Summary Judgment"] at 22-23. Ocwen further noted that "these letters were all sent during an active foreclosure action in state court and this federal lawsuit," further supporting a classification of discovery-style document demands and interrogatories. *See id.* at 22. That Plaintiff chose to focus her Opposition to Summary Judgment on whether RESPA expressly permits a borrower's layer to serve as the borrower's agent when preparing QWRs under RESPA does not absolve her of her duties to respond to *all* of Ocwen's arguments posed on summary judgment or risk the consequences of failing to do so. *See* Opposition to Summary Judgment at 27.

To the extent that Plaintiff seeks support in this Court's Order on Defendants' Motions to Dismiss (ECF No. 133) [hereinafter the "Order"], the Order on its face states with respect to Plaintiff's claims under RESPA that although "[Plaintiff's] arguments are well-taken *at this motion to dismiss stage*[,] Ocwen's arguments for dismissal very well could be successful in a summary judgment motion." Order at 27 (emphasis added). Thus, by failing to develop any argument to rebut Ocwen's points on summary judgment, Plaintiff has in fact conceded that her correspondence did not constitute QWRs under RESPA. *See O'Malley*, 2009 WL 10695107 at *2.

With respect to Ocwen's argument that her claims under the FDCPA are preempted under the Bankruptcy Code, Plaintiff's entire position consists only of two sentences. In particular, Plaintiff argues that she "addressed this argument on page 56 of her Response In Opposition" and that "[t]his too is factually incorrect, an argument the Court rejected previously, and a reflection of a misunderstanding about who bears the burden in establishing appropriate grounds for summary judgment." Motion, Ex. A at 7. However, contrary to Plaintiff's singular argument that "[t]he current law in the Seventh Circuit is that the Bankruptcy Code does *not* preempt claims under the FDCPA because they are concurrent, non-exclusive remedies with different standards under each," Opposition to Summary Judgment at 56, the Court in fact "agree[d] with Ocwen's position regarding preemption or preclusion of the FDCPA claim to the extent it is based upon the bankruptcy proceedings and the Bankruptcy Code." *Id.* at 29. Plaintiff's reliance on the language of the Order is misplaced and cannot serve as a substitute to develop argument on summary judgment. Having failed to develop any argument on summary judgment (other than that with which the Court has already disagreed), Plaintiff has conceded that her claims under the FDCPA are preempted by the Bankruptcy Code, and her argument to the contrary is also without merit. *See O'Malley*, 2009 WL 10695107 at *2. Thus, Plaintiff's argument set forth in her proposed

surreply pertaining to her waiver of argument is without merit and, therefore, her Motion should be denied.

4.      Plaintiff's claims that she has established any genuine dispute of material fact are without merit.

As a last-ditch effort, Plaintiff argues that she has "established a genuine dispute of material fact about whether Ocwen has repeatedly violated the FDCPA" and "as to Ocwen's bona fide error defense," or, in the alternative, that Ocwen has nonetheless failed to meet is purported burden on summary judgment regarding the same.  *See* Motion, Ex. A at 9-10, Sections II.A.5-6.  As on summary judgment, Plaintiff again misunderstands what makes a dispute either genuine or material and, further, improperly attempts to shift her burdens in litigation.  For these reasons, Plaintiff's Motion should be denied.

Summary judgment is appropriate when there are no genuine issues of material fact, leaving the moving party entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party must show there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  A factual issue is material only if resolving the factual issue might change the suit's outcome under the governing law.  *Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). A factual issue is genuine only if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party *on the evidence presented*.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis added).

Here, Plaintiff has failed to establish how any of the purported facts that she alleges might change this suit's outcome or that there is sufficient evidence for a reasonable jury to return a verdict in her favor.  Thus, none of her disputes are genuine or material.

