UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEMONA FREEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-03844-TWP-DLP |
| | ) |
| OCWEN LOAN SERVICING, LLC, | ) |
| BANK OF NEW YORK MELLON, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on the Intervenor Plaintiffs' Motion to Intervene and Modify Stipulated Protective Order [D.E. 65], Dkt. [328]. The motion was referred to the Undersigned for ruling.

**I.  Background**[1]

The Court assumes familiarity with the underlying facts of this case; however, some facts surrounding the current issue bear mentioning. Plaintiff, Demona Freeman, holds a mortgage loan owned by Defendant Bank of New York Mellon ("BONY"). (Dkt. 84 at 2). The loan is serviced by Defendant Ocwen Loan Servicing, LLC ("Ocwen"). (Id.). Plaintiff alleges that she obtained a copy of the loan mortgage transactional history for the Loan which showed substantial misconduct regarding the servicing of her loan. (Id. at 15-18). Further, she alleges that because of this misconduct, Ocwen erroneously initiated a second foreclosure proceeding,

---

[1] The facts were laid out in complete detail in the Court's Order on Defendants' Motion to Dismiss. (Dkt. 133). As such, the Undersigned will reference only those facts necessary to render this opinion.

1

which was ultimately dismissed. (Dkt. 84 at 15-32). Following the Court's ruling on the Defendants' Motion to Dismiss, only three claims remain: (1) breach of contract against BONY for its failure to accept Plaintiff's timely and adequate mortgage payments as contractually obligation, failure to credit and apply Plaintiff's payments as contractually obligated, and assessment of unauthorized late fees, legal fees, costs, and property inspection fees; (2) violations of the Real Estate Settlement Procedures Act ("RESPA") error resolution procedures, to the extent the claim is not based on Section 2609; and (3) violations of the Fair Debt Collection Practices Act ("FDCPA"), to the extent the claim is based on conduct that occurred after December 6, 2017. (Dkt. 133). The Court approved a Stipulated Protective Order on July 19, 2019, which protects various categories of produced information, such as, for example, research, technical, commercial, proprietary, or financial information or trade secrets regarding Defendants' businesses, business practices, or loan servicing practices or servicing platforms. (Dkt. 65).

On July 6, 2022, David R. O'Flynn, Kenneth Novak, Donald L. Wilhold, and James Addison (the "Intervenor Plaintiffs"), the Plaintiffs in an adversary proceeding currently pending in the United States Bankruptcy Court for the Southern District of Indiana, No. 21-50079, filed the present motion where they seek to intervene in order to modify the Court's Stipulated Protective Order and access various discovery materials produced by Defendant Ocwen Loan Servicing, LLC in this case. (Dkt. 328; Dkt. 329 at 1). Defendants filed a response in opposition

2

on July 20, 2022, and the Intervenor Plaintiffs filed a reply on August 3, 2022. (Dkts. 334, 350).

## II. Legal Standard

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, the Court may permit a party to intervene who has a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b)(1)(B). "The Rule requires the court to consider 'whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights,' Fed. R. Civ. P. 24(b)(3), but otherwise does not cabin the district court's discretion." *Planned Parenthood of Wisconsin, Inc. v. Kaul*, 942 F.3d 793, 803 (7th Cir. 2019).

Intervening for the purpose of modifying a protective order requires the Court to determine "(1) whether the party opposing intervention has any substantial right at stake, and (2) whether the proposed modification would tangibly prejudice that right." *Griffith v. Univ. Hosp., L.L.C.*, 249 F.3d 658, 662 (7th Cir. 2001) (quoting *Wilk v. American Medical Ass'n*, 635 F.2d 1295, 1299 (7th Cir. 1980) (superseded in part by rule)). "Where an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification." *Menasha Corp. v. News Am. Mktg. In-Store, Inc.*, No. 00 C 1895, 2002 WL 664067, at *1 (N.D. Ill. Apr. 23, 2002) (citing *Wilk*, 635 F.2d at 1299).

