**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Indianapolis Division**

DEMONA FREEMAN,

       Plaintiff,

    v.

OCWEN LOAN SERVICING, LLC,
and THE BANK OF NEW YORK MELLON
f/k/a THE BANK OF NEW YORK as
successor in interest to JPMorgan Chase Bank,
N.A., as Trustee for C-BASS Mortgage Loan
Asset-Backed Certificates, Series, 2005-RPI,

       Defendants.

Case No. 1:18-cv-03844-TWP-DLP

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants, Ocwen Loan Servicing, LLC ("Ocwen") and Bank of New York Mellon ("BONY") (collectively, "Defendants"), by counsel, respectfully submit the following Jury Instructions for use at trial on February 13, 2023. Defendants reserve the right to amend or supplement these instructions at the close of evidence.

By submission of these proposed jury instructions, Defendants do not intend to waive arguments for directed verdict or motions for judgment as a matter of law that will be made at the close of Plaintiff's case. Defendants do not concede that Plaintiff's claims should be submitted to the jury.

Defendants reserve their right to supplement, modify, or withdraw these proposed instructions depending on future court rulings, including those concerning jury instructions, motions to exclude evidence, trial motions, etc., or through other means. Defendants also reserve

their right to supplement or modify these proposed instructions in light of the Proposed Jury Instructions that may be filed by Plaintiff, if any.

Defendants further reserve the right to object to the Proposed Jury Instructions filed by Plaintiff, if any.

Dated: December 27, 2022     Respectfully submitted,

          By: */s/ John C. Lynch*

          John C. Lynch
          Ethan G. Ostroff
          Carter R. Nichols
          TROUTMAN PEPPER HAMILTON SANDERS LLP
          222 Central Park Avenue, Suite 2000
          Virginia Beach, VA 23454
          Telephone: (757) 687-7500
          E-mail: john.lynch@troutman.com
          E-mail: ethan.ostroff@troutman.com
          E-mail: carter.nichols@troutman.com

          *Counsel for Defendants Ocwen Loan Servicing, LLC*
          *and Bank of New York Mellon*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a copy of the foregoing has been served via electronic filing to all parties of record this 27th day of December, 2022.

Dated: December 27, 2022

Respectfully submitted,

By: */s/ John C. Lynch*

John C. Lynch
Ethan G. Ostroff
Carter R. Nichols
Troutman Pepper Hamilton Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23454
Telephone: (757) 687-7500
E-mail: john.lynch@troutman.com
E-mail: ethan.ostroff@troutman.com
E-mail: carter.nichols@troutman.com

*Counsel for Defendants Ocwen Loan Servicing, LLC and Bank of New York Mellon*

# INSTRUCTION NO. 1

## Preliminary Instructions to Jury

*Introductory Paragraphs*

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

One of my duties is to decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

*Order of Trial*

The trial will proceed in the following manner:

First, the Plaintiff's attorney may make an opening statement. Next, Defendants' attorney may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

After the opening statements, Plaintiff will call witnesses and present evidence. Then, Defendant will have an opportunity to call witnesses and present evidence. After the parties' main cases are completed, Plaintiff may be permitted to present rebuttal evidence and Defendant may be permitted to present sur-rebuttal evidence.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

*Province of Judge and Jury*

Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

*Evidence in the Case*

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and any facts that I may instruct you to find or the parties may agree or stipulate to.

A stipulation is an agreement between both sides that certain facts are true.

*Credibility of Witnesses*

You will have to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You will also have to decide what weight, if any, you give to the testimony of each witness.

*Jury Conduct*

All jurors must follow certain rules of conduct, and you must follow them, too.

First, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. You must not let others to discuss the case with you. If anyone tries to talk to you about the case please let me know about it immediately;

Second, you must not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, you must not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me, you must give a signed note to the bailiff, clerk, or law clerk to give to me; and

Fifth, you must not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Authority: Federal Civil Jury Instructions of the Seventh Circuit – Sample Preliminary Instructions (2009)

## INSTRUCTION NO. 2

## <u>Functions of the Court and Jury</u>

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.  Do not allow sympathy or prejudice to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Authority: Federal Civil Jury Instructions of the Seventh Circuit - 1.01 (2017)

**INSTRUCTION NO. 3**

**No Inference From Judge's Questions**

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Authority: Federal Civil Jury Instructions of the Seventh Circuit - 1.02 (2017)

# INSTRUCTION NO. 4

## **All Litigants Equal Before the Law**

In this case some of the defendants are corporations.  All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

Authority: Federal Civil Jury Instructions of the Seventh Circuit - 1.03 (2017)

**INSTRUCTION NO. 5**

**<u>Evidence</u>**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.  A stipulation is an agreement between both sides that certain facts are true.

