**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**Indianapolis Division**

| | |
|---|---|
| DEMONA FREEMAN, | |
| Plaintiffs, | |
| v. | Case No. 1:18-CV-3844-TWP-DLP |
| OCWEN LOAN SERVICING, LLC, *et al.*, | |
| Defendants. | |

**DEFENDANTS' MOTION *IN LIMINE*
REGARDING DEFENDANTS' SIZE AND RESOURCES**

Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Bank of New York Mellon ("BONY") (collectively, "Defendants"), by counsel, respectfully submit this Motion *in Limine* (the "Motion"). For the reasons explained below, Defendants move for entry of an Order prohibiting, at the trial of the above-styled action, any mention of or reference to, by any party herein, in opening statements, in the questioning of witnesses and expert witnesses, in documentary evidence and exhibits, in closing arguments or in any other manner before the jury, the supposed size or resources of Defendants or any entities associated with Defendants.

**ARGUMENT**

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. However, even relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing

1

the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Plaintiff should not be permitted to invite improper and prejudicial inferences at trial that risk biasing the jury against Ocwen, its successor by merger PHH Mortgage Corporation, or its parent company Ocwen Financial Corporation only because they are large mortgage servicing companies, or because their resources are more significant than an individual plaintiff. Likewise, Plaintiff should not be permitted to invite improper and prejudicial inferences at trial that risk biasing the jury against BONY only because it is a large financial institution. Corporations and other entities are entitled to equal protection under the law and due process precludes Plaintiff from attempting to bias the jury against Defendants and/or any entities associated with Defendants.

The only potential relevance of the size or resources of Defendants and/or any entities associated with Defendants is for punitive damages, and as set forth in Defendants' contemporaneously filed Motion *in Limine*, none of the remaining claims in this action provide for a potential award of punitive damages to Plaintiff. *See* Motion *in Limine* to Preclude Argument That Defendants Should be Punished, Sent a Message, or Made an Example Of at 1-3. Therefore, Plaintiff must be precluded from discussing the supposed size or resources of Defendants and/or any entities associated with Defendants. *See, e.g.*, *CDX Liquidating Tr. ex rel. CDX Liquidating Tr. v. Venrock Assocs.*, 411 B.R. 591, 605 (N.D. Ill. 2009) (prohibiting Plaintiff "from mentioning or suggesting that Defendants have 'deep pockets.'"); *Cook v. Medical Sav. Ins. Co.*, 2006 U.S. Dist. LEXIS 27291 (W.D. Okla. Apr. 13, 2006) (granting motion *in limine* excluding any evidence of defendant's net worth or financial condition until the court determines the issue of punitive damages should be presented to the jury); *Ahlberg v. Chrysler Corp.*, 2006 U.S. Dist. LEXIS 98797 (S.D. Iowa Jan. 27, 2006) (granting motion *in limine* precluding plaintiffs from offering any

evidence concerning the alleged wealth, profits, or net worth of defendants until the court is satisfied that the requirements for a prima facie case of punitive damages is met).

## <u>CONCLUSION</u>

For all of the above reasons, Defendants Ocwen Loan Servicing, LLC and Bank of New York Mellon respectfully request that the Court grant their Motion, exclude any mention of or reference to the size, financial resources, or net worth of Defendants and/or any entities associated with Defendants, and grant such other and further relief as the Court deems appropriate and just.

Dated: December 27, 2022

Respectfully submitted,

By: */s/ John C. Lynch*

John C. Lynch
Ethan G. Ostroff
Carter R. Nichols
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23454
Telephone: (757) 687-7500
E-mail: john.lynch@troutman.com
E-mail: ethan.ostroff@troutman.com
E-mail: carter.nichols@troutman.com

*Counsel for Defendants Ocwen Loan Servicing,*
*LLC and Bank of New York Mellon*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served via electronic filing to all parties of record this 27th day of December 2022.

Dated: December 27, 2022                   Respectfully submitted,

By: */s/ John C. Lynch*

John C. Lynch
Ethan G. Ostroff
Carter R. Nichols
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23454
Telephone: (757) 687-7500
E-mail: john.lynch@troutman.com
E-mail: ethan.ostroff@troutman.com
E-mail: carter.nichols@troutman.com

*Counsel for Defendants Ocwen Loan Servicing, LLC and Bank of New York Mellon*