**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Indianapolis Division**

DEMONA FREEMAN,

        Plaintiffs,

   v.

OCWEN LOAN SERVICING, LLC,
*et al.*,

        Defendants.

Case No. 1:18-CV-3844-TWP-DLP

## DEFENDANT OCWEN LOAN SERVICING, LLC'S
## MOTION *IN LIMINE* REGARDING PLEADINGS FROM PAST PROCEEDINGS

Defendant Ocwen Loan Servicing, LLC ("Ocwen"), by counsel, moves for entry of an Order prohibiting, at the trial of the above-styled action, any mention of or reference to, by any party herein, in opening statements, in the questioning of witnesses, in documentary evidence and exhibits, in closing arguments or in any other manner before the jury, any testimony or argument regarding any past allegations against Ocwen contained in Consent Judgments, Consent Orders, Complaints by state regulators or any such similar pleadings, or that allegations contained in such pleadings constitute established fact.

## BACKGROUND

Despite this Court's denial of Plaintiff's request to bring in pleadings from other litigation through judicial notice, Plaintiff has nonetheless included those documents as proposed exhibits on her Final Exhibit List. Specifically, Plaintiff has listed an Agreement on Mortgage Servicing Practices (the "Agreement") entered into between Ocwen and the New York Department of Financial Services ("NYDFS") State Banking Department (the "NYDFS Banking Department"), two Consent Orders entered into by Ocwen with the NYDFS (the "NYDFS Consent Orders")

(collectively the "NYDFS Documents"), a Settlement Agreement and Consent Order entered into between Ocwen and various states (the "Multi-State Consent Order"), and a Consent Judgment entered into between Ocwen and the Consumer Financial Protection Bureau (the "Consent Judgment") (collectively with the NYDFS Documents, the "Pleadings from Past Proceedings"). Consent Orders, Consent Judgments, Complaints by state regulators or any other similar documents filed in separate litigation would be used by Plaintiff only to make impermissible propensity arguments, are wholly irrelevant to the claims and defenses in this case, and the prejudice imposed on Ocwen by allowing Plaintiff to contend that the allegations in such documents are established facts would far outweigh the probative value of such documents, if any. Accordingly, any testimony or argument regarding any past allegations against Ocwen contained in Consent Judgments, Consent Order, Complaints by regulators, or any such similar documents must be precluded and such documents must be excluded from trial in this matter.

## ARGUMENT

**I.   Plaintiff Intends to Use the Pleadings from Past Proceedings to Support Impermissible Propensity Argument, Which Renders Them Inadmissible Under Fed. R. Evid. 404**

Under Rule 404(b) of the Federal Rules of Evidence, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). In the Seventh Circuit, "evidence of prior acts is admissible if it meets a four-part test:

1.   The evidence must be directed toward establishing something at issue other than a party's propensity to commit the act charged;

2

2. The other act must be similar enough and close enough in time to be relevant to the matter at issue;

3. The evidence must be such that the jury could find the act occurred and the party in question committed it; and

4. The prejudicial effect of the evidence must not substantially outweigh its probative value."

*Gastineau v. Fleet Mortg. Corp.*, 137 F.3d 490, 494-95 (7th Cir. 1998) (citing *Harris v. Davis*, 874 F.2d 461, 464 (7th Cir. 1989)).

In this case, Plaintiff has previously argued that she intended to offer "several consent orders resulting from examinations[1] conducted by state and federal regulators into Ocwen's loan servicing practices for purpose of establishing that Ocwen had notice of problems with its RealServicing Platform, the need for additional safeguards in situations involving alleged human errors or miscoding, and in the handling of consumer accounts in and after bankruptcy . . . ." Mot. for Judicial Notice and Memorandum in Support (ECF No. 40) at 3. However, as the Court noted in ruling on Plaintiff's motion, "Ocwen disputes any noncompliance in each of the cases." Order on Plaintiff's Mot. for Judicial Notice (ECF No. 78) at 6. Despite this recognition by the Court, Plaintiff nonetheless seeks to offer the Pleadings from Past Proceedings into evidence for what is

