**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**Indianapolis Division**

DEMONA FREEMAN,

                Plaintiffs,

      v.                                    Case No.  1:18-CV-3844-TWP-DLP

OCWEN LOAN SERVICING, LLC,
*et al.*,

                Defendants.

**DEFENDANT OCWEN LOAN SERVICING, LLC'S**
**MOTION *IN LIMINE* TO EXCLUDE ARGUMENT REGARDING**
**PAST INTERACTIONS WITH OCWEN BY COUNSEL FOR PLAINTIFF**

    Defendant Ocwen Loan Servicing, LLC ("Ocwen"), by counsel, respectfully submits this Motion *in Limine* (the "Motion") and Memorandum in Support.  For the reasons explained below, Ocwen moves for entry of an Order prohibiting, at the trial of the above-styled action or for any other purpose, any mention of or reference to, in opening statements, in the questioning of witnesses, in documentary evidence and exhibits, in closing arguments or in any other manner before the jury, to the Court, or otherwise, Plaintiff's counsel's personal opinions on or references to past experiences with Ocwen, Ocwen's successor-by-merger PHH Mortgage Corporation, or Ocwen's parent corporation Ocwen Financial Corporation.

**<u>BACKGROUND</u>**

    Plaintiff's counsel should not be permitted to discuss or reference their past experiences or personal opinions about Ocwen because such references would run afoul of the advocate-witness rule.  Moreover, any such "argument" would be constitute an impermissible propensity argument and would be irrelevant and prejudicial to Ocwen.  Accordingly, Plaintiff's counsel must be barred

from implying or discussing their past experiences or personal opinions about Ocwen at trial or

for any other purpose in this matter.

## **ARGUMENT**

I.     **Allowing Plaintiff's Counsel to Present "Argument" or otherwise discuss or refer as their Personal Opinions of or Past Experiences with Ocwen Would Run Afoul of the Advocate-Witness Rule**

Allowing counsel for Plaintiff to insert into her argument any of counsel's personal

opinions or past experiences with Ocwen or its affiliates would essentially amount to testimony by

Plaintiff's counsel.  As this would run afoul of the advocate-witness rule, any such argument must

be excluded.

"Under the advocate-witness rule, an attorney is barred from acting as both an advocate

and a witness in a single proceeding except under special circumstances."  *Spearman Industries,*

*Inc. v. St. Paul Fire and Marine Ins. Co.*, 128 F.Supp.2d 1148, 1154 (N.D. Ill. 2001) (citing *United*

*States v. Marshall*, 75 F.3d 1097, 1106 (7th Cir. 1996)).  "While allowing a lawyer to testify is a

situation to be avoided if possible, the limits on being a lawyer and a witness in the same case are

not absolute."  *Id.* (citing *United States v. Johnston*, 690 F.2d 638, 644 (7th Cir. 1982)).  "In

exercising its discretion to allow or forbid an attorney to appear as a witness, the court should

examine the goals sought to be served by the rule against such dual appearances and determine

whether the particular situation confronting the court precludes an attorney from appearing as a

witness."  *Id.* (citing *United States v. Morris*, 714 F.2d 669, 671-72 (7th Cir. 1983)).  "The

recognized rationales for forbidding counsel to appear as a witness are: (1) it eliminates the

possibly that the attorney will not be a fully objective witness, . . . (3) it reduces the risk that the

trier of fact will confuse the roles of advocate and witness and erroneously grant testimonial weight

to an attorney's arguments, [and] (4) it reflects a broad concern that the administration of justice not only be fair, but also appear fair . . . ." *Morris*, 714 F.2d at 671.

