IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Indianapolis Division

| | |
|---|---|
| DEMONA FREEMAN,<br><br>          Plaintiffs,<br><br>  v.<br><br>OCWEN LOAN SERVICING, LLC,<br>*et al.*,<br><br>          Defendants. | Case No. 1:18-CV-3844-TWP-DLP |

## **DEFENDANTS' MOTION *IN LIMINE* REGARDING THE GOLDEN RULE**

Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Bank of New York Mellon ("BONY") (collectively, "Defendants"), by counsel, respectfully submit this Motion *in Limine* (the "Motion"). For the reasons explained below, Defendants move for entry of an Order prohibiting, at the trial of the above-styled action, any mention of or reference to, by any party herein, in opening statements, in the questioning of witnesses and expert witnesses, in documentary evidence and exhibits, in closing arguments or in any other manner before the jury, the "Golden Rule," or asking the jurors to place themselves in the shoes of Plaintiff.

## **ARGUMENT**

Defendants would be unfairly prejudiced by any argument to the jury that the jury should place itself in the Plaintiff's shoes. Not only is it improper for counsel or a witness to urge jurors to put themselves in the place of Plaintiff, but it is also improper for them to urge jurors to put themselves in the place of the Plaintiff's family – such an argument simply has no legal relevance. *See Spray–Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1246 (7th Cir. 1982), *aff'd*, 465 U.S. 752, 104 S.Ct. 1464, 79 L.Ed.2d 775 (1984).

1

In fact, Golden Rule arguments, "[are] universally condemned because [they] encourage[] the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *Lovett ex rel. Lovett v. Union Pac. R.R. Co.*, 201 F.3d 1074, 1083 (8th Cir. 2000); *see also Shannon v. Koehler*, No. C 08-4059-MWB, 2011 WL 10483363, at *19 (N.D. Iowa Sept. 16, 2011) ("Because Golden Rule arguments are so highly prejudicial and have little probative value, I will exclude them under Rule 403."). Further, Golden Rule arguments are "recognized as improper because [they] encourage[] the jury to *depart from neutrality* and to decide the case on the basis of *personal interest and bias* rather than on the evidence." *Spray-Rite Serv. Corp.*, 684 F.2d at 1246 (emphasis added). Thus, Plaintiff must be precluded from making any "Golden Rule" arguments such as asking or urging the jurors to place themselves in the shoes of Plaintiff.

## **CONCLUSION**

For all of the above reasons, Defendants Ocwen Loan Servicing, LLC and Bank of New York Mellon respectfully request that the Court grant their Motion, exclude any mention of or reference to the "Golden Rule" arguments such as asking or urging the jurors to place themselves in the shoes of Plaintiff, and grant Defendants such other and further relief as this Court deems appropriate and just.

Dated: December 27, 2022             Respectfully submitted,

By: */s/ John C. Lynch*

John C. Lynch
Ethan G. Ostroff
Carter R. Nichols
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23454
Telephone: (757) 687-7500
E-mail: john.lynch@troutman.com
E-mail: ethan.ostroff@troutman.com
E-mail: carter.nichols@troutman.com

*Counsel for Defendants Ocwen Loan Servicing, LLC and Bank of New York Mellon*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served via electronic filing to all parties of record this 27th day of December 2022.

Dated: December 27, 2022  Respectfully submitted,

By: */s/ John C. Lynch*

John C. Lynch
Ethan G. Ostroff
Carter R. Nichols
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23454
Telephone: (757) 687-7500
E-mail: john.lynch@troutman.com
E-mail: ethan.ostroff@troutman.com
E-mail: carter.nichols@troutman.com

*Counsel for Defendants Ocwen Loan Servicing, LLC and Bank of New York Mellon*