**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**Indianapolis Division**

| | | |
|---|---|---|
| DEMONA FREEMAN, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | **Case No.** 1:18-cv-3844-TWP-DLP |
| | ) | |
| OCWEN LOAN SERVICING, LLC, | ) | |
| THE BANK OF NEW YORK MELLON f/k/a | ) | |
| THE BANK OF NEW YORK as successor in | ) | |
| interest to JPMorgan Chase Bank, N.A., as Trustee | ) | |
| for C-BASS Mortgage Loan Asset-Backed | ) | |
| Certificates, Series, 2005-RPI | ) | |
| *Defendants*. | ) | |

## PLAINTIFF' PROPOSED JURY INSTRUCTIONS

      Plaintiff Demona Freeman ("Freeman"), by and through undersigned counsel, respectfully submits the following Jury Instructions for use at trial on February 13, 2023. Plaintiff files the attached, instead of a combined set of proposed jury instructions, in response to Defendants' filing of their own set of proposed instructions. Plaintiff reserves the right to amend or supplement these instructions at the close of evidence. By submission of these proposed jury instructions, Plaintiff does not intend to waive arguments for directed verdict or motions for judgment as a matter of law that will be made at the close of Plaintiff's case. Plaintiff reserves the right to supplement, modify, or withdraw these proposed instructions depending on future court rulings, including those concerning jury instructions, motions to exclude evidence, trial motions, etc., or through other means. Plaintiff also reserves the right to object to the Proposed Jury Instructions filed by Defendants.

Dated: December 27, 2022

Respectfully submitted,

_/s/ Travis W. Cohron_

Travis W. Cohron, No. 29562-30
Olivia A. Hess, No. 36166-49
**CLARK QUINN MOSES SCOTT & GRAHN, LLP**
320 N. Meridian Street, Suite 1100
Indianapolis, IN 46204
Telephone: (317) 637-1321
Fax: (317) 687-2344
tcohron@clarkquinnlaw.com
ohess@clarkquinnlaw.com

***Counsel for the Plaintiff***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 27, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Carter R. Nichols
Ethan G. Ostroff
John C. Lynch (admitted *Pro Hac Vice*)
**TROUTMAN SANDERS LLP**
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23454
Telephone: (757) 687-7500
carter.nichols@troutman.com
ethan.ostroff@troutman.com
john.lynch@troutman.com
*Counsel for Ocwen Loan Servicing, Inc. and The Bank of New York Mellon*

*/s/ Travis W. Cohron*
Travis W. Cohron, No. 29562-30

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1

## CAUTIONARY INSTRUCTION BEFORE RECESS

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take but keep them in mind throughout the trial.

**Source:**      **7th Circuit Pattern Instruction 2.01**

Given:      _____

Modified:      _____

Rejected:      _____

Withdrawn:      _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2

## FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**Source:**     **7th Circuit Pattern Instruction 1.01**

Given:       _____

Modified:     _____

Rejected:     _____

Withdrawn:     _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3

## ALL LITIGANTS EQUAL BEFORE THE LAW

In this case the Defendants, Ocwen and Bank of New York Mellon are corporations.

Plaintiff Demona Freeman ("***Freeman***") is an individual.

All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

**Source:**      **7th Circuit Pattern Instruction 1.03**

Given:      _____

Modified:      _____

Rejected:      _____

Withdrawn:      _____

**<u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4</u>**


The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.


**Source:**        **7th Circuit Pattern Instruction 1.18**

Given:          _____

Modified:      _____

Rejected:      _____

Withdrawn:    _____

## __PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5__

It is proper for a lawyer to meet with any witness in preparation for trial.

