**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Indianapolis Division**

| | |
|---|---|
| DEMONA FREEMAN, <br><br> Plaintiff, <br><br> v. <br><br> OCWEN LOAN SERVICING, LLC, *et al.*, <br><br> Defendants. | Case No. 1:18-CV-3844-TWP-DLP |

**DEFENDANT OCWEN LOAN SERVICING, LLC'S
MOTION *IN LIMINE* TO EXCLUDE MONETTE SACCAMENO
AND MEMORANDUM IN SUPPORT**

Defendant Ocwen Loan Servicing, LLC ("Ocwen"), by counsel, moves for entry of an Order prohibiting Monette Saccameno from testifying as a witness at trial.

**BACKGROUND**

The length and procedural history of this lawsuit belie the simplicity of the issues a jury may have to resolve. Specifically, a jury may decide whether Ocwen violated the Fair Debt Collection Practices Act ("FDCPA") or the Real Estate Settlement Procedures Act ("RESPA") during the servicing of Plaintiff's mortgage loan. In the context of the FDCPA, if a jury concludes there was a violation of the law, a jury may decide whether such a violation was nonetheless a result of a *bona fide* error.

Plaintiff intends to call Monette Saccameno as a witness to testify as to the purported "mishandling" of *Saccameno's* bankruptcy by Ocwen in an attempt to prove that Ocwen did not make a mistake as to Plaintiff's loan. Of course, Ms. Saccameno has absolutely **zero** knowledge of Ocwen's relationship with Plaintiff, how it handled Plaintiff's loan, or any of the facts of this

127087062v3

case. Plaintiff's real motive in offering Saccameno as an eleventh-hour witness is to bring in someone who has a personal grudge against Ocwen to simply share their irrelevant and prejudicial opinions. Saccameno's testimony is simply not relevant to any of Plaintiff's claims or Ocwen's defenses, and it would create an extreme risk of misleading the jury and/or causing undue prejudice to Ocwen in violation of the Federal Rules of Evidence. As a result, for the reasons explained below, Saccameno should be barred from testifying in this case and Plaintiff should be prohibited from calling her as a witness.

## ARGUMENT

### I. Plaintiff Failed to Timely Identify Ms. Saccameno as Having Discoverable Information as Required Under the Federal Rules of Civil Procedure

Plaintiff failed to disclose Ms. Saccameno as an individual having information discoverable in this litigation in a timely manner. On this basis alone, Ms. Saccameno must be precluded from testifying as a witness at trial.

Under Rule 26, "a party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Further, a party "must supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Id.* at 26(e)(1)(A). "If a party fails to provide information or identify as a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Determining whether to strike a witness for such a

2

discovery violation "is left to the broad discretion of the trial court and depends on whether the failure to disclose is substantially justified or harmless." *Wine & Canvas Development LLC v. Weisser*, 2014 WL 5089122, at *3 (S.D. Ind. 2014) (citing *Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 515 (7th Cir. 2011)). In making this determination, "[t]he Court is guided by four factors: '(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date.'" *Id.* (citing *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012); *Westefer v. Snyder*, 422 F.3d 570, 584 n.21 (7th Cir. 2005)).

In this case, Plaintiff failed to identify Ms. Saccameno as having discoverable information at any point in the litigation prior to service of her Final Witness List on May 24, 2022.[1] *See* Plaintiff's Final Witness List (ECF No. 301) at 4; *see also* Plaintiff's Initial Disclosures at 1-3 ¶ A, attached hereto as **Exhibit A**; Plaintiff's Preliminary Witness List (ECF No. 49); Supplemented Initial Disclosures of Plaintiff at 1-3 ¶ A, attached hereto as **Exhibit B**; Plaintiff's Responses to the Bank of New York Mellon's First Set of Interrogatories, at 5-6 ¶ 4, 10-11 ¶ 7, attached hereto as **Exhibit C**; Plaintiff's Responses to Ocwen Loan Servicing, LLC's First Set of Interrogatories at 6-8 ¶¶ 4-5, 14-16 ¶ 9, attached hereto as **Exhibit D**. Moreover, pursuant to the Joint Amended Case Management Plan entered by this Court (ECF No. 204) at 7, non-expert witness discovery and discovery relating to liability and damage issues concluded on March 25, 2022.

---

[1] Notably, the Northern District of Illinois entered a decision on post-trial motions in *Saccameno v. Ocwen Loan Servicing, LLC*, on March 1, 2019. 372 F.Supp.3d 609 (N.D. Ill. 2019). This was just under three (3) months after Plaintiff filed her initial Complaint and more than three (3) years before Plaintiff filed her Final Witness List in the present case.

