**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**Indianapolis Division**

| | |
|---|---|
| DEMONA FREEMAN, <br><br> Plaintiff, <br><br> v. <br><br> OCWEN LOAN SERVICING, LLC, *et al.*, <br><br> Defendants. | Case No. 1:18-CV-3844-TWP-DLP |

**DEFENDANTS' MOTION *IN LIMINE*
TO EXCLUDE TESTIMONY BY CERTAIN INDIVIDUALS**

Defendant Ocwen Loan Servicing, LLC ("Ocwen") and Bank of New York Mellon ("BONY") (collectively, "Defendants"), by counsel, move for entry of an Order prohibiting, at the trial of the above-styled action, Devonna Kersey, Stacy M. Wissel, Latondra Newton, and Charise Collins from being called to testify as witnesses in this matter.

**ARGUMENT**

**I.  Plaintiff Failed to Timely Identify Certain Individuals as Having Discoverable Information as Required Under the Federal Rules of Civil Procedure**

Plaintiff failed to disclose in a timely manner that Devonna Kersey, Stacy M. Wissel, Latondra Newton, and Charise Collins were individuals having information discoverable in this litigation as required under the *Federal Rules of Civil Procedure*. On this basis alone, these individuals must be precluded from testifying as witnesses at trial.

Under Rule 26, "a party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing
127122732v1

party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Further, a party "must supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Id.* at 26(e)(1)(A). "If a party fails to provide information or identify as a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Determining whether to strike a witness for such a discovery violation "is left to the broad discretion of the trial court and depends on whether the failure to disclose is substantially justified or harmless." *Wine & Canvas Development LLC v. Weisser*, 2014 WL 5089122, at *3 (S.D. Ind. 2014) (citing *Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 515 (7th Cir. 2011)). In making this determination, "[t]he Court is guided by four factors: '(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date.'" *Id.* (citing *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012); *Westefer v. Snyder*, 422 F.3d 570, 584 n.21 (7th Cir. 2005)).

In this case, Plaintiff failed to identify Devonna Kersey, Stacy M. Wissel, Latondra Newton, and Charise Collins as having discoverable information at any point in the litigation prior to service of her Objections and Responses to Defendants' First Sets of Interrogatories, just over two weeks before discovery was to be completed in this matter. *See* Plaintiff's Initial Disclosures at 1-3 ¶ A, attached hereto as **Exhibit A**; Plaintiff's Preliminary Witness List (ECF No. 49); Supplemented Initial Disclosures of Plaintiff at 1-3 ¶ A, attached hereto as **Exhibit B**; Plaintiff's

Responses to the Bank of New York Mellon's First Set of Interrogatories, at 5-6 ¶ 4, 10-11 ¶ 7, attached hereto as **Exhibit C**; Plaintiff's Responses to Ocwen Loan Servicing, LLC's First Set of Interrogatories at 6-8 ¶¶ 4-5, 14-16 ¶ 9, attached hereto as **Exhibit D**; *see also* Joint Amended Case Management Plan (ECF No. 204).

Given Plaintiff's failure to disclose these individuals as having discoverable information until just prior to the close of discovery, Defendants were granted no opportunity to subpoena documents from and/or depose these individuals to determine the scope of their purported knowledge and anticipated testimony. This inability to determine prior to trial what relevant information these individuals have, if any, is clearly prejudicial to Defendants.

Further, as to the subject area of these individuals anticipated testimony, Plaintiff has indicated that Devonna Kersey, Stacy Wissel, Latondra Newton, and Charise Collins will all be called to testify as to "Plaintiff's dealings with Ocwen/PHH and how Ocwen/PHH's conduct affected the Plaintiff." Plaintiff's Final Witness List (ECF No. 301) at 2 -3. Not only is this anticipated testimony needlessly cumulative, as further discussed below, but such anticipated testimony is nothing more than an attempt to provide weight to Plaintiff's allegations through the use of numerous witnesses rather than by the substance of their testimony, which would undoubtedly cause disruption to the trial of the instant matter through unnecessary examination and cross-examination.

Lastly, Plaintiff testified that she had identified Devonna Kersey as having knowledge about the allegations in this case since "[t]he minute it started" and that she had begun speaking with Ms. Kersey about the lawsuit "starting back in 2019", *see* Deposition Of Plaintiff [hereinafter "Pl.'s Dep.] at 37:17; 38:4-7, attached hereto as **Exhibit E**; that she spoke with Stacy Wissel "as soon as the bankruptcy ended and [she] received the foreclosure letter", *see* Pl.'s Dep. at 51:14-

