IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Indianapolis Division

DEMONA FREEMAN,

          Plaintiff,

  v.

OCWEN LOAN SERVICING, LLC,
*et al.*,

          Defendants.

Case No. 1:18-CV-3844-TWP-DLP

## DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE TESTIMONY FROM PLAINTIFF'S PURPORTED EXPERT WITNESSES AND MEMORANDUM IN SUPPORT

Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Bank of New York Mellon ("BONY", collectively with Ocwen "Defendants"), by counsel, move for entry of an Order excluding for all purposes at trial any testimony sought to be offered by Dr. Valerie Beard and Dr. Pynkerton Newton (collectively, the "Medical Providers") as purported expert witnesses.

## ARGUMENT

Consistent with her *modus operandi*, upon having her shortcomings laid bare for the Court by Defendants, Plaintiff made an inexcusably delinquent attempt to correct her mistake by serving what purports to be expert disclosures under Rule 26(a)(2)(C). Not only were these purported expert disclosures served well past the deadline set forth in Rule 26 and this Court's Scheduling Order, but these summary disclosures are also insufficient to qualify Plaintiff's Medical Providers to testify as experts with respect to opinions that were not formed during the course of Plaintiff's treatment. As such, Plaintiff's Medical Providers must be precluded from offering testimony as "expert" witnesses at trial for any purpose.

137312838v2

I.  **Plaintiff Failed to Provide Expert Reports from Her Medical Providers as Required Under the *Federal Rules of Civil Procedure* in Order for the Medical Providers to Provide Testimony as Expert Witnesses**

As this Court has previously observed, under Rule 26:

> A party must disclose the identity of any expert witness it intends to use at trial. Fed. R. Civ. P. 26(a)(2)(A). That disclosure must include a full written report 'if the witness is one retained or specially employed to provide expert testimony in that case . . . .' Fed. R. Civ. P. 26(a)(2)(B). The 2010 Amendment to Rule 26 added 26(a)(2)(C), instructing that non-retained witnesses who happen to be experts must provide summary disclosures. A summary disclosure must state the subject matter of the expected evidence and a summary of the facts and opinions to which the witness will testify. Fed. R. Civ. P. 26(a)(2)(C). Whether an expert must provide a complete report under 26(a)(2)(B) or a less extensive summary under 26(a)(2)(C) depends on the expert's relationship to the issues involved in the litigation. *See Malibu Media, LLC v. Harrison*, No. 1:12-cv-01117, 2014 WL 6474065, at *2 (S.D. Ind. Nov. 19, 2014) (citing *Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 6 (1st Cir. 2011)). Treating physicians, for example, often have firsthand knowledge of the events giving rise to the litigation and typically are not 'retained or specially employed to provide testimony.' *Id.* In such cases, the treating physician need only provide a 26(a)(2)(C) summary disclosure so long as the testimony does not exceed the scope of observations made during treatment. . . . Likewise, a treating physician disclosed under 26(a)(2)(C) may provide causation testimony if he or she formed such opinions during the course of treatment. . . . In *Meyers* [*v. Nat'l R.R. Passenger Corp.*,] the Seventh Circuit held: '[A] treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, *but who did not make that determination in the course of providing treatment*, should be deemed to be one "retained or specially employed to provide expert testimony in the case," and thus is required to submit an expert report in accordance with Rule 26(a)(2). 619 F.3d [729,] 734-35 (emphasis added in *Slabaugh*). . . . Therefore, the scope of treatment provided by Plaintiff's treating physicians governs the extent to which they may testify on issues of causation, not whether they intend to provide opinion testimony.

*Salesman v. Yellow Ambulance Services*, 2020 WL 224597, at *3 (S.D. Ind. 2020) (quoting *Slabaugh v. LG Electronics USA, Inc.*, No. 1:12-cv-1020, 2015 WL 1396606, at *2 (S.D. Ind. 2015)).

In addition, "Rule 37(c)(1) states that if a party fails to comply with Rule 26(a), the evidence is excluded 'unless the failure was substantially justified or is harmless . . . .'"

*Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 417 (7th Cir. 2019) (citing *Karum Holdings LLC v. Lowe's Cos., Inc.*, 895 F.3d 944, 951 (7th Cir. 2018)).

In this case, Plaintiff initially did not disclose her intent to call either Dr. Beard or Pynkerton Newton as experts in this case. *See generally* Certificate of Rule 26(a)(2) Expert Disclosure (ECF No. 256). However, upon Defendants' resultant filing of a motion *in limine* to limit the testimony of the Medical Providers to that of fact-witnesses and in apparent recognition that she had failed to comply with the Court's Scheduling Order and the applicable Federal Rules of Civil Procedure, Plaintiff produced what purport to be disclosures under Rule 26(a)(2)(C) for Dr. Beard and Newton on the morning of September 13, 2022 – one hundred eighty-two (182) days (or just short of six calendar months) past the deadline for Plaintiff to disclose her expert witnesses as extended by the Court. *See* Joint Amended Case Management Plan (ECF No. 204) at 4, Section III.F. A true and correct copy of these reports are attached as **Exhibit 1** and **Exhibit 2**, respectively. Moreover, these disclosures are also untimely under Rule 26(a)(2)(D)(i) as they were not served "at least 90 days before the date set for trial or for the case to be ready for trial," but instead were served only sixty-two (62) days before the case was to be ready for trial. Fed. R. Civ. P. 26(a)(2)(D)(i); *see also* Joint Amended Case Management Plan (ECF No. 204) at 7 (setting trial for August 1, 2022); Order (ECF No. 319) (rescheduling trial in this matter for November 14, 2022).

