# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# Indianapolis Division

| | |
|---|---|
| DEMONA FREEMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>OCWEN LOAN SERVICING, LLC,<br>*et al.*,<br><br>    Defendants. | Case No. 1:18-CV-3844-TWP-MJD |

### RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN *LIMINE* [Doc. 422] SEEKING TO EXCLUDE TESTIMONY FROM TREATING PHYSICIANS

Plaintiff Demona Freeman ("Plaintiff"), by and through counsel, files the following response to Defendants' Motion in *Limine* to Exclude Testimony from Plaintiff's Purported Expert Witnesses docketed as D.E. 422 ("MIL 422"):

## I. INTRODUCTION

MIL 422 seeks to exclude all testimony from Freeman's treating physicians, Dr. Valerie Beard and Dr. Pynkerton Newton, because Defendants claim those witnesses were not timely disclosed. This is nonsense; each witness was disclosed as a non-expert in compliance with the Joint Amended Case Management Plan ("CMP") (ECF No. 204) and in response to Defendants' discovery requests. Defendants' argument that the disclosures were untimely depends on their mischaracterization of Freeman's treating physicians as retained experts and their misreading of the CMP. Moreover, ironically, it is actually Defendants' motion that is untimely under the CMP.

Further, Defendants' motion is unnecessary to the extent it seeks to simply limit Freeman's treating physicians to matters about which they provided treatment to Freeman, as that is the testimony that Plaintiff intends to offer. Defendants are correct that these medical providers are

not retained, have not coordinated with Freeman's counsel as experts, and have only provided medical care to Freeman. In other words, the more stringent disclosure burden of Rule 26(a)(2)(A) that Ocwen pushes forth does not apply, and even the non-expert disclosures that Freeman provided under Rule 26(a)(2)(C) were unnecessary and only offered in the abundance of caution.. The motion is also repetitive of Defendants' prior motion on this subject and should be denied in its entirety.

## II. LEGAL STANDARD

District courts have "broad discretion in ruling on evidentiary questions during trial or before on motions in *limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, a Court should exclude evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01.

## III. ARGUMENT

**A. No reports were required of Plaintiff's medical providers because they are treating physicians, not retained experts.**

Neither the CMP nor the Federal Rules require Freeman to provide expert witness reports from her medical providers. A treating physician is a fact witness. *See, e.g., Hammer v. Residential Credit Solutions, Inc.*, 2015 WL 7776807, at *29 (N.D. Ill. Dec. 3, 2015). "The disclosure requirements of Fed. R. Civ. P. 26(a)(2)(B), which include a written expert report, apply only to experts who are 'retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.'" *Id.* Defendants'

motion acknowledges that Dr. Beard and Dr. Newton both provided treatment to Freeman and were neither retained nor employed to provide expert testimony. Therefore, no reports are required.

Federal Rule of Evidence 701 permits lay opinion testimony if the opinion is "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *See also Bank of China, New York Branch v. NBM, LLC*, 359 F.3d 171, 181 (7th Cir. 2004). Thus, under Rule 701, "a lay person may offer opinion testimony providing the witness testifies to what he or she has perceived firsthand." *Sachs v. Reef Aquaria Design, Inc.*, 2007 WL 3223336, at *13 (N.D. Ill. Oct. 25, 2007); *see also Harms v. Lab. Corp. of Am.*, 155 F.Supp.2d 891, 904 (N.D. Ill. 2001). The fact that a witness has specialized knowledge does not preclude her from testifying pursuant to Rule 701, so long as the testimony is rationally based upon her "first-hand knowledge or observation." *Bank of China*, 359 F.3d at 181–82; *see, e.g., Dereak v. Don Mattox Trucking, LLC*, 2007 WL 3231417, at *5 (C.D. Ill. Oct. 30, 2007) ("In the medical context, when testimony goes beyond the scope of treatment and the observations of the treating physician, it constitutes expert testimony.").

Furthermore, expert testimony is not required to link stress to health conditions like hypertension. In *Hammer*, which like this case involved alleged violations of the Real Estate Settlement Procedures Act ("RESPA"), the court concluded that

> this is a situation where the legal issue (extent of damages) and the nature of the causation issue (whether stress aggravated Hammer's cardiac condition) were such that the jury properly could have inferred the requisite causal connection by a combination of circumstantial evidence of timing, *common knowledge that stress causes heart problems*, and factual and medical opinion testimony from Hammer's treating cardiologist.

2015 WL 7776807, at *39 (emphasis added). Similarly, in *Catalan v. GMAC Mortgage Corp.*, 629 F.3d 676, 696 (7th Cir. 2011), the Seventh Circuit held that the plaintiff's medical records

3

indicating "that she was under increased stress during this time period because of her 'house situation,'" combined with her own testimony and that of her husband, were sufficient to support their claim that the defendant's RESPA violations caused emotional distress.

