IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Indianapolis Division

| | |
|---|---|
| DEMONA FREEMAN,<br><br>      Plaintiff,<br><br>  v.<br><br>OCWEN LOAN SERVICING, LLC,<br>*et al.*,<br><br>      Defendants. | Case No. 1:18-CV-3844-TWP-MJD |

**RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN *LIMINE* [Doc. 421]
SEEKING TO LIMIT OR EXCLUDE TESTIMONY BY
<u>PLAINTIFF REGARDING UNRECOVERABLE DAMAGES</u>**

Plaintiff Demona Freeman ("Freeman"), by and through counsel, files the following response to Defendants' Motion in *Limine* to Limit or Exclude Testimony By Plaintiff Regarding Unrecoverable Damages, docketed as D.E. 421 ("MIL 421"):

**LEGAL STANDARD**

District Courts have "broad discretion in ruling on evidentiary questions during trial or before on motions in *limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, a Court should exclude evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01.

**ARGUMENT**

MIL 421 seeks to limit or exclude any testimony by Plaintiff of "unrecoverable damages." The thrust of Ocwen's MIL 421 is that, in Ocwen's opinion, Freeman is not able to recover any actual damages for Ocwen's conduct under FDCPA, RESPA, or a breach of contract claim. However, MIL 432 constitutes the type of general prohibition the Court routinely rejects, that seeks relief entirely inappropriately via motion in *limine* on the proverbial eve of trial. Instead of confronting evidentiary questions, Ocwen seeks to litigate, or relitigate, issues not properly before the Court in an effort to "limine out" entire sections of the case from being heard by a jury. In effect, this is yet another attempt to backdoor something most appropriate for a summary judgment ruling or directed verdict ruling from a motion in *limine*. *See, e.g.*, *Washington Frontier League Baseball, LLC v. Zimmerman,* 2018 WL 3120623 at *4 (SDIN 6/26/2018) (reasoning that motions in *limine* are not proper vehicles to decide whether punitive damages are appropriate in a trial but a defendant may move for a Rule 50 motion for judgment as a matter of law on the issue, if deemed appropriate). To the extent there is any substance to Defendants' arguments in MIL 421, Defendants should have raised these arguments in prior briefing, or can raise them via motion for directed verdict at trial. To do so now, is simply an abuse of process. Notwithstanding, Freeman's counsel is happy to expound upon these issues later, perhaps in person.

## CONCLUSION

For the foregoing reasons, MIL 421 should be denied in its entirety.

Dated: January 3, 2023.                                  Respectfully submitted,

*/s/ Travis W. Cohron*
Travis W. Cohron, No. 29562-30
Olivia A. Hess, No. 36166-49
Clark Quinn Moses Scott & Grahn, LLP
320 N. Meridian Street, Suite 1100
Indianapolis, IN 46204
Telephone: (317) 637-1321
Fax: (317) 687-2344
tcohron@clarkquinnlaw.com
ohess@clarkquinnlaw.com

*/s/ Nick Wooten*
DC LAW, PLLC
1012 W ANDERSON LANE
AUSTIN, TEXAS 78757
512-220-1800
nick@texasjustice.com

*/s/ Rusty A. Payton*
Rusty A. Payton
PAYTON LEGAL GROUP
20 North Clark Street
Suite 3300
Chicago, Illinois 60602
(773) 682-5210
info@payton.legal

*Counsel for Plaintiff Demona A. Freeman*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

John C. Lynch
Carter R. Nichols
Ethan G. Ostroff

TROUTMAN SANDERS LLP
john.lynch@troutman.com
carter.nichols@troutman.com
ethan.ostroff@troutman.com
*Counsel for Ocwen Loan Servicing, Inc. and The Bank of New York Mellon*

                                        */s/ Travis W. Cohron*
                                        Travis W. Cohron, No. 29562-30

Clark, Quinn, Moses, Scott & Grahn, LLP
320 N. Meridian Street, Suite 1100
Indianapolis, IN 46204
tcohron@clarkquinnlaw.com