UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEMONA FREEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 1:18-cv-03844-TWP-MKK |
| | ) |
| OCWEN LOAN SERVICING, LLC, and | ) |
| BANK OF NEW YORK MELLON, | ) |
| | ) |
| Defendants. | ) |

**ENTRY ON DEFENDANTS' MOTION *IN LIMINE***

This matter is before the Court on a Motion *in Limine* filed by Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Bank of New York Mellon (collectively, "Defendants") (Filing No. 356). Plaintiff Demona Freeman ("Freeman") initiated this action against the Defendants for their alleged violation of numerous federal statutes—the Real Estate Settlement Procedures Act, Truth in Lending Act, Fair Debt Collection Practices Act, Telephone Consumer Protection Act, and Fair Credit Reporting Act—as well as for breach of contract and other state law claims. After Freeman twice amended her Complaint, the Court narrowed her claims following the Defendants' motions to dismiss. The Defendants later filed motions for summary judgment and then filed the instant Motion *in Limine*, seeking a preliminary evidentiary ruling from the Court regarding the admissibility of certain evidence or argument at trial and for summary judgment. For the following reasons, the Defendants' Motion is **granted**.

      **I.**      **LEGAL STANDARDS**

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in *limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any

purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401. "The purpose of a motion in *limine* is not to weigh competing arguments about the strength of the parties' evidence and theories, nor is it to decide which party's assumptions are correct. A motion in *limine* weeds out evidence that is not admissible for any purpose." *Wash. Frontier League Baseball, LLC v. Zimmerman*, 2018 U.S. Dist. LEXIS 106108, at *10 (S.D. Ind. June 26, 2018).

Federal Rule of Civil Procedure 37(c) provides,

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Concerning Rule 37 of the Federal Rules of Civil Procedure, the Seventh Circuit has explained,

> Rule 37 provides that a party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) is not, unless such failure is harmless, permitted to use as evidence at a trial any witness or information not so disclosed. This court has stated that the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless.

*David v. Caterpillar, Inc.*, 324 F.3d 851, 856–57 (7th Cir. 2003) (internal citations and punctuation omitted); *see also Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 513–15 (7th Cir. 2011).

## II.   DISCUSSION

The Defendants' Motion *in Limine* requests an evidentiary ruling regarding the admissibility of medical causation evidence based upon a failure to disclose such evidence or

expert witnesses. The Defendants specifically request a ruling "excluding for all purposes, including from consideration on summary judgment and at trial, any testimony offered by Dr. Valerie Beard, Dr. Pynkerton Newton, Alta Skelton, or Plaintiff as to the purported causation of Plaintiff's alleged medical issues and/or the purported cause, presentation, or progression of psychosomatic symptoms in patients." (Filing No. 356 at 1.)

The Defendants argue that Freeman failed to provide expert reports from her medical providers (Dr. Valerie Beard, Dr. Pynkerton Newton, and Alta Skelton (collectively, "Treating Physicians")) as required by Federal Rule of Civil Procedure 26(a)(2) in order to provide opinion testimony as to any causation of Freeman's alleged medical issues.  Rule 26(a)(2)(A) requires the disclosure of expert witnesses, Rule 26(a)(2)(B) requires a full written expert report for "retained" experts, and Rule 26(a)(2)(C) requires a summary disclosure statement for "non-retained" experts. The Defendants contend that, because Freeman failed to provide any form of expert report from the Treating Physicians and failed to identify them as expert witnesses, they must be precluded from offering testimony as to any opinions on the potential purported causation of Freeman's alleged medical issues.  Any testimony from the Treating Physicians must be limited to observations and determinations made in the course of providing treatment to Freeman—but they made no determinations as to causation during their treatment of Freeman.

Additionally, the Defendants argue the Treating Physicians should be precluded from offering testimony pertaining to the causes, presentation, and/or progression of psychosomatic symptoms in patients as well as whether stress may hypothetically cause hypertension in patients. Such testimony clearly requires "scientific, technical, or other specialized knowledge," and Freeman has failed to qualify any of the Treating Physicians as experts in the field of

psychosomatic symptomology by virtue of their "knowledge, skill, experience, training, or education."

Finally, the Defendants contend Freeman has offered a declaration speculating as to the cause of her alleged medical symptoms, but Freeman is not qualified by knowledge, skill, expertise, training, or education to testify as to the alleged medical causation of her purported symptoms. Thus, any testimony offered by Freeman specifically regarding causation of such purported symptoms should be excluded.

Responding to the Defendants' Motion *in Limine*, Freeman contends that the Court should deny the Motion outright because it violates Local Rule 56-1 in that it collaterally attacks the summary judgment response, asking to strike evidence from that response, and such evidentiary requests should be made in the parties' summary judgment briefing, not in separate motions.

