UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEMONA FREEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-03844-TWP-DLP |
| ) | |
| OCWEN LOAN SERVICING, LLC, and ) | |
| BANK OF NEW YORK MELLON, ) | |
| ) | |
| Defendants. ) | |

## ORDER ON DEFENDANTS' MOTION TO STRIKE

This matter is before the Court on a Motion to Strike filed by Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Bank of New York Mellon (collectively, "Defendants") (Filing No. 354). Plaintiff Demona Freeman ("Freeman") initiated this action against the Defendants for their alleged violation of numerous federal statutes—the Real Estate Settlement Procedures Act, Truth in Lending Act, Fair Debt Collection Practices Act, Telephone Consumer Protection Act, and Fair Credit Reporting Act—as well as for breach of contract and other state law claims. After Freeman twice amended her Complaint, the Court narrowed her claims following the Defendants' motions to dismiss. In their pending Motion to Strike, the Defendants ask the Court to strike from the record portions of Freeman's declaration that are in conflict with deposition testimony. For the following reasons, the Court **denies** the Motion.

### I. DISCUSSION

The Defendants ask the Court to strike portions of the declaration Freeman filed in connection with her responses in opposition to the Defendants' motions for summary judgment because portions of her declaration do not satisfy the requirements of Rule 56 of the Federal Rules of Civil Procedure. More specifically, the Defendants contend that any portion of Freeman's

declaration that is in conflict with deposition testimony, namely, Paragraph Numbers 2, 6, 8, 11–15, 19–20, 24–29, 34–35, 38–39, 40–47, 50–53, 57, and 63–64, should be stricken.

The Defendants argue,

> To bolster her Oppositions, Plaintiff seeks to use a declaration that directly contradicts deposition testimony given by herself or others in this case in an effort to manufacture a genuine dispute of material fact where none actually exists. Such a declaration is the quintessential example of a "sham-affidavit," and the offending portions of such affidavits are routinely disregarded or stricken by courts. As such, this Court must strike those portions of Plaintiff's declaration submitted in support of her Oppositions . . . . Further, the Court should award Defendants their fees and costs in preparing the instant motion due to Plaintiff's bad faith submission of such a declaration.

(Filing No. 355 at 3.)

Under Rule 56(c)(4), parties are permitted to use an affidavit or declaration to support or oppose a motion for summary judgment only if the affidavit or declaration attests to facts about which the affiant has personal knowledge, sets out facts that would be admissible in evidence, and shows that the affiant is competent to testify on the matters stated. *See Davis v. ArcelorMittal USA, LLC*, 2021 WL 848106, at *5 (N.D. Ind. 2021) (citing *James v. Hale*, 959 F.3d 307, 315 (7th Cir. 2020)). "'Rule 56 thus requires a judge to scrutinize the substance of an affidavit offered in response to a summary-judgment motion to determine whether a reasonable jury could rely on the factual statements it contains.'" *Id.* (quoting *James*, 959 F.3d at 315).

> "In furtherance of this screening function and in support of a judge's duty at the summary-judgment stage, every federal court of appeals permits a judge to disregard a 'sham' affidavit—typically an affidavit that contradicts prior deposition testimony." *Id.* "In this circuit the sham-affidavit rule prohibits a party from submitting an affidavit that contradicts the party's prior deposition or other sworn testimony." *Id.* at 316. "The organizing principle of our sham-affidavit practice is simply stated: a *genuine* issue of material fact cannot be conjured out of nothing." *Id.* (emphasis in original).
>
> The Seventh Circuit has recognized three exceptions to the sham-affidavit rule. *Id.* at 317. First, "[a]n affidavit that contradicts prior testimony but contains newly discovered evidence is allowed." *Id.* Second, "because a deponent may be

> confused by a question and his memory may fail, a judge may also consider an affidavit that contradicts a statement in a deposition if the statement is demonstrably mistaken." *Id.* Third, a judge may consider "the submission of a supplemental affidavit that clarifies ambiguous or confusing deposition testimony." *Id.*

*Id.* at *6 (quoting *James*, 959 F.3d 307). Furthermore, "Rule 56(h) permits a judge to sanction a party who presents an affidavit 'in bad faith or solely for delay,'" such as awarding expenses and attorney's fees. *James*, 959 F.3d at 315 (quoting Fed. R. Civ. P. 56(h)).

