UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEMONA FREEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:18-cv-03844-TWP-DLP |
| | ) |
| OCWEN LOAN SERVICING, LLC, and | ) |
| BANK OF NEW YORK MELLON, | ) |
| | ) |
| Defendants. | ) |

**ENTRY ON DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE NOT PRODUCED IN DISCOVERY**

This matter is before the Court on a Motion *in Limine* filed by Defendants Ocwen Loan Servicing, LLC and Bank of New York Mellon (collectively, "Defendants") (Filing No. 357). Plaintiff Demona Freeman ("Freeman") initiated this action against the Defendants for their alleged violation of numerous federal statutes—the Real Estate Settlement Procedures Act, Truth in Lending Act, Fair Debt Collection Practices Act, Telephone Consumer Protection Act, and Fair Credit Reporting Act—as well as for breach of contract and other state law claims. After Freeman twice amended her Complaint, the Court narrowed her claims following the Defendants' motions to dismiss. The Defendants later filed motions for summary judgment and then filed the instant Motion *in Limine*, seeking a preliminary evidentiary ruling from the Court to exclude certain evidence not produced during discovery. For the following reasons, the Defendants' Motion is **granted**.

### I.    LEGAL STANDARDS

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in *limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The court

excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id.* at 1401. "The purpose of a motion in *limine* is not to weigh competing arguments about the strength of the parties' evidence and theories, nor is it to decide which party's assumptions are correct. A motion in *limine* weeds out evidence that is not admissible for any purpose." *Wash. Frontier League Baseball, LLC v. Zimmerman*, 2018 U.S. Dist. LEXIS 106108, at *10 (S.D. Ind. June 26, 2018).

> Federal Rule of Civil Procedure 37(c) provides,
>
> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Concerning Rule 37 of the Federal Rules of Civil Procedure, the Seventh Circuit has explained,

> Rule 37 provides that a party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) is not, unless such failure is harmless, permitted to use as evidence at a trial any witness or information not so disclosed. This court has stated that the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless.

*David v. Caterpillar, Inc.*, 324 F.3d 851, 856–57 (7th Cir. 2003) (internal citations and punctuation omitted); *see also Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 513–15 (7th Cir. 2011).

## II.     DISCUSSION

The Defendants' Motion *in Limine* requests the exclusion of certain evidence that was not produced by Freeman during discovery but was later submitted as part of her opposition to the summary judgment motions.

Rule 26 provides,

> Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

Fed. R. Civ. P. 26(a)(1)(A)(ii). Furthermore,

> A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . .

Fed. R. Civ. P. 26(e)(1)(A). "Rule 37(c)(1) states that if a party fails to comply with Rule 26(a), the evidence is excluded 'unless the failure was substantially justified or is harmless . . . .'" *Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 417 (7th Cir. 2019) (citing *Karum Holdings LLC v. Lowe's Cos., Inc.*, 895 F.3d 944, 951 (7th Cir. 2018)).

The Defendants assert that, in opposition to the summary judgment motions, Freeman introduced and used for the first time multiple documents. Specifically, Freeman introduced three new sets of documents that were never identified or produced during discovery: (1) her alleged medical records (*see* Filing No. 337-4; Filing No. 336-23 at 23); (2) a purported term sheet describing a loan (*see* Filing No. 336-23 at 16); and (3) a statement of attorney's fees allegedly incurred in connection with her foreclosure (*see* Filing No. 336-40). The Defendants contend that

3

at no point in discovery were these documents produced, and the documents were never identified as part of Freeman's Rule 26(a)(1) disclosures. The Defendants argue they were prejudiced and harmed by Freeman's failure to disclose and produce these documents during discovery. Therefore, these documents should be excluded by the Court under Rule 37(c)(1) and not be permitted during trial or for summary judgment. Defendant contend they were prejudiced because they could not depose Freeman about her medical records or conduct further discovery about the medical records. This same prejudice exists as to the term sheet describing a loan from OneMain Financial Services, Inc. and the statement of attorney's fees allegedly incurred in connection with Freeman's foreclosure.

