UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEMONA FREEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:18-cv-03844-TWP-MKK |
| ) | |
| OCWEN LOAN SERVICING, LLC, and ) | |
| BANK OF NEW YORK MELLON, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON DEFENDANT'S MOTION *IN LIMINE*
TO EXCLUDE CERTAIN REPORTS**

This matter is before the Court on a Motion *in Limine* filed by Defendant Ocwen Loan Servicing, LLC ("Ocwen") ([Filing No. 368](#)). Plaintiff Demona Freeman ("Freeman") initiated this action against Ocwen and co-Defendant Bank of New York Mellon (collectively, "Defendants") for their alleged violations of numerous federal statutes—the Real Estate Settlement Procedures Act ("RESPA"), Truth in Lending Act, Fair Debt Collection Practices Act ("FDCPA"), Telephone Consumer Protection Act, and Fair Credit Reporting Act—as well as for breach of contract and other state law claims. After Freeman twice amended her Complaint, the Court narrowed her claims following the Defendants' motions to dismiss. The Defendants later filed motions for summary judgment, and then Ocwen filed the instant Motion *in Limine*, seeking a preliminary evidentiary ruling from the Court to exclude certain reports. For the following reasons, Ocwen's Motion is **denied**.

I. **LEGAL STANDARD**

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in *limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The court

excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401. "The purpose of a motion in *limine* is not to weigh competing arguments about the strength of the parties' evidence and theories, nor is it to decide which party's assumptions are correct. A motion in *limine* weeds out evidence that is not admissible for any purpose." *Wash. Frontier League Baseball, LLC v. Zimmerman*, 2018 U.S. Dist. LEXIS 106108, at *10 (S.D. Ind. June 26, 2018).

## II.  DISCUSSION

Ocwen's Motion *in Limine* requests the exclusion of the Risk Convergence Reports and Goldin Reports for all purposes including summary judgment and trial. Ocwen asserts,

> The Risk Convergence Reports and Goldin Reports should be excluded from evidence because (1) they fail to make any material fact more or less probable, rendering them irrelevant and inadmissible under Fed. R. Evid. 402, (2) they are being offered only for the purpose of making an impermissible propensity argument, rendering them inadmissible under Fed. R. Evid. 404(b)(1), and (3) their probative value, which is non-existent, is outweighed by their prejudicial effect for requiring exclusion under Fed. R. Evid. 403.

([Filing No. 368 at 1](Filing No. 368 at 1).)

Ocwen argues that the Risk Convergence Reports ("RCRs") and Goldin Reports (collectively, "Reports") are wholly irrelevant to Freeman's two remaining claims under the FDCPA and RESPA. When seeking the compelled production of the RCRs and Goldin Reports, Freeman had argued that these Reports would show Ocwen had knowledge of the specific issues

that she had raised in her notices of error and would show a pattern or practice of failings that violate RESPA and ongoing failures under the FDCPA to undermine any bona fide error defense. These Reports were produced to Freeman, and in her summary judgment response, she points to the Reports to claim Ocwen has long known of its failings, the type of which Freeman has encountered with her loan, and Ocwen has long standing systemic issues relevant to the issues in this case. However, Ocwen asserts, Freeman "notably fails to identify with any specificity the 'findings' to which she refers." (Filing No. 368 at 5.)

Freeman lists various categories that are generally considered by the RCRs, but, Ocwen points out, two of the four categories relate to credit reporting, and the Court already dismissed Freeman's credit reporting claims. "Further, the pages cited by Plaintiff that are alleged to tangentially involve 'BK loans' and 'the collection of a single payment or full reinstatement' simply contains no such information." *Id.* Freeman fails to make any connection between the RCRs and the specific issues raised in her notices of error or the specific failures under the FDCPA. Ocwen contends that Freeman similarly fails to make any connection between the Goldin Reports and the FDCPA and RESPA issues in this case. "Tellingly, Plaintiff does not make even a single reference to the Goldin Reports in her arguments opposing Ocwen's Motion for Summary Judgment." *Id.* at 8.