16

i.    *Collection Calls*

Plaintiff first points to an excerpt from Ocwen's Reply in Support of Summary Judgment wherein Ocwen notes that Plaintiff stated "she would have her attorney call Ocwen."  Motion, Ex. A at 8; Reply in Support of Summary Judgment at 4 ¶ 3.  Plaintiff continues on by referring in part to evidence that was not included in any party's Appendix of Evidence on summary judgment – specifically documents produced in discovery bearing bates stamps Ocwen_Freeman003592, 003640.   Notwithstanding that Plaintiff impermissibly advanced this theory under FDCPA § 1692c(a)(2) for the first time in her Opposition to Summary Judgment, *see* Reply in Support of Summary Judgment at 34, Plaintiff has nonetheless failed to establish a genuine dispute of material fact through her proposed surreply.

First, under FDCPA § 1692c(a)(2), a debt collector may not communicate with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney *with respect to such debt and* has knowledge of, or can readily ascertain, such attorney's name and address.  *See* 15 U.S.C. § 1692c(a)(2) (emphasis added).  Thus, whether Plaintiff claimed to be represented by counsel is immaterial to the extent that such a claim does not confer knowledge of representation with respect to a specific disputed debt or an ability to ascertain that attorney's name and address.  *See Clifton*, 969 F.2d at 281.  For these same reasons, the Plaintiff's argument as to whether Ocwen has met its burden on summary judgment rings hollow.  In the Reply in Support of Summary Judgment Ocwen pointed out that Plaintiff "failed to identify any evidence in the record that Ocwen was on notice she was represented by counsel [with respect to the debt] prior to August 27, 2018."  Reply in Support of Summary Judgment at 34.  Thus, because Plaintiff can point to no evidence in the record establishing otherwise, any purported dispute is not genuine.  *Anderson*, 477 U.S. at 248.  As such, with respect to the claims

Plaintiff sought to impermissibly add under FDCPA § 1692c(a)(2), she nonetheless has failed to establish a genuine dispute of material fact with respect to those claims.

ii.     *Statements and Default Letters*

Plaintiff next argues that she "identified each of the statements and default letters within Exhibit UU to Appendix [sic] and detailed why each contained material falsehoods and are violative of the FDCPA." Motion , Ex. A at 8. Contrary to this conclusory allegation, the entirety of Plaintiff's argument as to this point was a single sentence – "Here, each of the statements and default related letters referenced above threaten foreclosure, misrepresent the status of Loan, [sic] as well as the amount owned despite Ocwen's knowledge of its servicing errors and systemic servicing deficiencies." Opposition to Summary Judgment at 41. Without more, Plaintiff has clearly failed to demonstrate the presence of a factual issue that, if resolved, might change the outcome of a claim under the various subsections of FDCPA § 1692e, *Clifton*, 969 F.2d at 281, or point to sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party on the evidence presented. *Anderson*, 477 U.S. at 248. Thus, Plaintiff has failed to establish a genuine dispute of material fact with respect to her claims brought under FDCPA §§ 1692e(2), (5), (6) and (10), 1692f, or her claim impermissibly sought to be added under 1692e(6).

iii.     *Credit Reporting*

As a threshold matter, Plaintiff apparently seeks to impermissibly amend her argument set forth in her Opposition to Summary Judgment. In particular, Plaintiff claims that she "specifically noted in her Response [that] Ocwen knew or should have known its reporting of [Plaintiff's] loan was false for reasons including without limitation it had specific knowledge she had just successfully completed a Chapter 13 bankruptcy, had previously identified its own widespread failure to mark reporting as in dispute . . ., and because its own THCL plainly evidences knowledge

about problems with the loan (multiple reconciliation attempts and calls from [Plaintiff]) as early as December of 2017." Motion, Ex. A at 9. However, in her Opposition to Summary Judgment, Plaintiff referred only to Plaintiff's "calls, actual credit dispute letters, notices of error and the resulting ACDVs it received" while citing specifically to Ocwen_Freeman004006, 004009. Opposition to Summary Judgment at 42. The Court should not countenance such legal gamesmanship and Plaintiff's argument as to this point should be rejected on this basis alone.