### III. Discussion

Intervenor Plaintiffs seek to modify the protective order so that they can access materials produced by Ocwen in this case, which "will preserve judicial resources and avoid duplicate discovery as the materials are vital to the establishment of requisite elements of Plaintiffs' claims for violation of [various statutes]," "the materials will enable [Plaintiffs] to bring a claim for fraud and plead the same with unrivaled specificity," and "the materials are necessary to ensure Ocwen does not again commit a fraud upon the court by arguing the servicing errors at issue are isolated, the product of 'human error,' or a result of the acts and omissions of a third party." (Dkt. 329 at 1-2). As noted above, the Court must first evaluate whether the intervening and present cases share any common issues.

#### a. *Common Questions of Law or Fact*

Plaintiffs contend that the two cases have substantially similar factual allegation, claims, and questions of law, and that the conduct at issue occurred during the same general time frame. (Id. at 5-6). Specifically, Plaintiffs state that both cases allege that "Ocwen failed to appropriately account for and apply their payments during and after their chapter 13 bankruptcy, assessed and collected illegal fees and charges, repeatedly failed to correct its errors when notified, reported their loans as delinquent to credit reporting agencies, and sought to foreclose without basis" and that "due to Ocwen's long standing knowledge of systemic failings with its mortgage servicing platform REALServicing and related processes, the foregoing conduct was willful, intentional, and constituted a pattern

4

and practice of mortgage servicing misconduct." (Id. at 6). Plaintiffs also note that the same general timeframe, 2011—2019 governs both cases. (Id. at 6, n. 2).

In response, Defendants claim that no common factual issues exist between the two cases because Freeman had a disallowance of arrearages by the Bankruptcy Court, whereas the Intervenor Plaintiffs did not; the record does not substantiate Freeman's allegation that she paid any illegal fees, whereas the Intervenor Plaintiffs' record does; for the Intervenor Plaintiffs there was no admitted error that Ocwen attempted to correct, unlike in Freeman; Freeman's claims regarding allegedly reporting loans as delinquent to credit reporting agencies were dismissed, thereby creating a dissimilarity between the two cases; the Intervenor Plaintiffs' allegations of fact arose from purported improper fees and charges assessed during bankruptcy where Freeman's claims arose from an error in the reconciliation of a disallowed portion of her bankruptcy; and, finally, that the allegedly similar time frame included differences of six months to two years and is thus not similar. (Dkt. 334 at 3-7). As to questions of law, Defendants maintain that no common issues exist because the two cases involve different subsections of RESPA and can therefore not involve a pattern or practice of similar misconduct and different unfair and unconscionable means to collect upon the debt under the FDCPA, precluding a finding of commonality. (Id. at 7-11).

Defendants appear to be pinpointing minute factual differences between the two cases, while seeming to ignore the bigger picture: namely, that both cases involve largely similar claims brought under the same statutes based on allegedly

harmful conduct by similar or the same entities. *See Lozier v. Quincy Univ. Corp.*, No. 18-CV-3077, 2021 WL 981278, at *3 (C.D. Ill. Mar. 16, 2021) (common questions of law and fact existed where both claims were "based on Illinois law of defamation and invasion of privacy" and concern what statements the parties made or repeated). It would be an impossible standard for the Court to require the cases to be factually identical – rather, Rule 24 only requires common questions of law or fact and, here, the Intervenor Plaintiffs have demonstrated both.

Perhaps more importantly, the Court notes that Defendant Ocwen, in the corresponding bankruptcy case, filed a motion for a protective order in an attempt to prevent the Plaintiffs from seeking to intervene and modify the existing protective order in the present case. (Dkt. 69, *O'Flynn, et al. v. PHH Mortgage Corporation, et al.*, No. 21-50079). Judge Moberly noted that "[w]hile both complaints [in the Freeman and bankruptcy case] allege a variety of theories, they have significant overlap in that both allege that Ocwen Servicing violated (1) the FDCPA, (2) RESPA, (3) the discharge injunction under 524 and the automatic stay under 362; and (4) the Deceptive Consumer Sales Act." (Dkt. 88 at 2, *O'Flynn, et al. v. PHH Mortgage Corporation, et al.*, No. 21-50079). The Undersigned agrees with the Bankruptcy Court: the cases overlap on a number of factual and legal issues and, thus, have common questions sufficient to satisfy Rule 24.