Authority: Federal Civil Jury Instructions of the Seventh Circuit - 1.04 (2017)

**INSTRUCTION NO. 6**

**<u>Deposition Testimony</u>**

During the trial, certain testimony was presented to you by the reading of depositions and videotaped deposition testimony. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Authority: Federal Civil Jury Instructions of the Seventh Circuit - 1.05 (2017)

# INSTRUCTION NO. 7

## <u>What is Not Evidence</u>

Certain things are not to be considered as evidence.  I will list them for you:

First, if I told you to disregard any testimony or exhibits or I struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence.  Lawyers have a duty to object when they believe a question is improper.  You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence.  Their purpose is to discuss the issues and evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Authority: Federal Civil Jury Instructions of the Seventh Circuit - 1.06 (2017)

# INSTRUCTION NO. 8

## **Note-taking**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight that the recollections or impressions of each juror about the testimony.

Authority: Federal Civil Jury Instructions of the Seventh Circuit - 1.07 (2017)

# INSTRUCTION NO. 9

## **Consideration of All Evidence Regardless of Who Produced**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Authority: Federal Civil Jury Instructions of the Seventh Circuit - 1.08 (2017)

**INSTRUCTION NO. 10**

**<u>Limited Purpose of Evidence</u>**

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose.  You must consider this evidence only for the limited purpose for which it was admitted.

Authority: Federal Civil Jury Instructions of the Seventh Circuit - 1.09 (2017)

# INSTRUCTION NO. 11

## <u>Evidence Limited to Certain Parties</u>

Each party is entitled to have the case decided solely on the evidence that applies to that party. You must consider the evidence concerning Ocwen only in the case against Ocwen. You must consider the evidence concerning Bank of New York Mellon only in the case against Bank of New York Mellon. You must not consider evidence that applies only to one party against any other party.

Authority: Modified from Federal Civil Jury Instructions of the Seventh Circuit - 1.10 (2017)

**INSTRUCTION NO. 12**

**<u>Weighing the Evidence</u>**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Authority: Federal Civil Jury Instructions of the Seventh Circuit - 1.11 (2017)

# INSTRUCTION NO. 13

## Definition of "Direct" and "Circumstantial" Evidence

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Authority: Federal Civil Jury Instructions of the Seventh Circuit - 1.12 (2017)

**INSTRUCTION NO. 14**

**Testimony of Witnesses (Deciding What to Believe)**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

Authority: Federal Civil Jury Instructions of the Seventh Circuit - 1.13 (2017)

**INSTRUCTION NO. 15**

**<u>Prior Inconsistent Statements or Acts</u>**

You may consider statements given by a witness or party under oath before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his or her testimony here in Court, you may consider the earlier statement or conduct only in deciding whether his or her testimony her in Court was true and what weight to give to his testimony here in Court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Authority: Federal Civil Jury Instructions of the Seventh Circuit - 1.14 (2017)

**INSTRUCTION NO. 16**

**Number of Witnesses**

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Authority: Federal Civil Jury Instructions of the Seventh Circuit - 1.17 (2017)

## INSTRUCTION NO. 17

## <u>Absence of Evidence</u>

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Authority: Federal Civil Jury Instructions of the Seventh Circuit - 1.18 (2017)

## INSTRUCTION NO. 18

### <u>Expert Witnesses</u>

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Authority: Federal Civil Jury Instructions of the Seventh Circuit - 1.21 (2017)

**INSTRUCTION NO. 19**

**<u>Demonstrative Exhibits</u>**

Certain [*describe demonstrative exhibit, e.g., models, diagrams, devices, sketches*] have been shown to you. Those [*short description*] are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

Authority: Federal Civil Jury Instructions of the Seventh Circuit - 1.24 (2017)

**INSTRUCTION NO. 20**

**<u>Multiple Defendants</u>**

You must give separate consideration to each claim and each party in this case. Although there are two defendants, it does not follow that if one is liable, any of the others is also liable.

In considering a claim against a defendant, you must not consider evidence admitted only against other defendants or only as to other claims.

Authority: Federal Civil Jury Instructions of the Seventh Circuit - 1.25 (2017)

# INSTRUCTION NO. 21

## **<u>Burden of Proof</u>**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Authority: Federal Civil Jury Instructions of the Seventh Circuit - 1.27 (2017)

**INSTRUCTION NO. 22**

**<u>No Need to Consider Damages</u>**

If you decide in favor of the Defendants on the question of liability, then you should not consider the question of damages.

Authority: Federal Civil Jury Instructions of the Seventh Circuit - 1.31 (2017)

**INSTRUCTION NO. 23**

**<u>Stipulations of Fact</u>**

The parties have stipulated, or agreed, that [*stipulated fact*].  You must now treat this fact as having been proved for the purpose of this case.

Authority: Federal Civil Jury Instructions of the Seventh Circuit – 2.05 (2017)

**INSTRUCTION NO. 24**

**<u>Judicial Notice</u>**

I have decided to accept as proved the fact that [<mark>*e.g., the city of Milwaukee is north of the city of Chicago*</mark>].  You must now treat this fact as having been proved for the purpose of this case.

Authority: Federal Civil Jury Instructions of the Seventh Circuit – 2.06 (2017)

# INSTRUCTION NO. 25

## <u>Deposition as Substantive Evidence</u>

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of [*Witness*], which was taken on [*date*] is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Authority: Federal Civil Jury Instructions of the Seventh Circuit – 2.08 (2017)

**INSTRUCTION NO. 26**

**<u>Judge's Comments to Lawyer</u>**

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side who I may caution or warn during the trial.