---

[1] Contrary to the claim that the Agreement might establish any sort of "notice of problems" or "pattern or practice of non-compliance," the Agreement makes clear on its face that the NYDFS Banking Department sought "to ensure that the post-acquisition entity . . . has sufficient capacity to properly board and manage a significant portfolio of distressed loans." *See* STATE OF NEW YORK DEPARTMENT OF FINANCIAL SERVICES BANKING DEPARTMENT, Agreement on Mortgage Servicing Practice (2011) at 1, <https://www.dfs.ny.gov/system/files/documents/2020/04/ea111215_ocwen.pdf> (last visited Dec. 14, 2022). The Agreement does not detail any alleged problems that the NYDFS Banking Department claims Ocwen had, but rather merely set forth practices with which Ocwen was to comply in order to assuage concerns regarding its growth. *See generally id.*

very likely to be the same purpose as stated previously – in a futile attempt to establish purported notice of alleged problems. *See* Plaintiff's Final Exhibit List (ECF No. 300) at 5.

Plaintiff's attempts to do so must be barred and the Pleadings from Past Proceedings must be excluded as such an argument is nothing more than an impermissible attempt to establish a propensity by Ocwen to purportedly "mishandle" cases involved in bankruptcy. Despite there being no evidence in the record in *this* case to support her theory, Plaintiff has reflexively argued time and again that unspecified alleged problems with REALServicing *must* have led to the acts giving rise to her claims. *See* Def. Ocwen Loan Servicing, LLC's Reply in Support of Mot. for Summ. J. (ECF No. 376) at 9 ("Plaintiff goes on to assert that 'the root cause of these errors were known and widespread deficiencies with its system of record – REALServicing.' This is an allegation rather than a statement of fact, as demonstrated by Plaintiff's failure to cite to any evidence in the record") (citations omitted); *see also generally* Response in Opposition to Def. Ocwen Loan Servicing, LLC.'s [sic] Mot. *in Limine* [Doc. 368]. However, the act giving rise to Plaintiff's claims in this case is known – a human error occurred during the manual process of post-bankruptcy account reconciliation and disallowed amounts were inadvertently not removed from the loan. Not to put too fine a point on it, even to the extent the Pleading from Past Proceedings could be considered as putting Ocwen on notice of purported "problems" with REALServicing, that would not establish a lack of *bona fide* error in *this* case. Thus, it is clear that the only purpose for which Plaintiff seeks to use the Pleadings from Past Proceedings is to imply that accusations of wrongdoing in the past *must* be sufficient to establish that Ocwen was a bad actor here. This is the quintessential example of an impermissible propensity argument, and on that basis the Pleadings from Past Proceedings are inadmissible under Rule 404. *See* Fed. R. Evid. 404(b); *Gastineau*, 137 F.3d at 494-95.

4

## II. The Pleadings from Past Proceedings Are Inadmissible Under FRE 401 and 402 Because They Are Irrelevant

In addition to being offered by Plaintiff for a wholly impermissible purpose, the NYDFS Documents are otherwise inadmissible as they are wholly irrelevant to the claims or defenses in this case. Despite that Ocwen entered into agreements with a regulator having jurisdiction over a single state, Plaintiff has consistently read the NYDFS Documents as applying to *all* borrowers. A careful and holistic reading of these documents demonstrate Plaintiff to be mistaken. Moreover, as noted above, the allegations set forth in the Multi-State Consent Order and the Consent Judgment were explicitly denied by Ocwen. Accordingly, the Pleadings from Past Proceedings do not make any fact more or less probable and are therefore irrelevant and inadmissible.

Rule 402 of the Federal Rules of Evidence is clear: "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Rule 401, in turn, provides the standard for admissibility. Evidence is relevant only if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401.