In this case, Plaintiff – through her counsel – has consistently asserted (through vague and generalizing comparison in papers filed with the Court and during hearings with the Court) that the present litigation is similar to other cases handled by Plaintiff's counsel involving Ocwen, such as *Saccameno v. Ocwen Loan Servicing, LLC* or *Todd v. Ocwen Loan Servicing, LLC*. *See, e.g.*, Response in Opposition to Defendant Ocwen Loan Servicing, LLC.'s [sic] Motion for Summary Judgment (ECF No. 365) at 56 ("Finally, as demonstrated by the various RCR pages set forth above, and the similarity between this case and *Saccameno* . . . ."); Response in Opposition to Defendant Ocwen Loan Servicing, LLC.'s [sic] Motion *in Limine* [Doc. 368] (ECF No. 387) at 4 ("As a preliminary matter, it should be noted the Court has found the RCRs to be relevant, not only in the instant matter as set out above, but also in *Todd v. Ocwen Loan Servicing, LLC* . . . ."), 7 ("The RCRs also undermine, if not eviscerate, the explanation and defense offered by Ocwen here and in *Saccameno* . . . ."). In addition, counsel for Plaintiff represents individuals that have intervened in this case in order to support what Ocwen maintains are entirely unrelated claims. *See* Memorandum in Support of Motion to Intervene and Modify Stipulated Protective Order [D.E. 65] (ECF No. 329) at 5-6 ("*O'Flynn and* [sic] *Freeman* entail substantially similar factual allegations, claims, and questions of law.").

As set forth in Ocwen's prior briefings, despite Plaintiff's insistence that "the root cause of the[] errors [in this case] were known and widespread deficiencies with its system of record – REALServicing," *see* Def. Ocwen Loan Servicing, LLC's Reply in Support of Mot. for Summ. J. (ECF No. 371) at 4 ¶ 1, Plaintiff has been unable to produce any evidence to demonstrate that the error in this case was anything other than human. *See id.* Rather, as set forth in its prior and

3

contemporaneously filed Motions *in Limine*, in the absence of any evidence supporting Plaintiff's claims here, Plaintiff will apparently seek to rely on wholly irrelevant reports that Plaintiff believes will be circumstantially harmful to Ocwen and will impermissibly attempt to call Ms. Monette Saccameno to testify as a witness at the trial of this matter as to *her* grievances against Ocwen. *See* Def. Ocwen Loan Servicing, LLC's Mot. *in Limine* to Exclude Certain Reports (ECF No. 368) at 4-6; *see also* Def. Ocwen Loan Servicing, LLC's Mot. *in Limine* to Exclude Testimony by Monette Saccameno.

In the face of these constant and flawed comparisons to fundamentally unrelated litigation during motions practice and Plaintiff's impermissible attempts to utilize wholly irrelevant evidence and testimony, Ocwen has good cause to believe that Plaintiff's counsel will similarly seek to substantiate her claims in her case, e.g., her claims of a lack of *bona fide* error under the Fair Debt Collection Practices Act and a "pattern or practice" of non-compliance under the Real Estate Settlement Procedures Act through reference to her counsels' personal opinions of or past experiences with Ocwen at the trial of this matter. To allow such "argument" would run afoul of the advocate-witness rule, specifically insofar as there would be a substantial risk "that the trier of fact will confuse the roles of advocate and witness and erroneously grant testimonial weight to an attorney's arguments[.]" *Morris*, 714 F.2d at 671. On this basis alone, the Court must exclude Plaintiff's counsel from referring to their personal opinions of or past experiences with Ocwen Loan Servicing, LLC, its successor-by-merger PHH Mortgage Corporation, or its parent corporation Ocwen Financial Corporation.

II.     **Any "argument" that Plaintiff's Counsel could offer as to their Personal Opinions on or Past Experiences with Ocwen would Constitute an Impermissible Propensity Argument**

Under Rule 404(b) of the Federal Rules of Evidence, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.  This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b).  In the Seventh Circuit, "evidence of prior acts is admissible if it meets a four-part test:

1.     The evidence must be directed toward establishing something at issue other than a party's propensity to commit the act charged;

2.     The other act must be similar enough and close enough in time to be relevant to the matter at issue;

3.     The evidence must be such that the jury could find the act occurred and the party in question committed it; and

4.     The prejudicial effect of the evidence must not substantially outweigh its probative value."

*Gastineau v. Fleet Mortg. Corp.*, 137 F.3d 490, 494-95 (7th Cir. 1998) (citing *Harris v. Davis*, 874 F.2d 461, 464 (7th Cir. 1989)).