**Source:**      **7th Circuit Pattern Instruction 1.16**

Given:          _____

Modified:       _____

Rejected:       _____

Withdrawn:      _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 6**

**JUDGE'S COMMENTS TO LAWYER**

      I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

**Source:**      **7th Circuit Pattern Instruction 2.14**

Given:      _____

Modified:      _____

Rejected:      _____

Withdrawn:      _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 7

## NO INFERENCE FROM JUDGE'S QUESTIONS

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

**Source:**     **7th Circuit Pattern Instruction 1.02**

Given:         _____

Modified:      _____

Rejected:      _____

Withdrawn:     _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 8**

**BURDEN OF PROOF: "PREPONDERANCE OF THE EVIDENCE"**

  When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**Source:**   **7th Circuit Pattern Instruction 1.27**

Given:   _____

Modified:  _____

Rejected:  _____

Withdrawn:  _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9**

**PROXIMATE CAUSE--DEFINITION**

When I use the expression "proximate cause," I mean a cause that is the natural and probable consequence of the act and should have been reasonably foreseen and anticipated in light of the circumstances. Put another way, proximate cause requires, at a minimum, that the harm would not have occurred but for the defendant's conduct. It is not necessary for a defendant's act or omission to be <u>the</u> proximate cause of the plaintiff's injury, so long as the conduct is <u>a</u> proximate cause of the injury.

**Source:** ***Hassan v. Begley***, **836 N.E.2d 303, 307, 308 (Ind. Ct. App. 2005)**

Given:         _____

Modified:         _____

Rejected:         _____

Withdrawn:         _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 10

## EVIDENCE

The evidence consists of the testimony of the witnesses, and the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

**Source:**     **7th Circuit Pattern Instruction 1.04**

Given:     _____

Modified:     _____

Rejected:     _____

Withdrawn:     _____

<u>**PARTIES' PROPOSED JURY INSTRUCTION NO. 11**</u>

**DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE**

You may have heard the phrases "direct evidence" and "circumstantial evidence."

Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**Source:**      **7th Circuit Pattern Instruction 1.122**

Given:          _____

Modified:       _____

Rejected:       _____

Withdrawn:      _____

## PARTIES' PROPOSED JURY INSTRUCTION NO. 12

## CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all the evidence bearing on the question regardless of who introduced it.

**Source:**     **7th Circuit Pattern Instruction 1.08**

Given:          _____

Modified:       _____

Rejected:       _____

Withdrawn:      _____

<u>**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 13**</u>

**DEPOSITION AS SUBSTANTIVE EVIDENCE**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

**Source:**      **7th Circuit Pattern Instruction 2.08**

Given:          _____

Modified:       _____

Rejected:       _____

Withdrawn:      _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 14

## DEPOSITION TESTIMONY

During the trial, certain testimony was presented to you by the reading of depositions and video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

**Source:**     **7th Circuit Pattern Instruction 1.05**

Given:        _____

Modified:     _____

Rejected:     _____

Withdrawn:    _____

<u>**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 15**</u>

**LIMITED PURPOSE OF EVIDENCE**

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

**Source:**      **7th Circuit Pattern Instruction 1.09**

Given:          _____

Modified:       _____

Rejected:       _____

Withdrawn:      _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 16**

**EXPERT WITNESSES**

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all the other evidence in the case.

**Source:**     **7th Circuit Pattern Instruction 1.21**


Given:          _____

Modified:       _____

Rejected:       _____

Withdrawn:      _____

<u>**PARTIES' PROPOSED JURY INSTRUCTION NO. 17**</u>

**TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- the witness's age;

**Source:**     **7th Circuit Pattern Instruction 1.13**


Given:          _____

Modified:       _____

Rejected:       _____

Withdrawn:      _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 18

## WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence.

Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

**Source:**      **7th Circuit Pattern Instruction 1.06**

Given:          _____

Modified:       _____

Rejected:       _____

Withdrawn:      _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 19

## WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

**Source:** **7th Circuit Pattern Instruction 1.11**

Given: _____

Modified: _____

Rejected: _____

Withdrawn: _____

**<u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 20</u>**

**NUMBER OF WITNESSES**

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

**Source:**      **7th Circuit Pattern Instruction 1.17**

Given:      _____

Modified:      _____

Rejected:      _____

Withdrawn:      _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 21**

**NOTE-TAKING**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**Source:** **7th Circuit Pattern Instruction 1.07**

Given: _____

Modified: _____

Rejected: _____

Withdrawn: _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 22

## DEMONSTRATIVE EXHIBITS

Certain demonstrative exhibits (e.g., models, diagrams) have been shown to you. Those demonstrative exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

**Source:** **7th Circuit Pattern Instruction 1.24**

Given: _____

Modified: _____

Rejected: _____

Withdrawn: _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 23**

**AGENCY**

An agent is one who acts on behalf of another, with their consent and subject to their control. A principal is bound by acts of its agent taken "within the usual and ordinary scope of the business" in which the agent is employed.