127087062v3

Given Plaintiff's failure to disclose Ms. Saccameno as having discoverable information until the service of her Final Witness List, Ocwen was granted no opportunity to subpoena documents from and/or depose Ms. Saccameno to determine the scope of her purported knowledge and anticipated testimony. This inability to determine prior to trial what relevant information Ms. Saccameno has, if any, is clearly prejudicial to Ocwen.

Further, as to the subject area of Ms. Saccameno's anticipated testimony, Plaintiff has indicated only that Ms. Saccameno "may be called to testify to Ocwen's mishandling of *her* [*i.e.*, Ms. Saccameno's] bankruptcy case." Plaintiff's Final Witness List (ECF No. 301) at 4. Not only is this anticipated testimony entirely irrelevant to any of the issues in this case, as further discussed below, but such anticipated testimony is a thinly veiled attempt to inflame the passions of the jury and would undoubtedly cause disruption to the trial of the instant matter.

Lastly, as Plaintiff included reference to *Saccameno v. Ocwen* in her Amended Complaint (ECF No. 24) ¶ 220, filed nearly four years ago on March 14, 2019, she has further failed to produce evidence in discovery central to her claims despite having such evidence for years, *see* Defendants' Reply in Support of Motion *in Limine* to Exclude Evidence Not Produced in Discovery (ECF No. 383) at 8-10, a failure to disclose Ms. Saccameno as having discoverable information is highly suggestive of bad faith or willfulness involved in not disclosing such information. *See Saccameno v. Ocwen Loan Servicing, LLC*, Case No. 1:15-cv-01164, 372 F.Supp.3d 609, 633 (N.D. Ill. 2019) ("While a single error might be explained as mere accident, multiple errors might reasonably be viewed as a pattern indicating deliberate indifference, if not malice.").

Given the prejudice to Ocwen by virtue of its inability to conduct discovery with respect to Ms. Saccameno, the likelihood of disruption to trial should Ms. Saccameno be called as a

witness, and the high likelihood of bad faith or willfulness involved in failing to disclose Ms. Saccameno as a having discoverable information at any point prior the service of Plaintiff's Final Witness List, on this basis alone Ms. Saccameno must be prohibited from testifying as a witness at trial.

II.     **Any Testimony That Could Be Offered by Ms. Saccameno is Propensity Evidence That is Inadmissible Under Fed. R. Evid. 404**

In this case, Plaintiff intends to offer Ms. Saccameno as a witness to testify as to "Ocwen's mishandling of her bankruptcy case to prove lack of mistake, notice and knowledge, [and] pattern and practice." Plaintiff's Final Witness List at 4 (ECF No. 301). However, Plaintiff's own description of Ms. Saccameno's proposed testimony makes clear that it is inadmissible. Plaintiff apparently seeks to offer Ms. Saccameno's testimony that Ocwen purportedly "mishandled" her bankruptcy case to demonstrate that Ocwen therefore must also have "mishandled" Plaintiff's bankruptcy. Such testimony is clearly offered only in an impermissible attempt to demonstrate a propensity by Ocwen to "mishandle" matters related to bankruptcy.

Under Rule 404(b) of the Federal Rules of Evidence, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). In the Seventh Circuit, "evidence of prior acts is admissible if it meets a four-part test:

1.  The evidence must be directed toward establishing something at issue other than a party's propensity to commit the act charged;

2.  The other act must be similar enough and close enough in time to be relevant to the matter at issue;

5

3. The evidence must be such that the jury could find the act occurred and the party in question committed it; and

4. The prejudicial effect of the evidence must not substantially outweigh its probative value."

*Gastineau v. Fleet Mortg. Corp.*, 137 F.3d 490, 494-95 (7th Cir. 1998) (citing *Harris v. Davis*, 874 F.2d 461, 464 (7th Cir. 1989)).