3

18; that she spoke with Latondra Newton regarding this lawsuit "about three years [ago]", *see* Pl.'s Dep. at 41:22-25; and that she spoke with Cherise Collins regarding this lawsuit "about two years ago." *See* Pl.'s Dep. at 39:15-16. Thus, in light of Plaintiff's many other failures to properly respond to discovery, a failure to disclose any of these individuals as having discoverable information despite having awareness of their knowledge for two or even three years is highly suggestive of bad faith or willfulness involved in not disclosing such information. *See Saccameno v. Ocwen Loan Servicing, LLC*, Case No. 1:15-cv-01164, 372 F.Supp.3d 609, 633 (N.D. Ill. 2019) ("While a single error might be explained as mere accident, multiple errors might reasonably be viewed as a pattern indicating deliberate indifference, if not malice."); *see also* Defendants' Reply in Support of Mot. *in Limine* to Exclude Evidence Not Produced in Discovery (ECF No. 383) at 5 (demonstrating that Plaintiff had obtained copies of her medical records more than two and a half years before responding to Defendants' discovery request and still failed to produce them in discovery), 8 (demonstrating that Plaintiff received at least 548 pages of documents from OneMain Financial Services, Inc. and failed to produce them in discovery).

Given the prejudice to Defendants, the likelihood of disruption to trial should these individuals be called as witnesses, and the high likelihood of bad faith or willfulness involved in failing to disclose these individuals as a having discoverable information in a timely manner, on this basis alone Devonna Kersey, Stacy M. Wissel, Latondra Newton, and Charise Collins must be precluded from testifying as witnesses at trial.

## II. Any Testimony That Could Be Offered by the Certain Individuals is Needlessly Cumulative and is Therefore Inadmissible Under Fed. R. Evid. 403

Otherwise relevant evidence may nevertheless be excluded from trial under Rule 403's balancing test "if its probative value is substantially outweighed by a danger of one or more of the

following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Plaintiff has indicated that Devonna Kersey, Stacy Wissel, Latondra Newton, and Charise Collins will all be called to testify as to "Plaintiff's dealings with Ocwen/PHH and how Ocwen/PHH's conduct affected the Plaintiff." Plaintiff's Final Witness List (ECF No. 301) at 2 - 3. Apparently, Plaintiff also expects to call Allen Freeman, Pynkerton Newton, Dr. Valerie Beard, and Alta Skelton to testify as to this subject matter, in addition to expecting to testify as to this subject matter herself. *See generally id.* However, Plaintiff has testified that Devonna Kersey's knowledge is limited to knowing that Plaintiff was supposedly put into foreclosure, *see* Pl.'s Dep. at 37:21-24, that she "called Stacy [Wissel] to let her know that . . . Ocwen was trying to foreclose on the home", *see* Pl.'s Dep. at 51:13-18, but that she has not talked with Ms. Wissel since this lawsuit was filed, *see* Pl.'s Dep. at 53:1-4, that "[t]he only knowledge Latondra [Newton] is aware of is that [Plaintiff is] going through court trying to keep her home", *see* Pl.'s Dep. at 41:14-16, and that Charise Collins knows only that the home was in foreclosure. *See* Pl.'s Dep. at 39:17-22. Given Plaintiff's testimony regarding the scope of these proposed witnesses knowledge, to allow Plaintiff to call these individuals as witnesses would mislead the jury as to the weight of their testimony, waste time at trial by calling multiple witnesses with limited knowledge, and needlessly present cumulative evidence that Plaintiff allegedly told people that she was concerned about keeping her home out of foreclosure. Thus, the proposed testimony of Devonna Kersey, Stacy Wissel, Latondra Newton, and Charise Collins is inadmissible under Rule 403 of the Federal Rules of Evidence and therefore they should be precluded from testifying at trial as witnesses.

127122732v1

## CONCLUSION

For all of the above reasons, Defendants Ocwen Loan Servicing, LLC and Bank of New York Mellon respectfully request that the Court grant this motion, exclude any testimony by Devonna Kersey, Stacy M. Wissel, Latondra Newton, and Charise Collins at trial, prohibit these individuals from being called to testify at trial, and for such other and further relief as this Court deems appropriate and just.

Dated: December 27, 2022

Respectfully submitted,

By: */s/ John C. Lynch*

John C. Lynch
Ethan G. Ostroff
Carter R. Nichols
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23454
Telephone: (757) 687-7500
E-mail: john.lynch@troutman.com
E-mail: ethan.ostroff@troutman.com
E-mail: carter.nichols@troutman.com
*Counsel for Defendants Ocwen Loan Servicing, LLC and Bank of New York Mellon*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been served via electronic filing to all parties of record this 27th day of December 2022.

Dated: December 27, 2022                Respectfully submitted,

By: */s/ John C. Lynch*

John C. Lynch
Ethan G. Ostroff
Carter R. Nichols
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23454
Telephone: (757) 687-7500
E-mail: john.lynch@troutman.com
E-mail: ethan.ostroff@troutman.com
E-mail: carter.nichols@troutman.com

*Counsel for Defendants Ocwen Loan Servicing, LLC and Bank of New York Mellon*