In anticipation of argument by Plaintiff that trial has since been rescheduled in this matter, Defendants would respectfully note that neither the plain language of the statute nor relevant precedent supports the position that delinquent service of discovery is somehow cured by an amendment of the trial schedule. *See* Fed. R. Civ. P. 26(a)(2)(D)(i) ("A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court

3

order, the disclosures must be made: (i) at least 90 days before the date set for trial *or for the case to be ready for trial . . . .*") (emphasis added); *Burress v. Mr. G & G Trucking, LLC*, 2021 WL 4472799, at *7 (W.D. Wis. 2021) ("Defendants ask the court to bar plaintiffs from calling any 'undisclosed witnesses.' Because trial *was initially* scheduled for January 2021, the deadline to disclose expert witnesses passed in October 2020.") (emphasis added) (citing Fed. R. Civ. P. 26(a)(2)(D)(i)). Thus, the fact that the purported expert reports were served at least 90 days before the date set for trial as it *currently* stands cannot somehow constitute *retroactive* compliance by Plaintiff.

In addition, Plaintiff concedes that her disclosures tendered under Rule 26(a)(2)(C) would be sufficient only "[i]f a treating physician will offer testimony regarding causation *based on opinions formed during the course of the plaintiff's treatment*." Response in Opposition to Defendants' Mot. *in Limine* to Exclude Testimony Regarding Medical Causation (ECF No. 375) at 4 (emphasis added). However, although Dr. Beard testified that she formed no opinion as to the root cause of Plaintiff's hypertension during the course of Plaintiff's treatment, *see* Deposition of Valerie Beard, M.D., attached to Appendix to Plaintiff's Memorandum in Opposition to Ocwen's [sic] Motion for Summary Judgment as Exhibit CC (ECF No. 336-29) [hereinafter "Beard Dep."] at 18:9-19:8 (Dr. Beard testifying that she did not determine what was causing Plaintiff's increased blood pressure and that she typically would not "find necessarily the root cause of essential primary hypertension"), the purported report nonetheless claims that "Dr. Beard is expected to testify that in her medical opinion that [Plaintiff's] blood pressure problems are stress related." Ex. 1 at 2 ¶ 7. This same issue is present in the purported report of Newton. *Compare* Defendant Ocwen Loan Servicing, LLC's Reply in Support of Motion for Summary Judgment (ECF No. 376) at 19 ¶ 22 (outlining Newton's testimony that he *did not* form an opinion as to the root cause of Plaintiff's

137312838v2

alleged symptoms) *with* Ex. 2 at 2 ¶ 5 ("Dr. Newton is expected to testify that stress is a cause of [Plaintiff's] neuromusculoskeletal problems."). Thus, the purported reports are not only delinquent, but are also fundamentally insufficient to comply with Plaintiff's obligations under the *Federal Rules of Procedure* as they improperly seek to qualify the Medical Providers as experts in order to testify as to an opinion not formed during the course of Plaintiff's treatment.

## **CONCLUSION**

Based on the foregoing reasons, Defendants Ocwen Loan Servicing, LLC and Bank of New York Mellon respectfully request that the Court grant their Motion, exclude any testimony sought to be offered by Dr. Valerie Beard and Dr. Pynkerton Newton as purported "expert" witnesses, for all purposes in this case, including at trial, and grant Defendants such other and further relief as this Court deems appropriate and just.

Dated: December 27, 2022

Respectfully submitted,

By: */s/ John C. Lynch*

John C. Lynch
Ethan G. Ostroff
Carter R. Nichols
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23454
Telephone: (757) 687-7500
E-mail: john.lynch@troutman.com
E-mail: ethan.ostroff@troutman.com
E-mail: carter.nichols@troutman.com

*Counsel for Defendants Ocwen Loan Servicing, LLC and Bank of New York Mellon*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been served via electronic filing to all parties of record this 27th day of December 2022.

Dated: December 27, 2022          Respectfully submitted,

By: */s/ John C. Lynch*

John C. Lynch
Ethan G. Ostroff
Carter R. Nichols
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23454
Telephone: (757) 687-7500
E-mail: john.lynch@troutman.com
E-mail: ethan.ostroff@troutman.com
E-mail: carter.nichols@troutman.com

*Counsel for Defendants Ocwen Loan Servicing, LLC and Bank of New York Mellon*