Defendants complain that Plaintiff's Rule 26(a)(2)(C) disclosures refer to anticipated testimony to the effect that Freeman's hypertension and neuromusculoskeletal problems were stress related (ECF 422, p. 4), although Dr. Beard and Dr. Newton both testified in their depositions that they did not form specific opinions during treatment that Freeman's health conditions were caused by Defendants' conduct. However, a physician need not testify with complete certainty about the cause of an injury for her testimony to be useful to the jury; rather, she may testify that one factor could have been a contributing factor to a particular outcome. *See Walker v. Soo Line R. Co.*, 208 F.3d 581, 587–88 (7th Cir. 2000); *see also Gayton v. McCoy*, 593 F.3d 610, 619 (7th Cir. 2010).

In fact, as noted in Freeman's response to Defendants' prior motion in *limine*, the jury will never be asked to find that Defendants' acts or omissions were ***the sole cause*** of Freeman's medical problems. Dr. Beard testified that while discussing Freeman's hypertension, which had become difficult to control, Freeman seemed stressed and reported dealing with increased stress. (Beard Dep. 20:11-22). Likewise, Dr. Newton, Plaintiff's chiropractor and brother, testified that Freeman identified problems with her mortgage company as a source of stress that contributed to the conditions for which she sought treatment. (Newton Dep. 19:23-20:9). Dr. Newton also noted that, knowing his sister, any stress involving her home would affect her in ways it might not affect other people. (Newton Dep. 29:25-31:3; 32:24-34:25). And he stated that during the time he has treated

Freeman, her condition has worsened and evolved from a specific problem to one that is more chronic and psychosomatic or stress-related. (Newton Dep. 26:2-7; 49:16-50:3; 50:23-52:22).[1]

This is the testimony of fact witnesses, not opinion testimony, and it does not trigger a disclosure requirement under Rule 26(a)(2)(C). *See, e.g., Johnson v. Target Corp.*, 487 Fed. Appx. 298, 301 (7th Cir. 2012) (affirming district court's limiting of treating physician's testimony where belated disclosure compromised defendant's ability to question him as an expert); *Ammons v. Chicago Bd. of Educ.*, 2019 WL 1595870, at *4 (N.D. Ill. Apr. 15, 2019) (allowing treating physicians identified in plaintiff's interrogatory answers to testify as to observations made during treatment of plaintiff); *Hammer*, 2015 WL 7776807, at *39 (citing *Meyers v. Wal-Mart Stores, East, Inc.* 257 F.3d 625, 630 (6th Cir. 2001)) ("before and after" lay testimony may be competent evidence on the issue of damages caused by exacerbation of a preexisting medical condition, particularly when combined with testimony of a treating physician who observed a change in the disease process after the injury). Other courts have found testimony of this nature alone sufficient to link physical harm to a mortgage servicer's actions. *See Saccameno v. Ocwen Loan Servicing, LLC*, 372 F. Supp. 3d 609, 627 (N.D. Ill. 2019); *Hammer*, 2015 WL 7776807, at *37 (N.D. Ill. Dec. 3, 2015).

**B. To the extent disclosures were required under Rule 26(a)(2)(C), any delay was harmless and should not result in the exclusion of the providers' testimony.**

Although not required by Rule 26(a)(2)(C), Freeman tendered disclosures to Defendants on September 13, 2022. Defendants complain about the timeliness; however, the CMP does not

---

[1] Defendants' speculation that Freeman's treaters will testify outside of their treatment is no grounds for excluding their testimony. Rather, it is the type of issue that can and should be addressed at trial without filing unnecessary motions. Freeman's *trial* counsel will elicit testimony from Freeman's providers about their actual treatment, their diagnoses, and their observations of Freeman during her visits. Treating physicians are fully qualified to testify about their personal observations of a patient. Personal observations and information gleaned from a medical history are all matters within the personal knowledge of the medical provider. These are matters about which a layperson may testify. *See* Fed. R. Evid. 602. Thus, even if the providers could not testify as experts, they could testify as fact witnesses to their first-hand knowledge of Freeman's conditions based upon their examinations of her. *Id.*

5

specify a deadline for the service of disclosures under Rule 26(a)(2)(C) for witnesses who do not provide a written report.² As to timing, Rule 26(a)(2)(C) provides, in relevant part that "[a]bsent a stipulation or a court order, the disclosures must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial." Freeman's Rule 26(a)(2)(C) disclosures were submitted more than 150 days before the February 13, 2023 trial date. To the extent the disclosures were untimely based on the trial date as scheduled at the time the disclosures were made, any error is clearly harmless. In fact, despite having filed two motions on this subject, Defendants have yet to offer a shred of evidence of prejudice or harm.

A witness may be permitted to testify as an expert despite a Rule 26(a)(2)(C) error if the failure to disclose was "harmless or justified." *See, e.g., Rocklane Co., LLC v. Travelers Cas. Ins. Co. of Am.*, 2020 WL 1320963, at *3 (S.D. Ind. Jan. 21, 2020). The district court has broad discretion to decide whether to admit the testimony, guided by four factors: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) whether the non-disclosing party is able to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id*. (citing *Banister v. Burton*, 636 F.3d 828, 833 (7th Cir. 2011) (internal citations omitted); *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)).