Freeman asserts that the Treating Physicians are fact witnesses for this case, so no expert witness report was required from them. Freeman contends,

> Having deposed all three of these witnesses, Defendants are well aware that Dr. Beard, Dr. Newton, and Ms. Skelton all provided treatment to Plaintiff and were not retained or employed to provide expert testimony. They also obviously are not employees of Plaintiff whose duties involve giving expert testimony. Therefore, no reports are required. At most, the disclosure requirements of Rule 26(a)(2)(C) might be implicated.

(Filing No. 375 at 3.)

Freeman points out that the Treating Physicians are not retained experts, and concedes that "[i]f a treating physician will offer testimony regarding causation based on opinions formed during the course of the plaintiff's treatment, the witness must be disclosed as an expert in accordance with Rule 26(a)(2)(C)," relying on *Vandivier v. United States*, 2013 WL 6058902, at *3 (S.D. Ind. Nov. 16, 2013). Freeman acknowledges that a failure to disclose a treating physician as an expert will permit them to testify only as a fact witness, not as an expert witness.

4

Freeman argues that expert opinion is not required to link stress to health conditions like hypertension and heart problems, pointing to *Hammer v. Residential Credit Solutions, Inc.*, 2015 WL 7776807, at *39 (N.D. Ill. Dec. 3, 2015). She asserts that the Treating Physicians are not providing expert testimony to provide this link, so no Rule 26(a)(2)(C) disclosure was required. They are simply providing testimony as fact witnesses.

Alternatively, to the extent a Rule 26(a)(2)(C) disclosure was required, Freeman argues the omission was harmless, so the testimony should be permitted. The Defendants cannot claim surprise as to the Treating Physicians because they were identified in Freeman's interrogatory responses. The Defendants also deposed the Treating Physicians, so they are aware of the expected testimonies from these witnesses. In any event, Freeman asserts any potential prejudice is cured by her serving a formal Rule 26(a)(2)(C) disclosure with her response to the Motion *in Limine*. Freeman argues that expert testimony is not required to link stress and psychosomatic symptoms to certain health conditions because the connection is not complex and is well-known, so the Treating Physicians should be permitted to offer testimony as to the presentation and/or progression of psychosomatic symptoms in Freeman.

Lastly, Freeman argues that a plaintiff may testify about her own perception of her symptoms and her physical and mental health before and after the incident that is the subject of the litigation. Thus, she should not be precluded from providing such testimony.

The Defendants reply to Freeman's arguments by pointing out that the Motion *in Limine* seeks to exclude testimony from Freeman and the Treating Physicians about the purported causation of Freeman's alleged medical issues and/or the purported cause, presentation, or progression of psychosomatic symptoms in patients. The Motion pertains to medical causation opinion—clearly a topic for experts. The Motion does not concern factual observations made by

the Treating Physicians during their treatment of Freeman. The Defendants acknowledge that a treating physician may be "a fact witness. But the portion of his testimony that concerns any opinion as to the cause of [the] condition falls within the scope of expert testimony." *Hammer*, 2015 WL 7776807, at *29. Because Freeman failed to provide any expert disclosure or report for the Treating Physicians, they cannot testify as experts as to medical causation.

The Defendants also reply to Freeman's argument that expert opinion is not required to link stress to health conditions like hypertension and heart problems, contending that Freeman's argument is based on a gross mischaracterization of *Hammer*. In *Hammer*, the court noted that its rulings had considered that the treating physician's "*medical knowledge* derived from his *expertise* as a cardiologist *qualified him to opine* that stress can trigger or exacerbate a cardiac condition," and a "causal connection [can be inferred] *by a combination of* circumstantial evidence of timing, common knowledge that stress causes heart problems, and factual and *medical opinion testimony* from [plaintiff's] treating cardiologist." *Hammer*, 2015 WL 7776807, at *38, 39 (emphases added).

The Defendants oppose Freeman's assertion that any failure to provide any Rule 26(a)(2)(C) summary disclosure statements was harmless. To the extent Freeman argues her interrogatory responses were sufficient expert notice to the Defendants, none of Freeman's interrogatory answers suggested a causal connection between stress and any alleged medical symptoms and the deposition testimony of the Treating Physicians does not disclose medical causation opinion. Freeman did not produce her medical records in discovery, and thus, the Defendants argue they could not fully explore the breadth and foundation of her Treating Physicians' opinions during their depositions, thereby further prejudicing the Defendants.

The Court concludes that the Defendants' position is well taken and supported by case law. Freeman's argument that the Motion *in Limine* violates the Local Rules is unavailing because the

Motion *in Limine* is not solely an ancillary (and disfavored) motion to strike or exclude evidence as to a summary judgment motion. The Motion pertains to evidence for trial as well as other proceedings in the case.

The Motion *in Limine* is not seeking to exclude any and all testimony and evidence from the Treating Physicians. And it is not seeking to exclude the factual observations and findings made during the course of providing treatment to Freeman. Rather, the Motion seeks to exclude medical causation opinion of Freeman's purported medical issues; the cause, presentation, and/or progression of psychosomatic symptoms in patients; and whether stress may hypothetically cause hypertension. This Motion concerns topics clearly requiring expert opinion, and as such, Freeman was required to provide disclosure and a full report or summary statement under Rule 26(a)(2) in order to present this testimony and evidence.