In this case, the Defendants assert that Freeman seeks to amend, through her declaration, testimony about the alleged manifestation of physical symptoms she claims to have suffered, the dates when her symptoms began and their duration, and the content of conversations she had with her husband or medical providers. Defendants argue the contradictory statements are plainly a sham offered to repair damaging deposition testimony. Freeman has offered no exception to the sham-affidavit rule. She referred to no newly discovered evidence in her declaration. The deposition testimony that she seeks to amend does not indicate that any deposition testimony was the result of a confusing question or a lapse in memory. And there is no confusing or ambiguous testimony that she seeks to clarify. Instead, Freeman has offered her declaration solely as an attempt to manufacture a genuine issue of material fact where there is none. Thus, the Defendants argue, the Court should strike the contradictory statements from Freeman's declaration, and it should award to Defendants the fees and costs that they incurred in opposing the sham declaration. The Defendants attach to their Motion a chart that lists the allegedly contradictory statements that they seek to have stricken from the record (*see* Filing No. 355-1).

In response, Freeman argues that deposition testimony, affidavits, responses to interrogatories, and other written statements by their nature are self-serving, and the term "self-serving" should not be used to denigrate admissible evidence through which a party tries to present

3

its side of the story at summary judgment. *See Navejar v. Iyiola*, 718 F.3d 692, 697 (7th Cir. 2013); *Payne v. Pauley*, 337 F.3d 767, 771 (7th Cir. 2003). Quoting the Seventh Circuit, Freeman notes,

> Changes in testimony normally affect the witness's credibility rather than the admissibility of the testimony, and thus the sham-affidavit rule applies only when a change in testimony "is incredible and unexplained," not when the change is "plausible and the party offers a suitable explanation such as confusion, mistake, or lapse in memory."

*United States v. Funds in the Amount of $271,080*, 816 F.3d 903, 907 (7th Cir. 2016).

Freeman argues that the Defendants' Motion to Strike violates Local Rule 56-1 and the Judge's Courtroom Trial Procedures and Practices because the Motion is a collateral motion to the Defendants' motions for summary judgment. The Motion to Strike challenges the admissibility of Freeman's summary judgment evidence, and such a challenge should have been raised in the summary judgment briefing. The Defendants' Motion also circumvents the page limits for summary judgment briefing. Thus, Freeman contends, the Motion to Strike should be denied for this reason alone.

Concerning the substance of the Defendants' Motion to Strike, Freeman asserts,

> Concurrent with their Motion to Strike, Defendants submit an Exhibit A which is a table identifying alleged inconsistencies between Plaintiff's Declaration and various prior deposition testimony. Upon review, only three instances out of the 21-page Exhibit A demonstrate a facial inconsistency between Plaintiff's Declaration and the various testimony: (1) Exhibit A at pg. 8 and 17 (demonstrating a facial inconsistency between Plaintiff's Declaration and the testimony of Alta Skelton regarding alleged stressors Plaintiff explained to Alta Skelton); (2) Exhibit A at pg. 9 (demonstrating a facial inconsistency between Plaintiff's Declaration and the deposition testimony of Plaintiff regarding her neighbor, Pam Dunlap); and (3) Exhibit A at pg. 11-12 (demonstrating a facial inconsistency between Plaintiff's Declaration and the deposition testimony of Plaintiff regarding her line of credit with OneMain). However, in each of the three foregoing instances of a facial inconsistency, such inconsistencies are permissible exceptions to the Seventh Circuit's sham-affidavit rule.

([Filing No. 378 at 4](#).)

Freeman contends that the alleged inconsistencies between her declaration and Alta Skelton's deposition testimony are not impermissible contradictions but rather statements made by Freeman that contradict Alta Skelton's demonstrably mistaken testimony. Alta Skelton testified that Freeman stated her blood pressure had gotten worse with stress in 2019 through February 2020, as her daughter had cancer and issues with her son. But this testimony is demonstrably mistaken, as Freeman does not even have a son, and her daughter has been cancer-free since 2016.

Freeman contends that the alleged inconsistencies between her declaration and her deposition testimony regarding her neighbor Pam Dunlap and regarding her line of credit with OneMain are a result of her confusion, mistake, and lack of memory. She mistakenly testified during her deposition that she did not discuss with her neighbors why things were being hung on her door by Ocwen. But after further recollection, Freeman explains that she recalled discussing Ocwen's conduct regarding the door knocks and door tags with her neighbor, Pam Dunlap, as outlined in her declaration. And similarly, Freeman says she mistakenly testified during her deposition regarding a 14% interest rate of her OneMain line of credit when in reality the interest rate was 25.17%. As demonstrated by a term sheet of the OneMain loan attached as Exhibit B to Freeman's declaration, she asserts her testimony was demonstrably mistaken, and the inconsistency is excusable. Freeman argues that these three alleged inconsistencies do not relate to material issues in this case, and they could not conceivably have been conjured up to create genuine issues of material fact.