Responding to the Defendants' Motion *in Limine*, Freeman first argue that the Court should deny the Motion outright because it violates Local Rule 56-1 in that it collaterally attacks the summary judgment response and circumvents the page limitations for summary judgment briefing. She then asserts that she "made an initial production of medical records to Ocwen as part of discovery. However, on March 25, 2022, Ocwen sought, and later received, a HIPAA release from Freeman to pursue their own copies of her medical records directly." (Filing No. 379 at 3.) Freeman continues, "the undersigned [plaintiff's counsel] presumed Defendants did precisely that and thus did not think to supplement Plaintiff's previous production." *Id.* Freeman argues that the Defendants deposed Dr. Beard about the contents of her medical records, so the Defendants have not been prejudiced or surprised, and counsel has never sought additional discovery as to Freeman's medical records.

Regarding the statement of attorney's fees allegedly incurred in connection with her foreclosure, Freeman explains that "these fees have long been disclosed but inadvertently titled as

4

'bankruptcy attorney fees'. For Defendants to now claim surprise, to exclude this evidence because of this oversight, is troubling." *Id.* at 3–4.

Lastly, Freeman argues, "Freeman's interactions with OneMain Financial Services, Inc. ('OneMain') were inquired about by Defendants in her deposition and documents obtained from OneMain were provided. In addition, these credit transactions have been a central part of Freeman's argument that Defendants' actions harmed her credit and caused her damage through these proceedings." *Id.* at 4. Freeman conclusorily states that the Defendants have not suffered prejudice, there is no evidence of bad faith by her counsel, and there is no risk that trial would be unnecessarily prolonged to warrant the exclusion of this evidence. She points out that the Defendants have never sought additional discovery as to these items, and if they did, such discovery "would take no more than a couple hours." *Id.* at 5.

The Defendants reply, "Plaintiff first claims that she 'made an initial production of medical records to Ocwen as part of discovery.' To put it quite plainly, this statement is false." (Filing No. 383 at 4 (internal citation omitted).) The Defendants reiterate that Freeman did not produce her medical records. The Defendants then note that Freeman admitted in her response brief that she did not provide any supplemental productions regarding the medical records as required by Rule 26. Rule 26 required Freeman to supplement her discovery, and she represented to the Defendants in her responses to document requests that she would supplement her discovery responses with her medical records. Plaintiff's counsel also represented to the Defendants during Freeman's deposition that she would be receiving medical records the following week, so she would produce the medical records to Defendants. Yet, Freeman admitted in her response brief that she did not provide any supplemental production of her medical records. Some of the medical records were printed on March 16, 2022, less than a week after Freeman's deposition, and a portion of the

medical records were printed on August 14, 2019, which is more than two and a half years before Freeman responded to the Defendants' discovery requests. The Defendants contend that such an "oversight" to produce the documents is incredible and inexcusable. They assert this is especially true where Freeman relies on these documents alone to manufacture a dispute of material fact on summary judgment as to when she was diagnosed with high blood pressure and whether her blood pressure was under control as of December 2020.

The Defendants continue,

> To the extent that Plaintiff claims that Dr. Beard was questioned "about the contents of the very documents that [Plaintiff] . . . 'failed to produce,'" *see* Opposition at 3, this is another clear mischaracterization. Although Dr. Beard was able to refer to these records during her deposition, Defendants did not have the chance to review such records and question Dr. Beard about their contents based on such a review. *See* Deposition of Valerie Beard, M.D. [hereinafter "Beard Dep."] at 7:19-22, attached hereto as **Exhibit 2**. ("Q. Are you able to recite her date of birth because you're looking at a record, or did you do something to prepare for today's deposition? A. I'm looking at her chart currently.") Defendants were similarly unable to question Plaintiff regarding these documents during Plaintiff's deposition—specifically with regard to the timing and severity of Plaintiff's claimed damages as she alleged them and any discrepancies that her medical records may contain. Thus, Plaintiff's argument that any finding of surprise or prejudice must be precluded is without merit. As such, because Plaintiff failed to produce her purported medical records in discovery and because Defendants were indisputably prejudiced as a result, Plaintiff's purported medical records must be excluded for all purposes, including on summary judgment and at trial.

([Filing No. 383 at 5](#)–6 (emphasis in original).)