Ocwen further argues that Freeman is seeking to use the Reports for the improper purpose of showing a propensity to commit bad acts, and thus, the Reports are inadmissible under Rule 404(b). Ocwen argues that Freeman intends to use the Reports to show that Ocwen had issues with its "REALServicing" application in the past, and therefore, Ocwen must have intentionally allowed errors to occur in this case. Furthermore, the Reports would lead to confusion of the issues and unfair prejudice.

3

Responding to Ocwen's Motion *in Limine*, Freeman initially contends that the Court should deny the Motion outright because it violates Local Rule 56-1 in that it collaterally attacks the summary judgment response and circumvents the page limitations for summary judgment briefing.

Freeman argues that the RCRs are relevant to her remaining claims. She explains that Ocwen tracked its servicing failures and regulatory risk areas on the RCRs, and each risk item identified on the RCRs includes a description, the date Ocwen identified the issue, and the existence or status of any corrective measures being undertaken. It is the portions of the RCRs containing systemic servicing failures that Freeman intends to introduce at trial. Freeman notes,

> As a preliminary matter, it should be noted the Court has found the RCRs to be relevant, not only in the instant matter as set out above, but also in *Todd v. Ocwen Loan Servicing, LLC*, following a review of the documents in their entirety: "the RCRs are relevant to the claims in this matter because they are central to 'establishing Ocwen's knowledge of systematic problems with its servicing platform RealServicing and the wholesale absence of procedures necessary to ensure compliance with the federal consumer protection laws implicated herein' and '[. . .] a pattern or practice of noncompliance for the RESPA[.]'" (Filing No. 114, at ECF pp. 6-7); *Todd v. Ocwen Loan Servicing, Inc.*, No. 2:19-cv-00085-JMS-DLP, 2020 WL 1328640, at *3 (S.D. Ind. Jan. 30, 2020).

(Filing No. 387 at 4.) The RCRs are relevant to Freeman's RESPA claim that Ocwen failed to conduct reasonable investigations in response to her notices of error.

Freeman asserts that the RCRs demonstrate Ocwen's knowledge about its inability to correctly service loans involved in a Chapter 13 bankruptcy, improper aging of request for reconciliations, its continued failure to accurately report the status of loans to credit reporting agencies, its inability to track unapplied payments, its inability to manage the raising and lowering of "flags," its failure to properly track consumer complaints, and its inability to properly handle borrower correspondence. The RCRs show a pattern and practice or standard operating procedures that Ocwen engages in servicing misconduct. They also are probative of a pattern of violations of the FDCPA and the appropriateness of statutory damages, and they directly refute Ocwen's

defenses and affirmative defenses. Freeman argues that the Goldin Reports are relevant for the same reasons. And furthermore, Freeman asserts, Ocwen's arguments go to the weight of the evidence, not its admissibility.

As to Ocwen's Rule 404(b) argument, Freeman counters,

> This is not character evidence. Freeman is not offering the RCRs or Goldin Reports "to prove [Ocwen's] character in order to show that on a particular occasion [Ocwen] acted in accordance with the character." Fed. R. Evid. 404(b)(1). To the extent the RCRs and Goldin Reports reflect a propensity on the part of Ocwen to commit the types of servicing errors that Freeman experienced, they are more appropriately characterized as evidence of "an organization's routine practice," which is admissible "to prove that on a particular occasion the . . . organization acted in accordance with the . . . routine practice." Fed. R. Evid. 406. "The court may admit this evidence regardless of whether it is corroborated or whether there was an eyewitness." *Id.*

(Filing No. 387 at 9–10.) Freeman contends, "Evidence that Ocwen's loan servicing platform tended to commit the types of servicing errors that are at issue in this case, and that Ocwen was aware of these problems, should likewise be admissible under Rule 406." *Id.* at 10. Even still, under Rule 404(b)(2), the Reports are admissible for purposes expressly authorized by the rule: opportunity and knowledge. Ocwen knew that its RealServicing platform caused these types of errors, and Ocwen had the opportunity to correct them but failed to do so.