This point notwithstanding, Plaintiff's arguments nonetheless ring hollow. Plaintiff's claims based on allegations made in Paragraph 257 of her Second Amended Complaint and those brought under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*, were dismissed by this Court. *See* Order at 29-30. Thus, any allegations pertaining to credit reporting have long since been put to rest in this litigation and any dispute regarding such cannot be considered a material one. *See Clifton*, 969 F.2d at 281. Moreover, the reason that Ocwen did not know or have reason to know of any alleged issues pertaining to credit reporting has been well-established. The undisputed record in this case shows that the underlying error was simply that amounts disallowed by the October 26, 2012 Order were not removed from Plaintiff's account during the manually performed post-bankruptcy reconciliation process. *See, e.g.*, Reply in Support of Summary Judgment at 8 ¶ 1. Plaintiff's conclusory allegations that Ocwen should have suspected something to the contrary are contrary to the record, and without supporting evidence any dispute regarding such cannot be considered genuine. *Anderson*, 477 U.S. at 248. Thus, Plaintiff has failed to establish any genuine dispute of material fact pertaining to credit reporting.

                iv.    *Bona fide error defense*

Finally, Plaintiff's argument as to how she has purportedly established a genuine dispute of material fact with respect to Ocwen's defense of *bona fide* error is two-fold. First, Plaintiff

claims that she "rebutted the facts relied upon by Ocwen via citation to several portions of the RCRs and Goldin Reports wherein the exact type of conduct was referenced." Motion, Ex. A at 9. However, as has been discussed at length, Plaintiff merely intones the RCRs and Goldin Reports in her Opposition to Summary Judgment and, in fact, fails to establish connection whatsoever between those reports and the issues that allegedly occurred here. *See generally* Defendant Ocwen Loan Servicing, LLC's Motion *in Limine* to Exclude Certain Reports and Memorandum in Support (ECF No. 368); Defendant Ocwen Loan Servicing, LLC's Reply in Support of Motion *in Limine* to Exclude Certain Reports (ECF No. 388). Second, Plaintiff's understanding of the *bona fide* error defense is, again, based only on conclusory allegation and otherwise legally erroneous. Under the FDCPA, a debt collector may not be held liable in any action brought under the FDCPA if the debt collector shows that the violation was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. *See* 15 U.S.C. § 1692k(c). Here, a straight line can be drawn between a singular error and all of Plaintiff's alleged violations of the FDCPA – namely, that amounts disallowed by the October 26, 2012, Order were not removed from Plaintiff's account during the manually performed post-bankruptcy reconciliation process. *See, e.g.*, Reply in Support of Summary Judgment at 8 ¶ 1. Plaintiff's belief that "Ocwen declined to so much as attempt to articulate how *each* of the alleged violations 'resulted from' a bona fide error" is simply mistaken. Motion, Ex. A at 10. Further, Plaintiff's claim that this case "entails allegations of dozens of violations in a repeated pattern and in nearly all manner conceivable" is wholly unsupported by any evidence and, thus, cannot be said to be a genuine dispute. *Anderson*, 477 U.S. at 248. Thus, Plaintiff has failed to establish any genuine dispute of material fact on summary judgment either in her Opposition to Summary Judgment or in her proposed surreply and, therefore, her Motion should be denied in its entirety.

## IV.    CONCLUSION

Based on the foregoing, Defendant Ocwen Loan Servicing, LLC respectfully requests the Court deny Plaintiff's Motion for Leave to File Surreply to Defendant Ocwen Loan Servicing, LLC's Reply in Support of Motion for Summary Judgment in its entirety, and grant Ocwen such other and further relief the Court deems appropriate and just.

Dated: October 17, 2022                Respectfully submitted,

By: */s/ Ethan G. Ostroff*

Ethan G. Ostroff
John C. Lynch
Carter R. Nichols
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23454
Telephone: (757) 687-7500
E-mail: ethan.ostroff@troutman.com
E-mail: john.lynch@troutman.com
E-mail: carter.nichols@troutman.com

*Counsel for Defendants Ocwen Loan Servicing,*
*LLC and Bank of New York Mellon*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing has been served via electronic

filing to all parties of record this 17th day of October, 2022.

Dated: October 17, 2022                    By: */s/ Ethan G. Ostroff*
                                                Ethan G. Ostroff