    *b. Tangible Prejudice to a Substantial Right*

As noted previously, once a Court has concluded that common questions of law or fact exist, the Court must then determine whether the party opposing

6

intervention has any substantial right at stake and whether the proposed modification would "tangibly prejudice" that right. *Griffith*, 249 F.3d at 662. Defendants argue that the granting of this motion would deprive them of their right to "dispute Intervenors' discovery requests as improper and, if necessary, have such disputes adjudicated by the Bankruptcy Court." (Dkt. 334 at 11-12). However, as the Intervenor Plaintiffs point out, even if their motion to intervene is granted, Defendants will still be able to challenge the relevance and admissibility of the discovery materials in the Bankruptcy Court. (Dkt. 350 at 5 (citing *Menasha*, 2002 WL 664067, at *2 (Noting that granting of motion to intervene "in no way diminishes [the defendant's] right to challenge [the intervenor's] access to specific materials in order to retain protection for items which would ordinarily not be discoverable due to privileges or irrelevance")).

The Bankruptcy Court already confirmed this fact for the Defendants as well: when denying the Defendants' motion for a protective order to prevent Plaintiffs' from intervening in this case, the court explained that the motion was denied because Defendants can still challenge the relevance or admissibility of those discovery documents in the Bankruptcy Court, and Defendants failed to demonstrate any specific and substantial harm they would suffer if a protective order was not issued. (Dkt. 88 at 4, *O'Flynn, et al. v. PHH Mortgage Corporation, et al.*, No. 21-50079). As such, Defendants have not met their burden of demonstrating that a substantial right is at stake here and, accordingly, the Court must grant the Intervenor Plaintiffs' motion. *See Griffith*, 249 F.3d at 662 (quoting *Wilk*, 635 F.2d

7

at 1299) ("Where an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification.").

On a final note, Defendants argue that because the only benefit to the Intervenor Plaintiffs is convenience and counsel for Intervenors know exactly the identify of the documents being sought and can request them through applicable discovery procedures, the present motion should be denied. (Dkt. 334 at 12-13) (citing *Griffith*, 249 F.3d at 663 and *Albertson's, Inc. v. Abbott Laboratories, Inc.*, No. 94 C 3669, 2006 WL 1987812 at *2 (N.D. Ill. 2006)). However, the Court finds it prudent to note that the issue of the discoverability of these particular documents has been litigated not only in the present case, but also in *Roger Todd v. Ocwen Loan Servicing, LLC, et al.*, No. 2:19-cv-0085-JMS-DLP (S.D. Ind.). As noted by the Intervenor Plaintiffs, the litigation regarding these documents in the present case required "the filing by Freeman of at least four motions to compel, extensive briefing by both parties, countless 'meet and confers,' and no less than seven discovery conferences with the court" – not to mention the conferences and briefing required in the *Todd* case. Moreover, the Undersigned and two different District Judges of this Court weighed and considered the discoverability of these documents and found them relevant and discoverable over the same objections put forward by the same or similar defendants. Permitting the Intervenor Plaintiffs access to these discovery documents would not only be convenient for them, but it would help

8

promote a more efficient determination of issues and keep litigation costs down. *See Menasha*, 2002 WL 664067 at *2 ("[c]ourts must apply Rule 24 in light of Fed. R. Civ. P. 1's mandate that the rules be "construed and administered to secure the just, speedy, and inexpensive determination of every action."). As such, Defendants' objections are not well-taken, and the Court still finds that Defendants have not met their burden of demonstrating that a substantial right would be tangibly prejudiced by the granting of the present motion. *See Wilk*, 635 F.2d at 1299 (modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification).

## IV. Conclusion

For the foregoing reasons, Intervenor Plaintiffs' Motion to Intervene and Modify Stipulated Protective Order [D.E. 65], Dkt. [328], is **GRANTED**. The Stipulated Protective Order in this case (Dkt. 65) is modified for the limited purpose of permitting the Intervenor Plaintiffs to access the discovery materials produced by Defendant Ocwen. The Intervenor Plaintiffs are bound by all the terms of the Stipulated Protective Order. (Dkt. 65). Intervenor Plaintiffs are barred from using the Ocwen discovery materials for any purpose unrelated to the presently pending Bankruptcy action (*i.e.*, *O'Flynn, et al. v. PHH Mortgage Corporation, et al.*, 21-50079).

So ORDERED.

Date: 12/7/2022

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email