Authority: Federal Civil Jury Instructions of the Seventh Circuit – 2.14 (2017)

# INSTRUCTION NO. 27

## Plaintiff's Claim Under RESPA

In this lawsuit, Plaintiff claims that Ocwen violated Section 2605(e) of the Real Estate Settlement Procedures Act, which is commonly referred to as RESPA, by failing to properly respond to the requests for information and notices of error Plaintiff claims she sent to Ocwen regarding her mortgage loan. Ocwen denies that it violated RESPA.

Plaintiff's claims under RESPA are not against Bank of New York Mellon.

Authority: 12 U.S.C. § 2605(e)

# INSTRUCTION NO. 28

## Elements of Liability Under RESPA

In order to establish liability against Ocwen for a violation of RESPA, Plaintiff has the burden of proving by a preponderance of evidence each of the following elements:

(1)     That Plaintiff sent a Qualified Written Request, as that term is defined in these instructions, to Ocwen at the address Ocwen designated for receipt of written RESPA inquiries, if any; and

(2)     That Ocwen actually received the Qualified Written Request directly from Plaintiff at the address Ocwen designated for receiving these written RESPA inquiries; and

(3)     That Ocwen failed to respond to Plaintiff's Qualified Written Request within five (5) business days of Ocwen's receipt as required by Section 2605(e) of RESPA by advising Plaintiff that Ocwen received her Qualified Written Request; and

(4)     That, within thirty (30) business days of its receipt of a Qualified Written Request from Plaintiff, or within forty-five (45) business days if Ocwen notified Plaintiff that it was exercising its statutory right to extend its time to respond, that Ocwen failed to take one of the three actions required by RESPA, that is:

>    (a)     make appropriate corrections to the account of Plaintiff; or
>
>    (b)     provide Plaintiff with a written explanation of why Ocwen believes the account is correct; or
>
>    (c)     provide Plaintiff with the requested information or a written explanation of why the requested information is unavailable and cannot be obtained; and

(5)     That Plaintiff has suffered damages as a direct and proximate result of Ocwen's failure to comply with Section 2605(e) of RESPA.

If you find from your consideration of all of the evidence that Plaintiff has proved each and every one of these elements by a preponderance of the evidence on one or more occasions, then you must go on to consider the question of damages under RESPA. However, if you find Plaintiff has failed to prove one or more of the above listed elements by a preponderance of the evidence for each claimed violation, then your verdict must be for Ocwen. Each of the elements will be explained in further detail in instructions to follow.

Authority: Modified from Final Jury Instructions in *Catalan v. RBC Mortg. Co*, Case No. 1:05-cv-06920, N.D. Ill. (2008); 12 U.S.C. § 2605(e)

## INSTRUCTION NO. 29

### <u>Qualified Written Request</u>

As stated in Instruction No. 28, Plaintiff must prove by a preponderance of the evidence that Ocwen received one or more Qualified Written Requests.  A Qualified Written Request is a written correspondence from Plaintiff requesting information relating to the servicing of a loan, not written on a payment coupon or other payment medium provided by Ocwen, that:

(1)      Included Plaintiff's name and account, or otherwise enabled Ocwen to identify Plaintiff's name and account; and

(2)      Included a statement of the reasons for the belief of Plaintiff that the account is in error or provides sufficient detail to Ocwen regarding other information sought by the borrower.

Authority: Modified from Final Jury Instructions in *Catalan v. RBC Mortg. Co*, Case No. 1:05-cv-06920, N.D. Ill. (2008); 12 U.S.C. § 2605(e)

**INSTRUCTION NO. 30**

**<u>Designated Address for Qualified Written Request</u>**

For purposes of determining whether Ocwen actually received a Qualified Written Request from Plaintiff, under RESPA, it is not sufficient for a borrower such as Plaintiff to send a RESPA request to anyone other than directly to their loan servicer, in this case Ocwen.

For a request to be a "Qualified Written Request," it must be received by Ocwen at the address Ocwen has designated. Further, RESPA does not allow borrowers to send such RESPA requests to an address other than the one specifically designated for such written inquiries by Ocwen.

The plain language of RESPA only imposes a duty upon Ocwen to respond to the written inquiry if it received the request directly from Plaintiff at the proper address designated by Ocwen.

Therefore, if you find that Plaintiff did not send a Qualified Written Request directly to Ocwen and Ocwen's designated address for such inquiries, but instead, that she sent it to Ocwen at a different address, or to the wrong address, then you must also find that Ocwen did not violate RESPA.