### A. The NYDFS Documents Pertain Only to New York Borrowers

With respect to the NYDFS Consent Orders, Plaintiff has focused on a single phrase in support of her argument that a New York state regulator intended its agreement to be applicable nationwide. Specifically, Plaintiff refers to the following clause in support of her argument: "The purview of the Operations Monitor will extend to all matters directly or indirectly affecting New York borrowers, including matters that affect borrowers in all states or in multiple states that include New York." *See* STATE OF NEW YORK DEPARTMENT OF FINANCIAL SERVICES, Consent Order Pursuant to New York Banking Law § 44, dated Dec. 22, 2014, at 12 ¶ 34 <https://www.dfs.ny.gov/system/files/documents/2020/04/ea141222_ocwen.pdf> (last visited Dec. 14, 2022). Plaintiff's interpretation is plainly incorrect. Plaintiff seeks to read the dependent

5

clause of "including matters that affect borrowers in all states" as controlling, when in actuality it modifies the independent clause "[t]he purview of the Operations Monitor will extend to all matters directly or indirectly affecting New York borrowers." The correct method of interpretation would be to strip this dependent clause from the sentence entirely, indicating plainly that the purview of the Operations Monitor was intended to extend ***only*** to matters directly or indirectly affecting New York borrowers, while the dependent modifier intends to note that such indirect effects *may* include matters affecting New York borrowers located in states other than New York. The preamble to this Consent Order further notes that "Ocwen services nearly 130,000 residential home loans" in New York alone, that "Ocwen is a New York State-licensed mortgage banker and mortgage loan servicer, pursuant to the New York Banking Law." *Id.* at 1. These consistent references to New York borrowers and New York law throughout make clear that Plaintiff's hyperfocus on the phrase "all states" is misguided.

Similarly, the prior Consent Order again begins by noting that Ocwen "is one of the largest mortgage loan servicers in the United States, servicing more than 40,000 residential home loan accounts *in New York* . . . ." *See* STATE OF NEW YORK DEPARTMENT OF FINANCIAL SERVICES, Consent Order Under New York Banking Law § 44, dated Dec. 5, 2012, at 1 <https://www.dfs.ny.gov/system/files/documents/2020/04/ea121205_ocwen.pdf> (last visited Dec. 14, 2022) (emphasis added). This Consent Order also specifically denotes that "The Compliance Monitor will review and assess Ocwen's operations with respect to loans on 1-4 family residential property *located in the State of New York*, including any loans acquired during the term of the Compliance Monitor." *Id.* at 4 ¶ 2 (emphasis added).

Finally, and perhaps most importantly, the *initial* Agreement with the NYDFS Banking Department underlying these Consent Orders arose specifically because Ocwen "requested that

6

the Department grant approval for it to acquire Litton Loan Servicing LP ('Litton'), a mortgage loan servicer engaged in the business of servicing mortgage loans *in New York State*." *See id.* at 1 (emphasis added). As such, it is clear that the Agreement, and by extension the subsequent Consent Orders, relates only to practices with which Ocwen was to comply in reference to *New York* borrowers.

As Plaintiff is not a New York borrower, the practices prescribed in the Agreement and the NYDFS Consent Orders are simply inapplicable to her loan. Thus, these documents do not have a tendency to make any fact more or less probable that is of consequence in determining *this* action making it irrelevant under Rule 401, and therefore the Agreement and the NYDFS Consent Orders are inadmissible under Rule 402. *See* Fed. R. Evid. 401-402.

        B.      <u>The Multi-State Consent Order and Consent Judgment Contain Only Allegations</u>

As the Court has recognized, both the Multi-State Consent Order and the Consent Judgment explicitly state that Ocwen does not admit the allegations relevant to those pleadings. *See* CONSUMER FINANCIAL PROTECTION BUREAU, Consent Judgment, at 8 < https://files.consumerfinance.gov/f/201403_cfpb_entered-judgment-with-exhibits_ocwen.pdf> (last visited Dec. 14, 2022) ("WHEREAS, Defendant has consented to entry of this Consent Judgment without trial or adjudication of any issue of fact or law and to waive any appeal if the Consent Judgment is entered as submitted by the parties; WHEREAS, Defendant, by entering into this Consent Judgment, does not admit the allegations of the Complaint other than those facts deemed necessary to the jurisdiction of this Court; . . . ."); WASHINGTON STATE DEPARTMENT OF FINANCIAL INSTITUTIONS, Settlement Agreement and Consent Order Ocwen Financial Corporation and Ocwen Loan Servicing, LLC, at 5 <https://dfi.wa.gov/sites/default/files/consumer-services/enforcement-actions/C-13-1153-14-CO01.pdf> ("WHEREAS, Ocwen enters into this