In this case, as set forth both in Ocwen's contemporaneously and previously filed Motions *in Limine*, in light of an absence of evidence in the record in this case supporting her legal theories, Plaintiff will likely attempt to use evidence regarding Ocwen's past conduct to argue that similar conduct *must* have occurred here.  *See* Def. Ocwen Loan Servicing, LLC's Mot. *in Limine* to Exclude Certain Reports (ECF No. 368) at 9-10; Def. Ocwen Loan Servicing, LLC's Mot. *in Limine* to Exclude Testimony by Monette Saccameno at 4-6.  However, any such argument is nothing more than an impermissible attempt to demonstrate a propensity by Ocwen to "mishandle"

matters related to bankruptcy. *See* Fed. R. Evid. 404(b). As such, any testimonial argument would be inadmissible under Rule 404 of the Federal Rules of Evidence and, therefore, must be excluded at trial and for all other purposes.

### III.   Any Testimonial Argument That Could Be Made by Counsel for Plaintiff is Irrelevant to the Instant Action and is Inadmissible Under Fed. R. Evid. 402

Rule 402 of the Federal Rules of Evidence is clear: "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Rule 401, in turn, provides the standard for admissibility. Evidence is relevant only if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401.

At base, testimonial argument as to counsel for Plaintiff's subjective interpretation of how Ocwen purportedly "mishandles" accounts that went through bankruptcy simply has no bearing on whether Ocwen committed any error, accounting or otherwise, with specific regard to Plaintiff's loan. Further, as the Seventh Circuit has found that even "[t]wo examples of similar behavior" is insufficient to support recovery of statutory damages for a pattern or practice of RESPA noncompliance, *Perron v. J.P. Morgan Chase Bank, N.A.*, 845 F.3d 852, 858 (7th Cir. 2017), any testimonial argument by counsel for Plaintiff would be insufficient to prove a pattern or practice of behavior. Thus, any such testimonial argument simply has no probative value in the instant action is therefore inadmissible under Rule 402 of the Federal Rules of Evidence, and must be excluded.

### IV.   Allowing Testimonial Argument as to Counsel's Personal Opinions or Past Experiences Would Be Unduly Prejudicial to Ocwen and is Therefore Inadmissible Under Fed. R. Evid. 403

Relevance alone is not the end of the admissibility inquiry. Otherwise relevant evidence may nevertheless be excluded from trial under Rule 403's balancing test "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing

the issues, misleading the jury, . . . or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

As such, any references to personal opinions of or past experiences with Ocwen by counsel for Plaintiff are entirely irrelevant to the claims and defenses in this case or, at the very least, their probative value is substantially outweighed by the risks of unfair prejudice.  Fed. R. Evid. 403. Argument should be limited to what is included in the factual record and should not include any of what Plaintiff's counsel believe to have ascertained about Ocwen from past interactions. Furthermore, any such references will simply serve as an improper way to circumvent the inadmissibility of various evidence proposed by Plaintiff.  *See* Def. Ocwen Loan Servicing, LLC's Mot. *in Limine* to Exclude Certain Reports (ECF No. 368) at 9-10; Def. Ocwen Loan Servicing, LLC's Mot. *in Limine* to Exclude Testimony by Monette Saccameno at 4-6.

For all of the above reasons, Defendant Ocwen Loan Servicing, LLC respectfully requests that the Court grant this motion to exclude any mention of counsel's past interactions with Ocwen and grant such other and further relief as the Court deems appropriate and just.

Dated: December 27, 2022                    Respectfully submitted,

                                            By: */s/ John C. Lynch*

                                            Ethan G. Ostroff
                                            John C. Lynch
                                            Carter R. Nichols
                                            TROUTMAN PEPPER HAMILTON SANDERS LLP
                                            222 Central Park Avenue, Suite 2000
                                            Virginia Beach, VA 23454
                                            Telephone: (757) 687-7500
                                            E-mail: ethan.ostroff@troutman.com
                                            E-mail: john.lynch@troutman.com
                                            E-mail: carter.nichols@troutman.com

*Counsel for Defendant Ocwen Loan Servicing, LLC
and Bank of New York Mellon*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing has been served via electronic

filing to all parties of record this 27th day of December 2022.

Dated: December 27, 2022                    Respectfully submitted,


By: */s/ John C. Lynch*

Ethan G. Ostroff
John C. Lynch
Carter R. Nichols
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23454
Telephone: (757) 687-7500
E-mail: ethan.ostroff@troutman.com
E-mail: john.lynch@troutman.com
E-mail: carter.nichols@troutman.com

*Counsel for Defendant Ocwen Loan Servicing, LLC
and Bank of New York Mellon*

127027033