**Source:**

Yeager v. McManama, 874 N.E.2d 629, 638

Given:          _____

Modified:       _____

Rejected:       _____

Withdrawn:      _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 24

## BREACH OF CONTRACT

A breach of contract occurs when:

(1) a party fails to perform all the duties [he][she][it] agreed to do; or

(2) a party places [himself][herself][itself] in such a position that it is beyond [his][her][its]

power to perform the contract.

**Source: Ind. Model Civ. Jury Inst. 3307**

Given: _____

Modified: _____

Rejected: _____

Withdrawn: _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 25

### Breach of Contract--Elements--Burden of Proof

To recover damages from Defendant, Plaintiff must prove all of the following by the greater weight of the evidence:

(1) The parties entered into a contract;

(2) Plaintiff performed her part of the contract;

(3) [*defendant*] failed to perform its part of the contract [or performed in a defective manner];

(4) [*defendant*]'s breach of contract damaged Plaintiff;

(5) the parties reasonably anticipated those damages when they entered into the contract; and

(6) [*defendant*]'s breach of contract was a responsible cause of those damages.

**Source:**     **Ind. Model Civ. Jury Inst. 3309**

Given:         _____

Modified:      _____

Rejected:      _____

Withdrawn:     _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 26

### COUNT I - BREACH OF CONTRACT

#### Performance Prevented by Party

When one party to a contract prevents another party from performing any part of the contract, the party who is prevented is excused from completing the rest of [his][her][its] duties under the contract. The excused party may also recover compensation for damages suffered when [he] [she][it] was prevented from performing duties under the contract.

**Source:** **Ind. Model Civ. Jury Inst. 3325 (modified to exclude: "The excused party may recover compensation for the work [he][she][it] has completed.")**

Given: _____

Modified: _____

Rejected: _____

Withdrawn: _____

**<u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 27</u>**

**MEASURE OF CONTRACT DAMAGES**

If you find in favor of Freeman on her breach of contract claim, then you must decide the dollar amount of damages proven by Freeman.

You should award Freeman any damages which you find occurred as a result of the breach and which you find fairly and reasonably arise naturally, i.e., according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties, at the time they made the contract, as the probable result of the breach of it.

**Source:**      <u>Irving v. Ort, 128 Ind. App. 225, 229</u>

Given:          _____

Modified:       _____

Rejected:       _____

Withdrawn:      _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 28

## JUDICIAL NOTICE

I have taken judicial notice of regulatory settlements involving Ocwen that are dated [reserve for entry of dates of decrees] in which Ocwen compromised disputed claims. I have admitted into evidence portions of those documents for your consideration in this case. This evidence is not being offered for the truth of the contents but to indicate that certain issues were brought to Ocwen's attention. These documents state that Ocwen was not admitting any liability by entering these settlements.

**Source:** **Fed. Civ. Jury Instr. 7th Cir. 2.06 (2021) (Modified similarly to Judge Gottschall's modification in Saccameno v. Ocwen's jury instructions)**

Given: _____

Modified: _____

Rejected: _____

Withdrawn: _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 29


## STIPULATIONS OF FACT

 The parties have stipulated, or agreed, that [insert stipulated facts]. You must now treat this fact as having been proved for the purpose of this case.


**Source:**    **Fed. Civ. Jury Instr. 7th Cir. 2.05 (2021) (subject to modification per agreement of the Parties)**

Given:    _____

Modified:    _____

Rejected:    _____

Withdrawn:    _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 30**


**Adverse Inference from Missing Witness**

[Witness] was mentioned at trial but did not testify. You may, but are not required to, assume that [Witness's] testimony would have been unfavorable to [Plaintiff] [Defendant].