The error that led to the purported "mishandling" of Ms. Saccameno's bankruptcy case is neither similar in character nor temporally close to the error that occurred here. In the case of Ms. Saccameno's mortgage, "[o]n or about July 2, 2013, an Ocwen employee identified as 'Marla' mistakenly coded Saccameno's bankruptcy discharge as a dismissal in Ocwen's computer system." *Saccameno*, 372 F.Supp.3d at 621. In the present case, an error was made during the accounting reconciliation after the close of Plaintiff's bankruptcy in February 2018, and amounts disallowed during Plaintiff's bankruptcy were mistakenly not removed from Plaintiff's loan. As Ms. Saccameno's case involved an error in coding the disposition of a bankruptcy that occurred in 2013, the accounting error that occurred in 2018 giving rise to Plaintiff's claims in the instant action is clearly neither "similar enough [nor] close enough in time to be relevant to the matter at issue" as the act complained of by Ms. Saccameno. *See Gastineau*, 137 F.3d at 494. For the same reasons, testimony regarding the acts complained of by Ms. Saccameno is of no, or at best negligible, probative value and would only cause undue prejudice to Ocwen. As such, Ms. Saccameno's proposed testimony is inadmissible under Rule 404 of the Federal Rules of Evidence and, therefore, must be excluded.

**III. Any Testimony That Could Be Offered by Ms. Saccameno is Irrelevant to the Instant Action That is Inadmissible Under Fed. R. Evid. 402**

Rule 402 of the Federal Rules of Evidence is clear: "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Rule 401, in turn, provides the standard for admissibility. Evidence is relevant

127087062v3

only if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401.

At base, testimony of Ms. Saccameno regarding her subjective interpretation of how Ocwen purportedly "mishandled" her bankruptcy simply has no bearing on whether Ocwen committed any error or violated any applicable law with regard to Plaintiff's loan. Further, as the Seventh Circuit has found that even "[t]wo examples of similar behavior" is insufficient to support recovery of statutory damages for a pattern or practice of RESPA noncompliance, *Perron v. J.P. Morgan Chase Bank, N.A.*, 845 F.3d 852, 858 (7th Cir. 2017), any testimony by Ms. Saccameno is insufficient to prove a pattern or practice of behavior as Plaintiff proposes. Thus, Ms. Saccameno's proposed testimony has no probative value in the instant action and therefore is inadmissible under Rule 402 of the Federal Rules of Evidence. As such, Ms. Saccameno's testimony must be excluded.

**IV. Allowing Ms. Saccameno to Testify Would Be Unduly Prejudicial to Ocwen and is Therefore Inadmissible Under Fed. R. Evid. 403**

Relevance alone is not the end of the admissibility inquiry. Otherwise relevant evidence may nevertheless be excluded from trial under Rule 403's balancing test "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, . . . or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Ms. Saccameno's proposed testimony regarding her subjective opinion on how Ocwen "mishandled" matters related to her bankruptcy would serve only to invite improper and prejudicial inferences that risk biasing the jury against Ocwen. Such testimony is wholly irrelevant as to whether Ocwen committed a mistake with regard to reconciliation of Plaintiff's loan after bankruptcy or whether Ocwen has engaged in a pattern or practice of noncompliance with RESPA.

To the contrary, the only purpose of such irrelevant testimony would be to inflame the passions of the jury and mislead the jury as to the issues in this matter. As the probative value of any testimony by Ms. Saccameno is substantially outweighed by the risks of unfair prejudice to Ocwen, her testimony is inadmissible under Rule 403 of the Federal Rules of Evidence and, therefore, must be excluded.

## CONCLUSION

For all of the above reasons, Defendant Ocwen Loan Servicing, LLC respectfully requests that the Court grant this Motion, prohibit Plaintiff from calling Monette Saccameno as a witness at trial, exclude any testimony by Monette Saccameno at trial, and grant Ocwen such other and further relief as this Court deems appropriate and just.


Dated: December 27, 2022                Respectfully submitted,

                                        By: */s/ John C. Lynch*

                                        John C. Lynch
                                        Ethan G. Ostroff
                                        Carter R. Nichols
                                        TROUTMAN PEPPER HAMILTON SANDERS LLP
                                        222 Central Park Avenue, Suite 2000
                                        Virginia Beach, VA 23454
                                        Telephone: (757) 687-7500
                                        E-mail: john.lynch@troutman.com
                                        E-mail: ethan.ostroff@troutman.com
                                        E-mail: carter.nichols@troutman.com

                                        *Counsel for Defendants Ocwen Loan Servicing,*
                                        *LLC and Bank of New York Mellon*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been served via electronic filing to all parties of record this 27th day of December 2022.

Dated: December 27, 2022          Respectfully submitted,

By: */s/ John C. Lynch*

John C. Lynch
Ethan G. Ostroff
Carter R. Nichols
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23454
Telephone: (757) 687-7500
E-mail: john.lynch@troutman.com
E-mail: ethan.ostroff@troutman.com
E-mail: carter.nichols@troutman.com

*Counsel for Defendants Ocwen Loan Servicing, LLC and Bank of New York Mellon*