In *Hammer*, *supra*, the plaintiff made a belated disclosure under Rule 26(a)(2)(C) that neglected to include a summary of the facts on which she expected her treating physician's opinion

---

² Defendants' assertion that the disclosures were tendered 182 days after the deadline "as extended by the Court" is false. (ECF 422, p. 3).

to be based. The disclosure, served approximately 77 days before trial, contained essentially the same information as the plaintiff's interrogatory answers, which had been served about two weeks earlier; however, the disclosure also referred to the plaintiff's medical records. Noting that it had been clear the doctor would relate the plaintiff's "aggravated cardiac condition" to stress allegedly caused by the defendant's conduct, the district court stated that although the disclosures "were not very detailed, RCS cannot credibly argue that it was completely in the dark about what Dr. Hasanain was expected to say." *Hammer*, 2015 WL 7776807, at *30. The court continued,

> Dr. Hasanain's expected opinion that stress negatively affected Hammer's health issues was neither that complex of a medical issue nor so difficult for RCS to understand that it could not rely on Hammer's medical records to prepare for Dr. Hasanain's deposition. Even if Hammer's Rule 26(a)(2)(C) disclosure was neither detailed nor, in hindsight, totally accurate, RCS was not prejudiced.

*Id*. (footnotes omitted). Thus, the plaintiff's late disclosure under Rule 26(a)(2)(C) was harmless.

Likewise, there is no prejudice to Defendants, and they cannot credibly claim to be surprised or blindsided in any way by this evidence. Freeman identified Dr. Beard and Dr. Pinkerton in response to both Ocwen's and BONY's first sets of interrogatories, indicating that she sought medical treatment from them as a result of Defendants' alleged acts or omissions. Defendants deposed both providers on March 25, 2022. Their expected testimony regarding their treatment of Plaintiff's stress related health conditions is neither complex nor difficult to understand, and it is certainly not a surprise. To the extent any part of a Rule 26(a)(2)(C) disclosure was missing from the information supplied in response to Defendants' interrogatories, the omission caused no prejudice to them and was cured by the disclosures tendered almost four months ago.

As to the remaining factors identified in *Rocklane*, there is no likelihood of disruption to the trial. As noted, Freeman's medical providers were disclosed to Defendants ten months ago, and Defendants have deposed them. And, finally, the omission of formal Rule 26(a)(2)(C) statements was inadvertent and not in bad faith. Plaintiff has concealed nothing, and Defendants have long known of the providers' testimony and had all of the relevant medical records. Thus, to the extent disclosures were required, the brief delay in providing them was harmless. *Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 417 (7th Cir. 2019) (citing *Karum Holdings LLC v. Lowe's Cos., Inc.*, 895 F.3d 944, 951 (7th Cir. 2018)).

### C. Defendants' motion is untimely.

The CMP states that parties who wish "to limit or preclude expert witness testimony at trial shall file any such objections **no later than 120 days prior** to the proposed trial month." (ECF No. 204, § III.H) (emphasis in original). Thus, Defendants' motion, filed approximately 35 days before the proposed trial month, is untimely and should be denied.

## IV. CONCLUSION

None of the arguments advanced by Defendants warrant limiting – much less excluding – either of the treating medical providers from testifying at trial regarding their treatment and diagnosis of Freeman. The medical providers are qualified to make the diagnoses they made in their actual treatment of Freeman's medical conditions. At minimum, they may testify as fact witnesses regarding their treatment and observations of Freeman when they provided medical care. The motion should be denied.

Dated: January 3, 2023.                    Respectfully submitted,


                                           */s/ Travis W. Cohron*
                                           Travis W. Cohron, No. 29562-30
                                           Olivia A. Hess, No. 36166-49
                                           Clark Quinn Moses Scott & Grahn, LLP
                                           320 N. Meridian Street, Suite 1100
                                           Indianapolis, IN 46204
                                           Telephone: (317) 637-1321
                                           Fax: (317) 687-2344
                                           tcohron@clarkquinnlaw.com
                                           ohess@clarkquinnlaw.com

                                           */s/ Nick Wooten*
                                           DC LAW, PLLC
                                           1012 W ANDERSON LANE
                                           AUSTIN, TEXAS 78757
                                           512-220-1800
                                           nick@texasjustice.com

                                           */s/ Rusty A. Payton*
                                           Rusty A. Payton
                                           PAYTON LEGAL GROUP
                                           20 North Clark Street
                                           Suite 3300
                                           Chicago, Illinois 60602
                                           (773) 682-5210
                                           info@payton.legal

                                           *Counsel for Plaintiff Demona A. Freeman*

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

John C. Lynch
Carter R. Nichols
Ethan G. Ostroff

TROUTMAN SANDERS LLP
john.lynch@troutman.com
carter.nichols@troutman.com
ethan.ostroff@troutman.com
*Counsel for Ocwen Loan Servicing, Inc. and The Bank of New York Mellon*

                                                */s/ Travis W. Cohron*
                                                Travis W. Cohron, No. 29562-30

Clark, Quinn, Moses, Scott & Grahn, LLP
320 N. Meridian Street, Suite 1100
Indianapolis, IN 46204
tcohron@clarkquinnlaw.com