The Seventh Circuit has explained,

> The plain meaning of Rule 26(a)(2) demands a formal designation for expert disclosures. . . . There is a significant distinction between disclosing an individual as a fact witness under Rule 26(a)(1)(A) and disclosing an expert witness under Rule 26(a)(2). That duty to disclose a witness *as an expert* is *not* excused when a witness who will testify as a fact witness *and* as an expert witness is disclosed as a fact witness.

*Karum Holdings LLC v. Lowe's Cos.*, 895 F.3d 944, 951 (7th Cir. 2018) (internal citations and quotation marks omitted). "Formal disclosure of experts is not pointless. Knowing the identity of the opponent's expert witnesses allows a party to properly prepare for trial." *Id.* at 952.

There is no dispute that Freeman did not provide any Rule 26(a)(2)(B) expert reports, and the Court concludes that such reports were not necessary. However, Freeman also failed to provide any Rule 26(a)(2)(C) expert summary statements to the Defendants during the discovery period. Thus, Freeman may present expert testimony from her Treating Physicians only if her failure to

7

disclose was justified or harmless. She did not argue her failure was justified, but she did assert her failure was harmless.

In this case, the trial was set for November 14, 2022, at the time that Freeman finally provided her extremely late Rule 26(a)(2)(C) expert summary statements for two of her three non-retained experts on September 13, 2022 (*see* Filing No. 389). This disclosure was nearly six months after the disclosure deadline (*see* Filing No. 204 at 4) set by Court Order, and as Rule 26(a)(2)(D) explains, "[a] party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial." Not only did Freeman miss the Court ordered deadline by six months, but she also provided her untimely disclosure only sixty-two days before the trial date, thus violating the Court Order as well as Rule 26.

The Court agrees with the Defendants that Freeman's failure prejudiced them and was not harmless. Freeman's late Rule 26(a)(2)(C) expert summary statements were provided after discovery closed, after the Defendants had filed summary judgment motions, after Defendants had deposed the Treating Physicians, and only two months before the then-set trial date. Freeman suggests that the Defendants were not prejudiced or harmed because they knew the Treating Physicians would be called as witnesses, but as the Seventh Circuit explained, "we have previously rejected arguments that a Rule 26(a) violation is harmless simply because the opposing party knew the witness would testify in some capacity." *Karum Holdings*, 895 F.3d at 952. The lack of proper expert disclosure was not harmless or without prejudice because it appears the Defendants had no reason to take discovery on the Treating Physicians' qualifications and expertise, nor could the Defendants then challenge their qualifications or the admissibility of their expert testimony under

the grounds set forth in *Daubert*. This surely would affect the trial as such challenges would have to be addressed during the trial without the benefit of previous discovery and disclosure.

Because Freeman failed to comply with Rule 26(a)(2), and because her failure was not harmless, Rule 37 compels the exclusion of the Treating Physicians' medical causation opinion testimony. Likewise, Freeman may not provide medical causation opinion testimony as she is not qualified to provide such expert testimony.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Defendants' Motion *in Limine* ([Filing No. 356](#)). Freeman and the Treating Physicians may not testify as to medical causation opinion of Freeman's purported medical issues; the cause, presentation, and/or progression of psychosomatic symptoms in patients generally; and whether stress may hypothetically cause hypertension. However, Freeman's Treating Physicians may testify as fact witnesses, and Freeman may testify regarding her symptoms, experiences, and personal perceptions. This applies "for all purposes, including from consideration on summary judgment and at trial."

An order *in limine* is not a final, appealable order. If the parties believe that evidence excluded by this Entry becomes relevant or otherwise admissible during the course of the trial, counsel may request a hearing outside the presence of the jury. Likewise, if the parties believe that specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence.

**SO ORDERED.**

Date: 3/22/2023

*[signature]*

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Olivia Anne Hess
CLARK QUINN MOSES SCOTT & GRAHN LLP
ohess@clarkquinnlaw.com

Travis W. Cohron
CLARK QUINN MOSES SCOTT & GRAHN LLP
tcohron@clarkquinnlaw.com

Michael P. Maxwell, Jr.
CLARK QUINN MOSES SCOTT & GRAHN LLP
mmaxwell@clarkquinnlaw.com

Jennifer F. Perry
CLARK QUINN MOSES SCOTT & GRAHN LLP
jperry@clarkquinnlaw.com

Rusty A. Payton
PAYTON LEGAL GROUP LLC
info@payton.legal

John Curtis Lynch
TROUTMAN SANDERS LLP
john.lynch@troutman.com

Carter Randall Nichols
TROUTMAN SANDERS LLP
carter.nichols@troutman.com

Ethan Ostroff
TROUTMAN SANDERS LLP
ethan.ostroff@troutman.com

Nicholas H. Wooten
DC Law, PLLC
nick@texasjustice.com