As to the remaining twenty-three items outlined in the Defendants' Exhibit A, Freeman argues that the items are not inconsistencies at all, but rather, permissible clarifications and supplements to prior deposition testimony that was otherwise ambiguous, incomplete, or

5

confusing. Freeman further argues that some of the alleged inconsistencies raised by the Defendants actually support her statements made in her declaration.

Regarding the Defendants' request for attorney's fees and costs, Freeman argues that such an award is entirely unwarranted. She did not submit her declaration to manufacture a genuine issue of material fact where there is none, and the three facial inconsistencies in her declaration fall within an enumerated exception to the sham-affidavit rule. Thus, there was no bad faith in submitting her declaration, and there is no basis for awarding attorney's fees and costs.

The Defendants reply that, contrary to Freeman's argument, the contradictions between her declaration and the deposition testimony do not fall under any exceptions to the sham-affidavit rule. Freeman merely puts forward conclusory argument as to why prior testimony was supposedly ambiguous or confusing, but the portions of her sham-affidavit at issue neither clarify nor permissibly supplement prior testimony. The Defendants further argue that Freeman cannot point to the sham declaration alone to attempt to show the prior deposition testimony was mistaken, ambiguous, or confusing. Further, the admitted inconsistencies are related to material facts and were conjured up specifically to create a genuine issue of fact.

After considering the parties' arguments, and after a careful review of the statements challenged by the Defendants, the Court concludes that the vast majority of the statements in Freeman's declaration are not so inherently contradictory to or conflicting with prior testimony to justify striking the declaration paragraphs from the record. The vast majority of the challenged statements in Freeman's declaration are consistent and harmonious with the prior testimony. Much of it clarifies and complements ambiguous deposition testimony or is simply consistent with clear testimony.

Paragraphs 20, 52, and 57 of Freeman's declaration, which discuss stressors explained to Alta Skelton, compared with the deposition testimony of Alta Skelton, give rise to conflicting testimony. However, this conflicting testimony (based upon an alleged mistake on the part of Alta Skelton) is fruitful ground for cross examination and weighing of credibility by the trier of fact—it does not warrant striking the paragraphs from the record.

Paragraphs 26 and 27 of Freeman's declaration, which discuss conversations with neighbor Pam Dunlap, compared with Freeman's deposition testimony also give rise to conflicting testimony. However, this conflicting testimony (based upon an alleged lack of memory and mistake on the part of Freeman) again is fruitful ground for cross examination and weighing of credibility by the trier of fact—it does not warrant striking the paragraphs from the record.

Finally, Paragraph 35 of Freeman's declaration, which discusses her line of credit with OneMain, compared with Freeman's deposition testimony also gives rise to conflicting testimony. However, this conflicting testimony (based upon an alleged mistake on the part of Freeman) is fruitful ground for cross examination and weighing of credibility by the trier of fact—it does not warrant striking the paragraphs from the record.

Under the circumstances here, striking the challenged paragraphs of Freeman's declaration is not warranted. The Court also concludes that awarding the Defendants their attorney's fees and expenses for this Motion to Strike is not warranted.

## II. CONCLUSION

For the foregoing reasons, the Defendants' Motion to Strike is **DENIED** (Filing No. 354).

**SO ORDERED.**

Date: 3/22/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Olivia Anne Hess
CLARK QUINN MOSES SCOTT & GRAHN LLP
ohess@clarkquinnlaw.com

Travis W. Cohron
CLARK QUINN MOSES SCOTT & GRAHN LLP
tcohron@clarkquinnlaw.com

Michael P. Maxwell, Jr.
CLARK QUINN MOSES SCOTT & GRAHN LLP
mmaxwell@clarkquinnlaw.com

Jennifer F. Perry
CLARK QUINN MOSES SCOTT & GRAHN LLP
jperry@clarkquinnlaw.com

Rusty A. Payton
PAYTON LEGAL GROUP LLC
info@payton.legal

John Curtis Lynch
TROUTMAN SANDERS LLP
john.lynch@troutman.com

Carter Randall Nichols
TROUTMAN SANDERS LLP
carter.nichols@troutman.com

Ethan Ostroff
TROUTMAN SANDERS LLP
ethan.ostroff@troutman.com

Nicholas H. Wooten
DC Law, PLLC
nick@texasjustice.com