Regarding the statement of attorney's fees allegedly incurred in connection with her foreclosure, the Defendants reply,

> Plaintiff asserts that the fees she claims to have incurred in relation to any foreclosure actions "have long been disclosed but inadvertently titled as 'bankruptcy attorney fees.'" Opposition at 3-4. This assertion is clearly contradicted by the documents in the record. In particular, in her responses to Defendants' Interrogatories, Plaintiff asserted that she incurred pecuniary damages in the form of out-of-pocket expenses that she referred to as "BK lawyer fees" . . . , but Plaintiff's reference to a specific document filed during her bankruptcy lays bare her ruse.

(Filing No. 383 at 6–7.) The Defendants point out that Freeman's damages disclosure identified "BK lawyer fees" for "Attorneys [sic] Fees of $2,801.00 (paid through Plan) plus $699.00 directly," *id.,* but this amount of fees is far less than the amount to which Freeman now claims ($12,067.50) in her document that was not produced in discovery. The Defendants lacked knowledge of this alleged damage because Freeman never disclosed or produced it, and they could not conduct any discovery as to this evidence.

As to the OneMain loan term sheet, Freeman did not produce the loan term sheet when she produced to the Defendants only 15 pages of the 548 pages of documents from OneMain. The Defendants contend they were prejudiced because they could not conduct any discovery as to the loan term sheet.

The Defendants' position is well taken and supported by case law and the Federal Rules of Civil Procedure. The Court first notes that Freeman's argument that the Motion *in Limine* violates the Local Rules is unavailing because the Motion *in Limine* is not solely an ancillary (and disfavored) motion to strike or exclude evidence as to a summary judgment motion. The Motion pertains to evidence for trial as well as other proceedings in the case.

It is clear from the parties' arguments and the documents in the record that Freeman never identified or produced during discovery her medical records (Filing No. 337-4; Filing No. 336-23 at 23), the OneMain term sheet describing a loan (Filing No. 336-23 at 16), and the statement of attorney's fees allegedly incurred in connection with her foreclosure (Filing No. 336-40). The Court agrees with the Defendants that Freeman's failure prejudiced them and was not harmless. Her failure prohibited the Defendants from being able to conduct any meaningful discovery as to the documents. Her eventual use of the documents as exhibits to her summary judgment response came well after the Defendants had filed their summary judgment motions and after Defendants

had deposed Freeman and the other witnesses. Freeman's failure to produce these documents during discovery was not harmless. Because Freeman failed to fulfill her discovery obligations under Rule 26(a) and (e) as to these documents, and because her failure was not harmless, Rule 37 compels the exclusion of these documents that were not produced during discovery.

### III.  CONCLUSION

For the reasons explained above, the Court **GRANTS** the Defendants' Motion *in Limine* (Filing No. 357). Freeman may not use during trial or for summary judgment her medical records (Filing No. 337-4; Filing No. 336-23 at 23), the OneMain term sheet describing a loan (Filing No. 336-23 at 16), and the statement of attorney's fees allegedly incurred in connection with her foreclosure (Filing No. 336-40).

**SO ORDERED.**

Date:  3/23/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Olivia Anne Hess
CLARK QUINN MOSES SCOTT & GRAHN LLP
ohess@clarkquinnlaw.com

Travis W. Cohron
CLARK QUINN MOSES SCOTT & GRAHN LLP
tcohron@clarkquinnlaw.com

Michael P. Maxwell, Jr.
CLARK QUINN MOSES SCOTT & GRAHN LLP
mmaxwell@clarkquinnlaw.com

Jennifer F. Perry
CLARK QUINN MOSES SCOTT & GRAHN LLP
jperry@clarkquinnlaw.com

Rusty A. Payton
PAYTON LEGAL GROUP LLC
info@payton.legal

John Curtis Lynch
TROUTMAN SANDERS LLP
john.lynch@troutman.com

Carter Randall Nichols
TROUTMAN SANDERS LLP
carter.nichols@troutman.com

Ethan Ostroff
TROUTMAN SANDERS LLP
ethan.ostroff@troutman.com

Nicholas H. Wooten
DC Law, PLLC
nick@texasjustice.com