Freeman argues that Ocwen failed to explain any alleged unfair prejudice from the Reports or how any alleged prejudicial effect substantially outweighs their probative value. Rather, Ocwen conclusorily stated such. Freeman asserts, simply because the Reports are damaging to Ocwen and its affirmative defenses does not mean that they are unfairly prejudicial or that their prejudicial effect substantially outweighs their probative value. Freeman contends that the Reports are highly relevant (and not substantially outweighed by unfair prejudice) because they relate to genuine questions of material fact that exist regarding her attempts to make payments which were rejected by Ocwen, Ocwen's misapplication of her payments, and Ocwen's knowledge that the cause of

5

Ocwen's servicing misconduct was systemic issues with REALServicing rather than any human error.

Ocwen replies,

> Despite a fully developed summary judgment record that includes the parties identifying material facts relevant to this case, the entirety of Plaintiff's arguments as to relevance are supported only by her conclusory allegations. Although Plaintiff was able to meet the low threshold for relevance of the [Reports] at the discovery stage based on conclusory allegations alone, such allegations are plainly insufficient to establish relevancy on summary judgment or at trial.

([Filing No. 388 at 4](#).) Ocwen argues that Freeman has failed to establish what facts the Reports tend to make more or less probable or how such facts are of consequence in determining this action. Thus, the Reports are irrelevant and inadmissible.

Ocwen argues that, contrary to Freeman's suggestion, the Court did not already decide the RCRs are relevant, as the language quoted by Freeman from the *Todd* case is not the court's conclusion but rather Freeman's argument quoted by that court in its order. Ocwen reiterates its argument that the Reports will be offered as impermissible propensity evidence, and thus, should be excluded pursuant to Rule 404(b). Ocwen contends the Reports will be offered for improper purposes, making them unfairly prejudicial.

After carefully considering the parties' arguments, the Court concludes that, at this pretrial stage, Ocwen has not shown that the Reports clearly are not admissible for any purpose. Unless a party seeking to exclude evidence before trial meets this exacting standard, evidentiary rulings are deferred until trial so that questions of foundation, relevancy, and prejudice may be resolved in context. Furthermore, many of the arguments from each party concern weight or credibility rather than admissibility.

Ocwen is correct that Freeman's quoted language from the *Todd* case about the RCRs' relevance is not the court's conclusion but rather is Freeman's argument quoted by that court in its

order. However, the court in the *Todd* case stated, "[t]he Court tends to agree with the Plaintiff," immediately after Freeman's quoted language about the RCRs' relevance. *Todd v. Ocwen Loan Servicing, Inc.*, 2020 WL 1328640, at *3 (S.D. Ind. Jan. 30, 2020). The Reports may possibly be relevant to the remaining claims and Ocwen's defenses, and the Court cannot conclude pretrial that they clearly are not admissible for any purpose to warrant pretrial exclusion. At this pretrial stage, it appears that the Reports may possibly be used for permissible purposes under Rule 404(b)(2) or Rule 406.

The Court, however, strongly reiterates that denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence must be excluded. Freeman will have to establish relevance and admissibility of the Reports before presenting them to the jury during trial. For purposes of summary judgment, the Court is capable of determining whether the designated evidence supports the assertions of fact for which the evidence is offered, and the Court will not scour the record in search of evidence because "a court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

### III.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Ocwen's Motion *in Limine* (Filing No. 368).

**SO ORDERED.**

Date:   3/29/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Olivia Anne Hess
CLARK QUINN MOSES SCOTT & GRAHN LLP
ohess@clarkquinnlaw.com

Travis W. Cohron
CLARK QUINN MOSES SCOTT & GRAHN LLP
tcohron@clarkquinnlaw.com

Michael P. Maxwell, Jr.
CLARK QUINN MOSES SCOTT & GRAHN LLP
mmaxwell@clarkquinnlaw.com

Jennifer F. Perry
CLARK QUINN MOSES SCOTT & GRAHN LLP
jperry@clarkquinnlaw.com

Rusty A. Payton
PAYTON LEGAL GROUP LLC
info@payton.legal

John Curtis Lynch
TROUTMAN SANDERS LLP
john.lynch@troutman.com

Carter Randall Nichols
TROUTMAN SANDERS LLP
carter.nichols@troutman.com

Ethan Ostroff
TROUTMAN SANDERS LLP
ethan.ostroff@troutman.com

Nicholas H. Wooten
DC Law, PLLC
nick@texasjustice.com