Authority: 12 U.S.C. § 2605(e); 12 C.F.R. § 1024.35(c)

# INSTRUCTION NO. 31

## Response to Qualified Written Request

As stated in Instruction No. 28, Plaintiff must prove by a preponderance of the evidence that Ocwen improperly responded to a Qualified Written Request. You can only find that Ocwen improperly responded to a Qualified Written Request if it did at least one of the following:

(1)     Failed to acknowledge, within five (5) business days (which excludes legal holidays, Saturdays, and Sundays) of receipt, a properly made Qualified Written Request unless the action requested in the Qualified Written Request was taken within the 5-day period and Plaintiff was notified of the action taken by Defendant; or

(2)     Failed to respond to a properly made Qualified Written Request in one or more of the following ways within thirty (30) business days (which excludes legal holidays, Saturdays, and Sundays), or within forty-five (45) business days (which excludes legal holidays, Saturdays, and Sundays) if Ocwen notified Plaintiff that it was exercising its statutory right to extend its time to respond:

   a.     Made appropriate corrections in Plaintiff's account, including the crediting of any late charges or penalties, and transmit to a Plaintiff a written notification of such correction which includes the name and telephone number of a representative of Ocwen who could provide assistance to Plaintiffs;

   b.     After conducting an investigation, provided Plaintiff with a written explanation or clarification that includes (i) to the extent applicable, a statement of the reasons for which Ocwen believed Plaintiff's account was correct as determined by Ocwen; and (ii) the name and telephone number of an individual employed by, or the office or department of, Ocwen who could provide assistance to Plaintiff; or

   c.     After conducting an investigation, provided Plaintiff with a written explanation or clarification that includes (i) information requested by Plaintiff or an explanation of why the information requested was unavailable or could not be obtained by Ocwen; and (ii) the name and telephone number of an individual employed by, or the office or department of, Ocwen who could provide assistance to Plaintiff.

A failure by Ocwen to correct an alleged error does not by itself constitute a violation of RESPA. Rather, there must be both a failure to take corrective action *and* a failure to provide a written explanation as to why Ocwen believed there was no error.

You may find that Ocwen complied with RESPA if Ocwen conducted a reasonable investigation into a Qualified Written Request and provided information requested by Plaintiff to the extent it was available or took appropriate corrective action with respect to any alleged errors.

Authority: Modified from Final Jury Instructions in *Catalan v. RBC Mortg. Co*, Case No. 1:05-cv-06920, N.D. Ill. (2008); 12 U.S.C. § 2605(e); *Ploog v. HomeSide Lending, Inc.*, 2001 WL 1155288, at *4 n.2 (N.D. Il.. 2001); *Saccameno v. Ocwen Loan Servicing, LLC*, 372 F.Supp.3d 609, 638 n.15 (N.D. Ill. 2019); *Weber v. Seterus, Inc.*, 2018 WL 1519163, at *8-10 (N.D. Ill. 2018)

## INSTRUCTION NO. 32

## <u>Actual Damages – RESPA</u>

If you find that Plaintiff has proven by a preponderance of the evidence that Ocwen did not comply with RESPA, you must then go on to consider whether Plaintiff has proven by a preponderance of the evidence that she sustained actual damages as a result. The fact that I am instructing you on damages under RESPA does not mean you should award damages and does not mean you should find Ocwen liable under RESPA.

Under RESPA, actual damages may only include (i) out-of-pocket expenses incurred as a result of the failure to comply with RESPA; (ii) time and inconvenience suffered as a result of the failure to comply with RESPA insofar as Plaintiff can establish actual monetary loss; and (iii) compensation for emotional distress or mental anguish as a result of the failure to comply with RESPA.

If you find that Plaintiff has proven by a preponderance of the evidence that she has suffered any of these three types of damages as the result of Ocwen's failure to comply with REPSA, you must determine the amount of money, if any, that reasonably and fairly compensates Plaintiff.

Authority: Modified from Final Jury Instructions in *Catalan v. RBC Mortg. Co*, Case No. 1:05-cv-06920, N.D. Ill. (2008); 12 U.S.C. § 2605(f)(1)(A); *Perron v. J.P. Morgan Chase Bank, N.A.*, 845 F.3d 852, 857 (7th Cir. 2017)

**INSTRUCTION NO. 33**

**<u>Statutory Damages – RESPA</u>**

In addition to actual damages, Plaintiff claims that statutory damages should be awarded as a result of Ocwen's RESPA violations. Whether an award of statutory damages is appropriate, and, if so, in what amount, is a matter for the Court to decide. However, it is for you to decide whether Plaintiff has proven that Ocwen engaged in a pattern or practice of noncompliance with the requirements of RESPA.

Authority: Modified from Final Jury Instructions in *Catalan v. RBC Mortg. Co*, Case No. 1:05-cv-06920, N.D. Ill. (2008); 12 U.S.C. § 2605(f)(1)(B)

# INSTRUCTION NO. 34

## Pattern and Practice Under RESPA

In order to show a "pattern or practice" under RESPA, there must be more than random examples of similar behavior. Instead, there must be some evidence of coordination. In other words, "pattern or practice" means "the company's standard operating procedure – the regular rather than the unusual practice."

One or two violations of RESPA's Qualified Written Request requirements does not constitute a pattern or practice of noncompliance.

Authority: Modified from Final Jury Instructions in *Catalan v. RBC Mortg. Co*, Case No. 1:05-cv-06920, N.D. Ill. (2008); *Wirtz v. Specialized Loan Servicing, LLC*, 886 F.3d 713, 720 (8th Cir. 2018) (citing *Int'l Bhd. Of Teamsters v. United States*, 431 U.S. 324, 336 n.16, 97 S. Ct. 1843, 52 L.Ed.2d 396 (1997))

**INSTRUCTION NO. 35**

**Fair Debt Collection Practices Act ("FDCPA") – Purpose**

      One of Plaintiff's claims brought this action against Ocwen is based on 15 U.S.C. Section 1692, *et seq.*, commonly known as the Fair Debt Collection Practices Act.  It is the purpose of the Fair Debt Collection Practices Act to eliminate abusive debt collection practices by debt collectors and to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.