Agreement solely for the purpose of resolving disputes with the State Mortgage Regulators concerning their findings as communicated in the Reports of Examination in their entirety and without admitting any allegations or implications of fact, and without admitting any violations of applicable laws, regulations, or rules governing the conduct and operation of its mortgage servicing business."). Accordingly, these documents cannot be said to have any probative value as there is no *fact* therein that they may establish to be more or less likely. *See* Fed. R. Evid. 401. They contain only allegations. Plaintiff's claim that these documents put Ocwen on notice of "problems" is simply too vague to be of any relevance here. Thus, the Multi-State Consent Order and the Consent Judgment are irrelevant and therefore inadmissible. *See* Fed. R. Evid. 402.

### III. The Pleadings from Past Proceedings Would Be Unduly Prejudicial to Ocwen and are Therefore Inadmissible Under Fed. R. Evid. 403

Relevance alone is not the end of the admissibility inquiry. Otherwise relevant evidence may nevertheless be excluded from trial under Rule 403's balancing test "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, . . . or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Plaintiff has been unable to articulate a proposed use for the Pleadings from Past Proceedings other than to introduce these documents to establish purported notice of unspecified "problems." Such a use would clearly cause Ocwen prejudice to the extent that Plaintiff seeks to imply these allegations are established fact and, moreover, would confuse and mislead the jury as to the ultimate issue here – whether a *bona fide* error occurred in *this* case. Indeed, that Plaintiff made no reference whatsoever to any of the Pleadings from Past Proceedings on summary judgment shows that they have no value in establishing any fact or in making argument as to the law. *See generally* Response in Opposition to Def. Ocwen Loan Servicing, LLC.'s [sic] Mot. for

Summ. J. (ECF No. 365) at 25-27 ¶¶ 22-25.  They would only be useful to Plaintiff to support a false causal connection between past allegations and the events that occurred here.  Thus, as the probative value of these documents would be substantially outweighed by their prejudicial effect, they are inadmissible under Rule 403.  *See* Fed. R. Evid. 403.

      For all of the above reasons, Defendant Ocwen Loan Servicing, LLC respectfully requests that the Court grant this motion to prohibit, at the trial of the above-styled action, any mention of or reference to, by any party herein, in opening statements, in the questioning of witnesses, in documentary evidence and exhibits, in closing arguments or in any other manner before the jury, any testimony or argument regarding any past allegations against Ocwen contained in Consent Judgments, Consent Orders, Complaints by state regulators or any such similar pleadings, or that allegations contained in such pleadings constitute established fact., and grant such other and further relief as the Court deems appropriate and just.

Dated: December 27, 2022

Respectfully submitted,

By: */s/ John C. Lynch*

John C. Lynch
Ethan G. Ostroff
Carter R. Nichols
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23454
Telephone: (757) 687-7500
E-mail: john.lynch@troutman.com
E-mail: ethan.ostroff@troutman.com
E-mail: carter.nichols@troutman.com

*Counsel for Defendant Ocwen Loan Servicing, LLC and Bank of New York Mellon*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served via electronic filing to all parties of record this 27th day of December 2022.

Dated: December 27, 2022

Respectfully submitted,

By: */s/ John C. Lynch*

John C. Lynch
Ethan G. Ostroff
Carter R. Nichols
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23454
Telephone: (757) 687-7500
E-mail: john.lynch@troutman.com
E-mail: ethan.ostroff@troutman.com
E-mail: carter.nichols@troutman.com

*Counsel for Defendant Ocwen Loan Servicing, LLC and Bank of New York Mellon*