**Source:**      **Fed. Civ. Jury Instr. 7th Cir. 1.19 (2021)**

Comm. Note:  This instruction should be given only if there is evidence from which the jury could find (1) that the missing witness was physically available only to the party against whom the inference would be drawn, or (2) that the missing witness has a relationship with that party that practically renders the testimony unavailable to that party's adversary. *Oxman v. WLSTV*, 12 F.3d 652, 661 (7th Cir. 1993); *Chicago Coll. of Osteopathic Med. v. George A. Fuller Co.*, 719 F.2d 1335, 1353 (7th Cir. 1983); *see also Fey v. Walston & Co.*, 493 F.2d 1036, 1053 (7th Cir. 1974) (where missing witness was beyond subpoena power of defendants and there was evidence both that missing witness was available to adverse party and that missing witness's testimony could have thrown significant light on crucial question in case, it was error to instruct that jury may infer missing witness's testimony would be merely "of no aid" rather than "adverse" to non-producing party's case).


Given:          _____

Modified:       _____

Rejected:       _____

Withdrawn:      _____

<u>**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 31**</u>

**COUNT II - FAIR DEBT COLLECTION PRACTICES ACT**

Freeman claims that Ocwen violated the Fair Debt Collection Practices Act, which I will refer to as the "FDCPA". This claim is not addressed against Bank of New York Mellon.

In order to find for Freeman on this claim, you must determine whether Freeman proved any of the following by a preponderance of the evidence:

1. On or after [Enter Operative Date], Ocwen engaged in conduct the natural consequence of which was to harass, oppress, or abuse Freeman in connection with the collection of a debt; or

2. On or after [Enter Operative Date], Ocwen used false, deceptive, or misleading representations or means in connection with the collection of any debt; or

3. On or after [Enter Operative Date], Ocwen used unfair or unconscionable means to collect or attempt to collect any debt.

If you find that Freeman proved a violation of the FDCPA, then you must find in favor of Freeman, and against Ocwen on the FDCPA claim, and then consider the issue of damages.

If you find that Freeman has not established a violation of the FDCPA, then you must find in favor of Ocwen, and against Freeman on the FDCPA claim, and you will not consider the issue of damages.

**Source: Taken from Jury Instructions Used in Saccameno v. Ocwen**

Given: _____

Modified: _____

Rejected: _____

Withdrawn: _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 32

## COUNT II --FAIR DEBT COLLECTION PRACTICES ACT DAMAGES

If Freeman has proven a violation of the FDCPA, then you must decide what damages, if any, to award. Freeman claims actual damages for her FDCPA claim. I will give you a single instruction later in these charges regarding the types of actual damages Freeman claims.

If you find that Freeman has proven any FDCPA violation, then Freeman may recover any actual damages that she proves were proximately caused by the violation.

**Source: Taken from Jury Instructions Used in Saccameno v. Ocwen**

Given: _____

Modified: _____

Rejected: _____

Withdrawn: _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 33**

**COUNT IV: REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA)**

Freeman also claims Ocwen violated the Real Estate Settlement Procedures Act, also known as RESPA. RESPA establishes certain duties of loan servicer to respond to borrower inquiries.

In order to prevail on her RESPA claim, Freeman has the burden of proving, by a preponderance of the evidence, each of following elements:

1. Ocwen was servicing Freeman's Mortgage loan;

2. Freeman or her attorney sent Ocwen a Notice of Error;

3. Ocwen failed to properly investigate or respond to the Notice of Error within the time and manner allowed under RESPA, or Ocwen reported Freeman's account to a credit bureau within 60 days of receiving a Notice of Error; and

4. Freeman suffered actual damages as a direct result of Ocwen's failure to properly respond to her Notice of Error.

These elements and legal terms are explained in the instructions that follow.

If you find that Freeman proved each of these elements, then you must find in favor of Freeman, and against Ocwen on the RESPA claim, and then consider the issue of damages.