      Plaintiff's claims under the Fair Debt Collection Practices Act are not against Bank of New York Mellon.

Authority: 15 U.S.C. § 1692(e)

## INSTRUCTION NO. 36

## Elements of Liability Under the FDCPA

To find Ocwen liable under the Fair Debt Collection Practices Act, Plaintiff must prove each of the following as true by a preponderance of the evidence:

(1)     that Ocwen is a "debt collector" as defined in the Fair Debt Collection Practices Act;

(2)     that the Plaintiff is a "consumer" as defined under the Fair Debt Collection Practices Act;

(3)     that the debt at issue was a "debt" as defined under the Fair Debt Collection Practices Act; and

(4)     that Ocwen violated the Fair Debt Collection Practices Act.

If you find that Ocwen violated the Fair Debt Collection Practices Act, you may find Ocwen liable under the Fair Debt Collection Practices Act. However, even if Plaintiff proves each of these elements by a preponderance of the evidence, you should not find Ocwen liable if you find that the *bona fide* error defense applies to Ocwen.

Authority: 15 U.S.C. § 1692a, 1692k(c)

# INSTRUCTION NO. 37

## FDCPA Definitions

The FDCPA defines a "debt collector" to include any person who uses any instrumentality of interstate commerce or the mails in any business, the principle purpose of which is the collection of any debt, directly or indirectly, owed, due or asserted to be owed or due to another. The FDCPA also defines "debt collector" to include any person who regularly collects a debt owed to another.

The FDCPA defines "debt" to mean any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, whether or not such obligations have been reduced to judgment.

The FDCPA defines "consumer" as any person obligated or allegedly obligated to pay any debt.

Authority: Fair Debt Collection Practices Act, 15 U.S.C. § 1692a

# INSTRUCTION NO. 38

## Elements of Liability Under Section 1692d(5) of the FDCPA

Plaintiff claims that Ocwen failed to comply with Section 1692d(5) the Fair Debt Collection Practices Act.

Section 1692d(5) of the Fair Debt Collection Act provides that a debt collector may not cause a telephone to ring or engage any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

If Plaintiff proves by a preponderance of the evidence that Ocwen caused Plaintiff's telephone to ring or engaged Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff, and if Ocwen fails to prove its affirmative defense of *bona fide* error, then your verdict should be for Plaintiff and against Ocwen under Section 1692d(5) of the Fair Debt Collection Practices Act.

However, if you find that Plaintiff has failed to prove this claim, or if she does prove her claim but Ocwen also proved its affirmative defense of *bona fide* error, your verdict must be for Ocwen.

Authority: 15 U.S.C. §§ 1692d, 1692k(c)

# INSTRUCTION NO. 39

## Elements of Liability Under Section 1692e of the FDCPA

Plaintiff claims that Ocwen failed to comply with the Fair Debt Collection Practices Act by engaging in one or more of the following acts: 1) by collecting or attempting to collect amounts it was not authorized to collect; and 2) by making false representations as to the character, amount, or legal status of the debt to collect or attempt to collect the debt.

If, as part of your deliberations, you conclude that misrepresentations of fact were made by Ocwen, you must also determine whether the representations were "material." A representation is material if you conclude that it is one that would have affected or influenced a reasonable person's decision regarding whether to pay a debt in response to a communication.

If Plaintiff proves by a preponderance of the evidence that Ocwen collected or attempted to collect amounts it was not authorized to collect or that Ocwen made material false representations as to the character, amount, or legal status of a debt to collect or attempt to collect a debt, and if Ocwen fails to prove its affirmative defense of *bona fide* error, then your verdict should be for Plaintiff and against Ocwen under Section 1692e of the Fair Debt Collection Practices Act.

However, if you find that Plaintiff has failed to prove any of these claims, or if she does prove her claim but Ocwen also proved its affirmative defense of *bona fide* error, your verdict should be for Ocwen.

Authority: 15 U.S.C. §§ 1692e(2), (5), (10), 1692k(c); *Muha v. Encore Receivable Management*, 558 F.3d 623, 628 (7th Cir. 2009).

## INSTRUCTION NO. 40

### <u>Elements of Liability Under Section 1692f(1) of the FDCPA</u>

Plaintiff claims that Ocwen failed to comply with Section 1692f(1) of the Fair Debt Collection Practices Act by attempting to collect amounts that were not expressly authorized by the mortgage loan or permitted by law.

If Plaintiff proves by a preponderance of the evidence that Ocwen attempted to collect amounts that were not expressly authorized by the mortgage loan or permitted by law, and if Ocwen fails to prove its affirmative defense of *bona fide* error, then your verdict should be for Plaintiff and against Ocwen under Section 1692f(1) of the Fair Debt Collection Practices Act.