If you find that Freeman has not established one or more of these elements, then you must find in favor of Ocwen, and against Freeman on the RESPA claim, and you will not consider the issue of damages.

**Source: Taken from Jury Instructions Used in Saccameno v. Ocwen**
**(Modified to use Notice of Error rather than Qualified Written Request)**

Given: _____

Modified: _____

Rejected: _____

Withdrawn: _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 34

## COUNT IV: REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA)
## ELEMENT 1: SERVICER AND SERVICING

The parties stipulate that Ocwen was always the servicer of Freeman's loan at all times material to this case.

**Source: Taken from Jury Instructions Used in Saccameno v. Ocwen**

Given: _____

Modified: _____

Rejected: _____

Withdrawn: _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 35

## COUNT IV: REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA)
## ELEMENT 2: NOTICE OF ERROR

Freeman must prove by a preponderance of the evidence the following to show that her correspondence qualifies as a Notice of Error under RESPA:

     i.    her written correspondence includes, or otherwise enables the servicer to identify, the name and account of the borrower; and

    ii.    her written correspondence includes a statement of the reasons for the belief of the borrower that the account is in error.

RESPA does not require any particular language for a written letter to qualify as a Notice of Error.

Source: 12 U.S.C. § 2605(e).

Given:           _____

Modified:      _____

Rejected:       _____

Withdrawn:    _____

**COUNT IV: REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA)
ELEMENT 3: RESPONSE TO A QUALIFIED WRITTEN REQUEST**

Freeman must prove by a preponderance of the evidence that Ocwen failed to adequately respond to her Notice of Error OR that Ocwen reported Freeman's account to the credit bureaus within 60 days of receiving a Notice of Error.

Upon receipt of a valid Notice of Error, a servicer has 5 days to acknowledge its receipt and 30 days to respond.

Source:  12 U.S.C. § 2605(e)(1)(A) ("If any servicer . . . receives a qualified written request from the borrower . . . for information relating to the servicing of such loan, the servicer shall provide a written response[.]").

A servicer shall respond by either:

*[Plaintiff's Version:*

A)  Correcting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a telephone number, for further assistance; or

Conducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number, for further assistance.]

**Source: Taken from Jury Instructions Used in Saccameno v. Ocwen**

Given:  _____

Modified:  _____

Rejected:  _____

Withdrawn:  _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 37

## COUNT IV: REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA)
## ELEMENT 4: DAMAGES

Freeman must prove more than showing a RESPA violation to recover. Freeman must also prove that she suffered damages proximately caused by the RESPA violation.

Under RESPA, the term "actual damages" includes economic and non-economic damages caused by the RESPA violation.

If you find that Freeman proved her RESPA claim, then you must decide what damages, if any, to award based on the instructions I will give you.

**Source: Taken from Jury Instructions Used in Saccameno v. Ocwen**

Given:          _____

Modified:          _____

Rejected:          _____

Withdrawn:          _____

**COMPENSATORY DAMAGES AND MEASURE OF DAMAGES**

If you decide for Freeman on the question of liability for any claim in this case, then you must fix the amount of money that will reasonably and fairly compensate Freeman for any of the following types of damages proved by the evidence to have been caused by Ocwen's conduct:

1.  Actual monetary loss;

2.  Any physical harms experienced;

3.  Any emotional distress experienced.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

No evidence of the dollar value of these types of damage has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of physical harms or emotional distress. You are to determine an amount that will fairly compensate Freeman for any injury she has proven.

Freeman cannot establish emotional distress based on unsupported conclusory statements. Freeman cannot recover for any emotional distress caused by her decision to bring this lawsuit.

Freeman must prove it is more likely true than not true she suffered the damages claimed. You must decide whether Freeman has proven she suffered any damages.