However, if you find that Plaintiff has failed to prove any of these claims, or if she does prove her claim but Ocwen also proved its affirmative defense of *bona fide* error, your verdict should be for Ocwen.

Authority: 15 U.S.C. §§ 1692f(1), 1692k(c)

# INSTRUCTION NO. 41

## The Bona Fide Error Defense

The Fair Debt Collection Practices Act contains a defense for persons sued under the act called the "*bona fide* error defense." To qualify for the *bona fide* error defense, Ocwen must prove the following by a preponderance of the evidence:

(1)     Ocwen did not intend to violate the Fair Debt Collection Practices Act;

(2)     any violation of the FDCPA by Ocwen was the result of a *bona fide* error; and

(3)     if there was a violation of the FDCPA, it happened despite Ocwen having in place procedures that were reasonably adapted to avoid the error.

To show that it did not intend to violate the Fair Debt Collection Practices Act for purposes of the *bona fide* error defense, Ocwen does not have to show that the actions it took were unintentional, only that the violation of the FDCPA was unintentional.

When I use the term *bona fide* error, I am referring to both factual and clerical mistakes by Ocwen.

The word "reasonable" as used in the phrase "procedures . . . reasonably adapted" to avoid mistakes does not mean state of the art, or perfect, or at the cutting edge of the technological frontier.

If you find that Ocwen (1) did not intend to violate the Fair Debt Collection Practices Act and that (2) any violation of the Fair Debt Collection Practices Act "resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error", then Ocwen is not liable to Plaintiff and you must find in favor of Ocwen.

Authority: 15 U.S.C. § 1692k(c); *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 574, 130 S. Ct. 1605, 1607 (2010) *Ross v. RJM Acquisitions Funding LLC*, 480 F.3d 493, 495-96 (7th Cir. 2007); *Kort v. Diversified Collection Servs., Inc.*, 394 F.3d 530, 537 (7th Cir. 2005); *Jenkins v. Heintz*, 124 F.3d 824, 834 (7th Cir. 1997)

## INSTRUCTION NO. 42

## **Damages Under the FDCPA**

If you find that Plaintiff has proven by a preponderance of the evidence that Ocwen violated the Fair Debt Collection Practices Act under any of the claims which I have described, and if you also find that Ocwen has failed to prove those violations were unintentional and the result of a *bone fide* error, Plaintiff may be entitled to an award of damages under the Fair Debt Collection Practices Act. The fact that I am instructing you on damages under the Fair Debt Collection Practices Act does not mean you should award damages and does not mean you should find Ocwen liable under the Fair Debt Collection Practices Act.

Authority: 15 U.S.C. § 1692k

**INSTRUCTION NO. 43**

**<u>Actual Damages Under the FDCPA</u>**

If you find Ocwen liable for a violation of the Fair Debt Collection Practices Act and that the *bona fide* error defense does not apply, you may, but are not required to, then award Plaintiff actual damages sustained by Plaintiff as a result of Ocwen's conduct.

Actual damages are those damages incurred by the debtor arising from a debt collector's violation of the Fair Debt Collection Practices Act or as the natural consequences of the violation. In other words, in order to recover actual damages Plaintiff must prove by a preponderance of the evidence that she actually suffered a detriment due to a violation of the Fair Debt Collection Practices Act by Ocwen.

In considering an award of actual damages, whether $0 or more, you must consider the severity of the violation, if any, of the Fair Debt Collection Practices Act by Ocwen.

Authority: 15 U.S.C. § 1692k(a)(1); *Gillespie v. Blitt & Gaines, P.C.*, 123 F.Supp.3d 1029, 1032 (N.D. Ill. 2015); *Saunders v. Jackson*, 209 F.3d 998, 1004 (7th Cir. 2000); *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997).

# INSTRUCTION NO. 44

## Emotional Damages Under the FDCPA

Emotional damages may be awarded as part of actual damages under the Fair Debt Collection Practices Act. However, no emotional damages are available under the Fair Debt Collection Practices Act if the defendant only violated the Fair Debt Collection Practices Act in a technical manner and did not frequently or persistently violate the Fair Debt Collection Practices Act.

In considering an award of emotional damages, whether $0 or more, you must consider the severity of the violation of the Fair Debt Collection Practices Act by the defendant who shall pay those damages.

You may only award emotional damages if you find the Plaintiff has provided evidence that the alleged emotional injury was caused by Ocwen. Additionally, to obtain emotional damages, Plaintiff must demonstrate more than transitory emotional distress through corroborated testimony by another witness. Plaintiff must explain the circumstances of any emotional damages in reasonable detail, such as describing the date, length, and severity of her emotional injury. Emotional damages may be awarded only where the Plaintiff proves by a preponderance of the evidence that the conduct of Ocwen (1) was extreme and outrageous, and (2) intentionally or recklessly (3) caused (4) Plaintiff to suffer severe emotional distress.