**Source: Taken from Jury Instructions Used in Saccameno v. Ocwen**

Given: _____

Modified: _____

Rejected: _____

Withdrawn: _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 39

## PUNITIVE DAMAGES

If you decide that Plaintiff is entitled to recover, then in addition to compensatory damages, you may also award punitive damages. Punitive damages may be awarded if you decide that Plaintiff proved by clear and convincing evidence that either:

   (1) Defendant]'s actions amounted to willful and wanton misconduct; OR
   (2) Defendant] acted either:
        a. maliciously;
        b. fraudulently;
        c. oppressively; or
        d. with gross negligence,

AND

(B) Defendant's acts were not the result of any of the following:

        a. mistake of fact;
        b. an honest error of judgment;
        c. overzealousness;
        d. ordinary negligence; or
        e. other human failing.

Gross Negligence is defined as negligence that is marked by conduct that presents an unreasonably high degree of risk to others and by a failure to exercise even the slightest care in protecting them from it and that is sometimes associated with conscious and willful indifference to their rights. https://www.merriam-webster.com/dictionary/negligence#legalDictionary

Oppressive Conduct is defined as conduct directed at another that is unreasonably burdensome or severe. https://www.merriam-webster.com/dictionary/oppressive

**Source:**       **Ind. Model Civ. Jury Inst. 737 (modified to include definitions of gross negligence and oppressive conduct)**

              ***Arlington State Bank v. Colvin*, 545 N.E. 2d 572, 579, (Ind. Ct. App. 1989)**

Given:       _____

Modified:     _____

Rejected:     _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 40

### MEASURE OF PUNITIVE DAMAGES

If you decide to award punitive damages, you must determine the amount of money you believe will be adequate to:

(1) punish [defendant] for what [he][she][it] did to [plaintiff]; and
(2) [deter][discourage] [defendant] and other [persons][companies] from similar acts in the future. In deciding the amount of punitive damages, you may consider:

> (a) the amount of actual or potential harm suffered by [plaintiff] as a result of [defendant]'s conduct;

> (b) the amount of any civil [fines][penalties] that apply to conduct similar to [defendant]'s conduct;

> (c) [defendant]'s financial condition; and

> (d) the degree of reprehensibility of [defendant]'s conduct.

Reprehensible means [worthy of severe (criticism)(blame)][deserving of severe disapproval]. In determining the degree of reprehensibility of Defendant's conduct, you should consider the following:

• Was the harm caused physical as opposed to financial?

• Did [ _____ defendant]'s conduct show a reckless disregard for the health or safety of others?

• Did [ _____ defendant]'s conduct involve repeated actions or was it an isolated incident?

• Was the harm the result of intentional malice, trickery, or deceit, as opposed to mere accident?

• Was the target of [ _____ defendant]'s conduct financially vulnerable? If you award punitive damages, y

**Source:**     **Ind. Model Civ. Jury Inst. 741**

Given:          _____

Modified:       _____

Rejected:       _____

Withdrawn:      _____

**<u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 41</u>**

**Invasion of Privacy by False Light--Definition**

Invasion of privacy by false light is publicity that unreasonably places another person in a false light before the public.

**Source:** **Ind. Model Civ. Jury Inst. 3195**

Given: _____

Modified: _____

Rejected: _____

Withdrawn: _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 42

## SELECTION OF PRESIDING JUROR; GENERAL VERDICT

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you. Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

**Source:**      **Fed. Civ. Jury Instr. 7th Cir. 1.32 (2021)**

Given:          _____

Modified:       _____

Rejected:       _____

Withdrawn:      _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 43

## DISAGREEMENT AMONG JURORS

The verdicts must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.


**Source:**      **Fed. Civ. Jury Instr. 7th Cir. 1.34 (2021)**

Given:          _____

Modified:          _____

Rejected:          _____

Withdrawn:          _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 44

## COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally. If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

**Source:**     **Fed. Civ. Jury Instr. 7th Cir. 1.33 (2021)**

Given:          _____

Modified:       _____

Rejected:       _____

Withdrawn:      _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 45

## CAUTIONARY WARNING ABOUT SANCTITY OF DELIBERATIONS

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, tablet or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, LinkedIn, YouTube or Twitter, or Google, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

**Source: Used in Saccameno v. Ocwen by agreement of the Parties.**

Given: _____

Modified: _____

Rejected: _____

Withdrawn: _____