Authority: 15 U.S.C. § 1692k(a)(1); *Gillespie v. Blitt & Gaines, P.C.*, 123 F.Supp.3d 1029, 1032 (N.D. Ill. 2015); *Wantz v. Experian Information Solutions*, 368 F.3d 829, 834 (7th Cir. 2004) (abrogated in part on other grounds); *Denius v. Dunlap*, 330 F.3d 919, 929 (7th Cir. 2003); *Saunders v. Jackson*, 209 F.3d 998, 1004 (7th Cir. 2000)

# INSTRUCTION NO. 45

## Statutory Damages Under the FDCPA

In addition to actual damages, or if you find there are no actual damages, under the Fair Debt Collection Practices Act, you may, but are not required to, award statutory damages if you find a violation of the Fair Debt Collection Practices Act by a defendant and if you find the bona fide error defense does not apply.

Although the Fair Debt Collection Practices Act authorizes you to award statutory damages in a case in an amount up to $1,000, whether to award any such damages and in what amount is in your discretion. The maximum amount of statutory damages that can be awarded under the Fair Debt Collection Practices Act is at most $1,000.

In determining the amount of statutory damages to award, whether $0 or more, the Act provides that you shall consider the following factors: (a) the frequency and persistence of non-compliance with the Fair Debt Collection Practices Act by the defendant debt collector as to the Plaintiff alone, for example, whether the defendant repeatedly contacted the plaintiff in violation of the Fair Debt Collection Practices Act; (b) the nature of such non-compliance; and (c) the extent to which the noncompliance was intentional.

Authority: 15 U.S.C. §§ 1692k(a)(2)(A), 1692k(b)(1); *Cooper v. Retrieval-Masters Creditors Bureau, Inc.*, 338 F.Supp.3d 729, 733-34 (N.D. Ill. 2018)

**INSTRUCTION NO. 46**

**<u>Breach of Contract</u>**

Plaintiff claims that Defendant Bank of New York Mellon breached its contractual obligations to Plaintiff.  Plaintiff's claims for breach of contract are not Ocwen.

Plaintiff must prove her claims for breach of contract against Bank of New York Mellon by a preponderance of the evidence.

Bank of New York Mellon denies Plaintiff's claims.  Bank of New York Mellon is not required to disprove the claims.

Bank of New York Mellon has claimed certain defenses.  Bank of New York Mellon must prove its defenses of Plaintiff's failure to mitigate damages and Unclean Hands by a preponderance of the evidence.

A breach of contract occurs when: (1) a party fails to perform all the duties it aged to do; or (2) a party places itself in such a position that it is beyond its power to perform the contract.

Authority: Modified from Indiana Model Civil Jury Instructions 1.11; Indiana Model Civil Jury Instructions 33.01; Indiana Model Civil Jury Instructions 33.07

**INSTRUCTION NO. 47**

**<u>Breach of Contract – Elements</u>**

To recover damages from Bank of New York Mellon, Plaintiff must prove all of the following by a preponderance of the evidence:

(1)     That the parties entered into a contract;

(2)     That Plaintiff performed her part of the contract;

(3)     That Bank of New York Mellon materially failed to perform its part of the contract;

(4)     That Bank of New York Mellon's breach of the contract damaged Plaintiff;

(5)     That the parties reasonably anticipated those damages when they entered into the contract; and

(6)     That Bank of New York Mellon's breach of contract was a responsible cause of those damages.

Authority: Modified from Indiana Model Civil Jury Instructions 1.11; Indiana Model Civil Jury Instructions 33.09

**INSTRUCTION NO. 48**

**<u>Whether an Alleged Breach is Material</u>**

In determining whether breach of contract for failure to render or to offer performance is *material*, you should consider the following circumstances:

(a)      The extent to which Plaintiff was deprived of the benefit which she reasonably expected;

(b)      The extent to which Plaintiff can be adequately compensated for the part of that benefit of which it she was deprived;

(c)      The extent to which Bank of New York Mellon will suffer forfeiture;

(d)      The likelihood that Bank of New York Mellon has or will cure its failure, taking account of all of the circumstances including any reasonable assurances;

(e)      The extent to which the behavior of Bank of New York Mellon comports with standards of good faith and fair dealing.

Authority: *Frazier v. Mellowitz*, 804 N.E.2d 796, 802 (Ind. Ct. App. 2004)

**INSTRUCTION NO. 49**

**<u>Breach of Contract – Proximate Cause</u>**

A party may recover only those damages that are the natural and proximate consequence of the breach, and those reasonably anticipated by the parties when they entered into the contract.

A person is legally responsible for causing an injury if:

(1)     the injury would not have occurred without the conduct, and

(2)     the injury was a natural, probable, and foreseeable result of the conduct.

Authority: *Strong v. Commercial Carpet Co.*, 163 Ind. App. 145, 152 322 N.E. 387, 392 (1975); Indiana Model Civil Jury Instructions 33.11

# INSTRUCTION NO. 50

## Breach of Contract – Measure of Damages

If you decide that Bank of New York Mellon has breached the contract, the measure of Plaintiff's damages is the amount that would put Plaintiff in the same position she would have been in had the contract been fulfilled. These damages are called compensatory damages.

Compensatory damages seek to make the plaintiff whole – that is, to compensate her for the damage suffered. Plaintiff may only recover the loss actually suffered and should not be placed in a better position than if Bank of New York Mellon had not breached the contract. The purpose of a damage award in a breach of contract action is to compensate the plaintiff, not to punish the defendant. Damages for emotional distress are not available under a claim for Breach of Contract.

The damages to be awarded are those that may fairly and reasonably be considered as arising out of the breach or those that may reasonably have been in the contemplation of Plaintiff and Bank of New York Mellon when the contract was made.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. You should not award compensatory damages for speculative injuries, but only for those injuries which Plaintiff has actually suffered.

Authority: Modified from Final Jury Instructions in *Airlines, Inc. v. Federal Express Corp.*, Case No. 1:08-cv-00785, S.D. Ind. (2010); Modified from Indiana Model Civil Jury Instructions 7.01; Indiana Model Civil Jury Instructions 33.13; 4 MODERN FEDERAL JURY INSTRUCTIONS – CIVIL P 77-3

# INSTRUCTION NO. 51

## **Duty to Mitigate Damages**

An injured party has a duty to mitigate damages; that is, to take reasonable steps to minimize damages resulting from the injury. The injured party may not recover for damages that could have reasonably been avoided.

If you find Bank of New York Mellon is liable and that Plaintiff has suffered damages, Plaintiff may not recover for any item of damage she could have avoided through such reasonable effort. If Plaintiff unreasonably failed to take advantage of an opportunity to lessen her damages, you should deny recovery for those damages which she would have avoided had she taken advantage of the opportunity.

Bear in mind that the question whether Plaintiff acted "reasonably" with respect to the mitigation of damages is one for you to decide, as sole judges of the facts. Although the law will not allow an injured plaintiff to sit idly by when presented with an opportunity to mitigate, this does not imply that the law requires an injured plaintiff to exert herself unreasonably or incur unreasonable expense in an effort to mitigate, and it is Bank of New York Mellon's burden of proving that the damages reasonably could have been avoided. In deciding whether to reduce Plaintiff's damages due to some failure to mitigate, therefore, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied its burden of proving that Plaintiff's conduct was not reasonable

Authority: Modified from Final Jury Instructions in *Airlines, Inc. v. Federal Express Corp.*, Case No. 1:08-cv-00785, S.D. Ind. (2010); 4 MODERN FEDERAL JURY INSTRUCTIONS – CIVIL 77-7 (2022)

## INSTRUCTION NO. 52

## **Unclean Hands**

Bank of New York Mellon also asserts the affirmative defense of unclean hands.

The unclean hands doctrine says that one who comes before a court in equity must do so with clean hands. In other words, Plaintiff cannot bring claims against Bank of New York Mellon if Plaintiff herself has committed wrongdoing. For the doctrine of unclean hands to apply, the party who is charged with having unclean hands must be guilty of intentional misconduct, and the alleged wrongdoing must have an immediate and necessary relation to the matter being litigated.

Here, Bank of New York Mellon asserts that Plaintiff cannot claim that Bank of New York Mellon refused to accept Plaintiff's mortgage payments, failed to credit and apply Plaintiff's payments, and assessed unauthorized late fees, legal fees, costs, and property inspections against Plaintiff as Plaintiff has come to the Court with unclean hands. Bank of New York Mellon alleges that Plaintiff did not attempt to make any monthly payments as required under her mortgage as of June 2018. Accordingly, Bank of New York Mellon claims that if Plaintiff intentionally failed to make her contractually obligated payments, she cannot now allege that Bank of New York Mellon breached any alleged contract with Plaintiff or seek other relief.

If you find that Bank of New York Mellon has demonstrated that Plaintiff has acted with unclean hands, then you must find that Bank of New York Mellon is not liable for breach of contract.

Authority: *Shriner v. Sheehan*, 773 N.E.2d 833, 847 (Ind. Ct. App. 2002)

# INSTRUCTION NO. 53

## **Set-Off**

Defendants also assert the defense of set-off.

A set-off is a debt that Plaintiff owes the Defendants.  The Defendants claim that Plaintiff is barred from recovering any damages against the Defendants to the extent any such damages should be reduced by the amount Plaintiff presently owes the Defendants under her loan obligation.

If you find that Plaintiff is entitled to damages, you must reduce her damages by the amount she owes the Defendants under his loan obligation.  For example, if you find, by a preponderance of the evidence that a Defendant violated a federal law, you must reduce the amount of damages that Plaintiff is entitled to for this violation by the amount Plaintiff owes the Defendants under mortgage loan.

Authority:  *Coplay Cement Co., Inc. v. Willis & Paul Group*, 983 F.2d 1435 (7th Cir. 1993)

# INSTRUCTION NO. 54

## <u>Selection of Presiding Juror; General Verdict</u>

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you. Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in the date and the appropriate form, and all of you will sign it.

Authority: Federal Civil Jury Instructions of the Seventh Circuit - 1.32 (2017)

## INSTRUCTION NO. 55

## Communication with Court

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

Authority: Federal Civil Jury Instructions of the Seventh Circuit - 1.33 (2017)

## INSTRUCTION NO. 56

## <u>Disagreement Among Jurors</u>

The verdict(s) must represent the considered judgment of each juror. Your verdict(s), whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgement of each juror. You are impartial judges of the facts.

Authority: Federal Civil Jury Instructions of the Seventh Circuit - 1.34 (2017)